**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br>225 State Street, Suite 301<br>Harrisburg, PA 17101<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE; LOUIS DEJOY, in his official capacity as Postmaster General of the United States Postal Service; and THOMAS J. MARSHALL, in his official capacity as General Counsel of the United States Postal Service<br>475 L'Enfant Plaza, SW<br>Washington, DC 20590<br><br>     Defendants. | No. 1:22-cv-1183<br><br>**COMPLAINT** |

**INTRODUCTION**

1.  This is primarily a Freedom of Information Act ("FOIA") suit by which Plaintiff Americans for Fair Treatment ("AFFT") seeks records from Defendant United States Postal Service ("USPS"). 5 U.S.C. § 552. These records and the information they contain are necessary to answer a question of urgent national significance: Why does USPS say it may, without anyone's consent, disclose personal information the public submits through USPS's COVID-19 test request webform to labor unions?

2.  To answer this important question, AFFT submitted an expedited FOIA request to USPS on February 7, 2022. USPS has provided inadequate and often contradictory responses in violation of FOIA, and in any event has failed to provide records that shed any light on why and how it says it may give (or is giving) the public's sensitive information to non-government third

parties. AFFT thus sues to compel a complete response from USPS that is consistent with its FOIA obligations.

3. This is also a suit under the Administrative Procedure Act ("APA") by which AFFT seeks to have USPS's FOIA regulations declared unlawful and set aside insofar as they purport to vest the authority to decide FOIA administrative appeals in a person(s) who is not the head of USPS. Pursuant to the same authority, USPS seeks to have the opinion in the administrative FOIA appeal in this matter also declared unlawful and set aside. The same may also be set aside because USPS's actions are *ultra vires*.

## JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), 39 U.S.C. § 410(b)(1), 28 U.S.C. § 1331, and 5 U.S.C. §§ 701–06. The Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201–02 and 5 U.S.C. §§ 702 and 706, and award costs and counsel fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412.

5. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) (any FOIA suit can be brought in this District) and 28 U.S.C. § 1391(e)(1)(a)–(b) (because the defendants reside in this District and because a substantial part of the events giving rise to AFFT's claims occurred in this District).

## PARTIES

6. Plaintiff AFFT is a 501(c)(3) nonprofit organization that works to educate public sector employees about their constitutional rights relating to union membership.

7. Defendant USPS is an independent establishment of the executive branch of the United States government that has a "basic function" of providing "postal services to bind the Nation together through the personal, education, literary, and business correspondence of the

2

people." 39 U.S.C. §§ 101(a), 201. USPS has possession, custody, or control of the records to which AFFT seeks access under FOIA.

8. Defendant Louis DeJoy is the postmaster general of USPS and is accordingly the head of USPS.

9. Defendant Thomas J. Marshall is the general counsel of USPS and thus its chief legal officer.

**FACTS**

10. FOIA requires federal agencies, including USPS, to promptly release agency records to any member of the public who asks. 5 U.S.C. § 552(a)(3)(A); *see also id.* § 551(1) (definition of "agency"); 39 U.S.C. § 410(b)(1) (FOIA "shall apply" to USPS). If the records requested are excluded or exempted from FOIA, the agency may deny the request. 5 U.S.C. § 552(c)(1)–(3) (exclusions); *id.* § 552(b)(1)–(9) (exemptions).

11. AFFT's FOIA request in this matter is about USPS's use of a "Privacy Act Statement" on a webform through which members of the public may order rapid antigen COVID-19 tests. USPS, PLACE YOUR ORDER FOR FREE AT-HOME COVID-19 TESTS, https://special.usps.com/testkits [https://perma.cc/3VZG-MQJT] (last visited Apr. 28, 2022). That "Privacy Act Statement" declares that USPS may "disclose your information to third parties without your consent . . . [if] legally required." *Id.* The "Statement" goes on to explain that one set of third parties to which USPS will give unconsented-to information is "labor organizations as required by applicable law." *Id.* And the information USPS apparently may share includes the full name, email address, and mailing address of every person who fills out the webform seeking COVID-19 tests. *Id.*

3

12. On March 2, 2022, USPS published a press release saying that it had delivered over 270 million COVID-19 tests to over 68 million households. Accordingly, the amount of personal information USPS has collected and that is at issue here is significant.[1]

13. USPS's decision to potentially disclose this personal information to labor unions is divergent from USPS's ordinary practice.

