# Exhibit E



Elisabeth Kines
225 State Street, Suite 301
Harrisburg, PA 17101
Elisabeth@afft.org

February 8, 2022

Marthea Hodge
Sr. Government Information Specialist
United States Postal Service
By email to:  FOIA12@usps.gov

     Re:  <u>FOIA Case No. 2022-FPRO-00906</u>

Dear Ms. Hodge:

Thank you for prompt letter of today, February 8, 2022, in response to AFFT's FOIA request submitted yesterday, February 7, 2022, to which you have assigned the case number 2022-FPRO-00906.  Your letter says that AFFT's FOIA request "cannot be processed as formulated."  It appears you think this is the case because you believe the request is "very broad in scope and may involve voluminous records located within multiple departments or facilities throughout the country."  It appears you also think that because AFFT asked for "all" records in regard to the to the subject matter in which we are interested our request does "not comply with federal regulations requiring a requester to reasonably describe the records sought."  You suggest that we may help USPS process our FOIA request by providing you with information about a "specific department or geographic area of interest or to a particular timeframe."

<u>First</u>, AFFT disputes your assertion that our FOIA request is overly broad and otherwise non-compliant with USPS's FOIA regulations.  Our request is limited to the use of a particular disclosure on USPS's COVID-19 test request webform, which of course did not exist before January 18, 2022.  (*See* https://bit.ly/3snI19T.)  The request is thus necessarily narrowly tailored related to the formulation and implementation of the "Privacy Act Statement" that is used on that webform and nowhere else on USPS's website.

<u>Second</u>, AFFT disputes your assertion that asking for "all" records is "broad" and non-compliant with USPS's FOIA regulations.  To support your point, you cite an unreported case from the Eastern District of Louisiana for the proposition that requests for "any and

1

all" records are necessarily overbroad.[1]  Of course, we did not use the "any and all" formulation, nor is that unreported opinion is binding on anyone.  And the "number of records requested [is] irrelevant to the determination of whether they have been reasonably described."  *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982).

That said, without waiving any of the foregoing, AFFT is willing to compromise and limit the scope of our request in the hope it will help USPS more readily identify what we are looking for.  The modified scope of our request is:

**FOIA Request.**  This is a Freedom of Information Act Request to the United States Postal Service (USPS) pursuant to 5 U.S.C. § 552.  AFFT hereby requests:

1. All records concerning the "Privacy Act Statement" contained on USPS's webform through which members of the public may order rapid antigen COVID-19 tests (https://special.usps.com/testkits). The records requested include, but are not limited to, those that reflect USPS's decision to depart from using its default "Privacy Act notice' that is "for personal information collected online" (which is published at https://about.usps.com/who/legal/privacy-policy/full-privacy-policy.htm) and instead to use a "Privacy Act Statement" that says USPS may, without consent, disclose information it obtains about the public through the COVID-19 test webform to "labor organizations as required by applicable law."

2. All records concerning USPS's disclosure to any labor organization of information it obtained through the COVID-19 test webform.

This request is specifically limited to records created on or after January 20, 2021, and up through the date USPS conducts its search.  In addition, you may prioritize the following areas in searching for and responding to our request:  1) USPS Headquarters; 2) Washington, DC; 3) the office of USPS's Senior Agency Official for Privacy; 4) the office of USPS's General Counsel; 5) the office of USPS's Postmaster General and CEO.

\*   \*   \*

AFFT continues to request expedited treatment of our FOIA request and a fee waiver for the same.

AFFT appreciates your prompt attention to the foregoing important matter in the public interest.  We look forward to hearing whether this compromise offer satisfies your concerns.

---

[1] *Exxon Mobil Corp. v. U.S. Dept of the Interior*, 2010 WL 2653353 (E.D. La. June 29, 2010).

Sincerely,

*Elisabeth Kines*

Elisabeth Kines
National Executive Director
Americans for Fair Treatment