# Exhibit F



March 15, 2022

General Counsel
United States Postal Service
475 L'Enfant Plaza SW
Washington, DC 20260
Via email to: FOIAAppeal@usps.gov

Re:     Administrative Appeal of FOIA Case No. 2022-FPRO-00906

Dear General Counsel Marshall:

On behalf of our client Americans for Fair Treatment (AFFT), this is an administrative appeal of Marthea Hodge's denial by non-response of AFFT's request for expedited treatment of the above-referenced FOIA case, and her subsequent February 25, 2022, determination that there are no records responsive to AFFT's requests. All relevant correspondence, including AFFT's initial request of February 7, 2022, is attached to this appeal.[1] Att. A–F.

**First**, AFFT appeals the fact that Ms. Hodge did not respond to its request for expedited treatment of its FOIA request as required by FOIA and USPS's FOIA regulations. Ms. Hodge's response to AFFT's expedited treatment request was due not later than February 17, 2022—10 days after AFFT submitted its request. 39 C.F.R. § 265.5(c)(3). Ms. Hodge's non-response is a denial of AFFT's request. AFFT accordingly requests that this denial be overturned, and that this administrative appeal be "acted on expeditiously." *Id.*; *see also id.* § 265.8(b)(1). The reasons why the request should have been expedited (and this appeal should be expedited) in the public interest are discussed in detail in AFFT's original request. Att. A at 1–2.

**Second**, the first part of AFFT's FOIA request asked for:

> All records concerning the "Privacy Act Statement" contained on USPS's webform through which members of the public may order rapid antigen COVID-19 tests (https://special.usps.com/testkits). The records requested include, but are not limited to, those that reflect USPS's decision to depart from using its default "Privacy Act notice" that is "for personal information collected online" (which is published at https://about.usps.com/who/legal/privacy-policy/full-privacy-policy.htm) and instead to use a "Privacy Act Statement" that says USPS may, without consent, disclose information it obtains about the public through the COVID-19 test webform to "labor organizations as required by applicable law."

---

[1] Eboni Francis initially responded to AFFT's request by acknowledging it on February 8, 2022. Att. B. Ms. Hodge thereafter responded to AFFT's request the same day and said that it was "very broad" and asked AFFT to supply "more definitive information." Att. C at 1. AFFT engaged multiple times with USPS via email and phone to further explain the records AFFT seeks. Att. E at 1–3. Ultimately Ms. Hodge's February 25, 2022, letter stated that it was responsive to AFFT's original FOIA request without change. Att. F.

Att. A at 1. It appears that Ms. Hodge misconstrued this part of AFFT's FOIA request. She took it to compare the "Privacy Act Statement" on the COVID-19 webform with USPS's "general Privacy Policy." Att. F at 1. Based on that, she concluded that the Statement and the Policy "are separate and distinct with different purposes" and so there "was no decision to substitute one for the other." *Id.* But that is not what AFFT requested; AFFT requested documents concerning the "Privacy Act Statement" used on the COVID-19 webform, including but not limited to USPS's decision to depart from its normal "Privacy Act notice" (the latter of which makes no mention of disclosure of documents to labor organizations). Att. A at 1.

Here is the "Privacy Act Statement" that was contained on the COVID-19 webform as of the time AFFT submitted its FOIA request[2]:

> **Privacy Act Statement**
> Your information will be used to provide COVID-19 Testing Kits to the address you provided, and to provide company and product fulfillment information about that testing kit to a federal executive agency. Collection is authorized by 39 U.S.C. 401, 403, 404, and 411. Supplying your information is voluntary, but if not provided, we may not be able to fulfill your request for a COVID-19 Testing Kit. We do not disclose your information to third parties without your consent, except to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to agencies and entities to facilitate or resolve financial transactions; to a U.S. Postal Service auditor; for law enforcement purposes, to labor organizations as required by applicable law; incident to legal proceedings involving the Postal Service; to government agencies in connection with decisions as necessary; to agents or contractors when necessary to fulfill a business function or provide products and services to customers; for customer service purposes; and to other federal executive agencies pursuant to 39 U.S.C § 411. For more information regarding our privacy policies visit www.usps.com/privacypolicy.

