UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 22-1183 (RCL)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendants United States Postal Service (the "Postal Service"), Postmaster General Louis DeJoy, and General Counsel Thomas J. Marshall, by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff Americans for Fair Treatment on April 28, 2022, under the Freedom of Information Act ("FOIA"). ECF No. 1. All allegations not specifically admitted are denied.

## INTRODUCTION[1]

1.      The allegations in Paragraph 1 constitute Plaintiff's characterization of this action and conclusions of law, to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring an action under FOIA but denies that this action was in any way necessary.

2.      With respect to the allegations in Paragraph 2, Defendants admit that Plaintiff submitted a FOIA request by letter dated February 7, 2022. The remaining allegations in

---

[1]      Merely for ease of reference, Defendants' Answer replicates the principal headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

Paragraph 2 constitute legal conclusions to which no response is required.  To the extent a

response is deemed to be required, Defendants deny the allegations.

3.      The allegations in Paragraph 3 purport to characterize this action.  Defendants

respectfully refer the Court to the Complaint for a complete and accurate statement of Plaintiff's

claims.  Defendants deny the allegations in the first sentence of Paragraph 3 to the extent they are

inconsistent with the Complaint's text, meaning, or context.  The remaining allegations in

Paragraph 3 constitute legal conclusions to which no response is required.  To the extent a

response is deemed to be required, Defendants deny the allegations.

## JURISDICTION AND VENUE

4.      The allegations in Paragraph 4 constitute conclusions of law regarding

jurisdiction, to which no response is required.  To the extent a response is deemed to be required,

Defendants admit only that this Court has jurisdiction subject to the terms and limitations of the

FOIA.  Defendants further aver that the statutes cited speak for themselves.

5.      The allegations in Paragraph 5 constitute conclusions of law regarding venue, to

which no response is required.  To the extent a response is deemed to be required, Defendant

admits that venue is proper in this judicial district.

## PARTIES

6.      Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in Paragraph 6.

7.      With respect to the allegations in Paragraph 7, Defendants admit that the Postal

Service is an independent agency of the executive branch of the Federal Government.

Defendants aver that the statute cited speaks for itself.  The remaining allegations in Paragraph 7

constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

8.      With respect to the allegations in Paragraph 8, Defendants admit that Louis DeJoy is the Postmaster General.

9.      With respect to the allegations in Paragraph 9, Defendants admit that Thomas J. Marshall is the General Counsel of the Postal Service.

## STATEMENT OF FACTS

10.      The allegations in Paragraph 10 purport to characterize and quote from various federal statutes, which speak for themselves.  Defendants respectfully refer the Court to the referenced statutes for a complete and accurate statement of their contents.  Defendants deny the allegations in Paragraph 10 to the extent they are inconsistent with the referenced statutes' text, meaning, or context.

11.      With respect to the allegations in the first sentence of Paragraph 11, Defendants admit that, by letter dated February 7, 2022, Plaintiff submitted a FOIA request to the Postal Service.  The remaining allegations constitute Plaintiff's characterization of its FOIA request, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in the first sentence of Paragraph 11 to the extent they are inconsistent with the request's text, meaning, or context.  With respect to the allegations in the rest of Paragraph 11, Defendants admit that website located at https://special.usps.com/testkits is the location for the public to order their free at-home COVID-19 test kits.  The remaining allegations constitute Plaintiff's characterization of, and quotations from, the Privacy Act Statement on the website, which speaks for itself and is the best evidence of its contents.  Defendants deny the remaining allegations in Paragraph 11 to the extent they are inconsistent with the website's text, meaning, or context.

12.     With respect to the allegations in Paragraph 12, Defendants admit that, by press release dated March 2, 2022, the Postal Service issued a statement titled "U.S. Postal Service has delivered more than 270 million COVID-19 test kits to American households," which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 12 to the extent they are inconsistent with the statement's text, meaning, or context.

13.     Defendants deny the allegations in Paragraph 13.

14.     With respect to the allegations in Paragraph 14, Defendants admit that the Postal Service has a public webpage with a link titled "Full privacy policy," which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 14 to the extent they are inconsistent with the privacy policy's text, meaning, or context.

