UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 22-1183 (RCL)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 7(h), Defendants United States Postal Service, and others, respectfully submit this Statement of Undisputed Material Facts in support of Defendants' Motion for Summary Judgment.

1.    By letter dated February 7, 2022, Plaintiff submitted a FOIA request for the following:

    a.  All records concerning the "Privacy Act Statement" contained on USPS's webform through which members of the public may order rapid antigen COVID-19 tests (https://special.usps.com/testkits).  The records requested include, but are not limited to, those that reflect USPS's decision to depart from using its default "Privacy Act notice" that is "for personal information collected online" (which is published at https://about.usps.com/who/legal/privacy-policy/full-privacypolicy.htm) and instead to use a "Privacy Act Statement" that says USPS may, without consent, disclose information it obtains about the public through the COVID-19 test webform to "labor organizations as required by applicable law."

    b.  All records concerning USPS's disclosure to any labor organization of information it obtained through the COVID-19 test webform.

*See* Compl.[1] Ex. A.

---

[1]    Citations to "Compl." refer to the Complaint, filed on April 28, 2022.  ECF No. 1.

2.      In response to Item #1, which sought records concerning a "Privacy Act Statement" on the Postal Service's webform for public requests for rapid antigen COVID-19 tests, the Postal Service's Privacy and Records Management Office searched for responsive records.  Castorina Decl.[2] ¶ 16.

3.      The Postal Service's Privacy and Records Management Office drafts all Privacy Act Statements for the Postal Service.  Castorina Decl. ¶ 16.

4.      Each of the three staff members involved in drafting the Privacy Act Statement searched for responsive records in their emails.  Castorina Decl. ¶ 16.

5.      Drafts of the Privacy Act Statement were circulated exclusively via email by the three staff members.  Castorina Decl. ¶ 16.

6.      As a result of these searches, the Postal Services identified nine pages of responsive records.  Castorina Decl. ¶ 16 & Exhibit 1.

2.      With respect to Item #2, the Postal Service charged each office that participated in the creation and administration of the test kit webpage with searching for responsive records: These offices were the Privacy and Records Management Office, the Information Technology Department, the Corporate Information Security Department, and the Labor Relations Department.  Castorina Decl. ¶ 27.

3.      The four offices that searched for records are the only offices handling matters related to disclosures to labor organizations or information obtained through the COVID-19 test kit webpage.  Castorina Decl. ¶ 27.

---

[2]      Citations to "Castorina Decl." refer to the Declaration of Janine Castorina, dated July 29, 2022, submitted herewith.

4.      The emails produced by the Postal Service to Plaintiff in response to Item #1 reflect internal staff communications among the Postal Service's Chief Privacy and Records Management Officer with her subordinates and colleagues concerning drafts of the Privacy Act Statement and placement on the test kit webpage.  Castorina Decl. ¶ 18 & Exhibit 2.

5.      The communications withheld by the Postal Service pursuant to Exemption 5 and the deliberative process privilege reflect discussions about what language should be used in the Privacy Act Statement, which subsequently appeared on the live testing of the webpage before the webpage was finalized.  Castorina Decl. ¶ 18 & Exhibit 2.

6.      The redacted communications took place prior to any the Postal Service's final decision to include a Privacy Act Statement on the COVID-19 test kit webpage.  Castorina Decl. ¶ 18 & Exhibit B.

7.      All the withheld communications involve the Postal Service's Chief Privacy and Records Management Officer (an attorney) and her staff providing legal advice on the Privacy Act of 1974, including requirements for the content of Privacy Act Statements and their location on the webpage.   Castorina Decl. ¶ 20 & Exhibit 2.

8.      These internal discussions involve the application of the Privacy Act's requirements to the COVID-19 test kit webpage.  Castorina Decl. ¶ 20 & Exhibit 2.

9.      The Postal Service treats these communications as confidential communications among its Law Department employees and their internal clients.  Castorina Decl. ¶ 20 & Exhibit 2.

10.      Public disclosure of the withheld portions of these emails would have a chilling effect on the agency's decision-making processes, thereby lower the overall quality of those

processes, and cause public confusion about the agency's final Privacy Statement which is not reflected in the email.  Castorina Decl. ¶ 19 & Exhibit 2.

11.     The Postal Service also withheld mobile phone numbers and work email addresses of Postal Service employees pursuant to FOIA Exemption 6.  Castorina Decl. ¶ 21 & Exhibit 2.

12.     Public disclosure of the Postal Service employees' contact information would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty and subject them to phishing schemes and spam messages.  Castorina Decl. ¶ 24 & Exhibit 2.

13.     Defendant conducted a line-by-line review of the responsive records to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied.  Castorina Decl. ¶ 25.

14.     Based on the line-by-line review, all non-exempt information was segregated and non-exempt portions were released.  Castorina Decl. ¶ 25.

15.     The Postal Service did not withhold any non-exempt information on the ground that it was not segregable.  Castorina Decl. ¶ 25.

*       *       *

Dated:  July 29, 2022                        Respectfully submitted,

                                             MATTHEW M. GRAVES, D.C. Bar #481052
                                             United States Attorney

                                             BRIAN P. HUDAK
                                             Chief, Civil Division

                                             _____/s/ *Paul Cirino*_____
                                             PAUL CIRINO, D.C. Bar #1684555
                                             Assistant United States Attorney
                                             U.S. Attorney's Office for the District of Columbia
                                             601 D Street, N.W.
                                             Washington, D.C.  20530
                                             Telephone: (202) 252-2529
                                             paul.cirino@usdoj.gov

                                             *Counsel for Defendants*