**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*<br><br>         Defendants. | **No. 1:22-cv-1183-RCL** |

## <u>DECLARATION OF ELISABETH KINES MESSENGER</u>

I, Elisabeth Kines Messenger, make the following Declaration in lieu of affidavit in accordance with the provisions of 28 U.S.C. § 1746. I understand that my declaration may be introduced into the record of the above captioned action, or any other grievance, administrative proceeding, or suit pending in a court of law.

1.      I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration.

2.      I am the national executive director of Americans for Fair Treatment ("AFFT"), which is Plaintiff in this action.

3.      Defendant United States Postal Service ("USPS") published on its website a webform where members of the American public can provide their personal information and thereby request free COVID-19 test kits. The URL for this website is https://special. usps.com/testkits [https://perma.cc/3VZG-MQJT]. Attached hereto as **Exhibit 1** is a true and correct copy of USPS's COVID-19 webform as of the date AFFT submitted its FOIA request to USPS.

1

4.      At the bottom of the webform was a "Privacy Act Statement" that substantively differed from the standard "Privacy Act notice" generally used by USPS, including saying that USPS could without consent disclose the American public's information to labor unions. Attached hereto as **Exhibit 2** is a true and correct copy of USPS's Full Privacy Policy that includes its standard "Privacy Act notice" used for "personal information collected online." The URL for this is https://about. usps.com/who/legal/privacy-policy/full-privacy-policy.htm [https://perma.cc/F5TT-JRYY].

5.      AFFT wanted to learn why USPS departed from its ordinary "Privacy Act notice" on its COVID-19 webform and whether USPS has given any information it collected through that webform to labor unions. Accordingly AFFT submitted a FOIA request to USPS on February 7, 2022. Attached hereto as **Exhibit 3** is a true and correct copy of AFFT's FOIA request.

6.      The following day, USPS claimed that Plaintiff's request was "very broad" and that USPS needed "more definitive information" before it could process AFFT's request. Attached hereto as **Exhibit 4** is a true and correct copy of AFFT's correspondence with USPS.

7.      Disappointed with USPS's "no records" response to AFFT's FOIA request, AFFT submitted an administrative appeal to USPS on March 15, 2022. Attached hereto as **Exhibit 5** is a true and correct copy of AFFT's administrative appeal.

8.      In its administrative appeal, AFFT pointed out that USPS had changed the "Privacy Act Statement" on its COVID-19 webform between February 7, 2022, when it submitted its FOIA request, and March 15, 2022, when it submitted its administrative appeal. **Ex. 5** at 2. Attached hereto as **Exhibit 6** is a true and correct copy of USPS's COVID-19 webform as it appeared in March 2022.

9.      As an example of changes USPS made between the two "Statements," the first "Statement" contained the following wording: "We do not disclose your information to third parties

without your consent except . . . . for law enforcement purposes, to labor unions as required by applicable law . . . ." **Ex. 1**. The second "Statement" changed the wording to say: "We do not disclose your information to third parties without your consent except . . . . for law enforcement purposes involving crimes or fraud against the Postal Service; to labor organizations as required by applicable law . . . ." **Ex. 6**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 1, 2022.

Elisabeth Kines Messenger

Exhibit 1



   

Exhibit 2

| USPS | About | | | Who we are |
|---|---|---|---|---|

# Full privacy policy

[Home](#)   [Full policy](#)   [Privacy office](#)

## Scope

This statement applies to USPS® customers and usps.com visitors, unless a separate privacy notice is prominently displayed.

## Uses

For over two centuries, the Postal Service™ has valued your privacy, and built a brand that customers trust. Thank you for reviewing our privacy policy.

Our privacy policy tells you about our information practices when you provide personal information to us, whether collected online or offline, or when you visit us online to browse, obtain information, or conduct a transaction. Personal information may include your name, email, mailing and/or business address, phone numbers, or other information that identifies you personally. We do not require you to register or provide personal information to visit our website.

Key aspects of our privacy policy include:

- We do not sell or rent your personal information to outside parties.
- We do not market other products or services to you without your consent.
- We do not use web analysis tools (e.g., cookies) to identify you personally without your express consent.

The policy includes detailed explanations of how we provide:

| Notice of our privacy practices, including Privacy Act rights | ⌃ |
|---|---|

**The following describes the ways we collect information from you, and the protections that apply to your information.**

The Postal Service collects personal information from you and from your transactions with us. We use information we collect to provide you certain products and services, and if needed to respond to your inquiries or requests for information. We occasionally collect data about you from financial entities to perform verification services and from commercial sources. We do this, for example, to prepopulate data fields in call centers to facilitate transactions, or to market products to consumers who have agreed to receive such messages.

