I. **AFFT'S COUNTER-STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS A GENUINE ISSUE**

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
| 1. By letter dated February 7, 2022, Plaintiff submitted a FOIA request for the following:<br><br>a. All records concerning the "Privacy Act Statement" contained on USPS's webform through which members of the public may order rapid antigen COVID-19 tests (https://special.usps.com/testkits). The records requested include, but are not limited to, those that reflect USPS's decision to depart from using its default "Privacy Act notice" that is "for personal information collected online" (which is published at https://about.usps.com/who/legal/privacy-policy/full-privacypolicy.htm) and instead to use a "Privacy Act Statement" that says USPS may, without consent, disclose information it obtains about the public through the COVID-19 test webform to "labor organizations as required by applicable law." | 1. Admitted. |

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
| b. All records concerning USPS's disclosure to any labor organization of information it obtained through the COVID-19 test webform.<br><br>*See* Compl. Ex. A. | |
| 2. In response to Item #1, which sought records concerning a "Privacy Act Statement" on the Postal Service's webform for public requests for rapid antigen COVID-19 tests, the Postal Service's Privacy and Records Management Office searched for responsive records. Castorina Decl. ¶ 16. | 2. Admitted to the extent that USPS searched for some (but not all) responsive records. *See* ECF 14-2 ("Castorina Decl.") Ex. 1, at ECF pp. 17–25 (indicating the existence of email records not produced by USPS); *id.* ¶¶ 18, 33 (admitting USPS failed to disclose or identify prior renditions of the webpage).<br><br>Denied to the extent USPS states or implies that USPS searched for all responsive records. |
| 3. The Postal Service's Privacy and Records Management Office drafts all Privacy Act Statements for the Postal | 3. AFFT lacks information sufficient to form a belief as to the truth of the allegation that exclusively |

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
| Service. Castorina Decl. ¶ 16. | USPS's Privacy and Records Management Office drafts Privacy Act Statements for USPS and denies it on that basis. |
| 4. Each of the three staff members involved in drafting the Privacy Act Statement searched for responsive records in their emails. Castorina Decl. ¶ 16. | 4. Admitted to the extent that the referenced three staff members searched for responsive records in their emails.<br><br>Denied to the extent USPS asserts that only three staff members were involved in creating the Privacy Act Statement. *See* Castorina Decl. Ex. 1, at ECF pp. 23–25 (identifying three additional staff members involved in the Privacy Act Statement).<br><br>Denied to the extent USPS asserts that the three staff members adequately searched for responsive |

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
|  | records. *See* Castorina Decl. Ex. 1, at ECF pp. 17–25 (failing to disclose documents other than emails). |
| 5. Drafts of the Privacy Act Statement were circulated exclusively via email by the three staff members. Castorina Decl. ¶ 16. | 5. AFFT lacks information sufficient to form a belief as to the truth of the allegations that drafts of the Privacy Act Statement were not circulated by means other than via email and denies them on that basis. Denied to the extent USPS asserts that only three staff members circulated drafts of the Privacy Act Statement via email. USPS's records show that at least six staff members circulated the Privacy Act Statement via email. *See* Castorina Decl. Ex. 1, at ECF pp. 23–25 (indicating at least six staff members participating in email |

4

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
| | communications related to the Privacy Act Statement). |
| 6. As a result of these searches, the Postal Services identified nine pages of responsive records. Castorina Decl. ¶ 16 & Exhibit 1. | 6. Admitted as to the extent that USPS identified nine pages of responsive records. *See* Castorina Decl. Ex. 1, at ECF pp. 17–25.<br><br>Denied to the extent that USPS asserts there are only nine pages of records responsive to AFFT's FOIA request. *See* Castorina Decl. Ex. 1, at ECF pp. 17–25 (indicating the existence of email records not produced by USPS); ECF 14-1 ("Def. Br.") at 10–11 (admitting USPS failed to disclose or identify prior renditions of the webpage). |
| 7. With respect to Item #2, the Postal Service charged each office that participated in the creation and | 7. AFFT lacks information sufficient to form a belief as to the truth of the allegations that only the |

