# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*<br><br>  Defendants. | **No. 1:22-cv-1183-RCL**<br><br>**[PROPOSED] ORDER** |

AND NOW, this _____ day of _____, 2022, upon consideration of Plaintiff's Cross-Motion for Summary Judgment and supporting briefs and documents and any responses and replies thereto, and finding good cause exists, IT IS HEREBY ORDERED that Plaintiff's Cross-Motion for Summary Judgment is GRANTED. It is FURTHER ORDERED as follows:

1. Consideration of this lawsuit shall be, and has been, on an expedited basis pursuant to 28 U.S.C. § 1657(a).

2. The Court will conduct an *in camera* review of the five records Defendant United States Postal Service ("USPS") identified and produced to Plaintiff Americans for Fair Treatment ("AFFT") in response to its FOIA request. USPS shall file these records under seal on the Court's docket by _____, 2022. The Court shall review those documents and enter an order identifying which, if any, of USPS's redactions are consistent with FOIA.

3. Following that order, USPS shall promptly produce, all non-exempted, non-excluded records that are responsive to AFFT's FOIA request (*i.e.*, remove the impermissible redactions and produce complete records) and consistent with the Court's order.

4. USPS shall promptly, and by not later than _____, 2022, conduct a good faith search for records that are responsive to AFFT's FOIA request and to demonstrate that USPS has employed search methods that are reasonably expected to produce the information AFFT requested, pursuant to 5 U.S.C. § 552(a)(4)(B).

5. USPS shall produce to AFFT by not later than _____, 2022, the records its new searches identify and shall produce those records in a manner that is consistent with FOIA (produce all non-exempted, non-excluded records or parts thereof, and produce a *Vaughn* index that adequately explains any reasons for withholding information from those records).

6. USPS is enjoined from continuing to withhold any non-exempted, non-excluded information or records that are responsive to AFFT's FOIA request pursuant to 5 U.S.C. § 552(a)(4)(B).

7. USPS personnel's actions in respect to AFFT's FOIA request raise questions whether USPS personnel acted arbitrarily and capriciously, and this Court shall refer this matter to the Office of Special Counsel pursuant to 5 U.S.C. § 552(a)(4)(F).

8. USPS is subject to the Administrative Procedure Act when it is carrying out its government responsibilities, including complying with the FOIA.

9. USPS's FOIA regulations are unlawful to the extent that they vest authority to adjudicate FOIA administrative appeals in a person who is not the head of USPS pursuant to 5 U.S.C. §§ 702 and 706, *ultra vires* review, and 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). These FOIA regulations are hereby set aside, and USPS shall cause them to be removed from the Code of Federal Regulations by publishing a notice in the Federal Register by not later than _____, 2022.

10. USPS general counsel's "OPINION AND ORDER" entered in this FOIA matter is unlawful pursuant to 5 U.S.C. §§ 702 and 706, *ultra vires* review, and 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa), and it is hereby set aside.

11. AFFT shall be awarded attorneys' fees and other litigation costs reasonably incurred in this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E), and the Equal Access to Justice Act, 28 U.S.C. § 2412. AFFT shall file a brief by not later than _____, 2022, setting forth the particular fees and costs it wishes to be awarded.

BY THE COURT:

_____
Hon. Royce C. Lamberth
U.S. District Court Judge