UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICANS FOR FAIR TREATMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1183 (RCL) |
| | ) | |
| UNITED STATES POSTAL SERVICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL DECLARATION OF JANINE CASTORINA

I, Janine Castorina, make the following Supplemental Declaration in lieu of affidavit in accordance with the provisions of 28 U.S.C. § 1746.  I understand that my declaration may be introduced into the record of the above captioned action, or any other grievance, administrative proceeding, or suit pending in a court of law.

1.      I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration.

## Exemption 5

2.      I am an attorney in the role of the Chief Privacy and Records Management Officer within the United States Postal Service.  This position can only be held by an attorney.  I lead the Privacy and Records Management Office (PRMO) which is a component within the Postal Service Law Department.  The General Counsel oversees the Postal Service Law Department, including PRMO.  In my role as Chief Privacy and Records Management Officer, I provide legal advice to the Postal Service on the Freedom of Information Act (FOIA), the Privacy Act of 1974, general Privacy issues, and records management matters including, but not limited to, drafting

and approving Privacy Act Statements and Privacy Notices.  I supervise Christopher Gillespie, an attorney who is a Privacy and Records Compliance Specialist, and Christopher Lind, a Privacy and Records Manager.  Both Mr. Gillespie's and Mr. Lind's responsibilities and duties include drafting Privacy Act Statements, pursuant to the Privacy Act of 1974, and Privacy Notices, similar to what is required by the E-Government Act.  They each carry out their responsibilities and duties under my supervision and direction, which includes reviewing work for legal sufficiency.

3.       As stated in my previous declaration, my office is the only office in the Postal Service that drafts Privacy Act Statements.  Following the appeal, on or around the March 17, 2022, timeframe, Mr. Lind, Mr. Gillespie, and I searched for emails related to the creation of the Privacy Act Statement for the COVID-19 rapid test webform.  We located 9 pages of emails about this Privacy Act Statement.  The documents produced encompass all documents related to the creation of the Privacy Act Statement in question.

4.       Internal clients, including Heather Dyer, Vice President of the Corporate Information Security Office (Chief Information Security Officer), Christopher Karpenko, Executive Director of Brand Marketing, and Kimberly Workinger, Digital Brand Marketing Manager, called me to request legal advice to on ensure that the COVID-19 rapid test webform was compliant with the Privacy Act.  All public facing material and any collection of personal information, such as the COVID-19 rapid test webform, must undergo a privacy review.  After discussing the issues with Ms. Dyer, Mr. Karpenko, and Ms. Workinger, it was determined that, among other things, it would be necessary to display a Privacy Act Statement on the COVID-19 rapid test webform.  As a result of these calls, Mr. Lind, Mr. Gillespie, and I met to discuss the questions raised by Ms. Dyer, Ms. Workinger, and Mr. Karpenko about the COVID-19 rapid test

webform's compliance with the Privacy Act.  These discussions informed the process by which my staff and I created the Privacy Act Statement for the COVID-19 rapid test webform.

5.     Privacy Act Statements are not identical to one another.  Every Privacy Act Statement must comply with the Privacy Act regarding the specific information that an agency intends to collect, use and maintain in each instance.  In drafting the Privacy Act Statement, I discussed with Mr. Gillespie and Mr. Lind, through verbal and email communications, what language would be necessary.  These discussions involved analyzing the requirements of the Privacy Act and addressing client concerns regarding the collection, use and maintenance of information submitted on the COVID-19 test kit webform, in light of both the Postal Service's legal obligations and business obligations to provide the test kits ordered.  The information withheld under Exemption 5 on pages USPS_1 through USPS_5 reflects these discussions about compliance with the Privacy Act and the effects and timing of compliance.

6.     The information withheld under Exemption 5 on pages USPS_1 through USPS_5 reflect written drafts of a Privacy Act Statement with edits to drafts of the Statement as well as discussions of those drafts.  Each iteration is different from the other and from the Privacy Act Statement published on the COVID-19 rapid test webform.  Each draft pre-dates the Privacy Act Statement that was published to the public on the COVID-19 rapid test webform.  Each draft reflects the substance and outcome of various verbal discussions between me, Mr. Lind and Mr. Gillespie as well as our internal clients, Ms. Dyer, Mr. Karpenko, and Ms. Workinger, to draft an appropriate Privacy Act Statement for the COVID-19 rapid test webform.

