UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICANS FOR FAIR TREATMENT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES POSTAL SERVICE, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 22-1183 (RCL) |

## DEFENDANTS' MOTION TO DISMISS COUNTS 3 AND 4 FOR LACK OF STANDING

Pursuant to Federal Rule of Civil Procedure 12(h)(3), Defendants United States Postal Service, Postmaster General Louis DeJoy, and General Counsel Tomas J. Marshall, respectfully move to dismiss Counts 3 (violation of the APA) and 4 (*ultra vires* action) of Plaintiff's Complaint. The Motion is accompanied by a Memorandum of Points and Authorities and a proposed Order.

Dated: October 28, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK,
Chief, Civil Division

   */s/ Michael E. Yohannan*
MICHAEL E. YOHANNAN
Pennsylvania Bar No. 307575
Special Assistant United States Attorney
601 D St., N.W.
Washington, D.C. 20530
Telephone: (202) 815-8969
Michael.Yohannan@usdoj.gov

*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES POSTAL SERVICE, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 22-1183 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTS OF DEFENDANTS' MOTION TO DISMISS COUNTS 3 AND 4 FOR LACK OF STANDING**

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(h)(3), Defendants United States Postal Service (the "Postal Service"), Postmaster General Louis DeJoy, and General Counsel Thomas J. Marshall, respectfully move to dismiss Counts 3 (violation of the APA) and 4 (*ultra vires* action) of Plaintiff's Complaint for lack of standing. Plaintiff failed to demonstrate that it met the requirements of Article III standing.[1]

**INTRODUCTION**

One of the Postal Service's FOIA regulations permit requesters to appeal adverse decisions to its General Counsel *via* mail or by email. 39 C.F.R. § 265.8(a). An appeal must be made within 90 calendar days after the date of the response or within a reasonable time if the appeal is from a failure of a custodian to act. *Id.* The General Counsel and his or her designee adjudicates appeals, and their decision constitutes the final decision of the Postal Service on the issue appealed.

---

[1] Defendant's pending dispositive motion (ECF No. 14) did not raise these threshold jurisdictional arguments.

39 C.F.R. § 265.8(b).  Plaintiff asserts that this regulation is unlawful to the extent it confers authority to the Postal Service's General Counsel and his or her designee(s).

Under Count 3, Plaintiff asserts that Defendants violated the Administrative Procedure Act ("APA") because the Postal Service's "FOIA regulations are arbitrary, capricious, and otherwise not in accordance with the law to the extent they place the authority to adjudicate administrative appeals in a person(s) who is not the head of USPS."  Compl. ECF No. 1 ¶ 72.  Plaintiff further asserts under Count 4 that "USPS's FOIA regulations are *ultra vires* because they patently misconstrue FOIA to allow a person(s) who is not the head of USPS to adjudicate FOIA appeals."  *Id.* ¶ 78.  Plaintiff asks that the Court "hold unlawful and set aside [the Postal Service's] FOIA regulations to the extent that they vest the authority to adjudicate FOIA administrative appeals in a person who is not the head of [the Postal Service]." *Id.* at Prayer for Relief ¶ G.  Plaintiff further asks the Court to "hold unlawful and set aside [the Postal Service] general counsel's [decision on Plaintiff's administrative FOIA appeal." *Id.* ¶ F.

As discussed further below, Plaintiff's claims fail for lack of standing.  There is nothing in the Complaint or the record before this Court to demonstrate the requisite requirements of standing.  Counts 3 and 4 should be dismissed with prejudice.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A Rule 12(h)(3) motion is subject to the same standards as a Rule 12(b)(1) motion to dismiss for lack of jurisdiction."  *S. Poverty L. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 18-0760, 182022 WL 1801150, at *3 (D.D.C. June 2, 2022) (citing *Murray v. Amalgamated Trans. Union*, 206 F. Supp. 3d 202, 207 (D.D.C. 2016)).

2

The plaintiff "bears the burden of establishing that the court has subject matter jurisdiction." *Sweigert v. Perez*, 334 F. Supp. 3d 36, 40 (D.D.C. 2018) (citing *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008)). No action by any party can confer subject matter jurisdiction because it is an Article III requirement. *Id*. (citing *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003)). Every case must meet the jurisdictional requirements of Article III before a court can proceed on the merits. *Moms Against Mercury v. FDA,* 483 F.3d 824, 826 (D.C. Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95 (1998)).

