**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT, | |
| Plaintiff, | **No. 1:22-cv-1183-RCL** |
| v. | |
| UNITED STATES POSTAL SERVICE, *et al.* | |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

David R. Dorey
DC Attorney I.D. No. 1015586
Email: drdorey@fairnesscenter.org
Tessa E. Shurr (*pro hac vice*)
Pa. Attorney I.D. No. 330733
Email: teshurr@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff AFFT*

**TABLE OF CONTENTS**

BACKGROUND AND PROCEDURAL HISTORY ..........................................................................1

LEGAL STANDARD ..........................................................................................................................2

    I.   Waiver ..................................................................................................................................2

ARGUMENT .......................................................................................................................................2

    I.   AFFT Is Entitled to Judgment on Its FOIA Claims ....................................................2

        A.   USPS's Summary Judgment Papers and Records Production Demonstrate It Withheld Responsive Records from AFFT ............................................................................3

        B.   USPS's Searches Were Inadequate ............................................................................5

        C.   USPS Failed to Demonstrate Foreseeable Harm .....................................................7

        D.   USPS Misapplied FOIA Exemption 5 .....................................................................10

            1. USPS Misapplied the Attorney-Client Privilege .............................................11

            2. USPS Misapplied the Deliberative Process Privilege ......................................13

        E.   USPS Failed to Meet its Segregability Burden ........................................................13

    II.  USPS's FOIA Regulations Violate the Administrative Procedure Act.......................15

        A.   Defendants are Subject to the Administrative Procedure Act when Carrying out Government Functions ..............................................................................................15

        B.   Defendants Violated the Administrative Procedure Act .......................................17

    III.  USPS's FOIA Regulations Are *Ultra Vires*..............................................................20

    IV.  AFFT Is Entitled to Counsel Fees and Costs..............................................................20

    V.  USPS's Withholding of Records from AFFT Was Arbitrary and Capricious .............22

## TABLE OF AUTHORITIES

**Cases**                                                                                                 **Page(s)**

*Am. Oversight v. DOJ,*
    401 F. Supp. 3d 16 (D.D.C. 2019) ................................................................................ 21

*Am. Oversight v. GSA,*
    311 F. Supp. 3d 327 (D.D.C. 2018) .............................................................................. 12

*Ancient Coin Collectors Guild v. U.S. Dep't State,*
    641 F.3d 504 (D.C. Cir. 2011) .............................................................................. 11, 13

*Bloche v. DoD,*
    414 F. Supp. 3d 6 (D.D.C. 2019) ................................................................................ 11

*Carter, Fullerton & Hayes, LLC v. FTC,*
    637 F. Supp. 2d 1 (D.D.C. 2009) ................................................................................ 14

*Coastal States Gas Corp. v. Dep't Energy,*
    617 F.2d 854 (D.C. Cir. 1980) .................................................................................... 10

*Ctr. Investigative Reporting v. U.S. Customs & Border Prot.,*
    436 F. Supp. 3d 90 (D.D.C. 2019) ................................................................................ 8

*Defs. Wildlife v. DOI,*
    314 F. Supp. 2d 1 (D.D.C. 2004) .................................................................................. 3

*Dep't Air Force v. Rose,*
    425 U.S. 352 (1976) ...................................................................................................... 4

*Elec. Priv. Info. Ctr. v. DHS,*
    218 F. Supp. 3d 27 (D.D.C. 2016) .............................................................................. 21

*Elec. Priv. Info. Ctr. v. NSA,*
    87 F. Supp. 3d 223 (D.D.C. 2015) .............................................................................. 20

*FDA v. Brown & Williamson Tobacco Corp.,*
    529 U.S. 120 (2000) .................................................................................................... 15

*FTC v. Boehringer,*
    180 F. Supp. 3d 1 (D.D.C. 2016) ................................................................................ 12

*Hudson v. Am. Fed'n Gov't Emps.,*
    __ F. Supp. 3d __, 2022 WL 4464976 (D.D.C. Sept. 26, 2022) ...................................... 3

*In re Clinton,*
    973 F.3d 106 (D.C. Cir. 2020) .................................................................................... 19

*\*In re Sealed Case,*
    737 F.2d 94 (D.C. Cir. 1984) ...................................................................................... 10

*Loftin v. Bande*,
258 F.R.D. 31 (D.D.C. 2009) ............................................................................. 12

*\*Mead Data Cent., Inc. v. U.S. Dep't Air Force*,
566 F.2d 242 (D.C. Cir. 1977) ............................................................. 11, 12, 14

*\*Mobley v. CIA*,
806 F.3d 568 (D.C. Cir. 2015) ............................................................................. 6

*Nat'l Fed'n Fed. Emps. v. United States*,
905 F.2d 400 (D.C. Cir. 1990) ........................................................................... 19

*Nat'l Pub. Radio, Inc. v. DHS*,
No. 1:20-CV-2468-RCL, 2022 WL 4534730 (D.D.C. Sept. 28, 2022) ............ 9

*\*Oglesby v. U.S. Dep't Army*,
920 F.2d 57 (D.C. Cir. 1990) ........................................................................ 6, 17

*\*Reps. Comm. Freedom Press v. FBI*,
3 F.4th 350 (D.C. Cir. 2021) ............................................................................... 8

*Stein v. DOJ*,
197 F. Supp. 3d 115 (D.D.C. 2016) ..................................................................... 2

*Stolt-Nielsen Transp. Grp. Ltd. v. United States*,
534 F.3d 728 (D.C. Cir. 2008) ..................................................................... 13–14

*Students Against Genocide v. State*,
257 F.3d 828 (D.C. Cir. 2001) ............................................................................. 2

*Tax Analysts v. I.R.S.*,
117 F.3d 607 (D.C. Cir. 1997) ........................................................................... 12

*United States v. Menasche*,
348 U.S. 528 (1955) ...................................................................................... 17–18

*Wannall v. Honeywell, Inc.*,
775 F.3d 425 (D.C. Cir. 2014) ............................................................................. 2

