**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

AMERICANS FOR FAIR TREATMENT,

       Plaintiff,

v.

UNITED STATES POSTAL SERVICE, *et al.*,

       Defendants.

</td><td>

**No. 1:22-cv-1183-RCL**

</td></tr>
</table>

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS' PARTIAL MOTION TO DISMISS**

David R. Dorey
DC Attorney I.D. No. 1015586
Email: drdorey@fairnesscenter.org
Tessa E. Shurr (*pro hac vice*)
Pa. Attorney I.D. No. 330733
Email: teshurr@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff AFFT*

## TABLE OF CONTENTS

LEGAL STANDARD............................................................................................................1

ARGUMENT.....................................................................................................................2

# TABLE OF AUTHORITIES

**Cases**

*Am. Nat. Ins. Co. v. FDIC,*
   642 F.3d 1137 (D.C. Cir. 2011) .............................................................................. 1

*Bayala v. DHS,*
   246 F. Supp. 3d 16 (D.D.C. 2017) ........................................................................... 2

*\*Cap. Area Immigrants' Rts. Coal. v. Trump,*
   471 F. Supp. 3d 25 (D.D.C. 2020) ........................................................................... 6

*Coleman v. DEA,*
   134 F. Supp. 3d 294 (D.D.C. 2015) ......................................................................... 2

*Ecological Rts. Found. v. EPA,*
   No. 19-2181, 2022 WL 4130818 (D.D.C. Sept. 12, 2022) ...................................... 3

*Grand Lodge Fraternal Order Police v. Ashcroft,*
   185 F. Supp. 2d 9 (D.D.C. 2001) ............................................................................. 1

*Lujan v. Defs. Wildlife,*
   504 U.S. 555 (1992) ................................................................................................. 7

*\*Mendoza v. Perez,*
   754 F.3d 1002 (D.C. Cir. 2014) ............................................................................... 6

*Nat'l Sec. Couns. v. CIA,*
   898 F. Supp. 2d 233 (D.D.C. 2012) ................................................................. 3, 4, 7

*Selective Ins. Co. v. Moseley,*
   No. 19-cv-01054, 2021 WL 3268380 (D.D.C. July 30, 2021) ................................ 1

*\*Sugar Cane Growers Co-op. v. Veneman,*
   289 F.3d 89 (D.C. Cir. 2002) ............................................................................... 5, 6

*Sweigert v. Perez,*
   334 F. Supp. 3d 36 (D.D.C. 2018) ........................................................................... 2

**Other Authorities**

\*H.R. Rep. No. 92-1419 (1972) ..................................................................................... 5

120 Cong. Rec. 6799–6851 (1974) ............................................................................... 6

120 Cong. Rec. 16943–17062 (1974) ........................................................................... 6

In an eleventh-hour attempt to avoid a merits decision on whether USPS's FOIA administrative appeal regulations violate the APA and are *ultra vires*, Defendants have interposed a motion to dismiss for purported lack of subject matter jurisdiction pursuant to Rule 12(h)(3). ECF No. 24. The arguments Defendants make there could have been raised in June with a Rule 12(b)(1) motion, or in their Answer[1] (ECF No. 10), in July with their summary judgment motion (ECF No. 14)[2], or even in their opposition to AFFT's summary judgment motion (ECF No. 22). In any event, their arguments lack merit and are based significantly on their failure to inform the Court of important facts that show AFFT has standing to challenge USPS's regulations—including that AFFT has a second FOIA request pending with USPS.

## LEGAL STANDARD

AFFT incorporates Defendants' recitation of the legal standard governing their motion. MTD at 2–3. Additionally, "[i]n deciding a [motion to dismiss based on lack of subject-matter jurisdiction], the Court need not limit itself to the allegations of the complaint" and "may consider such materials outside the pleadings as it deems appropriate . . . ." *Grand Lodge Fraternal Order Police v. Ashcroft*, 185 F. Supp. 2d 9, 14 (D.D.C. 2001) (Urbina, J.). The Court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (cleaned up). Further, the Court has "broad discretion to

---

[1] "While some circuits permit parties to raise affirmative defenses for the first time in dispositive motions where no prejudice is shown, the D.C. Circuit has departed from those courts and held that a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion." *Selective Ins. Co. v. Moseley*, No. 19-cv-01054, 2021 WL 3268380, at *6 (D.D.C. July 30, 2021) (Mehta, J.) (cleaned up).

