UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICANS FOR FAIR TREATMENT, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Civil Action No. 22-1183 (RCL) |
| UNITED STATES POSTAL SERVICE, *et al.*, | ) ) ) | |
| *Defendants*. | ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
PARTIAL MOTION TO DISMISS COUNTS THREE AND FOUR**

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK,
Chief, Civil Division

MICHAEL E. YOHANNAN
Pennsylvania Bar No. 307575
Special Assistant United States Attorney
601 D St., N.W.
Washington, D.C.  20530
(202) 815-8969
Michael.Yohannan@usdoj.gov

*Counsel for Defendant*

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1
ARGUMENT ................................................................................................................................. 2
CONCLUSION .............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Cap. Area Immigrants' Rts. Coal. v. Trump*,
  471 F.Supp. 3d 25 (D.D.C. 2020) .................................................................................. 5

*Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Homeland Sec (CREW)*,
  527 F. Supp. 2d 101 (D.D.C. 2007) ......................................................................... 3, 7-8

*Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Educ. (CREW II)*,
  538 F. Supp. 2d 24 (D.D.C. 2008) ................................................................................ 8

*Ecological Rts. Found. v. EPA*,
  Civ. A.No. 19-2181, 2022 WL 4130818, at *11 (D.D.C. Sep. 12, 2022) ................................ 4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*,
  528 U.S. 167–81 (2000) ................................................................................................ 7

*Klayman v. Obama*,
  125 F.Supp.3d 67 (D.D.C. 2015) ................................................................................... 8

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ..................................................................................................... 3

*Mendoza v. Perez*,
  754 F.3d 1002 (D.C. Cir. 2014) .................................................................................... 5

*Nat'l Sec. Couns.v. CIA*,
  898 F. Supp. 2d 233 (D.D.C. 2012) .............................................................................. 4

*Prisology v. Fed. Bureau of Prisons*,
  74 F. Supp. 3d 88 (D.D.C. 2014) .................................................................................. 7

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ................................................................................................. 3

*Sugar Cane Growers Co-op of Florida v. Veneman*,
  289 F.3d 89 (D.C. Cir. 2002) ............................................................................ 5-6, 6, 7

*Tozzi v. Dep't of Health & Human Servs.*,
  271 F.3d 301 (D.C. Cir. 2001) ...................................................................................... 8

*United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*,
  2020 WL 7640213 (D.D.C. 2020) ................................................................................ 3

*Valley Forge Christian Coll. v. Americans United for Separation of Church & State*,
  454 U.S. 464 (1982) ..................................................................................................... 7

*Winpisinger v. Watson*,
  628 F.2d 133 (D.C. Cir. 1980) ...................................................................................... 8

*Worth v. Jackson*,
    451 F.3d 854 (D.C. Cir. 2006) ............................................................................................... 3

**Statutes**

5 U.S.C. § 552 ........................................................................................................................... 1, 4
39 U.S.C. § 202 ............................................................................................................................. 5

**Regulations**

39 C.F.R. § 265.8 .................................................................................................................. passim

**Legislative History**

120 Cong. Rec. 6799–6851 (March 14, 1974) ............................................................................. 7
120 Cong. Rec. 16943–17062 (May 30, 1974) ............................................................................ 6

## INTRODUCTION

Defendants United States Postal Service (the "Postal Service" or the "Agency"), Postmaster General Louis DeJoy, and General Counsel Thomas J. Marshall, respectfully submit this Reply in Support of Defendants' Partial Motion to Dismiss Counts Three and Four of the Complaint.

This case arises from Plaintiff's February 7, 2022, request to the Postal Service under the Freedom of Information Act ("FOIA"). *See* Complaint, ECF No. 1, ("Compl.") ¶ 19.  Unhappy with the Postal Service's response to that request, Plaintiff pursued an administrative appeal of the Postal Service's initial response. *Id.* ¶ 27.  Dissatisfied with the decision on that administrative appeal, Plaintiff filed a lawsuit under 5 U.S.C. § 552(a)(4)(B), and the parties' motions for summary judgment are now fully briefed and pending with the Court.  In addition to its challenge to the Postal Service's search and withholdings, Plaintiff also asks the Court to "hold unlawful and set aside [the Postal Service's] FOIA regulations to the extent that they vest the authority to adjudicate FOIA administrative appeals in a person who is not the head of [the Postal Service]." Compl. at Prayer for Relief ¶ G.  Specifically, Plaintiff alleges that 39 C.F.R. § 265.8(b) is arbitrary and capricious under the Administrative Procedure Act ("APA") and *ultra vires* because under 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa) only the Postmaster General as the "head of the agency" of the Postal Service was permitted to decide Plaintiff's FOIA appeal. Compl. ¶¶ 69-80.