14. USPS has published a "Privacy Act notice" that generally applies "for personal information collected online."[2] That "notice" also provides for unconsented-to disclosure to certain third parties but **not** to labor organizations.

15. And in the ordinary course, on information and belief, this "Privacy Act notice" would have been what USPS used on its COVID-19 webform to comply with the Privacy Act.

16. But USPS made an affirmative decision not to use on its COVID-19 test webform its generally applicable "notice" that does not provide for disclosure to labor organizations. Instead, USPS used the "Statement" that does provide for disclosure to labor organizations.

17. AFFT wants to understand why—and what USPS has potentially done with the personal information of at least 68 million households who asked for COVID-19 tests—so it can educate the public about USPS's conduct.

18. Accordingly, because of the strong public interest in timely educating the public about what USPS is doing with their personal information, and for good cause shown, AFFT requests expedited consideration of this lawsuit. 28 U.S.C. § 1657(a).

---

[1] USPS, U.S. POSTAL SERVICE HAS DELIVERED MORE THAN 270 MILLION COVID-19 TEST KITS TO AMERICAN HOUSEHOLDS (Mar. 2, 2022) https://about.usps.com/newsroom/national-releases/2022/0302-usps-delivered-more-than-270million-covid-19-test-kits.htm [https://perma.cc/88ZA-N37H] (last visited Apr. 28, 2022).

[2] USPS, FULL PRIVACY POLICY, at *Notice of Our Privacy Practices, Including Privacy Act Rights*, https://about.usps.com/who/legal/privacy-policy/full-privacy-policy.htm [https://perma.cc/F5TT-JRYY] (last visited Apr. 28, 2022).

**AFFT's Efforts to Obtain Records from USPS via FOIA**

19. On February 7, 2022, AFFT submitted its FOIA request to USPS by letter in compliance with USPS's FOIA regulations. Ex. A. The letter requested:

> 1. All records concerning the "Privacy Act Statement" contained on USPS's webform through which members of the public may order rapid antigen COVID-19 tests (https://special.usps.com/testkits). The records requested include, but are not limited to, those that reflect USPS's decision to depart from using its default "Privacy Act notice' that is "for personal information collected online" (which is published at https://about.usps.com/who/legal/privacy-policy/full-privacypolicy.htm) and instead to use a "Privacy Act Statement" that says USPS may, without consent, disclose information it obtains about the public through the COVID-19 test webform to "labor organizations as required by applicable law."
>
> 2. All records concerning USPS's disclosure to any labor organization of information it obtained through the COVID-19 test webform.

Ex. A. at 1.

20. The letter asked for expedited treatment of AFFT's FOIA request because:

> The information AFFT seeks . . . is urgently needed to inform the public of USPS's actual or alleged governmental activity—its provision of the public's sensitive information, including full names, email addresses, and shipping addresses, to labor organizations without consent. In addition, the public should understand why USPS has departed from its published Privacy Act notice just for the COVID-19 webform but for no other situation . . . identified. AFFT seeks to learn and educate the public about why USPS would provide sensitive information that is covered by the Privacy Act to labor organizations and the extent to which it has done so.

*Id.* at 1–2.

21. By letter dated February 8, 2022, USPS advised AFFT that it had received its FOIA request and assigned it FOIA Tracking Number 2022-FPRO-00906. Ex. B.

22. After initially claiming in a letter also dated February 8, 2022, that AFFT's request was "very broad" and that USPS needed "more definitive information" before it could process

5

AFFT's request, Ex. C, USPS ultimately by letter of February 25, 2022, claimed there were "no responsive records to [AFFT's] request," Ex. D. Notably, by that letter, USPS withdrew its initial objections to AFFT's request concerning overbreadth and lack of specificity and said it was responding to AFFT's requests as originally submitted. *Id.*

23. This was despite multiple correspondence between AFFT and USPS in which AFFT attempted to help USPS understand that for which it was asking and even proposed limiting the scope of USPS's search to a discrete date range, to several key words, and to a limited number of custodians. *See* Ex. E at 2.