And here is USPS's "Privacy Act notice" for "personal information collected online":

> When we collect and maintain personal information from you offline, a Privacy Act notice will be provided. The following is your Privacy Act notice for personal information collected online:
>
> Privacy Act notice: Your information will be used to provide you requested products, services, or information. Collection is authorized by 39 USC 401, 403, & 404. Providing the information is voluntary, but if not provided, we may not process your transaction. We do not disclose your information to third parties without your consent, except to facilitate the transaction, to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to financial entities regarding financial transaction issues; to a USPS auditor; to entities, including law enforcement, as required by law or in legal proceedings; to domestic and international customs relating to outgoing international mail pursuant to federal law and agreements; and to contractors and other entities aiding us to fulfill the service (service providers).

As you can see, the "Statement" and the "notice" are materially different (including that the "Statement" references labor organizations), even though the "notice" by its terms applies to the COVID-19 webform because the webform collects personal information online. It is thus quite clear that USPS personnel made an affirmative choice to depart from using the "Privacy Act notice" in this situation. AFFT's FOIA request in part is aimed at records that reflect, note, document, and/or explain USPS's decision to change from using the language in the notice to the language in

---

[2] It appears USPS has further changed this "Privacy Act Statement" since the time AFFT submitted its FOIA request. As of the date of this appeal, the "Statement" now reads:

> **Privacy Act Statement**
> Your information will be used to provide COVID-19 Testing Kits to the address you provided, and to provide product fulfillment information about that testing kit to a federal executive agency. Collection is authorized by 39 U.S.C. 401, 403, 404, and 411. Supplying your information is voluntary, but if not provided, we may not be able to fulfill your request for a COVID-19 Testing Kit. We do not disclose your information to third parties without your consent, except to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to agencies and entities to facilitate or resolve financial transactions; to a U.S. Postal Service auditor; for law enforcement purposes involving crimes or fraud against the Postal Service; to labor organizations as required by applicable law; incident to legal proceedings involving the Postal Service; to government agencies in connection with decisions as necessary; to agents or contractors when necessary to fulfill a business function or provide products and services to customers; for customer service purposes; and to other federal executive agencies pursuant to 39 U.S.C § 411. For more information regarding our privacy policies visit www.usps.com/privacypolicy.

the Statement. Ms. Hodge's no records determination must accordingly be overturned and remanded. 39 C.F.R. § 265.8(c).

**Third**, the second part of AFFT's FOIA request asked for:

> All records concerning USPS's disclosure to any labor organization of information it obtained through the COVID-19 test webform.

Att. A at 1. Ms. Hodge determined that USPS has no responsive records because "Labor Relations was contacted" and a "search was completed" (presumably of records Labor Relations maintains, although Ms. Hodge's letter does not say what was actually searched). Att. F at 1. However, that search was not sufficient because relevant records may exist (and likely do exist) at USPS outside of "Labor Relations." And without more information about what was searched at "Labor Relations" it is impossible to know if even that search was sufficient. It is implausible that USPS went through the exercise of departing from its "Privacy Act notice" to say that the public's information submitted via the COVID-19 webform can be disclosed to labor organizations, but that USPS has in fact not done that exact thing. AFFT even engaged in an email discussion with the USPS Privacy and Records Management Office in which it provided a suggestion of where to begin a search: communications "to and from the chief officers and subordinates of the Privacy and Records Management Office sent between April 26, 2021 and January 18, 2022 with the key words 'privacy act statement,' 'privacy act,' 'labor organization,' and the phrase 'to labor organizations as required by law.'" Att. E at 2. It appears this suggestion was not countenanced by Ms. Hodge. Ms. Hodge's no records determination as to this part of AFFT's request must likewise be overturned and remanded. 39 C.F.R. § 265.8(c).

\*   \*   \*

For the foregoing reasons, AFFT requests that Ms. Hodge's no records determination be overturned in total, and AFFT's FOIA request be remanded with instructions to grant expedited processing and to search for and produce responsive records consistent with FOIA's requirements. AFFT reserves its right to seek judicial review of this matter if the General Counsel upholds Ms. Hodge's decision. 5 U.S.C. § 552(a)(4)(B).

Sincerely yours,

David R. Dorey
Senior Litigation Counsel
The Fairness Center