15.     Defendants deny the allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.     The allegations in Paragraph 17 concern Plaintiff's apparent motivation for commencing this lawsuit, to which no response is required.  To the extent a response is deemed to be required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

18.     The allegations in Paragraph 18 constitute Plaintiff's stated desire for "expedited consideration of this lawsuit," to which no response is required.  To the extent a response is deemed to be required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

19.     With respect to the allegations in Paragraph 19, Defendants admit that, by letter dated February 7, 2022, Plaintiff submitted a FOIA request to the Postal Service.  The remaining allegations purport to quote from the FOIA request, which speaks for itself and is the best

evidence of its contents.  Defendants deny the allegations in Paragraph 19 to the extent they are inconsistent with the request's text, meaning, or context.

20.     With respect to the allegations in Paragraph 20, Defendants admit that, by letter dated February 7, 2022, Plaintiff submitted a FOIA request to the Postal Service.  The remaining allegations purport to quote from the FOIA request, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 20 to the extent they are inconsistent with the request's text, meaning, or context.

21.     Defendants admit the allegations in Paragraph 21.

22.     With respect to the allegations in Paragraph 22, Defendants admit that, by letter dated February 8, 2022, the Postal Service communicated with Plaintiff regarding its FOIA request.  The remaining allegations purport to characterize or quote from that communication, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 22 to the extent they are inconsistent with the referenced communication's text, meaning, or context.

23.     With respect to the allegations in Paragraph 23, Defendants admit that there were communications between Plaintiff and the Postal Service concerning the scope of Plaintiff's FOIA request.  The remaining allegations purport to characterize those communications, which speak for themselves and are the best evidence of their contents.  Defendants deny the allegations in Paragraph 23 to the extent they are inconsistent with the referenced communications' text, meaning, or context.

24.     With respect to the allegations in Paragraph 24, Defendants admit that the Postal Service sent Plaintiff a letter dated February 25, 2022.  The remaining allegations purport to characterize or quote from that letter, which speaks for itself and is the best evidence of its

contents.  Defendants deny the allegations in Paragraph 24 to the extent they are inconsistent with the referenced letter's text, meaning, or context.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     With respect to the allegations in Paragraph 27, Defendants admit that, by letter dated March 15, 2022, Plaintiff submitted an administrative appeal of the Postal Service's decision dated February 25, 2022.  The remaining allegations purport to characterize and quote from the appeal, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 27 to the extent they are inconsistent with the referenced appeal's text, meaning, or context.

28.     With respect to the allegations in Paragraph 28, Defendants admit that, by letter dated March 15, 2022, Plaintiff submitted an administrative appeal of the Postal Service's decision dated February 25, 2022.  The remaining allegations purport to characterize and quote from the appeal, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 28 to the extent they are inconsistent with the referenced appeal's text, meaning, or context.

29.     With respect to the allegations in Paragraph 29, Defendant admits that, by letter dated April 6, 2022, the Postal Service, through its General Counsel, issued a decision on Plaintiff's administrative appeal.  The remaining allegations purport to characterize and quote from that decision, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 29 to the extent they are inconsistent with the decision's text, meaning, or context.

30.     With respect to the allegations in Paragraph 30, Defendant admits that, by letter dated April 6, 2022, the Postal Service, through its General Counsel, issued a decision on Plaintiff's administrative appeal.  The remaining allegations purport to characterize and quote from that decision, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 30 to the extent they are inconsistent with the decision's text, meaning, or context.  To the extent that the allegations in Paragraph 30 constitute legal conclusions, no response is required.  If a response is deemed to be required, Defendants deny the allegations.

31.     With respect to the allegations in Paragraph 31, Defendant admits that, by letter dated April 6, 2022, the Postal Service, through its General Counsel, issued a decision on Plaintiff's administrative appeal.  The remaining allegations purport to characterize and quote from that decision, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 31 to the extent they are inconsistent with the decision's text, meaning, or context.