### Privacy Act Rights

The Postal Service follows the privacy requirements of the Privacy Act, which protects your personal information that we maintain in what is called a system of records. A system of records is a file, database, or program from which personal information is retrieved by name or other personal identifier. In other words, the Privacy Act applies when we use your personal information to know who you are and to interact with you – such as when you provide information to request a product or service, register on usps.com, or submit an inquiry or complaint. The Privacy Act provides comprehensive protections for your personal information. This includes how information is collected, used, disclosed, stored, and discarded.

When we collect and maintain personal information from you offline, a Privacy Act notice will be provided. The following is your Privacy Act notice for personal information collected online:

Privacy Act notice: Your information will be used to provide you requested products, services, or information. Collection is authorized by 39 USC 401, 403, & 404. Providing the information is voluntary, but if not provided, we may not process your transaction. We do not disclose your information to third parties without your consent, except to facilitate the transaction, to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to financial entities regarding financial transaction issues; to a USPS auditor; to entities, including law enforcement, as required by law or in legal proceedings; to domestic and international customs relating to outgoing international mail pursuant to federal law and agreements; and to contractors and other entities aiding us to fulfill the service (service providers).

Click below for more information on Privacy Act protections.

[USPS Handbook AS-353, Guide to Privacy and Freedom of Information Act, and Records Management](#)

### Information Collected from Emails and Online Forms

Many of our programs and websites allow you to send us an email. We will use the information you provide to respond to your inquiry, provide information, or to fill your order for postal products and services in which you have expressed an interest.

Remember that email may not necessarily be secure against interception. If your email communication is very sensitive, or includes information such as your bank account, charge card, or social security number, you should send it by mail unless the Web site indicates the particular site is secured.

| Your choices and preferences | ⌃ |
|---|---|

The Postal Service believes in permission-based marketing. We do not sell, rent, or otherwise provide your personal information to outside marketers. You will only receive marketing about products and services of the Postal Service or its partners, other than products and services you already receive or are registered for, under the following conditions.

- If you are a consumer, we use an opt-in standard. If you have provided personal information to register for or purchase a product or service, we will not

use that information to contact you in the future about another product or service unless you have provided express consent.

- If you are a business, we use an opt-out standard. We assume you are interested in other products and services that could aid you in your business, and so we will provide information to you unless you tell us you do not want to receive it.

Consumers may opt-in, and businesses may opt-out, when they register on usps.com and create a customer profile. These preferences in the profile can be changed at any time. Please contact the privacy office at the addresses below with any questions about your preferences.

## Security features and service provider controls                                                    ︿

In those instances where we secure your personal information in transit to us and upon receipt, the Postal Service uses the industry standard encryption software, Secured Socket Layer (SSL). The URL in your browser will change to "HTTPS" instead of "HTTP" when this security feature is invoked. Your browser may also display a lock symbol on its bottom task bar line to indicate this secure transmission is in place.

For site security purposes and to ensure that this service remains available to all users, the Postal Service employs software programs to monitor network traffic in order to identify unauthorized attempts to upload or change information, or otherwise cause damage. Except for authorized law enforcement investigations, no other attempts are made to identify individual users or their usage habits other than those uses identified in this policy. Unauthorized modification or misuse of information stored in this system will be investigated and may result in criminal prosecution.

U.S. Postal Service® information systems may be protected by EINSTEIN cybersecurity capabilities, under the operational control of the U.S. Department of Homeland Security's United States Computer Emergency Readiness Team (US-CERT). Electronic communications with the Postal Service may be scanned by government-owned or contractor equipment to look for network traffic indicating known or suspected malicious cyber activity, including malicious content or communications. Electronic communications within the Postal Service will be collected or retained by US-CERT only if they are associated with known or suspected cyber threats. US-CERT will use the information collected through EINSTEIN to analyze the known or suspected cyber threat and help the Postal Service and other agencies respond and better protect their computers and networks.

For additional information about EINSTEIN capabilities, please see the EINSTEIN program-related Privacy Impact Assessments available on the DHS cybersecurity privacy website http://www.dhs.gov/files/publications/editorial_0514.shtm#4, along with other information about the federal government's cybersecurity activities.

## Service Providers

The Postal Service enters into relationships with service providers in order to provide the highest quality product or service. Service providers may include an entity that provides assistance for the program, such as a call center; a provider of advertising services; or a partner for the program. The USPS holds service providers to the same rigorous standards of privacy that apply to the USPS, including being made subject to the Privacy Act and USPS privacy policies. Service providers that have access to personal information are also subject to security review.

## How you can access your personal information                                                        ︿

If you have provided personal information to us, you may request to review the information that we have maintained. Please contact the program office that provided you the product or service, the office that handled your inquiry, or the privacy office at the addresses below. We will correct or delete any inaccurate information upon your request.