5

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
| administration of the test kit webpage with searching for responsive records: These offices were the Privacy and Records Management Office, the Information Technology Department, the Corporate Information Security Department, and the Labor Relations Department. Castorina Decl. ¶ 27.[1] | Privacy and Records Management Office, the Information Technology Department, the Corporate Information Security Department, and the Labor Relations Department participated in the creation and administration of the test kit webpage and denies them on that basis. |
| 8. The four offices that searched for records are the only offices handling matters related to disclosures to labor organizations or information obtained through the COVID-19 test kit webpage. Castorina Decl. ¶ 27. | 8. AFFT lacks information sufficient to form a belief as to the truth of the allegations that these four offices are the only offices within USPS that handle matters related to the claimed information and denies them on that basis. |
| 9. The emails produced by the Postal Service to Plaintiff in response to Item #1 reflect internal staff | 9. AFFT lacks information sufficient to form a belief as to the truth of the allegations related to the |

---

[1] USPS's Statement of Undisputed Material Facts appears to be misnumbered from this point forward. *See* ECF No. 14-3 ECF pp. 2–5. This fact is listed as fact two rather than fact seven. *See id.* at 2.

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
| communications among the Postal Service's Chief Privacy and Records Management Officer with her subordinates and colleagues concerning drafts of the Privacy Act Statement and placement on the test kit webpage. Castorina Decl. ¶ 18 & Exhibit 2. | content of the redacted communications and denies them on that basis. |
| 10. The communications withheld by the Postal Service pursuant to Exemption 5 and the deliberative process privilege reflect discussions about what language should be used in the Privacy Act Statement, which subsequently appeared on the live testing of the webpage before the webpage was finalized. Castorina Decl. ¶ 18 & Exhibit 2. | 10. Admitted in part to the extent that USPS has cited Exemption 5 and the deliberative process privilege as a reason to withhold responsive information from AFFT. *See* Castorina Decl. Ex. 2, at ECF pp. 27, 29, 31, 33, 35.<br><br>AFFT lacks information sufficient to form a belief as to the truth of the allegations related to the content of the redacted communications and denies them on that basis. |

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
|  | AFFT lacks information sufficient to form a belief as to the truth of the allegations that the withheld communications may be protected by Exemption 5 and the deliberative process privilege, which should be disregarded as a legal conclusion, and denies them on that basis.[2] |
| 11. The redacted communications took place prior to any the Postal Service's final decision to include a Privacy Act Statement on the COVID-19 test kit webpage. Castorina Decl. ¶ 18 & Exhibit B. | 11. AFFT lacks information sufficient to form a belief as to the truth of the allegations relating to the relative timing of the redacted communications, in part because USPS has failed to produce any |

---

[2] *See* Local Rule 7(h)(1) (requiring a motion for summary judgment to "be accompanied by a statement of material **facts** as to which the moving party contends there is no genuine issue") (emphasis added); *Lawrence v. Lew*, 156 F. Supp. 3d 149, 154 (D.D.C. 2016) (citing *Jackson v. Finnegan*, 101 F.3d 145, 151 (D.C. Cir. 1996)); *see also Jackson*, 101 F.3d at 153 (rejecting assertion that "relevant facts" section of opposition memorandum satisfied then-applicable Rule 108(h) governing statements of undisputed material facts for, among other things, "repeatedly blending factual assertions with legal argument"); *Robertson v. Am. Airlines, Inc.*, 239 F. Supp. 2d 5, 9 (D.D.C. 2002) (rejecting statement of material facts as complying with this Court's local rules because it incorporated a memo that "liberally mixe[d] facts with argument."); *see also Citizens Responsibility & Ethics v. DOJ*, 538 F. Supp. 3d 124, 132 (D.D.C. 2021) ("Summary judgment may be granted on the basis of agency affidavits in FOIA cases, when those affidavits contain reasonable specificity of detail rather than merely conclusory statements . . . .") (cleaned up).

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
|  | document showing the "final decision to include a Privacy Act Statement on the COVID-19 test kit webpage," and denies them on that basis. |
| 12.  All the withheld communications involve the Postal Service's Chief Privacy and Records Management Officer (an attorney) and her staff providing legal advice on the Privacy Act of 1974, including requirements for the content of Privacy Act Statements and their location on the webpage. Castorina Decl. ¶ 20 & Exhibit 2. | 12. AFFT lacks information sufficient to form a belief as to the truth of the allegations related to the content of the redacted communications and denies them on that basis.<br><br>Denied to the extent that USPS's Chief Privacy and Records Management Officer and her staff provided legal advice. |
| 13.  These internal discussions involve the application of the Privacy Act's requirements to the COVID-19 test kit webpage. Castorina Decl. ¶ 20 & Exhibit 2. | 13. AFFT lacks information sufficient to form a belief as to the truth of the allegations related to the content of the redacted |