7.     The withheld portion of the January 11, 2022, email from Heather Dyer pertains to what were ongoing discussions about compliance with the Privacy Act, the timing associated

with that compliance and how that would effect moving forward with the program and testing. This email appears on pages USPS_8 and USPS_9.

### Foreseeable Harm

8.      Disclosing the information withheld would prevent Postal Service officials, employees, and attorneys from speaking candidly amongst each other and would otherwise discourage its employees from seeking legal advice.  This would harm the Postal Service's ability to ensure that the requirements of the Privacy Act and other laws are met.  Disclosing the information withheld would cause officials to be reticent to share information and facts concerning actions being undertaken or potentially to taken because the information they provide would be made public.  Full and honest discussions are imperative when issuing legal advice in general, and in this instance the Privacy Act, to ensure proper use, collection, and maintenance of information the Postal Service obtains from private individuals.

9.      Disclosure would further chill communications amongst Postal Service employees, officials, and attorneys because their discussions about draft materials would be released.  They would not candidly speak their minds and express their opinions and thoughts because disclosing draft materials could reveal changes in position or statements that are not public.  They may be embarrassed or otherwise resistant to freely express their thoughts and opinions if it were known that such information would be made public.  This would harm the Postal Service's ability to elicit honest and objective insight, feedback, and advice from its employees.

10.     Disclosing portions of the emails that are not specifically deliberative in nature, but which are inextricably intertwined with the deliberative portions, would also cause harm. Releasing inextricably intertwined non-deliberative information would cause undue confusion

and potential speculation as to the nature and content of the deliberative portions.  All withheld email communications were part of the on-going discussions concerning the language to be used in the Privacy Act Statement including when certain drafts would be sent to internal clients and when the Statement would be used in the live testing of the COVID-19 rapid test webform. These communications reflect a snapshot of these on-going deliberations.  Moreover, release of those sections that are inextricably intertwined would not serve to assist the public in understanding the internal processes of the Postal Service but would instead cause confusion.  As a result, all information is properly redacted and should continue to be withheld.

**Segregation of Non-Exempt Information**

11.      The Postal Service carefully reviewed the nine pages of responsive records previously discussed and withheld from disclosure information that was exempt under Exemptions 5 and 6.  A line-by-line review of the records showed that some non-exempt information such as email subject lines, dates, employee names, titles, and office addresses could be released.

12.      Additionally, I have determined that portions of an email dated January 11, 2022 and timestamped 7:15A.M. as well as portions of an email dated January 11, 2022, and timestamped 9:16A.M. may be released.  These emails appear on pages USPS_7 through USPS_9. A revised Vaughn Index is attached to this declaration as Exhibit A.  An updated copy of the Postal Service's FOIA release is attached as Exhibit B.  All reasonably segregable, non-exempt information has otherwise been disclosed to Plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

declaration is true and correct.  Executed in Washington, D.C., on October 26, 2022.

Janine
Castorina

Janine Castorina

Digitally signed by
Janine Castorina
Date: 2022.10.26
13:03:45 -04'00'

# EXHIBIT A

*Revised Vaughn* Index / United States Postal Service
*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL) (D.D.C.)

| No. | Bates-Stamp | Date | Time | From | To | Subject | Exemption |
|---|---|---|---|---|---|---|---|
| USPS 1 | USPS_1 | 01/10/2022 | 8:57 a.m. | Janine Castorina | Christopher Gillespie; Christopher Lind | Re: 810 | **Internal discussions:**<br>**Exemption 5 – Deliberative Process Privilege**<br>1. The deliberative process involved in this email is USPS's on-going iterative decision-making process related to its drafting of a Privacy Act Statement that was to be used on the live testing of the COVID-19 test kit webpage.<br>2. The email at issue reflects USPS's strategy, amongst staff members of the Privacy and Records Management Office, concerning the draft Privacy Act Statement and the Statement's relationship to a System of Record and the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was on-going at the time of the email. The Privacy Act Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication.<br>4. Release would have a chilling effect on the agency's decision-making processes, thereby lower the overall quality of those processes, and cause public confusion about the agency's final Privacy Statement which is not reflected in the email.<br><br>**Exemption 5 – Attorney Client Privilege**<br>1. The email arises from agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage. |