A court can "'consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *S. Poverty L. Ctr.,* 2022 WL 1801150, at *3 (citing *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003)). A court reviews a complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the factual allegations. *Sweigert*, 334 F. Supp. 3d at 40. However, "'the Court need not accept factual inferences drawn by plaintiff[] if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff['s] legal conclusions.'" *Sweigert*, 334 F.Supp. 3d at 40 (citing *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). A court has "'broad discretion to consider relevant and competent evidence' to resolve factual issues raised by a Rule 12(b)(1) motion." *Id*. (citing *Finca Santa Elena, Inc. v. Army Corps of Eng'rs*, 873 F. Supp. 2d 363, 368 (D.D.C. 2012) (citing 5B Charles Wright & Arthur Miller, Fed. Prac. & Pro., Civil § 1350 (3d Ed. 2004)); *Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 21 (D.D.C. 2003) (explaining that consideration of documents outside of pleadings does not convert a motion to dismiss under Rule 12(b)(1) into a motion for summary judgment)).

## ARGUMENT

Plaintiff insists that the Postal Service's regulation conferring certain appellate authority to its General Counsel and his or her designee, 39 C.F.R. § 265.8, is unlawful because it purportedly violates the FOIA. Plaintiff requests that the Court declare it as such and declare as invalid the Postal Service's administrative decision in the underlying matter. This Court need not reach the merits of these issues—which on their merits fail and seek to stymie agencies' efforts to release requested records in a timely manner and further the goals of the FOIA to promote governmental transparency and an informed citizenry—because Plaintiff failed to demonstrate any threatened or actual injury from the purportedly unlawful regulation in the first instance to assert its APA and *ultra vires* claims. The relevant regulations give Plaintiff the opportunity to address its FOIA grievances before the Postal Service and Plaintiff retains the ability to pursue the matter before this Court which reviews agency decisions *de novo* under FOIA. Agency and court review remain available. Plaintiff is not deprived of any opportunity to seek redress under FOIA and, thus, Plaintiff lacks standing to seek the relief sought nor assert its APA and *ultra vires* claims.

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.' . . . 'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (citations omitted). To establish standing, a plaintiff must show that the injury is "'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Id*. at 409 (citations omitted). A "plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citations omitted); *see also Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153 (2010) (same). Accordingly, even if Plaintiff asserts that it has standing for some claims, this does not confer standing on all claims. It has failed to demonstrate standing

4

for its APA and *ultra vires* claims because it has not shown that it has suffered (or will suffer) any concrete injury arising from the Postal Service's regulations.

"Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct." *O'Shea v. Littleton*, 414 U.S. 488, 493–94 (1974) (citation omitted). Indeed, the "injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id*. (citations omitted). Even if statutes create legal rights, they "do not purport to bestow the right to sue in the absence of any indication that invasion of the statutory right has occurred or is likely to occur." *Id*. at 495 n.2.

In the instant matter, Plaintiff has identified no concrete past, present, or future injury from the Postal Service's regulation. Without the predicate injury, Plaintiff cannot then meet the requirements of causation and redressability to establish standing. Instead, Plaintiff's arguments concerning FOIA's requirement that appeals be made to the "head of the agency" in and of itself shows that it did not and could not suffer any injury. The relevant provision of FOIA, 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa), is tied "to the ability of a party to reach a federal court" vis-à-vis administrative exhaustion. *Ecological Rts. Found. v. EPA*, Civ. A. No. 19-2181, 2022 WL 4130818, at *11 (D.D.C. Sep. 12, 2022) (citing *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 189 (D.C. Cir. 2013)). "[I]f an agency chooses to waive any of the requirements in the statute, then the remedy for the FOIA requester is that the agency action is deemed final, and the requester may appeal the agency action in federal court." *Id.* at 12. Consequently, a decision by an agency to "eliminate the right of a FOIA requester to file an administrative appeal to the agency head would be permissible; and that such a decision would

5

serve only as a waiver of the administrative exhaustion requirement that would otherwise apply." *Id*.