**Statutes**

5 U.S.C. § 552 ................................................................................ 2, 17, 19, 20, 22

5 U.S.C. § 701 .................................................................................................... 19

39 C.F.R. § 265.8 ............................................................................................... 19

39 U.S.C. § 401 .................................................................................................. 15

39 U.S.C. § 403 .................................................................................................. 15

39 U.S.C. § 404 .................................................................................................. 15

39 U.S.C. § 410 .......................................................................................... 1, 15, 16

**Rules**

Fed. R. Civ. P. 56 ................................................................................................................... 3

**Other Authority**

WILLIAM SHAKESPEARE, HAMLET, PRINCE OF DENMARK act 3, sc. 2, l. 254 (Folger Ed. 1992)........16

Defendant's opposition to AFFT's summary judgment motion does nothing to move the needle in their direction. If anything, USPS has provided additional information that supports AFFT's points showing that USPS has failed to comply with its obligations under FOIA. And Defendants have supplied no convincing argument that USPS has not promulgated regulations under FOIA that violate the APA and are *ultra vires*. This Court should grant summary judgment for AFFT.

## BACKGROUND AND PROCEDURAL HISTORY

On September 2, 2022, AFFT filed a combined Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment along with supporting documents. ECF Nos. 18, 18-1, 18-2, 18-3, 18-4. After considering whether to "release additional information to narrow the issues in dispute," ECF No. 21 ¶ 3, Defendants on October 26, 2022, filed a combined Opposition to AFFT's Cross-Motion for Summary Judgment and Reply in support of their Motion for Summary Judgment, ECF No. 23 ("Defs.' Reply Br."), along with a supplemental declaration by Janine Castorina, ECF No. 23-1 ("2 Castorina Decl."). With those papers, USPS re-produced the original five records it disclosed in response to AFFT's FOIA request but: (1) removed the fifteen impermissible redactions of the subject lines of all emails; (2) removed the twenty-eight faulty justifications it supplied pursuant to Exemption 3 and 39 U.S.C. § 410(c)(2) for other redactions; and (3) disclosed, for the first time, some substantive information, including a final version of the Privacy Act Statement. 2 Castorina Decl. Ex. B.

AFFT now files this Reply in support of its Cross-Motion for Summary Judgment and includes an additional declaration in support by Elisabeth Kines Messenger ("2 KM Decl.").

**LEGAL STANDARD**

I.   **WAIVER**

It is well established that a party concedes an argument by failing to address it in its opposition to a dispositive motion. *See, e.g.*, *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("[I]f a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded."); *Stein v. DOJ*, 197 F. Supp. 3d 115, 123 (D.D.C. 2016) (Chutkan, J.) ("Because . . . Defendant has ignored Plaintiff's argument that the FBI's delay in responding to the FOIA request at issue in Count VI triggers § 552(a)(4)(A)(viii)'s prohibition on the assessment of duplication fees, the court will deem Defendant to have conceded the point.").

**ARGUMENT**

I.   **AFFT IS ENTITLED TO JUDGMENT ON ITS FOIA CLAIMS**

Despite producing an additional declaration supplementing USPS's views of its response to AFFT's FOIA request and conceding multiple points that AFFT raised in its Cross-Motion for Summary Judgment,[1] USPS has still failed to meet its burden of showing that *each and every* record that is responsive to AFFT'S request either has been produced, is unidentifiable, or is exempt from disclosure. *See Students Against Genocide v. State*, 257 F.3d 828, 833 (D.C. Cir. 2001).

---

[1] USPS impliedly conceded AFFT's point that it was entitled to have the five records USPS produced in response to its FOIA request re-produced without fifteen email subject lines redacted and without twenty-eight impermissible justifications supplied for other redactions. *Compare* Pl.'s Mem. Law Opp. Defs.' Mot. Summ. J. & Supp. Pl.'s Cross-Mot. Summ. J., ECF No. 18-1 ("Op. Br.") at 7, *with* 2 Castorina Decl. Ex. B. USPS also conceded that certain information in three pages of records is not appropriately protected by a FOIA exemption and disclosed that information. 2 Castorina Decl. Ex. B, at ECF pp. 24–26.

A.      **USPS's Summary Judgment Papers and Records Production Demonstrate It Withheld Responsive Records from AFFT**

USPS does not dispute that it failed to turn over eighty-nine percent of the records that the face of its own production shows exist (earlier in time emails in each chain and all versions of each record). But USPS resists being required to provide these records to AFFT first by claiming that it is not required to produce "duplicate records." Defs.' Reply Br. at 8. No doubt that is true of actual duplicates as the cases USPS relies on show, such as if a custodian of a record printed a few copies for a meeting. *E.g.*, *Defs. Wildlife v. DOI*, 314 F. Supp. 2d 1, 10 (D.D.C. 2004) (Huvelle, J.) ("[I]t would be illogical and wasteful to require an agency to produce multiple copies of *the exact same document*.") (emphasis added). The problem with USPS's argument is that AFFT is not seeking duplicate records; it is seeking underlying emails in chains that DOJ OIP has "always maintained" are "distinct record[s]" (Op. Br. at 8) and each custodian's separate, non-duplicate version of them. AFFT explained that unless this happens it will have no way to know if there are differences between the versions or if documents were attached to underlying emails in the chains. Op. Br. at 9. USPS has never claimed that it compared all the various versions to ensure they are uniform. And regarding attachments, the only thing that USPS can muster is the conclusion that there are "no attachments to any of the emails produced." Defs.' Reply Br. at 9. If USPS is arguing that there are no attachments to the top emails in each of the chains it actually produced, that is true—and AFFT never disputed it. But to the extent USPS is arguing that it reviewed all the underlying emails in all their various versions to ensure that there were no attachments, it failed to support that fact assertion with a declaration and accordingly the Court may not rely on it. Fed. R. Civ. P. 56(c), (e); *see Hudson v. Am. Fed'n Gov't Emps.*, __ F. Supp. 3d __, 2022 WL 4464976, at *1 (D.D.C. Sept. 26, 2022) (Boasberg, J.) ("The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial.").