[2] Interestingly Defendants highlight that their summary judgment motion "did not raise these threshold jurisdictional arguments" but fail to explain why not. Defs.' Partial Mot. Dismiss, ECF No. 24 ("MTD") at 1 n.1.

consider relevant and competent evidence to resolve factual issues raised by a Rule 12(b)(1) motion," which may include affidavits or declarations filed to establish AFFT's standing. *Sweigert v. Perez*, 334 F. Supp. 3d 36, 40 (D.D.C. 2018) (Contreras, J.) (cleaned up).

## ARGUMENT

Defendants claim that AFFT has a "lack of standing" to challenge USPS's FOIA administrative appeal regulations because it has "identified no concrete past, present, or future injury" therefrom. MTD at 2, 5. To get to their "future injury" point, Defendants rely on caselaw for the proposition that a past FOIA request is by itself insufficient to demonstrate future harm. MTD at 6; *see Bayala v. DHS*, 246 F. Supp. 3d 16, 25 (D.D.C. 2017) (Contreras, J.) ("Mr. Bayala does not claim that he has any pending FOIA requests other than the one at issue here, or that he has any plans to submit additional requests in the future."); *Coleman v. DEA*, 134 F. Supp. 3d 294, 306 (D.D.C. 2015) (Mehta, J.) ("Critically, Plaintiff has not averred that he has a pending FOIA request before the DEA; that he intends to make FOIA requests to the DEA in the future; or that, in connection with a future request, he will seek to invoke the public-interest fee waiver."). But Defendants fail to alert the Court to the fact that AFFT has a pending FOIA request[3] with USPS that it is currently processing[4]—any administrative appeal from which will be under USPS's current, FOIA-offending regulations absent earlier intervention by this Court. 3 KM Decl. ¶¶ 3, 6, 9 & Ex. 1. And until USPS produces documents that evidence what it has done with the personal information of over half of America's households with respect to labor unions, AFFT intends to continue

---

[3] That second FOIA request is for the same information AFFT sought in its first request (that is the subject of this litigation) but restricted to documents created after USPS conducted its search for records responsive to the first request. Third Declaration of Elisabeth Kines Messenger ("3 KM Decl.") ¶¶ 3–4 & Ex. 1.

[4] USPS initially responded to AFFT's second FOIA request by (once again) claiming it had no responsive records. 3 KM Decl. ¶ 5 & Ex. 2. To its credit, before AFFT administratively appealed, USPS decided that wasn't true and it accordingly needed to re-do its response. *Id.* ¶ 6. While USPS completes its re-do, it has tolled AFFT's time to file an administrative appeal. *Id.* ¶ 7.

periodically submitting FOIA requests to USPS that will, until set aside, be subject to the same appellate regime.[5] *Id.* ¶¶ 8–9. That is more than sufficient to show concrete future injury.

Defendants also say that USPS cannot possibly have been injured in the past by USPS's FOIA administrative appeal regulations because agencies can (technically) waive FOIA administrative appeals altogether, in which case adverse initial decisions on requests are automatically deemed administratively exhausted and can proceed directly to federal court. Defendants principally got their argument by quoting selectively from a recent unreported opinion, *Ecological Rts. Found. v. EPA*, No. 19-2181, 2022 WL 4130818 (D.D.C. Sept. 12, 2022) (Pan, J.), *appeal docketed*, No. 22-5254 (D.C. Cir. Sept. 29, 2022). But all that case actually stands for is the proposition that EPA could permissibly eliminate the right to administratively appeal an adverse initial determination on a FOIA request to the EPA Administrator when the EPA Administrator had ***himself*** made the initial determination (this makes sense—why would the EPA Administrator want or need to conduct appellate review of his own personal decision?). *Id.* at \*2 ("[A]n adverse determination by the Administrator on an initial request will serve as the final action of the Agency.") (cleaned up); *id.* at \*11 ("The Court agrees that the statute refers to 'the right to appeal to the head of the agency,' and that allowing the EPA Administrator to make initial determinations obviates the appeal right. But under such circumstances, the Administrator's initial determination simply serves as the final action of the agency, which may be appealed in a court of law.").