As stated in Defendants' Partial Motion to Dismiss, ECF No. 24 ("Defs' Mot."), Plaintiff cannot establish standing for its APA and *ultra vires* claims in counts three and four of the amended complaint because it has not and cannot articulate a cognizable injury-in-fact caused by the promulgation of 39 C.F.R. § 265.8(b).  Clearly, Plaintiff is dissatisfied with the way the

Postal Service handled its FOIA request, but it has an adequate remedy in the cause of action provided by FOIA itself, which has allowed Plaintiff to seek redress before this Court. Moreover, Plaintiff offers no theory as to why setting aside 39 C.F.R. § 265.8(b) and requiring the Postmaster General to personally decide the Postal Services' FOIA appeals would redress what it alleges are deficiencies in the Postal Service's handling of its FOIA request.

## ARGUMENT

Plaintiff's Opposition focuses on the Postal Services' handling of another FOIA request that is not the subject of this lawsuit. As Plaintiff states, it submitted a second FOIA request to the Postal Service on September 2, 2022 ("Second Request"). *See* Plaintiff's Opposition, ECF No. 27, ("Pl. Opp'n") at 5; *See also* Third Decl. of Elizabeth Kines Messenger, ECF No. 27-1 ("3d Messenger Decl.") ¶ 3. This Second Request sought the same type of records as the initial FOIA request dated February 7, 2022 ("First Request"), but expressly stated that it sought records created through September 2, 2022. *Id.* ¶ 4.[1] While the Postal Service initially denied the Second Request, it is now reprocessing the request. *Id.* ¶ 6. At Plaintiff's request, the Postal Service also agreed that Plaintiff's time to file an administrative appeal regarding this Second Request is tolled until the Postal Service issues its revised response to that request. *Id.* ¶ 7. Plaintiff has therefore not yet exhausted its administrative remedies as to its Second Request, and that Second Request is not the subject of any claim in the operative complaint in this action. Perhaps most significantly, Plaintiff's claim to have been harmed by the regulations that

---

[1] As Plaintiff notes, Defendants' reply in support of their motion for summary judgment argued that, if Plaintiff believed that the Postal Service failed to search for responsive records that were created after the initial FOIA request, Plaintiff can submit a second FOIA request. *See* Defs' MSJ Reply, ECF No. 22 at 19. At the time of the Reply, the undersigned was unaware of Plaintiff's Second Request. As noted below, the Postal Service initially denied it, but has now reopened it and is reprocessing the Second Request.

2

establish the Postal Service's FOIA administrative appeals process is belied by its interest in preserving its ability to use that process.

Plaintiff's complaints about the Postal Service's handling of its Second Request are insufficient to establish standing for counts three and four because it has not yet received the Postal Service's revised response. Moreover, Plaintiff had not even submitted the Second Request to the Postal Service when Plaintiff filed this lawsuit in April 2022 (ECF No. 1), and Plaintiff has not amended its complaint to include allegations and requests for relief related to the Second Request. Because Plaintiff has not received the revised response to its Second Request, it can only allege a future injury related to this FOIA request.

A plaintiff seeking prospective relief must show that it will suffer a future injury. *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Homeland Sec.*, 527 F. Supp. 2d 101, 105 (D.D.C. 2007) (Lamberth, J.). An injury cannot be "conjectural, hypothetical or speculative." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, Civ. A. No. 04-0798 (PLF), 2020 WL 7640213, at *5 (D.D.C. Dec. 23, 2020) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), and *Worth v. Jackson*, 451 F.3d 854, 858 (D.C. Cir. 2006)). Plaintiff cannot show that 39 C.F.R. § 265.8(b) caused an injury related to the Second Request because it has not even attempted to pursue an administrative appeal under that regulation regarding that Second Request. Accordingly, Plaintiff's Second Request, and the Postal Service's actions on that request to date do not even arguably provide a basis for Plaintiff's APA and *ultra vires* challenges to 39 C.F.R. 265.8(b) even were that Second Request part of this case, which it plainly is not.