24. USPS's February 25, 2022, "no responsive records" determination was substantially based on the fact that it misunderstood AFFT's request. USPS said, "Your request appears to compare the Privacy Act Statement, contained on the Postal Service's website for ordering COVID-19 tests with the Postal Service's general Privacy Policy contained on its website. Privacy Act Statements and Privacy Policies are separate and distinct with different purposes. There was no decision to substitute one for the other." Ex. D at 1. But that was false. *See* ¶¶ 13–16, *supra*.

25. USPS also failed to conduct an adequate search for responsive records, only saying at that time that "Labor Relations was contacted [and] a search was completed" that produced "no records responsive to your request." Ex. D at 1. USPS did not make a good faith search effort and failed to search all places that responsive documents could be located.

26. USPS's misconstruction of AFFT's FOIA request and its inadequate search for responsive records was arbitrary and capricious.

27. On March 15, 2022, AFFT, now represented by undersigned counsel, administratively appealed USPS's February 25, 2022, "no responsive records" determination to USPS's general counsel. Ex. F. This was required by USPS's FOIA regulations. *See* 39 C.F.R. § 265.8.

28.     As relevant to this litigation, AFFT explained to the general counsel that USPS had misunderstood its FOIA request, which was why USPS thought "no responsive records" existed.[3] Ex. F at 1–2. AFFT also disputed the adequacy of the search for records USPS conducted, explaining that it was "implausible that USPS went through the exercise of departing from its 'Privacy Act notice' to say that the public's information can be disclosed to labor organizations, but that USPS has in fact not done that exact thing." *Id.* at 3.

29.     On April 6, 2022, USPS's general counsel, by and through attorney Tram T. Pham, responded by letter to AFFT's administrative appeal. Ex. G. The general counsel affirmed in part and reversed in part the "no responsive records" determination made by USPS. *Id.* at 1. The general counsel confirmed this was the "final decision of the Postal Service regarding AFFT's right of access to records" and noted that AFFT therefore had the right to seek "judicial review of this decision." *Id.* Thus USPS agrees that AFFT has exhausted the applicable administrative remedies USPS has provided. 5 U.S.C. § 552(a).

30.     The general counsel attached to its letter a five-page "OPINION AND ORDER," which suffers from the same principal defect as USPS's original no records determination: it misconstrues and rejects the comparison AFFT drew between USPS's general "Privacy Act notice" and the "Privacy Act Statement" USPS substituted for it on the COVID-19 test webform. Ex. H.

31.     USPS's general counsel asserted that the "Privacy Act notice" "reflects the Postal Service's policy to voluntarily incorporate the E-Government Act's provision concerning public notice of the agency's data collection from its public websites into its polices, even though it is not

---

[3] AFFT also administratively appealed the fact that USPS had failed to respond to its request for expedited treatment, which was effectively a constructive denial. Ex. F at 1. AFFT asked USPS's general counsel to thus act on its appeal "expeditiously" (as USPS's regulations require) and to order AFFT's request to be given expedited treatment on remand from the general counsel. *Id.* USPS's general counsel acted on AFFT's administrative appeal expeditiously (and before its ordinary regulatory deadline) and did not remand the case for further proceedings. This issue is now moot. 5 U.S.C. § 552(a)(6)(E)(iv).

7

subject to the Act." *Id.* at 3. But, USPS's general counsel reasoned, the "Privacy Act Statement" is "separate and distinct" because it "reflects compliance with the Privacy Act of 1974." *Id.*

32. USPS's "Privacy Act notice" has nothing to do with the E-Government Act, which the general counsel admits does not even apply to USPS. *Id.* Instead, just like the "Privacy Act Statement," the purpose of the "Privacy Act notice" is to comply with the Privacy Act of 1974. This is quite clear because the "Privacy Act notice"—which in addition to plainly being used by USPS to comply with the Privacy Act because it is called "Privacy Act notice"—is posted on USPS's privacy policy website under the heading "Privacy Act Rights" and further explains that the "notice" is "your Privacy Act notice for personal information provided online." *See* note 2, *supra*.

33. But for the general counsel's misconstruction of the "Privacy Act notice," on information and belief, USPS would have identified additional records that are responsive to AFFT's FOIA request.