32.     The allegations in Paragraph 32 are argumentative and constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendants deny the allegations.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     With respect to the allegations in Paragraph 35, Defendant admits that, by letter dated April 6, 2022, the Postal Service, through its General Counsel, issued a decision on Plaintiff's administrative appeal.  The remaining allegations purport to characterize and quote from that decision, which speaks for itself and is the best evidence of its contents.  Defendants

deny the allegations in Paragraph 35 to the extent they are inconsistent with the decision's text, meaning, or context.

36.     With respect to the allegations in Paragraph 36, Defendant admits that, by letter dated April 6, 2022, the Postal Service, through its General Counsel, issued a decision on Plaintiff's administrative appeal.  The remaining allegations purport to characterize and quote from that decision, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in Paragraph 36 to the extent they are inconsistent with the decision's text, meaning, or context.

37.     With respect to the allegations in Paragraph 37, Defendant admits that, as part of its April 6, 2022, decision, the Postal Service produced to Plaintiff nine pages of responsive emails with appropriate redactions.  The remaining allegations purport to characterize those redacted emails, which speak for themselves and are the best evidence of their contents. Defendants deny the allegations in Paragraph 37 to the extent they are inconsistent with the redacted emails' text, meaning, or context.

38.     Defendants deny the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 are argumentative and constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendants deny the allegations.  The remaining allegations purport to characterize and quote from various federal statutes and regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny the allegations in Paragraph 39 to the extent they are inconsistent with the referenced statutes and regulations' text, meaning, or context.

40.     The allegations in Paragraph 40 are argumentative and constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required,

Defendants deny the allegations.  The remaining allegations purport to characterize and quote from a federal statute and court decision, which speak for themselves and are the best evidence of their contents.   Defendants deny the allegations in Paragraph 40 to the extent they are inconsistent with the referenced statute's and court decision's text, meaning, or context.

 41. With respect to the allegations in the first and second sentences of Paragraph 41, Defendant admits that, by letter dated April 6, 2022, the Postal Service, through its General Counsel, issued a decision on Plaintiff's administrative appeal.  The remaining allegations purport to characterize and quote from that decision, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in the first and second sentences of Paragraph 41 to the extent they are inconsistent with the decision's text, meaning, or context. The allegations in the rest of Paragraph 41 are argumentative and constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendants deny the allegations.  The remaining allegations purport to characterize and quote from court decisions, which speak for themselves and are the best evidence of their contents.  Defendants deny the allegations in Paragraph 41 to the extent they are inconsistent with the referenced court decisions' text, meaning, or context.

 42. The allegations in Paragraph 42 are argumentative and constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendants deny the allegations.

 43. Defendants deny the allegations in Paragraph 43.

 44. The allegations in Paragraph 44 concern Plaintiff's discovery of a federal regulation, to which no response is required.  To the extent a response is deemed to be required,

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

45.     The allegations in Paragraph 45 constitute legal conclusions to which no response is required.  The remaining allegations purport to characterize and quote from a federal regulation, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations to the extent they are inconsistent with the referenced regulation's text, meaning, or context.

46.     The allegations in Paragraph 46 purport to characterize and quote from a federal regulation, which speaks for itself and is the best evidence of its contents.   Defendants deny the allegations to the extent they are inconsistent with the referenced regulation's text, meaning, or context.

47.     The allegations in Paragraph 47 purport to characterize and quote from a federal statute, which speaks for itself and is the best evidence of its contents.   Defendants deny the allegations to the extent they are inconsistent with the referenced statute's text, meaning, or context.

48.     With respect to the allegations in Paragraph 48, Defendants admit that the Postmaster General is the chief executive officer of the Postal Service.  The remaining allegations purport to characterize and quote from a federal statute and court decision, which speak for themselves and are the best evidence of their contents.   Defendants deny the allegations in Paragraph 48 to the extent they are inconsistent with the referenced statute's and court decision's text, meaning, or context.

49.     Defendants admit the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 purport to characterize and quote from unspecified federal regulations and a court decision, which speak for themselves and are the best evidence of their contents.  Defendants deny the allegations in Paragraph 50 to the extent they are inconsistent with the referenced regulations' and court decision's text, meaning, or context.