## Where to submit inquiries                                                                           ︿

We would like to hear from you if you have any questions or complaints regarding our privacy policy or use of your information.

Please contact us at privacy@usps.gov*, or mail us at:

PRIVACY OFFICE
US POSTAL SERVICE
475 L'ENFANT PLZ SW RM 9431
WASHINGTON DC 20260-1101

We will investigate and respond to your inquiry. Your inquiry will be treated confidentially and will be protected under the Privacy Act.

*This email address is dedicated to responding to privacy questions, privacy complaints, and reporting of suspected privacy violations. If your inquiry does not involve or refer to a privacy related issue or concern, we will not be able to assist you.

## Web technology (such as cookies) to make the site operate effectively                               ︿

## Information Collected and Stored Automatically

We automatically collect certain information about your visit to usps.com. We limit the data collected to meet specific business needs and to fully protect your privacy. We may know what path(s) you took on usps.com, but we don't know who you are. Except for authorized law enforcement investigations, we do not use this information to identify you personally without your express consent.

We automatically collect and store the following information about your visit:

- General log information—Internet domain (for example, "xcompany.com" or "yourschool.edu"); Internet Protocol (IP) address; operating system; the browser used to access our Web site; the date and time you access our site; and the pages that you visited. Additionally, we collect information that

Case 1:22-cv-01183-RCL   Document 17-1   Filed 09/02/22   Page 10 of 25

identifies the software acting on your behalf (i.e., your user agent) and the device that you are using if you access the site through a mobile or wireless network. We use the information to help us make usps.com more useful to visitors. We use it to learn about how locations on our name are being used, what information is of most and least interest, and to ensure usps.com can interface with the types of technology our visitors use. We also use the information to tell us of any possible site performance problems and to identify, prevent, or mitigate the effects of fraudulent transactions.

- Referral and statistical information where we have links or ad banners to or from usps.com. Such data may include aggregate data such as the number of click-throughs that occurred. It may also include specific data, such as whether you are a repeat visitor; whether you visited a page with a banner on it or clicked on an ad banner and then used our site (for instance, to register or make a purchase); the value, date and time of any sale; and the identity of the site which you linked to or from usps.com. We collect this information to know which links and banners are effective. For example, this allows us to determine which ads may be of most interest and to help us control how many times a specific ad is displayed.

## How Data Is Collected - Cookies and Other Web Analysis Tools

We understand that you may have questions about Web technology and information that is collected as you surf or conduct business online. The Postal Service has very strict policies about Web analysis tools. Such tools include what are known as cookies and Web beacons.

The Postal Service uses a third-party analytics provider (currently Google Analytics Premium) to analyze data from cookies. The third-party analytics provider does not receive personally identifiable information through these cookies and is prohibited from combining, matching or cross-referencing usps.com information with any other information. We have also limited the provider's ability to see your full IP address (a process known as "IP masking"). Please refer to Google Analytics security and privacy principles for more information.

The Postal Service strictly limits the types of analysis tools allowed, the data collected, and how long the tools last, in order to best serve your business needs and also safeguard your privacy. The types of Web analysis tools we use are fully explained below, and in the attached letter from the Postmaster General.

Postmaster General's Letter on Cookie Usage PDF | HTM

## Cookies

Cookies may be categorized as session or persistent, which describes the length of time that they stay on your system. Both session and persistent cookies are used on this site. The following are detailed descriptions of how we use these cookies.

## Session Cookies

A session cookie is a small piece of textual information that a server places temporarily on your browser during the time your browser is open. The cookies are erased once you close all browsers. We use session cookies in the following manner:

- Log-on and log-off administration—If you decide to register with our site, so as, for example, to use one of our online services, session cookies help with the log-on and log-off process. The cookies enable us to recognize your log-on ID when you log on so that we do not establish a duplicate registration record for you.

- Transactions and site usability — We use session cookies to improve how you navigate through usps.com and conduct transactions. As examples, session cookies are used to maintain your online session as you browse over several pages; to store and prepopulate information so that you do not have to reenter the same information twice; to enable the postage rate calculator; and to retain your shopping cart information. Session cookies may also be used to collect referral statistics when you click on a link or ad banner to or from usps.com.

## Persistent Cookies

A persistent cookie is a small piece of text stored on your computer's hard drive for a defined period of time, after which the cookie is erased. We do not collect or link to personal information through persistent cookies without your express consent. We use persistent cookies as follows:

- Site usage measurement—Our site measurement tool uses a persistent cookie to assist us in measuring how and when our Web site and its various components are used. It functions as a "visit cookie," so that we can determine if you are a repeat visitor to our site. This allows us to know if we are attracting new visitors and what aspects of the site seem most useful. The cookie will expire 30 days after your last visit.