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
| | communications and denies them on that basis. |
| 14. The Postal Service treats these communications as confidential communications among its Law Department employees and their internal clients. Castorina Decl. ¶ 20 & Exhibit 2. | 14. AFFT lacks information sufficient to form a belief as to the truth of the allegations that the communications were not disclosed outside USPS's Law Department and their "internal clients," and denies them on that basis. |
| 15. Public disclosure of the withheld portions of these emails would have a chilling effect on the agency's decision-making processes, thereby lower the overall quality of those processes, and cause public confusion about the agency's final Privacy Statement which is not reflected in the email. Castorina Decl. ¶ 19 & Exhibit 2. | 15. Denied. |

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
| 16. The Postal Service also withheld mobile phone numbers and work email addresses of Postal Service employees pursuant to FOIA Exemption 6. Castorina Decl. ¶ 21 & Exhibit 2. | 16. Admitted. |
| 17. Public disclosure of the Postal Service employees' contact information would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty and subject them to phishing schemes and spam messages. Castorina Decl. ¶ 24 & Exhibit 2. | 17. Admitted. |
| 18. USPS conducted a line-by-line review of the responsive records to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied. Castorina Decl. ¶ 25. | 18. Admitted. |

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
| 19. Based on the line-by-line review, all non-exempt information was segregated and non-exempt portions were released. Castorina Decl. ¶ 25. | 19. Denied; this assertion should be disregarded as a legal conclusion. USPS withheld segregable portions of the emails. If the Privacy Act Statement had been drafted exclusively via email as USPS claims, then the redacted emails must include language found in the final version of the Privacy Act Statement, which is segregable from the language not found in the final version of the Privacy Act Statement. *See* Castorina Decl. ¶ 16 (asserting that "drafting of the Privacy Act Statement was done entirely over email"); *id.* ¶¶ 8–9 & Ex. 2, at ECF pp. 27–37 (failing to explain why information was not segregable or how USPS determined that no information was segregable). |

| USPS's Alleged "Undisputed Material Facts" | AFFT's Response |
|---|---|
| 20. The Postal Service did not withhold any non-exempt information on the ground that it was not segregable. Castorina Decl. ¶ 25. | 20. Denied. USPS withheld segregable portions of the emails. If the Privacy Act Statement had been drafted exclusively via email as USPS claims, then the redacted emails must include language found in the final version of the Privacy Act Statement, which is segregable from the language not found in the final version of the Privacy Act Statement. *See* Castorina Decl. ¶ 16 (asserting that "drafting of the Privacy Act Statement was done entirely over email"). |

II.  **AFFT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. The United States Postal Service ("USPS") has published on its website a "Privacy Act notice" that generally applies to personal information collected online. *See* Kines Messenger Declaration ("KM Decl.") ¶ 4.

2. The generally applicable "Privacy Act notice" indicates that USPS may disclose collected information to certain third parties without consent. *See id.* Ex. 5.

3. USPS used a "Privacy Act Statement" on its webform through which members of the public could order rapid antigen COVID-19 tests. *Id.* ¶ 3.

4. The "Privacy Act Statement" departs from USPS's standard "Privacy Act notice." *See id.* ¶¶ 4–5. For example, it includes "labor organizations" as a type of third party that USPS may disclose information to without consent. *Id.*

5. USPS's standard "Privacy Act notice" does not include labor organizations as a type of third party to which USPS may disclose information without consent. *Id.* ¶ 4.

6. In an effort to understand why USPS departed from its standard "Privacy Act notice" in its "Privacy Act Statement," AFFT submitted a Freedom of Information Act request to USPS requesting:

> 1. All records concerning the "Privacy Act Statement" contained on USPS's webform through which members of the public may order rapid antigen COVID-19 tests (https://special.usps.com/testkits). The records requested include, but are not limited to, those that reflect USPS's decision to depart from using its default "Privacy Act notice' that is "for personal information collected online" (which is published at https://about.usps.com/who/legal/privacy-policy/full-privacypolicy.htm) and instead to use a "Privacy Act Statement" that says USPS may, without consent, disclose information it obtains about the public through the COVID-19 test webform to "labor organizations as required by applicable law."
>
> 2. All records concerning USPS's disclosure to any labor organization of information it obtained through the COVID-19 test webform.

*Id.* ¶ 5.

7. In response to AFFT's FOIA request, USPS asked AFFT to narrow the scope of its request. *Id.* ¶ 6. AFFT proposed limiting the scope of USPS's search to a discrete date range, to several key words, and to a limited number of custodians. *Id.* Ex 4. Despite AFFT's assistance, USPS adjudicated AFFT's request as initially drafted, determined that there were no records

14

responsive to it, and claimed there was no decision to substitute one privacy statement for the other. Castorina Decl. ¶¶ 7, 14.