*Revised Vaughn* Index / United States Postal Service
*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL) (D.D.C.)

| No. | Bates-Stamp | Date | Time | From | To | Subject | Exemption |
|-----|-------------|------|------|------|-----|---------|-----------|
|     |             |      |      |      |     |         | 2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice.<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government counsel and supporting staff in response to agency clients' request for legal advice.<br><br>**Employee email addresses and mobile phone numbers:**<br>**Exemption 6**<br>1. The email contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty.  Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone |

*Revised Vaughn* Index / United States Postal Service
*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL) (D.D.C.)

| No. | Bates-Stamp | Date | Time | From | To | Subject | Exemption |
|-----|-------------|------|------|------|-----|---------|-----------|
| | | | | | | | numbers do not shed light on the operations and activities of the USPS. |
| USPS 2 | USPS_2 – USPS_3 | 01/10/2022 | 4:43 p.m. | Janine Castorina | Christopher Gillespie; Christopher Lind | RE: 810 | **Internal discussions:**<br>**Exemption 5 – Deliberative Process Privilege**<br>1. The deliberative process involved in this email is USPS's on-going iterative decision-making process related to its drafting of a Privacy Statement that was to be used on the live testing of the COVID-19 test kit webpage.<br>2. The email at issue reflects discussions, amongst staff members of the Privacy and Records Management Office within the USPS Law Department, concerning the first draft of the Privacy Statement and the language to be used in therein.<br>3. The information withheld does not reflect the final determination of USPS.  It is pre-decisional and deliberative because the decision-making process was on-going at the time of the email.  The Privacy Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage.  The webpage was in the testing phase at the time of this communication.<br>4. Even those portions of the email that are not specifically deliberative in nature, are inextricably intertwined within the deliberative portion of the email and would, if released, cause undue confusion and potential speculation as to the deliberative portions and what may be contained within the deliberative portions. Moreover, release of those portions of the email would not serve to assist the public in understanding the internal processes of the |

*Revised Vaughn* Index / United States Postal Service
*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL) (D.D.C.)

| No. | Bates-Stamp | Date | Time | From | To | Subject | Exemption |
|-----|-------------|------|------|------|-----|---------|-----------|
|     |             |      |      |      |     |         | Postal Service. But would instead cause confusion. As a result, all information is properly redacted. 5. Release would have a chilling effect on the agency's decision-making processes, thereby lower the overall quality of those processes, and cause public confusion about the agency's final Privacy Statement which is not reflected in the email. <br><br> **Exemption 5 – Attorney Client Privilege** <br> 1. The email arises from agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage. <br> 2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice. <br> 3. The email is related to the application of the Privacy Act, including its Privacy Statement requirements, to the COVID-19 test kit webpage. <br> 4. The email and subject line contain the product of confidential legal discussions amongst government counsel and supporting staff in response to agency clients' request for legal advice. <br><br> **Employee email addresses and mobile phone numbers:** <br> **Exemption 6** |

*Revised Vaughn* Index / United States Postal Service
*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL) (D.D.C.)

| No. | Bates-Stamp | Date | Time | From | To | Subject | Exemption |
|-----|-------------|------|------|------|-----|---------|-----------|
| | | | | | | | 1. The email contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS 3 | USPS_4 – USPS_5 | 01/11/2022 | 9:14 a.m. | Janine Castorina | Christopher Gillespie; Christopher Lind | RE: 810 | **Internal discussions:**<br>**Exemption 5 – Deliberative Process Privilege**<br>1. The deliberative process involved in this email is USPS's on-going iterative decision-making process related to its drafting of a Privacy Statement that was to be used on the live testing of the COVID-19 test kit webpage.<br>2. The email at issue reflects discussions, amongst staff members of USPS's Privacy and Records Management Office, concerning drafts of the Privacy Statement and revisions made thereto.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was on-going at the time of the email. The Privacy Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage |

*Revised Vaughn* Index / United States Postal Service
*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL) (D.D.C.)