There is nothing in the record to suggest that Plaintiff did or could suffer any injury because of the Postal Service's regulation. In fact, Plaintiff was and will be accorded the opportunity to participate in both the administrative appeal and civil suit process as contemplated by FOIA. Notably, similar claims have been rejected by other courts in this jurisdiction. *See, e.g., Ecological Rts. Found.*, 2022 WL 4130818, at *10 (concluding that the plaintiff lacked standing to assert a claim that the agency's amendments to its FOIA regulations were contrary to FOIA and violated the APA because it left "no avenue to appeal such a determination to the agency head, as required by statute."); *Emuwa v. Dep't of Homeland Sec.*, Civ. A. No. 20-1756 (TNM), 2021 WL 2255305, at *12 (D.D.C. June 6, 2021) (concluding that the plaintiffs lacked standing to seek injunctive relief and assert a claim related to an agency's inadequate training of FOIA processors because the plaintiffs "submitted no evidence showing that they will be harmed by the allegedly inadequate training in the future."); *Bayala v. Dep't of Homeland Sec.,* 246 F. Supp. 3d 16, 25 (D.D.C. 2017) (concluding that the plaintiff lacked standing to assert a claim for injunctive and declaratory relief because he failed to show that he would suffer any concrete or imminent injury if the agency was not required to alter its overall FOIA response procedures); *Coleman v. DEA,* 134 F. Supp. 3d 294, 307 (D.D.C. 2015) (concluding that the plaintiff lacked standing to seek declaratory relief concerning entitlement to fee waivers because the plaintiff failed to show that he was likely to suffer a future injury).

Here, the Postal Service's FOIA regulation delegating responsibility for deciding administrative appeals to the General Counsel does not and did not prevent Plaintiff from filing an administrative appeal, nor from having some of its requested relief granted during the

administrative appeals process. Nor is Plaintiff in any way from prevented from seeking *de novo* review from this Court following the Postal Service's decision on Plaintiff's administrative appeal. Plaintiff simply has not articulated an injury-in-fact it suffered from the Postal Service's regulation beyond simply getting a decision that it did not like. Plaintiff's current cross-motion for summary judgment challenging the Postal Service's application of certain FOIA exemptions to redact information is evidence that Plaintiff is not injured as a result of the agency's FOIA regulation.

Plaintiff also fails to establish that a favorable judgment on Counts 3 and 4 would redress an injury-in-fact. To have standing, a plaintiff must demonstrate that it is "likely, as opposed to merely speculative that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotations and citation omitted). Here, Plaintiff does not allege that it would have received different information, including the remaining redacted information, in response to its FOIA request absent the promulgation of 39 C.F.R. § 265.8(b). Even if it made such an allegation, that allegation is purely speculative.

\* \* \*

**CONCLUSION**

Based on the foregoing, the Court should dismiss Counts 3 (violation of the APA) and 4 (*ultra vires* action) for lack of standing because Plaintiff has not and could not establish that it suffers any injury from the Postal Service's regulation. The existence of this litigation itself demonstrates that Plaintiff has all remedies available to it under FOIA, including *de novo* review of the agency's redactions before this Court.

Dated: October 28, 2022              Respectfully submitted,

                                                      MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK,
Chief, Civil Division

   */s/ Michael E. Yohannan*
MICHAEL E. YOHANNAN
Pennsylvania Bar No. 307575
Special Assistant United States Attorney
601 D St., N.W.
Washington, D.C. 20530
Telephone: (202) 815-8969
Michael.Yohannan@usdoj.gov

*Counsel for the United States of America*

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>UNITED STATES POSTAL SERVICE, *et al.*,  )<br>  )<br>  Defendants.  )<br>  ) | Civil Action No. 22-1183 (RCL) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendants' Motion to Dismiss Counts 3 and 4 for Lack of Standing, and the entire record herein, it is hereby

ORDERED that Defendants' Motion is GRANTED; and it is further

ORDERED that Claims 3 and 4 of the Complaint are dismissed with prejudice.

IT IS SO ORDERED this ____ day of _____, 2022.


_____
HON. ROYCE C. LAMBERTH
UNITED STATES DISTRICT COURT JUDGE