3

USPS next tries to avoid being told to produce records it admits exist about various versions of its COVID test kit webpage and comments thereto by first claiming AFFT "waived this argument" by not raising it in its administrative appeal.[2] Defs.' Reply Br. at 9. Not true. AFFT administratively appealed USPS's initial decision that there were "no records responsive to [AFFT's] request," reiterated that it wanted "[a]ll records concerning the Privacy Act Statement contained on USPS's [COVID-19 test kit] webform," and explained in detail why it thought USPS failed to conduct an adequate search for responsive records. ECF No. 1-6 at ECF pp. 2–3. Nor could AFFT have specifically discussed the lack of webpage versions and comments in its administrative appeal because USPS didn't tell AFFT about those records until after it had to file this lawsuit.[3] ECF No. 14-2 ("1 Castorina Decl.") Ex. 2, at ECF pp. 27, 29, 31, 33, 35–36.

USPS then tries arguing that AFFT seeking these records is an "improper expansion of its FOIA request." Defs.' Reply Br. at 9–10. To get there, USPS mangles AFFT's argument and request to be for all the versions of the COVID-19 test kit webpage and related comments ***even if*** they have nothing to do with the Privacy Act Statement. But that's not right: AFFT's request is for "all records concerning the 'Privacy Act Statement' . . . ." If and to the extent some or all the COVID-19 website versions and comments have to do with the Privacy Act Statement (which would make sense since USPS put the Privacy Act Statement on its COVID-19 test kit website), then those versions and comments are responsive to AFFT's request and USPS is responsible under FOIA to produce them.

---

[2] "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't Air Force v. Rose*, 425 U.S. 352, 361 (1976). USPS's technical argument, however flawed, about exhaustion misses the forest for the trees and puts into ever sharper focus that it is noncompliant with FOIA. It also wouldn't be particularly helpful to USPS if it succeeded (other than to delay, which might really be the point) because AFFT could just send it another FOIA request for the documents.

[3] USPS also complains about AFFT's argument that USPS failed to produce any record that shows the final version of the Privacy Act Statement. Defs.' Reply Br. at 9, n.7. But USPS admitted by implication this argument is correct because in its updated production of documents responsive to AFFT's request it removed the redaction that shows the final version of the Privacy Act Statement in an email from Janine Castorina to Heather Dyer. 2 Castorina Decl. Ex. B, at USPS_7–8.

USPS finally responds to AFFT's argument that it failed to produce documents about the changes USPS made to the Privacy Act Statement by claiming those records were created after the "cut-off date" for USPS's search. Defs.' Reply Br. at 10–11. A casual review of the record shows that position is untenable. AFFT's administrative appeal pointed out to USPS the issue about the changes to its Privacy Act Statement on March 15, 2022. ECF No. 1-6. USPS did not conduct its search until March 17, 2022. 2 Castorina Decl. ¶ 3. The missing records thus existed at the time of the search—USPS just didn't find them because its search was totally inadequate. *See also* Op. Br. at Part I.C; Part I.B, *infra*. USPS also claims that records about the changes to the Privacy Act Statement are "outside the scope of the original request." Defs.' Reply Br. at 11. That argument is baffling—again, AFFT's FOIA request is for "all records concerning the 'Privacy Act Statement' . . . ." Records about changes USPS made to the Privacy Act Statement are wholly in scope of "all records concerning" that Statement.

USPS is entitled to judgment that USPS has failed to produce records that its own records production and website clearly show exist and are responsive to AFFT's request, and an order requiring USPS to search for and produce those records to AFFT.

**B.     USPS's Searches Were Inadequate**

USPS complains that AFFT thinks its searches "must be inadequate" because Janine Castorina's first declaration "failed to provide all the detail it wanted and certain documents it wrongly believes exist." Defs.' Reply Br. at 7. The problem is not what AFFT "wanted"—it's that USPS wants the Court to grant it summary judgment based on declarations that do not even begin to approach the standard set by binding D.C. Circuit caselaw to obtain that relief, and when its own records production should have made very clear to it that more searches needed done before it could discharge its FOIA obligations.

*First*, AFFT's summary judgment motion explained that USPS says it searched the emails of just three staff members and did not search the records of three other individuals that the emails show were also involved with the Privacy Act Statement in violation of FOIA. Op. Br. at 10–11. USPS did not respond to this argument; it is waived. *See* Part I, *supra*.

*Second*, AFFT's motion discussed that to meet its burden of showing that the searches it conducted were FOIA-compliant, USPS had to produce a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." Op. Br. at 11 (quoting *Oglesby v. U.S. Dep't Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). USPS does not say that it did this; nor can it. Even with USPS's submission of the supplemental Castorina Declaration it still has not even come close. It has supplied exactly no information about the search terms it used and the types of searches it performed. It disclosed nothing about its search strategies. And it never says that it searched "all files" likely to contain responsive information (because it simply cannot say that).

*Third*, AFFT pointed out that USPS says it searched only four of its offices for responsive records. Op. Br. 12. USPS persists in response that it is entitled to judgment because it searched "the departments ***most likely*** to have records" and conclusorily claims it is "***highly unlikely***" records exist elsewhere. Defs.' Reply Br. at 6. AFFT's brief explained that under binding D.C. Circuit precedent this simply is insufficient: "Had the FBI only searched the record systems 'most likely' to contain responsive records, its search would be inadequate." Op. Br. at 12 (quoting *Mobley v. CIA*, 806 F.3d 568, 582 (D.C. Cir. 2015)). USPS's refusal to say what it knows is required, and to support it with information sufficient for this Court to test whether its searches were adequate, is proof enough that its searches were not FOIA complaint.

*Fourth*, AFFT argued that USPS searching just email records of just three custodians in the PRMO was not adequate because it was likely to miss responsive documents such as calendar

entries, handwritten notes, and electronic notes. Op. Br. at 12. USPS rejects AFFT's argument as "speculative." Defs.' Reply Br. at 7. But the Supplemental Castorina Declaration contains new information that shows that AFFT was spot on, explaining that three "internal clients" had multiple "calls" with Castorina to "request legal advice" about the COVID-19 webform, and that thereafter the three PRMO employees engaged in multiple "discussions" about "the questions raised" and that "informed the process by which" Castorina and her staff created the Privacy Act Statement. 2 Castorina Decl. ¶ 4. It stretches USPS's credibility very thin to suggest that multiple calls and meetings about the Privacy Act Statement produced no associated calendar entries or notes. And certainly USPS cannot meet its summary judgment burden as to those issues when it has not said that it conducted a FOIA-compliant search for those records and came up short.