*EPA*'s reasoning is based especially on *National Security Counselors v. CIA*, 898 F. Supp. 2d 233, 280 (D.D.C. 2012) (Howell, C.J.), *aff'd sub nom.* 969 F.3d 406 (D.C. Cir. 2020), which explained

---

[5] In a paper filed in this Court, USPS even expressly invited AFFT to file another FOIA request and implied that AFFT had not done so. *See* Defs.' Mem. Opp. Pl.'s Cross-Mot. Summ. J. & Reply Supp. Defs.' Mot. Summ. J., ECF No. 22 ("Defs.' Reply Br.") at 11 ("The proper recourse is to submit a new FOIA request for additional records in accordance with the Postal Service's procedural regulations found in 39 C.F.R. § 265.3.").

that CIA's decision not to afford FOIA administrative appeals **altogether** in some cases "may entail perverse consequences" because "a requester's failure to exhaust its administrative remedies does not bar judicial review because, when an agency makes a conscious choice not to provide a party with administrative process, the agency constructively waives the requirement of administrative exhaustion." *Nat'l Sec. Couns.*, 898 F. Supp. at 280 ("A party appearing before an administrative body cannot be punished for the agency's choice to shoot itself in the foot by refusing to review its own decisions."). And the opinion makes clear that if agencies fail to review FOIA decisions administratively they will bear the consequences. *Id.* at 281 ("To the extent the CIA's failure to provide administrative appeals to requesters . . . is an attempt to divert FOIA cases from the agency's docket to the dockets of the federal courts, however, the CIA may try the patience of judges called upon to adjudicate these claims because they consume scarce judicial resources on questions that could easily, and perhaps more appropriately, be addressed at the administrative level.").

      Defendants' reliance on *EPA* (and thus *CIA*) accordingly misses the mark. Those cases don't say that an agency can make up any FOIA non-compliant process it wants for administrative appeals and use that as the gatekeeper to federal court. All they say is that if an agency chooses to, perhaps at its peril, not have an administrative appeal process **at all** then exhaustion requirements are obviously waived (because exhaustion is impossible), and that an initial determination by an agency head is also the final determination for the agency (appeal is irrelevant). If USPS wanted to waive administrative appeal rights altogether that would have been one thing, or another to give the initial processing of AFFT's request to the postmaster general; instead, it purported to make AFFT go through a kangaroo process that did not involve in any way the postmaster general in violation of AFFT's "right" under FOIA. Pl.'s Mem. Law Opp. Defs.' Mot. Summ. J. & Supp. Pl.'s Cross-Mot. Summ. J., ECF No. 17 ("AFFT Op. Br.") at Part II–III; Pl.'s Reply Defs.' Cross-Mot. Summ. J.,

ECF No. 26 ("AFFT Reply Br.") at Part II.B, III. And USPS said that that process was the only way for AFFT to administratively exhaust so it could come to this Court. *See* Complaint ("Compl."), ECF. No. 1, ¶ 27 & Ex. C. USPS even twice claimed in this Court, albeit incorrectly, that AFFT "waived" an argument by failing to raise it during that process. *See* Defs.' Mem. L. Supp. Defs.' Mot. Summary J. & J. Pleadings, ECF No. 14-1 ("Defs.' Op. Br.") at 19; Defs.' Reply Br. at 9 & n.7.

Defendants next claim that AFFT cannot demonstrate an injury-in-fact from being subjected to an administrative appeal regime that does not comply with FOIA. For one, that ignores that AFFT's procedural "right" to appeal to the postmaster general—in the past and in the future—has been and will be trampled by Defendants, which is injury-in-fact all by itself. *See Sugar Cane Growers Co-op. v. Veneman*, 289 F.3d 89, 94–95 (D.C. Cir. 2002) ("A plaintiff who alleges a deprivation of a procedural protection to which he is entitled never has to prove that if he had received the procedure the substantive result would have been altered. All that is necessary is to show that the procedural step was connected to the substantive result."). But it also ignores AFFT's detailed explanation of the purpose of FOIA's "right" to appeal to the head of the agency, which is to ensure FOIA appellate decisions are made by a person who is politically accountable for them—not a career bureaucrat buried deep in an agency. *See* AFFT Op. Br. at 34–35; AFFT Reply Br. at 18. The lack of political accountability for what's happened here is an independent harm. *See* H.R. Rep. No. 92-1419 (1972), at 8–9 (emphasis added) ("The efficient operation of the [FOIA] has been hindered by 5 years of foot-dragging by the Federal bureaucracy. The widespread reluctance of the bureaucracy to honor the public's legal right to know has been obvious in parts of two administrations. This reluctance has been overcome in a few agencies by ***continued pressure from***

***appointed officials at the policymaking level*** and in some other agencies through public hearings and other oversight activities by the Congress.") (emphasis added).[6]

Defendants ignore that because AFFT has raised a violation of its procedural rights that is beyond a "mere general interest . . . common to all members of the public," the "normal standards for immediacy and redressability are relaxed." *Mendoza v. Perez*, 754 F.3d 1002, 1010 (D.C. Cir. 2014). Indeed, AFFT did not need to "demonstrate that but for the procedural violation the agency action would have been different." *Id.* AFFT also was not required to "establish that correcting the procedural violation would necessarily alter the final effect of the agency's action on [its] interest." *Id.*; *but see* MTD at 7 ("Here, Plaintiff does not allege that it would have received different information, including the remaining redacted information, in response to its FOIA request absent the promulgation of 39 C.F.R. § 265.8(b).").