Plaintiff's complaint does not specifically allege reasons why the Postal Service's response to its First Request gives it standing to challenge 39 C.F.R. § 265.8(b). Plaintiff's

3

Opposition does not make any progress in specifying that injury. Plaintiff first mischaracterizes the Postal Service's position in this case by claiming that it argued that "an agency can make up any FOIA non-compliant process it wants for administrative appeals[]." Pl. Opp'n at 7. Defendants never took that position. Rather, Defendants correctly argued that the provision of FOIA on which Plaintiff bases its *ultra vires* and APA claims, 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa), "is tied to 'the ability of a party to reach a federal court' vis-à-vis administrative exhaustion." Defs' Mot. at 6 (quoting *Ecological Rts. Found. v. EPA*, Civ. A. No. 19-2181, 2022 WL 4130818, at *11 (D.D.C. Sep. 12, 2022) *See, also, Nat'l Sec. Couns.v. CIA*, 898 F. Supp. 2d 233, 281 (D.D.C. 2012), *aff'd* 969 F.3d 406 (D.C. Cir. 2020) (noting that even if an agency refused to provide an administrative appeal, a requester would have the opportunity for judicial review which "could be viewed as a boon to FOIA requesters because it expedites a requester's ability to seek judicial review of an agency's decisions that a particular request does not reasonably describe records sought or otherwise fails to comply with the agency's FOIA regulations."). These cases point out an obvious failure in Plaintiff's claims in counts three and four—even if there is some infirmity in the administrative process, a plaintiff does not suffer any injury because judicial review remains available under FOIA. There can be no injury to Plaintiff in such instances.

      Plaintiff inaccurately asserts that Defendants argued that Plaintiff "cannot demonstrate an injury in fact from being subjected to an administrative appeal regime that does not comply with FOIA." Pl. Opp'n at 8. This also ignores that it is Plaintiff's burden to allege an injury-in-fact from the Postal Service's FOIA appeal process, and Plaintiff has not done so. Plaintiff instead advances the novel argument that FOIA gives it the "right to appeal to the head of the agency, which is to ensure FOIA appellate decisions are made by a person who is politically accountable

4

for them []." Pl. Opp'n at 8. ² Plaintiff argues that because it has alleged a violation of a "procedural right," it need only meet a relaxed standard for immediacy of the alleged injury and redressability. *Id.* at 9-10. Plaintiff fails to cite to a single authority since the passage of FOIA that establishes that FOIA requesters have such a right to have their FOIA administrative appeal decided only by the head of the agency, rather than a designee.

Instead, Plaintiff cites to cases in which the plaintiff established standing to challenge final agency actions under the APA based on an alleged failure to follow the required notice-and-comment procedures. Pl. Opp'n at 9. For example, in *Mendoza v. Perez,* 754 F.3d 1002 (D.C. Cir. 2014), the court held that a Department of Labor's final agency action promulgated without notice-and-comment denied the plaintiff a "procedural safeguard" and that this affected the plaintiff's "concrete interests." *Id.* at 1010, 1016. Because of this, the standing requirements of immediacy and redressability were relaxed, and the plaintiff needed only demonstrate a causal relationship between the final agency action and the alleged injuries. *Id.* at 1010; *See also Cap. Area Immigrants' Rts. Coal. v. Trump,* 471 F. Supp. 3d 25, 38 (D.D.C. 2020) (holding that the standards for immediacy and redressability are relaxed where plaintiff challenges an interim final rule promulgated without notice and comment); *Sugar Cane Growers Co-op of Fla. v. Veneman,* 289 F.3d 89, 95 (D.C. Cir. 2002) (stating that "[i]f a party claiming the deprivation of a right to notice-and-comment rulemaking under the APA had to show that its comment would have altered the rule, [the requirement] would be a dead letter.").

Plaintiff never explains what cases addressing alleged notice-and-comment violations have to do with its APA and *ultra vires* claims in a FOIA context. All three cases cited by

---

² Plaintiff does not explain its theory as to how the Postmaster General would be "politically accountable" for a decision on a FOIA administrative appeal anyhow. The Postmaster General is chosen by the U.S. Postal Service Board of Governors. 39 U.S.C. § 202(d).

5

Plaintiff are clearly distinguishable because they contest not the adequacy but the absence of a statutorily required public comment period designed to allow parties with concrete interests in a proposed agency action to comment on that proposal before it is finalized. By contrast Plaintiff has not alleged a concrete interest in whether its administrative FOIA appeal is decided by the Postmaster General or the Postal Service Law Department. Moreover, Plaintiff does not demonstrate a causal relationship between the FOIA response it received and the fact that its administrative appeal was not decided by the Postmaster General.