34. The general counsel's misconstruction of the "Privacy Act notice" and resulting choice not to reverse that part of the "no responsive records" determination was arbitrary and capricious.

35. Despite the general counsel's incorrect assessment of the "notice," it reversed in part USPS's "no responsive records" determination because it correctly noted that AFFT's "request was not only limited to a purported decision to depart from the Privacy Act Notice Language." Ex. H at 3.

36. As a result of its reversal, the general counsel said, "the Postal Service conducted an additional search for other responsive records related to the specified Privacy Act Statement." *Id.* The general counsel explained that "records were found" in response to that additional search and provided to AFFT with "appropriate redactions pursuant to [FOIA] Exemption 5 as well as Exemption 6 and Exemption 3, in conjunction with 39 U.S.C. § 410(c)(2)." *Id.*

8

37. The general counsel accordingly enclosed with its "OPINION AND ORDER" five records responsive to AFFT's FOIA request. Ex. I. These records have been redacted to the point that they disclose no substantive information about the "Privacy Act Statement" on USPS's COVID-19 webform. *Id.*

38. The redactions supplied to these records, and thus the information withheld from AFFT, violates FOIA.

39. **First**, USPS repeatedly relied on 39 U.S.C. § 410(c)(2) "in conjunction with" FOIA Exemption 3 to justify redacting what appears to be employee email addresses. Ex. H at 3; Ex. I at 1, 2, 4–8. That statute provides that USPS may withhold from disclosure under FOIA "information of a commercial nature, including trade secrets, whether or not obtained from a person outside the Postal Service, which under good business practice would not be publicly disclosed . . . ." 39 U.S.C. § 410(c)(2). And FOIA Exemption 3 exempts from FOIA "matters that are . . . specifically exempted from disclosure by [another] statute" under certain conditions. 5 U.S.C. § 552(b)(3). Email addresses are not "information of a commercial nature, including trade secrets . . . ." *See also* 39 C.F.R. § 265.14(b)(3)(i)(A)–(F) (setting forth six factors USPS will "consider" in "assessing whether information is commercial in nature"). Accordingly, USPS's reliance on this statute to withhold this information is without merit.[4]

40. **Second**, USPS exclusively relied on FOIA Exemption 5 to withhold all substantive information from the records it disclosed to AFFT. Ex. I at 1–4, 6, 7–8. USPS did this to withhold even the subject lines of emails. *Id.* FOIA Exemption 5 exempts from disclosure based on privilege "inter-agency or intra-agency memorandums or letters that would not be available by law to a party

---

[4] AFFT does not dispute that USPS could choose to exercise its discretion to withhold email addresses solely under FOIA Exemption 6. *E.g., Chrysler Corp. v. Brown*, 441 U.S. 281, 293 (1979) ("Congress did not design the FOIA exemptions to be mandatory bars to disclosure."). Whether USPS would do so is unclear.

9

other than an agency in litigation with the agency . . . ." 5 U.S.C. § 552(b)(5). USPS failed to explain what privilege it relied on to assert that these records may be redacted pursuant to Exemption 5. USPS has failed to meet its burden to invoke Exemption 5, and on information and belief, its invocation is improper. *See, e.g.*, *Am. Oversight v. USPS*, No. CV 20-2580 (RC), 2021 WL 4355401, at *8 (D.D.C. Sept. 23, 2021) (Contreras, J.)

> USPS runs into a fundamental problem from the start. In its own words, "To establish that a document is protected by the privilege, the agency needs to establish what deliberative process is involved, and the role that the documents at issue played in that process." In addition to explaining the function and significance of the document(s) in the agency's decisionmaking process, the agency must describe the nature of the decisionmaking authority vested in the office or person issuing the disputed document(s), and the positions in the chain of command of the parties to the documents. But USPS does not do any of these required tasks.

(cleaned up); *see also id.* at *9 ("The need to describe each withheld document when Exemption 5 is at issue is particularly acute because the deliberative process privilege is so dependent upon the individual document and the role it plays in the administrative process . . . . The government must still prove, however, with detailed and specific information, that the withheld information falls within the attorney–client privilege.") (cleaned up).