51.     The allegations in Paragraph 51 are argumentative and constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendants deny the allegations.

52.     The allegations in Paragraph 52 are argumentative and constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendants deny the allegations.

53.     The allegations in Paragraph 53 are argumentative and constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendants deny the allegations.

**CLAIMS FOR RELIEF**

**COUNT ONE**

54.     Defendants reallege and incorporate by reference the above responses.

55.     The allegations in Paragraph 55 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants admit that the Postal Service is an agency subject to the provisions of FOIA and deny the remaining allegations.

56.     The allegations in Paragraph 56 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants deny the allegations.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

## COUNT TWO

61.     Defendants reallege and incorporate by reference the above responses.

62.     The allegations in Paragraph 62 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants deny the allegations.

63.     The allegations in Paragraph 63 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants deny the allegations.

64.     The allegations in Paragraph 64 constitute legal conclusions to which no response is required.  To the extent that a response is deemed to be required, Defendants deny the allegations.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

## COUNT THREE

69.     Defendants reallege and incorporate by reference the above responses.

70.     The allegations in Paragraph 70 constitute legal conclusions and purport to characterize and quote from a federal statute, which speaks for itself and is the best evidence of

its contents.   Defendants deny the allegations to the extent they are inconsistent with the referenced statute's text, meaning, or context.

71.     The allegations in Paragraph 71 constitute legal conclusions and purport to characterize and quote from a federal statute, which speaks for itself and is the best evidence of its contents.   Defendants deny the allegations to the extent they are inconsistent with the referenced statute's text, meaning, or context.

72.     The allegations in Paragraph 72 constitute legal conclusions and purport to characterize and quote from a federal statute and court decisions, which speak for itself and are the best evidence of their contents.   Defendants deny the allegations to the extent they are inconsistent with the referenced statutes' and court decisions' text, meaning, or context.

73.     The allegations in Paragraph 73 constitute legal conclusions and purport to characterize and quote from a federal statute and court decisions, which speak for itself and are the best evidence of their contents.   Defendants deny the allegations to the extent they are inconsistent with the referenced statutes' and court decisions' text, meaning, or context.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

## COUNT FOUR

76.     Defendants reallege and incorporates by reference the above responses.

77.     The allegations in Paragraph 77 constitute legal conclusions and purport to quote from a court decision, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with the referenced court decision's text, meaning, or context.

78.     The allegations in Paragraph 78 constitute legal conclusions and purport to characterize and quote from a federal statute, which speaks for itself and is the best evidence of its contents.   Defendants deny the allegations to the extent they are inconsistent with the referenced statute's text, meaning, or context.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

## PRAYER FOR RELIEF

The remaining portions of Plaintiff's Complaint contain its request for relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## DEFENSES

1.     The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized under FOIA.

2.     Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

3.     Plaintiff is not entitled to compel production of records exempt from disclosure based on the exemptions of the FOIA, 5 U.S.C. § 552(b), or exclusions, 5 U.S.C. § 552(c).

4.     Plaintiff's FOIA requests are improper to the extent they do not reasonably describe the records requested. 5 U.S.C. § 552(a)(3)(A).

5.     Plaintiff's FOIA requests would impose an unreasonable burden.

6.      Defendant exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

7.      Defendant asserts that it has, or may have, additional defenses which are not known at this time, but which may be ascertained during litigation.  Defendant preserves these and other defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12.  Defendant reserves the right to amend its Answer, and to add defenses that become known through investigation and discovery.

8.      Defendants properly issued a determination of an administrative appeal under FOIA which expressly provides that "[e]ach *agency* upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall . . . *make a determination* with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal."  5 U.S.C. § 552(a)(6)(A)(ii) (emphasis added).

9.      Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

10.      Defendants are not subject to the Administrative Procedure Act.  *See* 39 U.S.C. § 410(a).

*       *       *

15

Dated:  June 8, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: ____/s/ *Paul Cirino*_____
PAUL CIRINO, D.C. Bar #1684555
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C.  20530
Telephone: (202) 252-2529
paul.cirino@usdoj.gov

*Attorneys for Defendants*