- Log-off safety function—The USPS uses a persistent cookie to automatically log you off of usps.com if there has been no activity for 15 minutes. This is done for your safety to ensure that, if you have finished using our site, but have forgotten to log off, no one else can use your computer via your log-on and password. The cookie is permanently removed from your computer when you log off, or, if you have closed the browser without logging off, it is removed within 15 minutes from your last activity.

- Opt-in cookies—Persistent cookies allow us, at your request, to recognize you when you return to usps.com, or to remember certain information that you have provided us. The recognition feature allows you to log on to usps.com automatically, without having to enter your name and password each visit. The cookie assigns a random number to you, which we link to personal information you have provided and your purchase history. This allows us to personalize the site for you and tailor the content to your needs, for instance to show you other products you may be interested in. Other cookies allow us to remember certain information related to prior transactions, such as package tracking numbers, or mailing or address lists, so that we may prepopulate those fields for you on return visits. These features and cookies are strictly at your option and for your convenience. We will also present you with a convenient way to remove the cookies, via where you manage your account, if you decide later that you want to terminate one or more of these functions. The cookies will expire one year from your last visit.

- Ad banner cookies—On behalf of the USPS, persistent cookies and beacons (described below) may be set and managed by third party advertising suppliers to support ad banners. Ad banner cookies are set when you view or click on an ad banner on usps.com, or an ad banner on another site for a USPS product, and persist for no more than five years.

## Web Beacons

A Web beacon, also referred to as a clear gif or page tag, consists of code on the USPS site that delivers a small graphic image from another Web site or third party server. They may not be visible as the beacon is generally a 1x1 pixel that is often designed to blend into the background of a Web page.

We use beacons, often in conjunction with cookies, to monitor the effectiveness of ad banners; and to gather general log, statistical, and referral information. We do not use beacons to store or link to personal information. We thus use beacons to understand certain actions that you took (such as a purchase), but not to know who you are.

## Third Party Web Analysis Tools

The Postal Service does not allow Web analysis tools to be used by third parties, except for service providers who help us in performing site analysis or providing a particular product, service, or advertisement. Service providers may use session cookies, just like the USPS does, solely to improve the use of the site. Service providers may only use persistent cookies and beacons if specifically approved by the USPS, which uses must comply fully with this policy.

## Data Derived from Web Analysis Tools

We are careful to safeguard any data derived from cookies and beacons. No data derived from session cookies, or from the log-off persistent cookie, are retained. Data derived from other persistent cookies and beacons are retained behind the USPS firewall or a secure firewall of our service provider.

## Opting Out of Web Analysis Tools

If you still have concerns about cookies, you may choose to opt out of their use.

Ad banner cookies – You can opt out of ad banner cookies, without erasing or altering other cookies. If you opt out of these cookies, we will no longer track any information from ad banners related to a specific user's visit. By clicking below, you will be taken to a third party site that explains how to opt out.

Click here to learn how to opt out of ad banner cookie.

Opting out of all cookies – You may choose to opt out of the use of all cookies. You will still be able to access most features of usps.com. However, certain features may not work as well or may be unavailable to you. You will not be able to register or purchase from usps.com because we need cookies to keep track of your shopping cart and to process your transaction.

Click here to learn how to opt out of all cookies.

| Online protections for children | ^ |
|---|---|

## Information from Children

From time to time as part of a special Postal Service promotion, such as stamp collecting, we may request information from children under 13 years of age. We will do so only with parental notice and consent. We will take all necessary steps to protect the privacy and safety of any child participating, in accordance with the Children's Online Privacy Protection Act (COPPA).

## Postal Service Collection of Information from Children

We will post a notice that we are requesting information from children including the type of information, how we will use it, whether it will be forwarded to a third party, and a contact at our Web site for questions. We will utilize the information only for the given Postal Service promotion. We will not condition a child's participation in an event on the provision of more information than is absolutely necessary for that promotion. An example of such a promotion could be a stamp-collecting program that might be of interest to children.

## Obtaining Verifiable Parental Consent

We will use reasonable effort to obtain verifiable parental consent prior to the collection and use of personally identifiable information from children under 13. The method of parental consent verification may vary according to the event in which the child wishes to participate. Means of obtaining such consent may include, but are not limited to, offline consent such as printing and submitting a permission form by mail or fax, or online consent that contains a verifiable unique identifier such as a credit card.

## Parental Review

The U.S. Postal Service will allow parents to review any personal information collected from their children, based on verifying the identity of the consenting parent. Parents may revoke their consent and delete information collected from their children at their discretion. The Postal Service will then stop collecting, using, or disclosing information from that child, and will end that child's participation in that event if such information is necessary to continue. We will also alert parents if the event or activity changes either the type of information collected or the way in which the site uses the information.