8. AFFT administratively appealed USPS's determination to USPS general counsel. *See* KM Decl. Ex. 5.

9. USPS's general counsel, by and through attorney Tram T. Pham, reversed in part USPS's no records decision as to AFFT's FOIA request and ordered to be conducted an additional search of "several departments including Information Technology, Corporate Information Security, and Labor Relations." Castorina Decl. ¶ 8 & Ex. 1, at ECF p. 14.

10. USPS's additional search yielded responsive records, which were emails involving six participants. *See id.* Ex. 1, at ECF pp. 17–25.

11. However, USPS asserts there were only three staff members involved in drafting the "Privacy Act Statement." *Id.* ¶ 16.

12. USPS produced email chains showing emails and the supposed replies thereto instead of each individual email and each individual reply. *See id.* Ex. 1, at ECF pp. 17–25.

13. USPS did not describe the search terms or methods it employed to locate potentially responsive documents. *See id.* ¶¶ 16, 26–27.

14. Upon filing its Motion for Summary Judgment, USPS described the locations it searched for responsive records as "several departments including the PRMO, Information Technology ("IT"), Corporate Information Security ("CISO"), and Labor Relations." *Id.* ¶ 26. That description identifies one additional department that it did not include in the USPS general counsel's opinion and order. *Compare id.*, *with id.* Ex. 1, at ECF p. 15. In the general counsel's opinion, USPS described the locations searched as only "Information Technology, Corporate Information Security, and Labor Relations." *Id.* Ex. 1, at ECF p. 15.

15. USPS claims that drafting of the "Privacy Act Statement" was accomplished by no means other than email. *Id.* ¶ 16. Yet, USPS says it searched for only emails. *Id.*

16. USPS revealed the existence of responsive records it did not identify or produce to AFFT: "[D]rafts and comments [that] appeared on the live testing of the webpage before the webpage was finalized." *Id.* Ex. 2, at ECF pp. 27, 29, 31, 33, 35–36; Def. Br. at 10–11.

17. Each of the emails that USPS produced were redacted to the extent that they do not reveal any substantive information about USPS's "Privacy Act Statement." *Id.* ¶¶ 17–18 & Ex. 1, at ECF pp. 17–25.

18. USPS justified the redactions as protecting pre-decisional and deliberative drafts related to versions of the "Privacy Act Statement" that did not appear in the final draft. *Id.* ¶ 17 & Ex. 2, at ECF pp. 27, 29,

19. Yet, USPS did not reveal any language from the responsive documents that did appear in the final version of the "Privacy Act Statement." *See id.* at Ex. 1.

20. USPS justified not revealing non-final drafts of or communications related to the drafting of the "Privacy Act Statement" because doing so would "confuse the public." *Id.* ¶ 19. Yet, USPS has already published at least two versions of the "Privacy Act Statement." KM Decl. ¶¶ 8–9. USPS changed the "Privacy Act Statement" on its COVID-19 webform between the date AFFT submitted its FOIA request and the date AFFT submitted its administrative appeal. *Id.* ¶ 8. Further, USPS has published at least two versions of privacy statements—the "Privacy Act Statement," which applies to the COVID-19 test kit webform, and the "Privacy Act notice," which applies to every other part of USPS's website. *Id.* ¶ 4.

21. USPS justifies not revealing communications related to the drafting of the "Privacy Act Statement" as protecting attorney/client privileged material. *Id.* ¶ 17 & Ex. 2, at ECF pp. 27, 29, 31, 34, 36. Yet, USPS did not demonstrate that an attorney/client relationship exists, that any

16

of these communications involved any "client," and did not attach an organizational chart illustrating the relied-upon relationships between the USPS departments. *See id.*

|  |  |
|---|---|
|  | Respectfully submitted, |
| September 2, 2022 | /s/ David R. Dorey<br>David R. Dorey<br>DC Attorney I.D. No. 1015586<br>Email: drdorey@fairnesscenter.org<br>Tessa E. Shurr (*pro hac vice*)<br>Pa. Attorney I.D. No. 330733<br>Email: teshurr@fairnesscenter.org<br>THE FAIRNESS CENTER<br>500 North Third Street, Suite 600B<br>Harrisburg, Pennsylvania 17101<br>Telephone: 844.293.1001<br>Facsimile: 717.307.3424<br><br>*Attorneys for Plaintiff AFFT* |