| No. | Bates-Stamp | Date | Time | From | To | Subject | Exemption |
|-----|-------------|------|------|------|-----|---------|-----------|
|     |             |      |      |      |     |         | was in the testing phase at the time of this communication. <br> 4. Even those portions of the email that are not specifically deliberative in nature, are inextricably intertwined with the deliberative portions of the email and would, if released, cause undue confusion and potential speculation as to the deliberative portions and what may be contained within the deliberative portions. Moreover, release of those portions of the email would not serve to assist the public in understanding the internal processes of the Postal Service. But would instead cause confusion. As a result, all information is properly redacted. <br> 5. Release would have a chilling effect on the agency's decision-making processes, thereby lower the overall quality of those processes, and cause public confusion about the agency's final Privacy Statement which is not reflected in the email. <br><br> **Exemption 5 – Attorney Client Privilege** <br> 6. The email arises from agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage. <br> 7. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's |

*Revised Vaughn* Index / United States Postal Service
*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL) (D.D.C.)

| No. | Bates-Stamp | Date | Time | From | To | Subject | Exemption |
|---|---|---|---|---|---|---|---|
| | | | | | | | Law Department, to answer the agency clients' request for legal advice.<br>8. The email is related to the application of the Privacy Act, including its Privacy Statement requirements, to the COVID-19 test kit webpage.<br>9. The email contains the product of confidential legal discussions amongst government counsel and supporting staff in response to agency clients' request for legal advice.<br><br>**Employee email addresses and mobile phone numbers:**<br>**Exemption 6**<br>10. The email contains employee email addresses and mobile phone numbers which constitute similar files.<br>11. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>12. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS 4 | USPS_7-USPS_8 | 01/11/2022 | 9:29a.m. | Kimberly Workinger | Janine Castorina, Christopher Karpenko | Re: Privacy Statement Updated | **Employee email addresses and mobile phone numbers:**<br>**Exemption 6**<br>13. The email contains employee email addresses and mobile phone numbers which constitute similar files. |

*Revised Vaughn* Index / United States Postal Service
*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL) (D.D.C.)

| No. | Bates-Stamp | Date | Time | From | To | Subject | Exemption |
|---|---|---|---|---|---|---|---|
| | | | | | | | 14. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty.  Employees would also be subjected to phishing schemes and spam messages.<br>There is no significant public interest in disclosure.<br>Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS 5 | USPS_8 – USPS_9 | 01/11/2022 | 7:15a.m. | Heather Dyer | Janine Castorina | Privacy Statement Updated | **Internal discussions:**<br>**Exemption 5 – Deliberative Process Privilege**<br>1. The deliberative process involved in this email is USPS's on-going iterative decision-making process related to its drafting of a Privacy Statement that was to be used on the live testing of the COVID-19 test kit webpage.<br>2. The email at issue reflects USPS's discussions, amongst Janine Castorina, and Heather Dyer, Vice President of Corporate Information Security Office, concerning the live testing of the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS.  It is pre-decisional and deliberative because the decision-making process was on-going at the time of the email.  The Privacy Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage.  The webpage was in the testing phase at the time of this communication and finalization of the processes and the website were pending a final agency decision. |

*Revised Vaughn* Index / United States Postal Service
*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL) (D.D.C.)

| No. | Bates-Stamp | Date | Time | From | To | Subject | Exemption |
|---|---|---|---|---|---|---|---|
| | | | | | | | 4. Release would have a chilling effect on the agency's decision-making processes, thereby lower the overall quality of those processes and cause public confusion about the agency's final Privacy Statement which is not reflected in the email.<br><br>**Employee email addresses and mobile phone numbers:**<br>**<u>Exemption 6</u>**<br>5. The email contains employee email addresses and mobile phone numbers which constitute similar files.<br>6. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty.  Employees would also be subjected to phishing schemes and spam messages.<br>7. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |

# EXHIBIT B

**Gillespie, Christopher P - Washington, DC**

| | |
|---|---|
| **From:** | Castorina, Janine - Washington, DC |
| **Sent:** | Monday, January 10, 2022 8:57 AM |
| **To:** | Gillespie, Christopher P - Washington, DC |
| **Cc:** | Lind, Christopher W - Washington, DC |
| **Subject:** | Re: 810 |