*Fifth*, AFFT has explained that USPS's summary judgment papers and the documents it has produced clearly show that there are many responsive records in USPS's possession that it has not produced. Op. Br. at 8–10; *see* Part I.B, *supra*. USPS has no helpful response to this argument and taken together shows it that its searches were woefully inadequate.

AFFT is entitled to judgment that USPS's searches for records in response to its FOIA request were inadequate, and an order requiring USPS to conduct compliant searches.

### C.   USPS Failed to Demonstrate Foreseeable Harm

Perhaps realizing that none of the FOIA exemptions on which it wants to rely to keep information from AFFT are permissible if it cannot demonstrate foreseeable harm, USPS has attempted to bolster its claim that disclosing this information would indeed cause it foreseeable harm. But even as supplemented, USPS has still failed to meet the requirements of binding D.C. Circuit law on point. As AFFT pointed out in its opening brief, "speculative or abstract fears" are not sufficient to show foreseeable harm. Op. Br. at 13. When taking a categorical approach to the records, as USPS has done here, "an agency must provide more than nearly identical boilerplate

statements and generic and nebulous articulations of harm[.]" *Ctr. Investigative Reporting v. U.S. Customs & Border Prot.*, 436 F. Supp. 3d 90, 106 (D.D.C. 2019) (Howell, J.). But that's exactly what USPS has (still) done.

For one, USPS's *Vaughn* index (as updated) still doesn't articulate ***any*** alleged foreseeable harm as for information it says is protected against disclosure by the attorney-client privilege. *See* 2 Castorina Decl. Ex. A; Op. Br. at 14 (pointing out this issue). That waiver is all that should be needed to dispense with the attorney-client privilege arguments and require USPS to disclose that information to AFFT.

And as for USPS's discussion of "foreseeable harm," it is still boilerplate, generic, categorical, and not tied to the actual discrete situation at hand. *Reps. Comm. Freedom Press v. FBI*, 3 F.4th 350, 370–71 (D.C. Cir. 2021) (explanations must be "focused and concrete," and explain why disclosing the information would, "in the specific context of the agency action at issue, actually impede those same agency deliberations moving forward," and are "perfunctory."). Fairly read, USPS's admitted position is that release of any (allegedly) attorney-client privileged document would cause the agency harm. 2 Castorina Decl. ¶ 8 ("Full and honest discussions are imperative when issuing legal advice ***in general*** . . . ."). Its position is further that release of any drafts would likewise harm USPS. *Id.* ¶ 9 (alleging that disclosure would "further chill communications . . . because discussions about draft materials would be released.").[4] USPS also says that certain information it has redacted in the records is not "specifically deliberative" (so, it's not deliberative)—but it has redacted it anyway (but incorrectly alleged it is deliberative process privileged in so doing[5])—but its

---

[4] USPS also generically claims that its staff might be "embarrassed" if the information in these records is released. 2 Castorina Decl. ¶ 9. Maybe so. But the D.C. Circuit has said that's not a justification that satisfies the standard. *Reps. Comm. for Freedom of the Press,* 3 F.4th at 369 ("Agencies cannot rely on mere speculative or abstract fears, or fear of embarrassment to withhold information.") (cleaned up).

[5] *See* Part I.D.2, *infra*; Part I.E, *infra*.

release would be harmful because it would cause "undue confusion and potential speculation as to the nature and content of the deliberative portions." *Id.* ¶ 10. These positions are not consonant with the law and the requirements it places on USPS to avoid overusing Exemption 5. *E.g.*, *Nat'l Pub. Radio, Inc. v. DHS*, No. 1:20-CV-2468-RCL, 2022 WL 4534730, at *8 (D.D.C. Sept. 28, 2022) (Lamberth, J.) ("Nowhere does DHS explain why disclosure of these specific types of reports would chill deliberations more than that of any generic documents to which the deliberative process privilege applies. Moreover, this justification stands in contrast to the more situation-specific justifications that courts have accepted in other cases."); *see also id.* at *8

> It is as if DHS turned the generalized justification from Reporters Committee into a game of "Mad Libs" and filled in the blanks with the name of the agency and the things that it does. If such an exercise were sufficient to satisfy an agency's burden under the FOIA Improvement Act, that statute's "reasonably foreseeable" requirement would be so easy to evade as to be essentially dead letter. Of course, agency personnel and contractors are, in the abstract, often more likely to render candid advice if they are sure that advice will not be made public. But the Court must give meaning to the requirement, enacted by Congress after decades of evolving FOIA jurisprudence, that the agency articulate why this disclosure would be particularly harmful.

USPS also persists in arguing that disclosing this information would "confuse the public because draft versions of the Privacy Act statement do not reflect the [one] that was published on the COVID-19 webform." Defs.' Reply Br. at 19. USPS failed to respond to AFFT's argument that that is nonsense because USPS itself publicly released at least two different versions of the Privacy Act Statement. Defs.' Reply Br. at 19; Op. Br. at 15. Why was that not confusing then, but releasing an additional version(s) is now? Also, the COVID-19 test program is over. Op. Br. at 3. Why would releasing what is now historical information about a defunct program have a material impact on the public's incertitude? Further, USPS says that in general "Privacy Act Statements are not identical to one another." 2 Castorina Decl. ¶ 5. If that's so, isn't the public used to seeing different Privacy Act

Statements from USPS? USPS's discussion of "foreseeable harm" is mere speculation and is controverted by the facts.

USPS has failed to articulate any foreseeable harm that would result from disclosing the information it withheld. AFFT is entitled to judgment and an order that USPS must disclose all responsive records to AFFT without redacting any information pursuant to Exemption 5.