All AFFT needed to do was "demonstrate a causal relationship between the final agency action and the alleged injuries," and this Court will accordingly "assume the causal relationship between the procedural defect and the final agency action." *Mendoza*, 754 F.3d at 1010 (cleaned up); *see also Cap. Area Immigrants' Rts. Coal. v. Trump*, 471 F. Supp. 3d 25, 38 (D.D.C. 2020) (Kelly, J.) ("[A] plaintiff asserting a procedural violation must show a causal connection between the government action that supposedly required the disregarded procedure and ***some reasonably increased risk of injury*** to its particularized interest.") (cleaned up, emphasis added). AFFT has amply done that, and the causal relationship is clear—USPS's FOIA non-compliant administrative appeal process produced a faulty result. To find otherwise would render FOIA's right to appeal to the head of the agency a "dead letter." *Veneman*, 289 F.3d at 95.

---

[6] *See also* 120 Cong. Rec. 16943–17062 at 17022 (1974) (statement of Sen. Cranston) ("In my judgment, we must not let 17,364 bureaucrats be the final judges of what we are to know from our Government."); 120 Cong. Rec. 6799–6851 at 6816 (1974) (statement of Rep. Thompson) ("This bill to make the Freedom of Information Act a more viable weapon in the fight against secrecy excesses of the entrenched Government bureaucracy is an important start in that direction.").

Further, AFFT can even meet the non-relaxed standard: the appellate result below probably would have differed if the politically accountable head of USPS had been the decider.[7] That's likely for at least two reasons: (1) when DOJ counsel got involved in this matter USPS's position on significant parts of its response to AFFT's request immediately changed, *see* AFFT Op. Br. at 9–10; AFFT Reply Br. at 4 n.3.; and (2) USPS's errors here are so obvious, and its choices so arbitrary and capricious, that any accountable person would not likely have blessed them in the appeal process, *see, e.g.*, AFFT Op. Br. at Part I.B (revealing the existence of multiple versions of the Privacy Act Statement, additional responsive emails, and different versions of the COVID test kit webpage— none of which USPS produced); AFFT Reply Br. at Part I.A (explaining that USPS was required to produce records about the changes USPS made to the Privacy Act Statement prior to the cut-off date for AFFT's FOIA request); *id.* at Part I.C, I.D.2, I.E (USPS improperly relied on deliberative process privilege because portions of the withheld records "are not specifically deliberative").

And if USPS had honored AFFT's procedural right, that might well have avoided this very lawsuit and its attendant burdens on all concerned. *See CIA*, 898 F. Supp. 2d at 281 ("The Court also recognizes that the effect on the plaintiff and other FOIA requesters (not to mention taxpayers) from the agency's diversion of these claims to the courts is an expensive one, forcing requesters and the government alike to expend time and money litigating these claims."). Further, changes to USPS's process will have a concrete impact on AFFT's appeal rights for its pending second FOIA request and the FOIA requests it expects it will have to submit in the future. 3 KM Decl. ¶¶ 8–9; *Lujan v. Defs. Wildlife*, 504 U.S. 555, 561 (1992) ("[It] must be '***likely***,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision.") (cleaned up, emphasis added).

---

[7] *See* Compl. ¶ 33 ("But for the general counsel's misconstruction of the "Privacy Act notice," on information and belief, USPS would have identified additional records that are responsive to AFFT's FOIA request.").

\*       \*       \*

AFFT has standing to assert that USPS's FOIA regulations violate the APA, are *ultra vires*, and must be set aside. Defendants' motion to dismiss should be denied.

Respectfully submitted,

December 2, 2022

/s/ David R. Dorey
David R. Dorey
DC Attorney I.D. No. 1015586
Email: drdorey@fairnesscenter.org
Tessa E. Shurr (*pro hac vice*)
Pa. Attorney I.D. No. 330733
Email: teshurr@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424
*Attorneys for Plaintiff AFFT*