Lacking any cases that support its argument that it alleges a violation of a "procedural right," Plaintiff turns to selectively quoting the legislative history of the FOIA. Pl. Opp'n at 9, n.6. Read in context, the legislative history that Plaintiff relies upon merely expresses the general purpose of FOIA and the need for judicial review and oversight by Congress. For example, Plaintiff cites to two statements by congressional members who were speaking about an early amendment to the FOIA – H.R. 12471 which later passed, Pub. L. 93-502 (1974). Plaintiff cites to Senator Cranston's 1974 statement, but his statement simply addresses the need for judicial review in the FOIA process. 120 Cong. Rec. 16943–17062 at 17022 (May 30, 1974). Senator Cranston noted: "In my judgment, we must not let 17,364 bureaucrats be the final judges of what we are to know from our Government. The courts have been the traditional defenders of the right to know and association first amendment rights. The courts must not be pushed out of the picture." *Id.* Plaintiff then cites to a statement made by Representative Thompson. Pl. Opp'n at 9, n.6. Representative Thompson simply spoke to the core purpose of the FOIA – the need for government transparency. Representative Thompson stated: "History has repeatedly shown that an obsession for secrecy in governmental institutions has been the handmaiden of repression, corruption, and dictatorial rule. 120 Cong. Rec. 6799–6851 at 6816 (March 14, 1974) The

confidence of the American public in governmental institutions must be restored if we, as a nation, are to emerge from the Watergate doldrums." *Id.* "This bill to make the [FOIA] a more viable weapon against the secrecy excesses of the entrenched Government bureaucracy is an important step in that direction." *Id.* None of this indicates that Congress intended to give FOIA requestors a "procedural right" to have their administrative FOIA appeals decided by only the head of the agency—the Postmaster General, in this case. *See* Pl Op. at 9.

Plaintiff also asserts that "[t]he lack of political accountability for what's happened here is an independent harm." *Id.* Plaintiff never explains how 39 C.F.R. § 265.8(b), and the fact that the Postal Service Law Department decided Plaintiff's FOIA appeal, removed "political accountability" from the Postmaster General. Nor does Plaintiff cite a single case that supports its proposition that this is an injury-in-fact for purposes of establishing standing under Article III as opposed to a "generalized grievance about the conduct of government," which does not confer standing under Article III. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State,* 454 U.S. 464, 479 (1982).

To establish standing, Plaintiff must also show that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Prisology v. Fed. Bureau of Prisons*, 74 F. Supp. 3d 88, 93 (D.D.C. 2014) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* 528 U.S. 167, 180–81 (2000)). This Court cannot issue any favorable ruling that would redress a past or future injury where an injury does not exist. *See, e.g., CREW,* 527 F. Supp. 2d at 107 (concluding that the plaintiff failed to satisfy the redressability element of standing because it was unable to allege a cognizable future injury-in-fact). This jurisdiction has made clear that "no standing exists if the plaintiff's allegations are 'purely speculative [which is] the ultimate label for injuries too implausible to support standing.' Nor is there standing where

the court 'would have to accept a number of very speculative inferences and assumptions in any endeavor to connect the alleged injury with [the challenged conduct].'" *CREW v. Dep't of Educ. (CREW II),* 538 F. Supp. 2d 24, 28 (D.D.C. 2008) (citing *Tozzi v. Dep't of Health & Human Servs.,* 271 F.3d 301, 307 (D.C. Cir. 2001), and *Winpisinger v. Watson,* 628 F.2d 133, 139 (D.C. Cir. 1980)).

In its Partial Motion to Dismiss, Defendant noted that Plaintiff has not alleged that it would have received different information in response to its FOIA request absent the promulgation of 39 C.F.R. § 265.8(b) and that, even if it had done so, such an allegation is purely speculative. Defs' Mot. at 8.  Plaintiff has not responded to this argument but instead asserts that "changes to USPS' process will have a concrete impact on [Plaintiff's] appeal rights for its pending second FOIA request and the FOIA requests it will have to submit in the future." Pl. Opp'n at 10.  This in no way articulates any coherent theory as to how Plaintiff's requested relief on counts three and four would have led to it receiving more information following its FOIA appeal.  Nor does it articulate how the requested relief would restore "political accountability." Because Plaintiff failed to address the redressability prong of Article III standing for counts three and four of its complaint, the Court should treat that issue as conceded. *Klayman v. Obama,* 125 F. Supp. 3d 67, 87 (D.D.C. 2015) ("In this Circuit, when opposition papers fail to address certain arguments raised by the moving party, the court may treat those arguments as conceded.").

\* \* \*

## **CONCLUSION**

For all the reasons stated herein, Defendant respectfully that the Court dismiss counts three and four of Plaintiff's complaint.

Date: December 22, 2022

                                     Respectfully submitted,

                                     MATTHEW M. GRAVES, D.C. Bar #481052
                                     United States Attorney

                                     BRIAN P. HUDAK,
                                     Chief, Civil Division

By:    */s/Michael E. Yohannan*
        MICHAEL E. YOHANNAN
        Pennsylvania Bar No. 307575
        Special Assistant United States Attorney
        601 D Street., N.W.
        Washington, D.C.  20530
        (202) 815-8969
        Michael.Yohannan@usdoj.gov