41. The general counsel's "OPINION AND ORDER" next turned to AFFT's assertion that the search USPS conducted was inadequate because it turned up no records of USPS's disclosure to any labor organization of information USPS obtained through the COVID-19 test webform. The general counsel said that the search USPS conducted was adequate largely based on the assertions that AFFT has a "misunderstanding regarding the law," is experiencing "confusion," and has "legal misunderstandings." Ex. H at 4. These comments are incorrect (*see* ¶¶ 30–32, *supra*), and the general counsel's explanation of what USPS searched is not sufficient. All the general counsel supplied is the conclusory assertion that "relevant officials" within three departments—two more than USPS originally said—"ran a search" and "found nothing responsive." *Compare* Ex. D at

10

1 *with* Ex. H at 4. The general counsel does not explain the nature of the search conducted—which officials, on what systems, of what records, using what key words, etc. *Cf.* ¶¶ 22–23 (discussing AFFT's suggested key words); *see also Weisberg v. DOJ*, 627 F.2d 365, 371 (D.C. Cir. 1980) ("[T]he agency affidavits now before us do not denote which files were searched or by whom, do not reflect any systematic approach to document location, and do not provide information specific enough to enable Weisberg to challenge the procedures utilized."). Nor, tellingly, does the general counsel ever say that USPS searched "all locations likely to contain responsive documents." *Bartko v. DOJ*, 167 F. Supp. 3d 55, 64 (D.D.C 2016) (Boasberg, J.) (emphasis in original).

42. And, on information and belief, the search USPS conducted was not in good faith and was inadequate. It is implausible that USPS departed from its general "Privacy Act notice" to use a "Privacy Act Statement" on its COVID-19 test webform that says it may give the public's personal information to labor unions but has not done it.

43. The general counsel's determination that the search USPS conducted was adequate was arbitrary and capricious.

### USPS's FOIA Regulations

44. During the process of administratively appealing USPS's no records determination in this case, AFFT discovered that USPS's FOIA regulations regarding administrative appeals place all decisionmaking authority with the USPS "General Counsel or his or her designee." 39 C.F.R. § 265.8(b).

45. According to the regulations, the "decision of the General Counsel or his or her designee constitute the final decision of [USPS] on the issue being appealed." *Id.* at § 265.8(b)(1).

46. The regulations also purport to require a "timely administrative appeal" to USPS's general counsel of USPS's response to a FOIA request "[b]efore seeking judicial review." *Id.* at § 265.8(d).

47. But FOIA requires that administrative appeals be made to "the head of the agency." 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

48. The head of USPS is the postmaster general. 39 U.S.C. § 203; *see also Williams v. Brennan*, 285 F. Supp. 3d 1, 7 (D.D.C. 2017) (Moss, J.) (referring to the postmaster general as "the head of the Postal Service").

49. The postmaster general appoints USPS's general counsel, and the general counsel serves at his pleasure. 39 U.S.C. § 204.

50. USPS's FOIA regulations conflict with FOIA because they claim to vest authority to decide FOIA appeals in an individual(s) who is not the head of USPS. *Compare Kay v. F.C.C.*, 884 F. Supp. 1, 2 (D.D.C. 1995) (Richey, J.)

> FCC's . . . letter specified that the Plaintiff could file an application for review with the FCC's General Counsel, and further expressly identified the regulation governing submission of such applications, 47 C.F.R. § 0.461(i). Under that provision, while the General Counsel exercises certain advisory and administrative functions with respect to the review process, including acting as recipient of the agency's FOIA administrative appeals, the substantive decision remains in the hands of the Commission.

Indeed, Attorney Tram T. Pham, "On Behalf of General Counsel Thomas J. Marshall," purported to decide the administrative appeal in this FOIA matter. Exs. G–H.

51. USPS's FOIA regulations—to the extent they purport to vest authority to review and adjudicate administrative appeals in an individual(s) who is not the head of USPS—violate the Administrative Procedure Act because they are: (a) arbitrary, capricious, and not otherwise in accordance with law; and (b) in excess of statutory authority or limitations, or short of statutory right. 5 U.S.C. § 706(2)(A), (C).