## When Parental Consent is Not Required

We do not require parental consent in order to collect and use online contact information to:

- respond directly to a child's request on a one-time basis to a specific request where the information is not used to recontact the child for other purposes;

- request the name or online contact information of a parent for the sole purpose of obtaining verifiable parental consent or providing parental notification;

- respond more than once directly to a specific request from a child and not used to recontact the child beyond the scope of that request.

## Notification to Children

The U.S. Postal Service will provide a prominent notice to children describing in age appropriate terms what personally identifiable information will be collected, and explain the need for those children to obtain parental consent before sharing their information.

Case 1:22-cv-01183-RCL   Document 17-1   Filed 09/02/22   Page 12 of 25



Copyright© 2022 United States Postal Service

Exhibit 3



Elisabeth Kines
225 State Street, Suite 301
Harrisburg, PA 17101
Elisabeth@afft.org

February 7, 2022

FOIA Officer
United States Postal Service
By email to:  FOIA12@usps.gov

**Re:  FOIA Request About COVID-19 Test Webform**

Dear USPS FOIA Officer:

My name is Elisabeth Kines, and I am the National Executive Director of Americans for Fair Treatment (AFFT), a 501(c)(3) nonprofit organization that works to educate public sector employees about their constitutional rights around union membership.

**FOIA Request.**  This is a Freedom of Information Act Request to the United States Postal Service (USPS) pursuant to 5 U.S.C. § 552.  AFFT hereby requests:

1. All records concerning the "Privacy Act Statement" contained on USPS's webform through which members of the public may order rapid antigen COVID-19 tests (https://special.usps.com/testkits).  The records requested include, but are not limited to, those that reflect USPS's decision to depart from using its default "Privacy Act notice' that is "for personal information collected online" (which is published at https://about.usps.com/who/legal/privacy-policy/full-privacy-policy.htm) and instead to use a "Privacy Act Statement" that says USPS may, without consent, disclose information it obtains about the public through the COVID-19 test webform to "labor organizations as required by applicable law."

2. All records concerning USPS's disclosure to any labor organization of information it obtained through the COVID-19 test webform.

**Expedited Treatment.**  I request that USPS grant expedited treatment for this FOIA request because there is a compelling need.  AFFT primarily engages in disseminating information to the public.  The information AFFT seeks through this request is urgently needed to inform the public of USPS's actual or alleged governmental activity—its provision of the public's sensitive information, including full names, email addresses, and

1

shipping addresses, to labor organizations without consent. In addition, the public should understand why USPS has departed from its published Privacy Act notice just for the COVID-19 webform but for no other situation I have identified. AFFT seeks to learn and educate the public about why USPS would provide sensitive information that is covered by the Privacy Act to labor organizations and the extent to which it has done so. I hereby certify that this is true to the best of my knowledge and belief.

**Fee Waiver.** AFFT requests a fee waiver for this FOIA request. Disclosure of the information AFFT seeks is in the public interest because it is likely to contribute significantly to the public understanding of the operations and activities of USPS in collecting, protecting, and disseminating sensitive Privacy Act-covered information without consent. Nor is the information AFFT has requested primarily in its commercial interest.

**Production.** Please produce responsive records in electronic form in lieu of paper production (preferably via email to the email address listed on the first page of this request). If a portion of responsive records may be produced more readily than the remainder, AFFT requests that those records be produced first, and the remaining records produced on a rolling basis. If redaction under 5 U.S.C. § 552(b) can make any responsive but exempt material nonexempt, please produce such materials in redacted form.

Thank you in advance for your prompt attention to this important matter in the public interest.

Sincerely,

Elisabeth Kines
National Executive Director
Americans for Fair Treatment

Exhibit 4

PRIVACY AND RECORDS MANAGEMENT OFFICE



February 8, 2022


Via Email: elisabeth@afft.org

Elisabeth Kines
Americans for Fair Treatment
225 State Street, Suite 301

Harrisburg, PA 17101


RE:  FOIA Case No. 2022-FPRO-00906

Dear Ms. Kines:

This responds to your Freedom of Information Act (FOIA) request dated February 7, 2022, in which you seek access to Postal Service records.  Specifically, you request:

> *1. All records concerning the "Privacy Act Statement" contained on USPS's webform through which members of the public may order rapid antigen COVID-19 tests (https://special.usps.com/testkits). The records requested include, but are not limited to, those that reflect USPS's decision to depart from using its default "Privacy Act notice' that is "for personal information collected online" (which is published at https://about.usps.com/who/legal/privacy-policy/full-privacypolicy.htm) and instead to use a "Privacy Act Statement" that says USPS may, without consent, disclose information it obtains about the public through the COVID-19 test webform to "labor organizations as required by applicable law."*

> *2. All records concerning USPS's disclosure to any labor organization of information it obtained through the COVID-19 test webform.*

The FOIA, 5 USC §552, is a records and document statute. Identification of the record(s) desired is the responsibility of the requester.  The FOIA (5 U.S.C. 552(a)(3)(A)) requires the requester to reasonably describe the records being sought.  A description is considered reasonable if it permits an agency employee who is familiar with the subject area to locate the requested records with a "reasonable" amount of effort.  It is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested.