(b) (5) ███████████████████████████████████████

Sent from my iPhone

On Jan 10, 2022, at 8:34 AM, Gillespie, Christopher P - Washington, DC
(b) (6) ██████████████████████ wrote:

(b) (5) ████████████████████████████████████████████
████████████

**From:** Castorina, Janine - Washington, DC (b) (6) ██████████████
**Sent:** Monday, January 10, 2022 7:27 AM
**To:** Gillespie, Christopher P - Washington, DC (b) (6) █████████████████ Lind, Christopher W -
Washington, DC (b) (6) ██████████████████
**Subject:** 810

(b) (5) ███████████████████████████████████████████
████████████

Janine Castorina
Chief Privacy and Records Officer
United States Postal Service
475 L'Enfant Plaza, SW
Washington DC, 20260
(b) (6) █████████████
202.268.2049 fax

USPS_1

## Gillespie, Christopher P - Washington, DC

**From:** Castorina, Janine - Washington, DC
**Sent:** Monday, January 10, 2022 4:43 PM
**To:** Gillespie, Christopher P - Washington, DC; Lind, Christopher W - Washington, DC
**Subject:** RE: 810

(b) (5)

Janine Castorina
Chief Privacy and Records Officer
United States Postal Service
475 L'Enfant Plaza, SW
Washington DC, 20260
(b) (6)
202.268.2049 fax

**From:** Gillespie, Christopher P - Washington, DC (b) (6)
**Sent:** Monday, January 10, 2022 4:15 PM
**To:** Castorina, Janine - Washington, DC (b) (6)        Lind, Christopher W - Washington, DC
(b) (6)
**Subject:** RE: 810



**From:** Castorina, Janine - Washington, DC (b) (6)
**Sent:** Monday, January 10, 2022 7:27 AM
**To:** Gillespie, Christopher P - Washington, DC (b) (6)        ; Lind, Christopher W - Washington, DC
(b) (6)
**Subject:** 810

Janine Castorina
Chief Privacy and Records Officer
United States Postal Service
475 L'Enfant Plaza, SW
Washington DC, 20260
(b) (6)
202.268.2049 fax

**Gillespie, Christopher P - Washington, DC**

| | |
|---|---|
| **From:** | Castorina, Janine - Washington, DC |
| **Sent:** | Tuesday, January 11, 2022 9:14 AM |
| **To:** | Gillespie, Christopher P - Washington, DC; Lind, Christopher W - Washington, DC |
| **Subject:** | RE: 810 |



Janine Castorina
Chief Privacy and Records Officer
United States Postal Service
475 L'Enfant Plaza, SW
Washington DC, 20260
(b) (6)
202.268.2049 fax

**From:** Gillespie, Christopher P - Washington, DC (b) (6)
**Sent:** Tuesday, January 11, 2022 9:05 AM
**To:** Castorina, Janine - Washington, DC (b) (6) ; Lind, Christopher W - Washington, DC
(b) (6)
**Subject:** RE: 810

Good morning Janine,



**From:** Castorina, Janine - Washington, DC (b) (6)
**Sent:** Tuesday, January 11, 2022 8:48 AM
**To:** Gillespie, Christopher P - Washington, DC (b) (6) ; Lind, Christopher W - Washington, DC
(b) (6)
**Subject:** RE: 810

1

Janine Castorina
Chief Privacy and Records Officer
United States Postal Service
475 L'Enfant Plaza, SW
Washington DC, 20260
(b) (6) ████████
202.268.2049 fax

**From:** Gillespie, Christopher P - Washington, DC (b) (6) ████████████████
**Sent:** Monday, January 10, 2022 4:15 PM
**To:** Castorina, Janine - Washington, DC (b) (6) ████████████  Lind, Christopher W - Washington, DC
(b) (6) ████████████
**Subject:** RE: 810

(b) (5) ████████████████████

████████████████████████████

████████████████

████████████████████

████████████████████████████████████████████████████████████████████████████████████████████

---

**From:** Castorina, Janine - Washington, DC (b) (6) ████████████
**Sent:** Monday, January 10, 2022 7:27 AM
**To:** Gillespie, Christopher P - Washington, DC (b) (6) ████████████; Lind, Christopher W - Washington, DC
(b) (6) ████████████
**Subject:** 810