### D.     USPS Misapplied FOIA Exemption 5

USPS has doubled down on its bet that all the information it withheld from AFFT is protected by **both** the attorney-client privilege **and** the deliberative process privilege. *See* 2 Castorina Decl. Ex. A. That's impossible because the privileges don't protect the same things. The attorney-client privilege protects confidential facts learned from a client and opinions that would disclose those confidential facts. *See In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984) ("[T]he claimant must demonstrate with reasonable certainty that the lawyer's communication rested in significant and inseparable part on the client's confidential disclosure [of facts].") And the deliberative process privilege protects opinions and facts but only to the extent they would inevitably reveal those protected opinions. *See Coastal States Gas Corp. v. Dep't Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980) ("The exemption thus covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency."). The following chart helps illustrate the point:

|                                    | Facts | Opinions |
|------------------------------------|:-----:|:--------:|
| **Attorney-Client Privilege**      | Yes   | No[6]    |
| **Deliberative Process Privilege** | No[7] | Yes      |

USPS is essentially claiming that the information it has withheld is only facts and, at the same time, is only opinions. *See Bloche v. DoD*, 414 F. Supp. 3d 6, 47 (D.D.C. 2019) (Contreras, J.) ("[T]he problem stems from the language that Army invokes and the manner in which it claims both privileges without any particularity as to which privilege applies to which portions of the document."). Further, USPS has not corrected its specific misapplications of the attorney-client privilege or deliberative process privilege.

        1.        USPS Misapplied the Attorney-Client Privilege

Even with the supplemental Castorina declaration, USPS still has not cleared all the hurdles to invoke attorney-client privilege. It continues to miss the mark in three ways: (1) the majority of the withheld records involved no client; (2) USPS has not established that any communication rested on confidential information obtained from a client; and (3) USPS failed to demonstrate that the communications were predominately legal.

Now that USPS has identified the relevant clients to be Heather Dyer, Christopher Karpenko, and Kimberly Workinger,[8] it is even clearer that its invocation of attorney-client privilege was inappropriate. Three out of the five records USPS produced involve exactly no communication

---

[6] Other than to the extent revealing the advice would necessarily reveal the underlying confidential facts obtained from the client. *See Mead Data Cent., Inc. v. U.S. Dep't Air Force*, 566 F.2d 242, 254 n.28 (D.C. Cir. 1977).

[7] The deliberative process privilege does not protect facts unless those facts would reveal the protected opinions. *See Ancient Coin Collectors Guild v. U.S. Dep't State*, 641 F.3d 504, 513 (D.C. Cir. 2011) ("Purely factual material usually cannot be withheld under Exemption 5 unless it reflects an exercise of discretion and judgment calls.").

[8] USPS's newly provided descriptions of the USPS Privacy Office and staff and their decision-making authority is sufficient for this purpose. *See* Defs.' Reply Br. 12–14.

to or from any of these clients. *See* 2 Castorina Decl. Ex. B, at ECF pp. 18–22 (emails involving only Law Department employees); *id.* Ex. A, at ECF pp. 8–12 (same). Attorney-client privilege is interpreted narrowly and "only to the extent necessary to encourage full and frank communications between attorneys and their clients." *FTC v. Boehringer*, 180 F. Supp. 3d 1, 17 (D.D.C. 2016) (Harvey, J.). It does not protect communications between only attorneys and their staffs that involve no client and when their disclosure would not reveal client confidences. *See Loftin v. Bande*, 258 F.R.D. 31, 36 (D.D.C. 2009) (Bates, J.) ("Attorney-client privilege protects confidential communications between a client and an attorney . . . .").

Next, USPS has failed to show that any of the records it withheld "rest on confidential information obtained from the client." *Tax Analysts v. I.R.S.*, 117 F.3d 607, 618 (D.C. Cir. 1997). It is not enough for an attorney's communications to be for the purpose of providing legal advice, which is apparently USPS's theory. *See* Vaughn Index at 8, 11, 13–14); *compare Mead Data Cent., Inc. v. U.S. Dep't Air Force*, 566 F.2d 242, 253–54 ("[W]e . . . direct that on remand this document be ordered disclosed unless adequate proof of confidentiality is provided . . . .). USPS has never said that these records are based on confidential information obtained from the client, and by the descriptions USPS has provided it appears they don't—the clients asked Janine Castorina to tell them how to comply with the Privacy Act with respect to the COVID-19 test webform. 2 Castorina Decl. Ex. A, at ECF pp. 8–9, 11, 13. It's unclear what confidential information could be at issue. And it's USPS's burden—this Court should not assume USPS meets the confidentiality requirement. *Id.* at 254. Moreover, USPS failed to address this argument and has accordingly waived it. *See* Part I, *supra*; Op. Br. at 21.

Finally, USPS has not met its burden to show that the emails were "predominantly legal" advice. *See Am. Oversight v. GSA*, 311 F. Supp. 3d 327, 342 (D.D.C. 2018) (Howell, J.) ("GSA has also failed to establish that the advice given was predominantly legal in nature.") (cleaned up). Each

time it asserted attorney-client privilege, USPS generically described the emails as "aris[ing] from agency clients' request for legal advice" and said that Janine Castorina "answer[ed]" that request. 2 Castorina Decl. Ex. A, at ECF pp. 8–9, 11, 13–14. But USPS didn't provide sufficient information to determine whether the communications were predominantly legal. Plus, USPS asserted deliberative process privilege to withhold all the same information in these same emails, which at least raises real questions whether the emails are indeed predominately legal instead of partly legal and mostly policy-focused (for example, on the question whether USPS should give the personal information of 70 million American households to labor unions). In that case, the records cannot be protected by attorney-client privilege.

2.      USPS Misapplied the Deliberative Process Privilege

USPS has admitted that its application of the deliberative process privilege to hide information was in part inappropriate. It says that portions of the records it produced "are not specifically deliberative," *i.e.*, **not deliberative**. *See* 2 Castorina Decl. Ex. A, at ECF pp. 10, 13; *see also* Part I.C, *supra*; *see also* Part I.E, *infra*. But USPS has specifically invoked the deliberative process privilege to prevent disclosure of that very non-deliberative information. That's not allowed.

Further, USPS still has drawn no distinction between facts and opinions behind the redactions it made to responsive records. Facts must be disclosed; they are generally not protected by the deliberative process privilege. *See Ancient Coin Collectors Guild*, 641 F.3d at 513 ("Purely factual material usually cannot be withheld under Exemption 5 unless it reflects an exercise of discretion and judgment calls."). Unless USPS is contending that the documents contain only opinions, which it hasn't said, then its invocation of this privilege is inadequate.