52. The Court thus has the authority to "hold unlawful and set aside" USPS's FOIA regulations to the extent they are contrary to FOIA. *Id.* at § 706(2). The Court also has the authority

to "hold unlawful and set aside" the general counsel's decision in the administrative appeal in this matter. *Id.*

53. The Court also has the inherent authority to review and set aside agency action that is *ultra vires*. USPS's FOIA regulations are *ultra vires* because USPS has "patently misconstrue[d] a statute, disregard[ed] a specific and unambiguous statutory directive, or violate[d] a specific command of a statute" by purporting to vest review of FOIA appeals in a person(s) who is not the head of USPS. *Hunter v. FERC*, 569 F. Supp. 2d 12, 16 (D.D.C. 2008) (Leon, J.) (cleaned up). So too with the general counsel's decision in the administrative appeal in this matter.

## CLAIMS FOR RELIEF

### COUNT ONE
Violation of FOIA, 5 U.S.C. § 552
Wrongful Withholding of Non-Exempted, Non-Excluded Responsive Records
(Only as to Defendant USPS)

54. AFFT re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

55. USPS is subject to FOIA and must release in response to AFFT's FOIA request non-exempted, non-excluded records and provide a lawful reason(s) for withholding any records or parts thereof.

56. Pursuant to FOIA, AFFT properly requested records in the possession, custody, or control of USPS.

57. USPS is wrongfully withholding parts of non-exempted, non-excluded records that are responsive to AFFT's FOIA request by redacting that information from the records. Ex. I.

58. USPS's failure to provide non-exempted, non-excluded records to AFFT in response to its FOIA request violates FOIA.

13

59. AFFT is therefore entitled to declaratory and injunctive relief requiring USPS to promptly produce all non-exempted, non-excluded records responsive to AFFT's FOIA request (*i.e.*, remove the impermissible redactions and produce complete records).

60. USPS's failure to provide AFFT with the records it requested was arbitrary and capricious.

## COUNT TWO
Violation of FOIA, 5 U.S.C. § 552
Failure to Conduct Adequate Search for Responsive Records
(Only as to Defendant USPS)

61. AFFT re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

62. USPS is subject to FOIA and must release in response to AFFT's FOIA request non-exempted, non-excluded records and provide a lawful reason(s) for withholding any records or parts thereof.

63. Pursuant to FOIA, AFFT properly requested records in the possession, custody, or control of USPS.

64. AFFT's FOIA request reasonably describes the records AFFT seeks.

65. USPS failed to adequately search for records that are responsive to AFFT's FOIA request. USPS did not make a good-faith effort to conduct a search for the requested records using methods reasonably expected to produce the information requested. *Nation Mag. v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995).

66. USPS's failure to adequately search for responsive records violates FOIA.

67. AFFT is entitled to injunctive and declaratory relief requiring USPS to promptly conduct an adequate search for records responsive to AFFT's request and to produce those records to AFFT in a manner consistent with FOIA (produce all non-exempted and non-excluded records or parts thereof, and produce a *Vaughn* index explaining reasons for withholding any information).

14

68. USPS's failure to conduct an adequate search for records responsive to AFFT's request was arbitrary and capricious.

**COUNT THREE**
Violation of the Administrative Procedure Act, 5 U.S.C. §§ 701–06
(As to all Defendants)

69. AFFT re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

70. Under the APA, a person "adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof" and may obtain declaratory and injunctive relief. 5 U.S.C. § 702.

71. Under the APA, courts must "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious . . . or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Courts must also "hold unlawful and set aside agency action" that is "in excess of statutory . . . authority or limitations, or short of statutory right." *Id.* at § 706(2)(C).

72. USPS's FOIA regulations are arbitrary, capricious, and otherwise not in accordance with law to the extent they place the authority to adjudicate administrative appeals in a person(s) who is not the head of USPS. *See* 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa) (requiring FOIA administrative appeals be "to the head of the agency"); *Hornbeck Offshore Transp., LLC v. U.S. Coast Guard*, 424 F. Supp. 2d 37, 52 (D.D.C. 2006) (Kollar-Kotelly, J.) ("The Agency's failure to recognize the plain language and meaning of 46 U.S.C. § 3703a(e) ensured that it gave ENERGY 8701 an incorrect phase-out date of January 1, 2005. Such an action was arbitrary, capricious, and otherwise not in accordance with the law, in violation of the APA.").