Your request is very broad in scope and may involve voluminous records located within multiple departments or facilities throughout the country.  Please be advised that, while we wish to fully cooperate in processing your request, your letter does not provide sufficient detail to allow for the ready identification and retrieval of the desired documents.  As information, the Postal Service has approximately 30,000 facilities at which records are maintained.  The various records at these facilities are not centrally indexed.  We note that you did not limit the search of documents to a specific department or geographic area of interest or to a particular timeframe.

In addition, requests for "any and all" records, even if centered around a particular subject, are considered broad and do not comply with the federal regulations requiring a requester to reasonably describe the records sought. See *Exxon Mobil Corp v. U.S. Dept. of Interior.*, No. 09 Civ. 6732 (AJM), 2010 U.S. Dist. (E.D.La. June 29, 2010).  Therefore, it is required that you specify the records that you seek in order for our agency to conduct an appropriate search.

Accordingly, we will need more definitive information concerning the records you seek.  Such a description will ensure responsible use of postal resources to satisfy your right to access while minimizing

any assessable search costs to you.  Consequently, given that your request cannot be processed as formulated, we plan to take no further action and incur no chargeable costs to you unless we hear back from you.  If we do not hear back from you, in writing, within twenty (20) calendar days from the date of this letter, **February 28 2022**, we will close out this request.  After that date, you may submit a new FOIA/PA request. New FOIA submissions in lieu of a response to this letter prior to the twenty (20) calendar day deadline will be administratively closed as a duplicate.

If you are not satisfied with the response to this request, you may file an administrative appeal within ninety (90) days of the date of this response letter by writing to the General Counsel U.S. Postal Service 475 L'Enfant Plaza SW Washington, DC 20260 or via email at FOIAAppeal@usps.gov.  Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of the response to your request. The letter of appeal should include, as applicable:

    (1) A copy of the request, of any notification of denial or other action, and of any other related correspondence;
    (2) The FOIA tracking number assigned to the request;
    (3) A statement of the action, or failure to act, from which the appeal is taken;
    (4) A statement identifying the specific redactions to responsive records that the requester is challenging;
    (5) A statement of the relief sought; and
    (6) A statement of the reasons why the requester believes the action or failure to act is erroneous.

For further assistance and to discuss any aspect of your request, you may contact FOIA Public Liaison listed below:

    PRIVACY & RECORDS OFFICE
    US POSTAL SERVICE
    475 L'ENFANT PLAZA SW RM 1P830
    WASHINGTON DC 20260-1101
    Phone: (202) 268-2608
    Fax: (202) 268-5353
    FOIA Public Liaison:  Nancy Chavannes-Battle

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Marthea Hodge
Sr. Government Information Specialist

Exhibit 5



March 15, 2022

General Counsel
United States Postal Service
475 L'Enfant Plaza SW
Washington, DC 20260
Via email to: FOIAAppeal@usps.gov

**Re:**  **Administrative Appeal of FOIA Case No. 2022-FPRO-00906**

Dear General Counsel Marshall:

On behalf of our client Americans for Fair Treatment (AFFT), this is an administrative appeal of Marthea Hodge's denial by non-response of AFFT's request for expedited treatment of the above-referenced FOIA case, and her subsequent February 25, 2022, determination that there are no records responsive to AFFT's requests. All relevant correspondence, including AFFT's initial request of February 7, 2022, is attached to this appeal.[1] Att. A–F.

**First**, AFFT appeals the fact that Ms. Hodge did not respond to its request for expedited treatment of its FOIA request as required by FOIA and USPS's FOIA regulations. Ms. Hodge's response to AFFT's expedited treatment request was due not later than February 17, 2022—10 days after AFFT submitted its request. 39 C.F.R. § 265.5(c)(3). Ms. Hodge's non-response is a denial of AFFT's request. AFFT accordingly requests that this denial be overturned, and that this administrative appeal be "acted on expeditiously." *Id.*; *see also id.* § 265.8(b)(1). The reasons why the request should have been expedited (and this appeal should be expedited) in the public interest are discussed in detail in AFFT's original request. Att. A at 1–2.