(b) (5) ████████████████████████████████

Janine Castorina
Chief Privacy and Records Officer
United States Postal Service
475 L'Enfant Plaza, SW
Washington DC, 20260
(b) (6) ████████

2

202.268.2049 fax

USPS_6

| | |
|---|---|
| **From:** | Workinger, Kimberly B - Washington, DC |
| **To:** | Castorina, Janine - Washington, DC; Karpenko, Christopher J - Washington, DC |
| **Subject:** | RE: Privacy Statement Updated |
| **Date:** | Tuesday, January 11, 2022 9:29:51 AM |
| **Attachments:** | image001.png |

Thank you Janine!

## Kimberly Workinger

**USPS.com** | Manager | Digital Brand Marketing
Office: (202) 268-7971| (b) (6)
(b) (6)

**From:** Castorina, Janine - Washington, DC (b) (6)
**Sent:** Tuesday, January 11, 2022 9:29 AM
**To:** Karpenko, Christopher J - Washington, DC (b) (6) Workinger,
Kimberly B - Washington, DC (b) (6)
**Subject:** FW: Privacy Statement Updated

FYI

Janine Castorina
Chief Privacy and Records Officer
United States Postal Service
475 L'Enfant Plaza, SW
Washington DC, 20260
(b) (6)
202.268.2049 fax

**From:** Castorina, Janine - Washington, DC
**Sent:** Tuesday, January 11, 2022 9:16 AM
**To:** Dyer, Heather L - Washington, DC (b) (6)
**Subject:** RE: Privacy Statement Updated

Use this one:

Your information will be used to provide COVID-19 Testing Kits to the address you provided, and to
provide company and product fulfillment information about that testing kit to a federal executive
agency. Collection is authorized by 39 U.S.C. 401, 403, 404, and 411. Supplying your information is
voluntary, but if not provided, we may not be able to fulfill your request for a COVID-19 Testing Kit.
We do not disclose your information to third parties without your consent, except to act on your
behalf or request, or as legally required. This includes the following limited circumstances: to a

congressional office on your behalf; to agencies and entities to facilitate or resolve financial transactions; to a U.S. Postal Service auditor; for law enforcement purposes, to labor organizations as required by applicable law; incident to legal proceedings involving the Postal Service; to government agencies in connection with decisions as necessary; to agents or contractors when necessary to fulfill a business function or provide products and services to customers; for customer service purposes; and to other federal executive agencies pursuant to 39 U.S.C § 411. For more information regarding our privacy policies visit www.usps.com/privacypolicy.

Janine Castorina
Chief Privacy and Records Officer
United States Postal Service
475 L'Enfant Plaza, SW
Washington DC, 20260
**(b) (6)**
202.268.2049 fax

**From:** Dyer, Heather L - Washington, DC **(b) (6)**
**Sent:** Tuesday, January 11, 2022 7:15 AM
**To:** Castorina, Janine - Washington, DC **(b) (6)**
**Subject:** Privacy Statement Updated

Janine-

Do you happen to have the updated privacy statement for the Postal Store, it's our understanding you are working that? **(b) (5)**

Thanks

Heather L Dyer
A/ Chief Information Security Officer VP
**(b) (6)**

| | |
|---|---|
| **From:** | Castorina, Janine - Washington, DC |
| **To:** | Dyer, Heather L - Washington, DC |
| **Subject:** | Re: Privacy Statement Updated |
| **Date:** | Tuesday, January 11, 2022 7:37:20 AM |

I think so. We were tweaking it yesterday. Let me check.

Sent from my iPhone

> On Jan 11, 2022, at 7:15 AM, Dyer, Heather L - Washington, DC (b) (6) ▓▓▓▓▓▓ wrote:

Janine-

Do you happen to have the updated privacy statement for the Postal Store, it's our understanding you are working that? (b) (5) ▓▓▓▓▓▓▓▓▓▓▓▓

Thanks

Heather L Dyer
A/ Chief Information Security Officer VP
(b) (6) ▓▓▓▓▓▓
▓▓▓▓▓▓