### E.    USPS Failed to Meet its Segregability Burden

USPS persists in providing only insufficient conclusory statements in support of its argument that it met its segregability burden. 2 Castorina Decl. ¶ 11 (USPS "carefully reviewed" the

13

records "line-by-line"); Defs.' Reply Br. 19–20; *compare Stolt-Nielsen Transp. Grp. Ltd. v. United States*, 534 F.3d 728, 734 (D.C. Cir. 2008) (statement that official "reviewed each page line-by-line to assure himself that he was withholding from disclosure only information exempt pursuant to the Act" is a "conclusion on a matter of law not sufficient support for a court to conclude that the self-serving conclusion is the correct one.").

Further, USPS now admits that it has affirmatively withheld information that is not covered by any FOIA exemption on the theory that it is "inextricably intertwined" with information covered by the deliberative process privilege. *See* 2 Castorina Decl. ¶ 10; *see also* Part I.D.2, *supra*. USPS reasons that it withheld "portions of the emails that are not specifically deliberative" because it speculates that releasing them "would cause undue confusion and speculation." *See* Part I.C, *supra*; *see also* Part I.D.2, *supra*. That's not what "inextricably intertwined" means—nowhere does USPS say that releasing the non-deliberative fact information would compromise the secrecy it wants to maintain for allegedly deliberative process privileged opinions. *See Mead Data Cent., Inc.,* 566 F.2d at 260 ("It seems quite likely that this non-exempt material can be disclosed without compromising the secrecy of whatever exempt information remains."). And in any event, USPS's "simple assertion that certain factual information withheld is 'inextricably intertwined' is not a proper 'detailed justification' for nonsegregability." *Carter, Fullerton & Hayes, LLC v. FTC*, 637 F. Supp. 2d 1, 5 (D.D.C. 2009) (Lamberth, C.J.).

USPS failed to comply with its segregability obligations. AFFT is entitled to judgment on that fact and an order that if USPS is permitted to withhold any information under Exemption 5 it must disclose all reasonably segregable information.

## II.   USPS's FOIA Regulations Violate the Administrative Procedure Act

### A.   Defendants are Subject to the Administrative Procedure Act when Carrying out Government Functions

Defendants continue to press the incorrect notion that USPS is totally exempt from any judicial review under the Administrative Procedure Act.[9] The dispute essentially boils down to whether USPS's compliance with its governmental duties listed in 39 U.S.C. § 410(b) (including FOIA and the Privacy Act) is an "exercise of the powers of the Postal Service." 39 U.S.C. § 410(a). It is not, as AFFT explained in its cross-motion. *See* Op. Br. at 26–29. The "powers of the Postal Service" are in fact contained at 39 U.S.C. § 401, a statutory sub-section called "General powers of the Postal Service," providing that USPS "shall have" "general powers" in ten categories. Turning further to 39 U.S.C. § 404, it elucidates those "general powers" by providing USPS with a series of "specific powers." Nothing in either subsection says or even implies that FOIA compliance is a "power" granted to USPS. If anything, it is a "duty"—with which USPS evidently struggles mightily. *Cf.* 39 U.S.C. § 403 (setting forth the "General duties" of USPS). There is no reason to construe the "powers of the Postal Service" language in 39 U.S.C. § 410(a) as doing anything other than referring back to the earlier parts of Title 39, Part I, Chapter 4 in which it sits (§§ 401, 404) that use that very language—and describe USPS's business functions generally and specifically. *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132–33 (2000)

> The meaning—or ambiguity—of certain words or phrases may only become evident when placed in context. It is a fundamental canon of statutory construction that the words of a statute must be read in their

---

[9] Defendants' Opposition begins this argument by misciting 39 U.S.C. § 410(c)(2), claiming that through it Congress "expressly exempted [USPS] from specific provisions of the APA." Defs.' Reply Br. at 20. In fact, 39 U.S.C. § 410(c)(2) says that when the USPS is following the statutes with which it is required to comply listed in § 410(b)(1)—including FOIA—it doesn't have to disclose "information of a commercial nature . . . which under good business practice would not be publicly disclosed." This is the provision that USPS erroneously relied on to justify redacting email addresses from its initial disclosure of records to Plaintiff, and which it has since disclaimed. *Compare* ECF No. 1-9, *with* ECF No. 23-1 Ex. B.

> context and with a view to their place in the overall statutory scheme.
> A court must therefore interpret the statute as a symmetrical and
> coherent regulatory scheme, and fit, if possible, all parts into a
> harmonious whole.

(cleaned up).

AFFT's Cross-Motion also explained that Defendants' interpretation would do violence to the careful structure of 39 U.S.C. § 410, which expressly removes § 410(b)—and thus USPS's FOIA obligations—from the ambit of the § 410(a) APA review exclusion. *See* Op. Br. at 27–28; 39 U.S.C. § 410(a) ("Except as provided by subsection (b) of this section . . . ."). Defendants' Opposition did not respond to this argument; it is waived. *See* Part II, *supra.*

AFFT's Cross-Motion further discussed how Defendants' position is untenable because FOIA, the Privacy Act, and the Government in the Sunshine Act (all to which USPS is obligated under § 410(b)) are ***part*** of the APA, regularly cross-reference other sections of the APA, cannot be interpreted as separate from the rest of the APA according to settled canons of statutory construction, and if countenanced would permit USPS's FOIA compliance to be disuniform from the rest of the government in violation of D.C. Circuit precedent. *See* Op. Br. at 28–29. Defendants' Opposition also did not respond to this argument; it is likewise waived. *See* Part II, *supra.*

Defendants did make much[10] of AFFT's point that USPS thinks it is exempt from the reverse FOIA cause of action (where a court reviews FOIA informal adjudications under APA § 706). *See* Defs.' Reply Br. at 23; *see also* Op. Br. at 29. Defendants contend that AFFT's argument is "extreme[]" and "hyperbolic[]" but fail to ever say that it is wrong. All Defendants can say is that USPS doesn't have any reverse FOIA matters pending and that FOIA and the Privacy Act also have "protections for personal information" and "information obtained from private corporations." Defs.' Reply Br. at 23–24, n.11. So what? The first point only proves that no one has decided to sue

---

[10] WILLIAM SHAKESPEARE, HAMLET, PRINCE OF DENMARK act 3, sc. 2, l. 254 (Folger Ed. 1992) ("The lady doth protest too much, methinks.").