73. USPS's FOIA regulations are in excess of statutory authority, or limitations, or short of statutory right to the extent they place the authority to adjudicate FOIA administrative appeals in a person(s) who is not the head of USPS. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa); *see Amalgamated Transit Union v. Skinner*, 894 F.2d 1362, 1364 (D.C. Cir. 1990) ("Where Congress prescribes the form in

which an agency may exercise its authority, however, we cannot elevate the goals of an agency's action, however reasonable, over that prescribed form.")

74. AFFT is entitled to an order from this Court holding unlawful and setting aside USPS's FOIA regulations to the extent they purport to place authority to determine FOIA administrative appeals in a person(s) who is not the head of USPS.

75. AFFT is entitled to an order holding unlawful and setting aside the "OPINION AND ORDER" of the general counsel in this matter, who lacked authority to issue it. *Id.*

## COUNT FOUR
*Ultra Vires* Action
(As to all Defendants)

76. AFFT re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

77. "Courts will exercise their power to review alleged *ultra vires* agency action when an agency patently misconstrues a statute, disregards a specific and unambiguous statutory directive, or violates a specific command of a statute." *Hunter*, 569 F. Supp. 2d at 16 (cleaned up).

78. USPS's FOIA regulations are *ultra vires* because they patently misconstrue FOIA to allow a person(s) who is not the head of USPS to adjudicate FOIA appeals; because they disregard a specific and unambiguous statutory directive in FOIA that FOIA appeals must be adjudicated by the head of the relevant agency; and because they violate FOIA's specific command that the head of the relevant agency must adjudicate FOIA appeals. *See* 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

79. AFFT is entitled to an order from this Court holding *ultra vires* and setting aside USPS's FOIA regulations to the extent they purport to place authority to determine FOIA administrative appeals in a person(s) who is not the head of USPS.

80. AFFT is entitled to an order holding *ultra vires* and setting aside the "OPINION AND ORDER" of the general counsel in this matter, who lacked authority to issue it. *Id.*

**PRAYER FOR RELIEF**

WHEREFORE, AFFT prays that this Court:

A. Consider this lawsuit on an expedited basis pursuant to 28 U.S.C. § 1657(a).

B. Order USPS to re-produce to AFFT by a date certain the records in Ex. I with redactions made only to information that is exempted or excluded from FOIA after the Court conducts an *in-camera* review pursuant to 5 U.S.C. § 552(a)(4)(B);

C. Order USPS to conduct good-faith searches immediately for any and all records that are responsive to AFFT's FOIA request and to demonstrate that USPS employed search methods that are reasonably expected to produce the information AFFT requested pursuant to 5 U.S.C. § 552(a)(4)(B);

D. Order USPS to produce by a date certain the responsive records it identifies when conducting the new searches, and to produce a *Vaughn* index of any responsive records or parts thereof it withholds from production under a claim of exemption or exclusion pursuant to 5 U.S.C. § 552(a)(4)(B);

E. Enjoin USPS from continuing to withhold any and all non-exempted, non-excluded records responsive to AFFT's FOIA request pursuant to 5 U.S.C. § 552(a)(4)(B);

F. Issue a written finding that USPS personnel acted arbitrarily and capriciously in withholding responsive records from AFFT and failing to conduct an adequate search for responsive records, and refer this matter to the Office of Special Counsel, pursuant to 5 U.S.C. § 552(a)(4)(F);

G. Hold unlawful and set aside USPS's FOIA regulations to the extent they vest the authority to adjudicate FOIA administrative appeals in a person who is not the head of USPS pursuant to 5 U.S.C. §§ 702 and 706, *ultra vires* review, and 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa);

H. Hold unlawful and set aside the USPS general counsel's "OPINION AND ORDER" entered in this matter pursuant to 5 U.S.C. §§ 702 and 706, *ultra vires* review, and 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa);

I. Grant AFFT an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E), and the Equal Access to Justice Act, 28 U.S.C. § 2412; and

J. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: April 28, 2022

**s/ David R. Dorey**
David R. Dorey
DC Attorney I.D. No. 1015586
Email: drdorey@fairnesscenter.org
Tessa E. Shurr*
Pa. Attorney I.D. No. 330733
Email: teshurr@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff AFFT*

*motion for admission *pro hac vice* to be filed