**Second**, the first part of AFFT's FOIA request asked for:

> All records concerning the "Privacy Act Statement" contained on USPS's webform through which members of the public may order rapid antigen COVID-19 tests (https://special.usps.com/testkits). The records requested include, but are not limited to, those that reflect USPS's decision to depart from using its default "Privacy Act notice" that is "for personal information collected online" (which is published at https://about.usps.com/who/legal/privacy-policy/full-privacy-policy.htm) and instead to use a "Privacy Act Statement" that says USPS may, without consent, disclose information it obtains about the public through the COVID-19 test webform to "labor organizations as required by applicable law."

---

[1] Eboni Francis initially responded to AFFT's request by acknowledging it on February 8, 2022. Att. B. Ms. Hodge thereafter responded to AFFT's request the same day and said that it was "very broad" and asked AFFT to supply "more definitive information." Att. C at 1. AFFT engaged multiple times with USPS via email and phone to further explain the records AFFT seeks. Att. E at 1–3. Ultimately Ms. Hodge's February 25, 2022, letter stated that it was responsive to AFFT's original FOIA request without change. Att. F.

Att. A at 1. It appears that Ms. Hodge misconstrued this part of AFFT's FOIA request. She took it to compare the "Privacy Act Statement" on the COVID-19 webform with USPS's "general Privacy Policy." Att. F at 1. Based on that, she concluded that the Statement and the Policy "are separate and distinct with different purposes" and so there "was no decision to substitute one for the other." *Id.* But that is not what AFFT requested; AFFT requested documents concerning the "Privacy Act Statement" used on the COVID-19 webform, including but not limited to USPS's decision to depart from its normal "Privacy Act notice" (the latter of which makes no mention of disclosure of documents to labor organizations). Att. A at 1.

Here is the "Privacy Act Statement" that was contained on the COVID-19 webform as of the time AFFT submitted its FOIA request[2]:

> **Privacy Act Statement**
> Your information will be used to provide COVID-19 Testing Kits to the address you provided, and to provide company and product fulfillment information about that testing kit to a federal executive agency. Collection is authorized by 39 U.S.C. 401, 403, 404, and 411. Supplying your information is voluntary, but if not provided, we may not be able to fulfill your request for a COVID-19 Testing Kit. We do not disclose your information to third parties without your consent, except to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to agencies and entities to facilitate or resolve financial transactions; to a U.S. Postal Service auditor; for law enforcement purposes; to labor organizations as required by applicable law; incident to legal proceedings involving the Postal Service; to government agencies in connection with decisions as necessary; to agents or contractors when necessary to fulfill a business function or provide products and services to customers; for customer service purposes; and to other federal executive agencies pursuant to 39 U.S.C § 411. For more information regarding our privacy policies visit www.usps.com/privacypolicy.

And here is USPS's "Privacy Act notice" for "personal information collected online":

> When we collect and maintain personal information from you offline, a Privacy Act notice will be provided. The following is your Privacy Act notice for personal information collected online:
>
> Privacy Act notice: Your information will be used to provide you requested products, services, or information. Collection is authorized by 39 USC 401, 403, & 404. Providing the information is voluntary, but if not provided, we may not process your transaction. We do not disclose your information to third parties without your consent, except to facilitate the transaction, to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to financial entities regarding financial transaction issues; to a USPS auditor; to entities, including law enforcement, as required by law or in legal proceedings; to domestic and international customs relating to outgoing international mail pursuant to federal law and agreements; and to contractors and other entities aiding us to fulfill the service (service providers).

As you can see, the "Statement" and the "notice" are materially different (including that the "Statement" references labor organizations), even though the "notice" by its terms applies to the COVID-19 webform because the webform collects personal information online. It is thus quite clear that USPS personnel made an affirmative choice to depart from using the "Privacy Act notice" in this situation. AFFT's FOIA request in part is aimed at records that reflect, note, document, and/or explain USPS's decision to change from using the language in the notice to the language in

---

[2] It appears USPS has further changed this "Privacy Act Statement" since the time AFFT submitted its FOIA request. As of the date of this appeal, the "Statement" now reads:

> **Privacy Act Statement**
> Your information will be used to provide COVID-19 Testing Kits to the address you provided, and to provide product fulfillment information about that testing kit to a federal executive agency. Collection is authorized by 39 U.S.C. 401, 403, 404, and 411. Supplying your information is voluntary, but if not provided, we may not be able to fulfill your request for a COVID-19 Testing Kit. We do not disclose your information to third parties without your consent, except to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to agencies and entities to facilitate or resolve financial transactions; to a U.S. Postal Service auditor; for law enforcement purposes involving crimes or fraud against the Postal Service; to labor organizations as required by applicable law; incident to legal proceedings involving the Postal Service; to government agencies in connection with decisions as necessary; to agents or contractors when necessary to fulfill a business function or provide products and services to customers; for customer service purposes; and to other federal executive agencies pursuant to 39 U.S.C § 411. For more information regarding our privacy policies visit www.usps.com/privacypolicy.

the Statement. Ms. Hodge's no records determination must accordingly be overturned and remanded. 39 C.F.R. § 265.8(c).