USPS in that fashion presently; not that USPS is exempt from the cause of action. And the FOIA and Privacy Act protections also extend to every other federal agency obligated by those statutes, and yet reverse FOIA exists for them and performs an important oversight function. So too with USPS.

AFFT is entitled to judgment that Defendants are subject to APA review when carrying out USPS's governmental duties, such as complying with FOIA.

### B.   Defendants Violated the Administrative Procedure Act

Defendants do not and cannot dispute that postmaster general, who is the head of USPS, has chosen to have exactly nothing to do with FOIA administrative appeals. Defs.' Reply Br. at 30–32. That is in plain contravention of FOIA's text, structure, legislative history, and binding D.C. Circuit precedent. *See* Op. Br. at 32–35; *Oglesby v. U.S. Dep't Army*, 920 F.2d 57, 71 (D.C. Cir. 1990) ("***Once the head of the agency has made a determination on appeal*** or the twenty-day statutory deadline for the appeal decision has passed, he may bring suit in federal district court pursuant to 5 U.S.C. § 552(a)(4)(B).") (emphasis added).

Defendants first argue[11] that FOIA administrative appeals actually are supposed to be decided by the relevant "agency," but that doesn't make any sense and isn't helpful to them—and even Defendants argue that "[a]n agency can only act through its employees." Defs.' Reply Br. at 28. Whether or not "USPS" decides FOIA administrative appeals, it only can do so through an employee. The employee Congress selected for this task is the head of USPS—the postmaster general. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). And it gave AFFT and everyone else aggrieved by a USPS initial FOIA determination a "right" to appeal to him. *Id.* Defendants' argument reads the "head of

---

[11] Defendants appear to have dropped their initial argument that FOIA appeals just have to be "direct[ed]" to the head of the agency. *Compare* ECF No. 14-1 ("Defs.' Op. Br.") at 20, *with* Defs.' Reply Br. at 25–29.

the agency" right out of this part of FOIA. *United States v. Menasche*, 348 U.S. 528, 538-39 (1955) ("It is our duty to give effect, if possible, to every clause and word of a statute, rather than to emasculate an entire section, as the Government's interpretation requires.").

Defendants then turn to a discussion of AFFT's argument that adjudication of FOIA appeals may not be delegated by the postmaster general. Defs.' Reply Br. at 30–32. But Defendants have ignored and not responded to AFFT's first argument on this point—that USPS's regulations evidence an improper designation, not a delegation. Op. Br. at 32. That point is accordingly waived. *See* Part I, *supra*.

Defendants' counterarguments about delegation, to the extent one exists here, effectively reduce to a policy disagreement with Congress. They argue that the postmaster general should not have to "spend his time reviewing the hundred [*sic*], if not thousands" of USPS FOIA administrative appeals, calling it a "burden" in view of all the other things he has to do. Defs.' Reply Br. at 30–31. Defendants throw around lots of pejorative terms to describe AFFT's argument. Defs.' Reply Br. at 30–32 ("misplaced," "extreme," "unreasonable," and "absurd"). But USPS received a total of just 210 FOIA administrative appeals in Fiscal Year 2021 and just 149 in Fiscal Year 2020 (the statistics for Fiscal Year 2022 do not yet appear to be available). *See* 2 KM Decl. ¶¶ 3–5 & Exs. 1–2 (attaching results from FOIA.gov). That's hardly the "thousands" of appeals Defendants say the postmaster general just cannot handle. And all Defendants can muster in response to AFFT's exhaustive study of the legislative history of FOIA (Op. Br. at 32–35) demonstrating that Congress did indeed want agency heads to adjudicate FOIA administrative appeals is that it is "out of context." Defs.' Reply Br. at 29. But Defendants offer nothing in the legislative history that counters AFFT's reading. And in fact, the history AFFT supplied is fully in context and demonstrates that Defendants have violated Congressional intent by vesting final decision-making authority for these appeals in career bureaucrats instead of USPS's politically accountable agency head. Op. Br. at 35. But to be sure,

Defendants' policy argument is even less convincing because there is no reason to think that Congress has disallowed the postmaster general's subordinates from *helping* with FOIA administrative appeals and even providing him with recommended dispositions (just like with the other things he does)—the "burden" Defendants posit is minimal.[12]

Defendants finally contend that APA review is barred by 5 U.S.C. § 701(a)(2) because they believe that who decides FOIA administrative appeals is "committed to agency discretion by law." Defs.' Reply Br. at 31. This argument is just a rehash of Defendants' incorrect view that the "agency" is the adjudicator of FOIA appeals rather than the "head of the agency" as established in FOIA. It also fails on its own merits because the test for deciding whether something is committed to agency discretion by law is "whether the applicable statutes and regulations are drawn so that a court would have a meaningful standard against which to judge the agency's exercise of discretion." *Nat'l Fed'n Fed. Emps. v. United States*, 905 F.2d 400, 405 (D.C. Cir. 1990). The meaningful and judicially manageable standard is the simple question whether USPS's FOIA regulations that designate final authority to decide FOIA appeals in the "General Counsel or his or her designee," 39 C.F.R. § 265.8(6), are consonant with FOIA and the "right" it gives AFFT and everyone else to appeal USPS's initial FOIA determinations to the postmaster general, 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). *Compare Nat'l Fed'n Fed. Emps.*, 905 F.2d at 405 ("Here the problem is not that the Act is devoid of criteria; as noted above, the Act (through the Charter) sets forth nine specific criteria to be considered in making base closing decisions. Rather the rub is that the subject matter of those criteria is not 'judicially manageable.'"). The simple answer is "no." USPS's regulations are inconsistent with FOIA, violate the APA, and must be set aside.