***Third***, the second part of AFFT's FOIA request asked for:

> All records concerning USPS's disclosure to any labor organization of information it obtained through the COVID-19 test webform.

Att. A at 1. Ms. Hodge determined that USPS has no responsive records because "Labor Relations was contacted" and a "search was completed" (presumably of records Labor Relations maintains, although Ms. Hodge's letter does not say what was actually searched). Att. F at 1. However, that search was not sufficient because relevant records may exist (and likely do exist) at USPS outside of "Labor Relations." And without more information about what was searched at "Labor Relations" it is impossible to know if even that search was sufficient. It is implausible that USPS went through the exercise of departing from its "Privacy Act notice" to say that the public's information submitted via the COVID-19 webform can be disclosed to labor organizations, but that USPS has in fact not done that exact thing. AFFT even engaged in an email discussion with the USPS Privacy and Records Management Office in which it provided a suggestion of where to begin a search: communications "to and from the chief officers and subordinates of the Privacy and Records Management Office sent between April 26, 2021 and January 18, 2022 with the key words 'privacy act statement,' 'privacy act,' 'labor organization,' and the phrase 'to labor organizations as required by law.'" Att. E at 2. It appears this suggestion was not countenanced by Ms. Hodge. Ms. Hodge's no records determination as to this part of AFFT's request must likewise be overturned and remanded. 39 C.F.R. § 265.8(c).

*       *       *

For the foregoing reasons, AFFT requests that Ms. Hodge's no records determination be overturned in total, and AFFT's FOIA request be remanded with instructions to grant expedited processing and to search for and produce responsive records consistent with FOIA's requirements. AFFT reserves its right to seek judicial review of this matter if the General Counsel upholds Ms. Hodge's decision. 5 U.S.C. § 552(a)(4)(B).

Sincerely yours,

David R. Dorey
Senior Litigation Counsel
The Fairness Center

Exhibit 6

# Place Your Order for Free At-Home COVID-19 Tests

Currently, residential households in the U.S. can order 4 free at-home tests on USPS.com. Starting this week, you can place a second order (for a total of 8 free at-home tests per household).

Here's what you need to know about your order:

- Each order includes 4 individual rapid antigen COVID-19 tests
- Orders will ship free
- Starting this week, limit of 2 orders per residential address



NOTE: Image of tests is only representative.

Starting this week, U.S. households will be able to place a total of 2 separate orders for free, at-home COVID-19 rapid tests (4 tests per order). If an order was previously placed for your address, please check back later to place a second order.

Fill in this form with your contact and shipping information to order your tests.

## 1. Contact Information

Contact information for the person placing the order.

*First Name

*Last Name

Email (if you wish to receive shipping notifications)

## Order Summary

**Free At-Home COVID-19 Tests**

Order of 4 tests

| | |
|---|---|
| Subtotal | $0.00 |
| Shipping & Handling | $0.00 |
| **Total** | **$0.00** |

Check Out Now

## 2. Shipping Address

☐ First/Last Name same as above.

*First Name

*Last Name

*Street Address / PO Box

| 123 Main Street or PO Box 100 |

Apt / Suite / Other

| Apt A / Ste 5 / # 23 |

*City

*State or Province

| Select a State |

*ZIP Code™

Urbanization

| Puerto Rico residents only |

**Privacy Act Statement**

Your information will be used to provide COVID-19 Testing Kits to the address you provided, and to provide product fulfillment information about that testing kit to a federal executive agency. Collection is authorized by 39 U.S.C. 401, 403, 404, and 411. Supplying your information is voluntary, but if not provided, we may not be able to fulfill your request for a COVID-19 Testing Kit. We do not disclose your information to third parties without your consent, except to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to agencies and entities to facilitate or resolve financial transactions; to a U.S. Postal Service auditor; for law enforcement purposes involving crimes or fraud against the Postal Service; to labor organizations as required by applicable law; incident to legal proceedings involving the Postal Service; to government agencies in connection with decisions as necessary; to agents or contractors when necessary to fulfill a business function or provide products and services to customers; for customer service purposes; and to other federal executive agencies pursuant to 39 U.S.C § 411. For more information regarding our privacy policies visit www.usps.com/privacypolicy.