---

[12] There is also an embedded and incorrect premise in Defendants' argument that somehow FOIA is less important than the other things Congress has given the postmaster general to do. Defendants have no authority for the proposition and it's at odds with D.C. Circuit precedent. *In re Clinton*, 973 F.3d 106, 118 (D.C. Cir. 2020) (granting petition for mandamus "[i]n light of the importance of the congressional aims animating FOIA . . . .").

### III.   USPS's FOIA REGULATIONS ARE *ULTRA VIRES*

Defendants appear to have conceded in response to AFFT's arguments that USPS's FOIA regulations are indeed subject to *ultra vires* review. *Compare* Defs.' Reply Br. at 24–25, *with* Op. Br. at 36–38. Defendants nonetheless contend that USPS's FOIA regulations are not *ultra vires* because, they say, anyone can decide FOIA administrative appeals. Defs.' Reply Br. at 28 ("FOIA in its express terms gives an agency discretion as to whom within the agency can make determinations on administrative appeals."). Defendants' theory is wrong for the reasons set forth in Op. Br. at 36–38 and Part II.B, *supra*. USPS's regulations in contravention of FOIA are *ultra vires* and must be set aside.

### IV.   AFFT IS ENTITLED TO COUNSEL FEES AND COSTS

USPS does not and cannot dispute that it has multiple times voluntarily and unilaterally changed positions with respect to its response to AFFT's FOIA request. Nor does it argue that AFFT's claim is "insubstantial." But USPS appears to nonetheless contend that AFFT cannot satisfy the second prong of the test for counsel fees and costs established in FOIA (5 U.S.C. § 552(a)(4)(E)(ii)) because USPS "has not changed its position on **all** the exempt information on [*sic*] the responsive documents." Defs.' Reply Br. at 32 (emphasis added). That is not the law—nothing requires USPS to have changed every one of its positions for AFFT to have "substantially prevailed." And the only way USPS got to the contrary point was to selectively cite *Electronic Privacy Information Center* to elide the fact that plaintiff there prevailed and was awarded counsel fees because NSA voluntarily changed its position. *Compare* Defs.' Reply Br. at 32–33, *with Elec. Priv. Info. Ctr. v. NSA*, 87 F. Supp. 3d 223, 230 (D.D.C. 2015) (Howell, J.)

> The language of the statute is clear and reflects a generally practical consideration regarding whether a FOIA plaintiff obtained the relief it wanted, in the form of the release of the requested information: a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial, qualifies a FOIA plaintiff as a

> prevailing party eligible for attorneys' fees. This is precisely the
> situation in which the plaintiff finds itself: following the plaintiff's
> appeal, the defendant voluntarily released NSPD 54 and agreed to
> request vacatur of the portion of this Court's opinion that found the
> defendant to have acted in accordance with the law. Thus, the plaintiff
> is a prevailing party eligible for attorneys' fees.

(cleaned up); *see also id.* at 236 ("plaintiff is eligible for and entitled to attorneys' fees as a prevailing

party").[13]

USPS also complains that counsel fees should not be awarded to AFFT because this Court

has not (yet) found that there was not a "reasonable basis in law" for USPS's withholding of

information. But as demonstrated above and in AFFT's opening brief, there was no "reasonable

basis in law" for USPS's positions. USPS plainly failed to conduct an adequate search for records

and unreasonably and without appropriate justification withheld (and continues to withhold)

information from AFFT in the records it did produce. The Court should find that USPS's positions

in withholding information (via inadequate searching and redactions) from AFFT were unreasonable

and award counsel fees and costs to AFFT pursuant to FOIA. *See Elec. Priv. Info. Ctr. v. DHS*, 218 F.

Supp. 3d 27, 34 (D.D.C. 2016) (Kessler, J.) ("FOIA additionally provides for attorneys' fees in order

to encourage FOIA suits that benefit the public and to compensate a complainant for enduring an

agency's resistance to complying with FOIA.").

Finally, Defendants failed to respond to AFFT's argument that it is entitled to counsel fees

under the Equal Access to Justice Act. *See* Op. Br. at 38–39. It is waived. *See* Part I, *supra.*

---

[13] USPS also cites to *American Oversight v. DOJ* for the proposition that it shouldn't be made to pay counsel fees because it was "acting reasonably to comply with its obligations under FOIA" and otherwise it would "punish flexibility" and "provide the motivation for intransigence." Defs.' Reply Br. at 33. AFFT agrees that USPS has acted reasonably in changing (some of) its incorrect positions. But *American Oversight* has to do with the continued presumption of good faith for subsequent agency affidavits that adopt changed positions; it has nothing to do with counsel fees and is inapposite. *Am. Oversight v. DOJ*, 401 F. Supp. 3d 16, 26 (D.D.C. 2019) (Cooper, J.) ("It would be unwise for us to punish flexibility, lest we provide the motivation for intransigence. Indeed, if anything, the D.C. Circuit has suggested the opposite reaction—bolstering the good-faith presumption—should follow from an agency change-in-position.").

## V.     USPS's Withholding of Records from AFFT Was Arbitrary and Capricious

USPS's footnote is correct in discussing the prerequisites for this Court to find that the circumstances surrounding USPS's withholding of information from AFFT raise questions whether USPS personnel acted arbitrarily and capriciously, which are: (1) ordering USPS to produce to AFFT records it improperly withheld; and (2) assessing reasonable attorney fees and litigation costs in AFFT's favor. Defs.' Reply Br. at 32, n.15 (citing 5 U.S.C. § 552(a)(4)(F)(i)). No doubt—AFFT seeks the satisfaction of those prerequisites and believes it has amply demonstrated this unusual relief is required here to help ensure USPS is FOIA-compliant going forward. *See* Op. Br. at 39–40; *see also* Part II–IV, *supra*.

*     *     *

For the foregoing reasons and those stated in AFFT's opening brief, AFFT's motion for summary judgment should be granted.

Respectfully submitted,

November 18, 2022

/s/ David R. Dorey
David R. Dorey
DC Attorney I.D. No. 1015586
Email: drdorey@fairnesscenter.org
Tessa E. Shurr (*pro hac vice*)
Pa. Attorney I.D. No. 330733
Email: teshurr@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424
*Attorneys for Plaintiff AFFT*