UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICANS FOR FAIR TREATMENT,

*Plaintiff,*

v.

UNITED STATES POSTAL SERVICE, *et al.*,

*Defendants.*

Case No. 1:22-cv-1183-RCL

### ORDER

For the reasons stated in the accompanying Memorandum Opinion:

It is hereby **ORDERED** that USPS's Partial Motion [24] to Dismiss is **GRANTED** and Counts III and IV of the complaint are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Accordingly, it is **ORDERED** that USPS's Motion [14] for Judgment on the Pleadings as to those same counts is **DENIED AS MOOT**.

It is further **ORDERED** that USPS's Motion [14] for Summary Judgment is **GRANTED** in part and **DENIED** in part and that AFFT's Cross-Motion [18] for Summary Judgment is **GRANTED** in part and **DENIED WITH PREJUDICE** in part and **WITHOUT PREJUDICE** in part, on the following grounds:

- USPS's explanation of its search is partially inadequate because (1) the supporting affidavits do not set forth the search terms used for either item of the request or the type of search performed with respect to Item #2, (2) USPS did not search the records of three employees who had some interaction about the Privacy Statement with the attorneys who were drafting it, and (3) USPS does not explain why it failed to search for records of the revised Privacy Act Statement that likely existed at the time of its eventual search. USPS's explanation of its search is adequate in all other respects.

1

- USPS's explanation of the applicability of the attorney-client privilege to the email chains marked as USPS-1, USPS-2, and USPS-3 is inadequate because it does not explain the extent to which those email chains, which are only between legal personnel, rest on confidential client communications.

- USPS's explanation of the applicability of the attorney-client privilege to the email chains marked as USPS-4 and USPS-5 and of the deliberative process privilege to all five email chains is adequate.

- USPS does not offer a sufficiently specific foreseeable harm justification for its deliberative process privilege withholdings, nor any foreseeable harm justification for its attorney-client privilege withholdings.

The Court **ORDERS** USPS to conduct an additional search in a manner consistent with this Order and the accompanying Memorandum Opinion. That search shall include the records of Christopher Karpenko, Kimberly Workinger, and Heather Dyer. It shall also include records concerning changes made to the Privacy Act Statement after AFFT filed its administrative appeal but before the search prompted by the General Counsel's decision on that appeal, unless USPS explains why its "date of the search" cut-off allows it to exclude those records. Finally, USPS shall explain in its accompanying affidavit the search terms used and the type of search performed both in the previous search and in the new search.

The Court also **ORDERS** USPS to file a new *Vaughn* index and supporting affidavit explaining in greater detail, and in a manner consistent with this Order and the accompanying Memorandum Opinion, (1) the extent to which its attorney-client privilege withholdings in the email chains marked as USPS-1, USPS-2, and USPS-3 rest on confidential client communications; and (2) the reasonably foreseeable harm that would result from disclosure of its withholdings under both the deliberative process privilege and the attorney-client privilege. The new materials shall

make clear whether the deliberative process privilege, the attorney-client privilege, or both apply to each redaction in the records produced.

Finally, the Court **ORDERS** the parties to meet and confer and to file within fourteen days of the entry of this Order a proposed scheduling order setting out a timeline for the completion of the new search and the filing of the new *Vaughn* index and supporting affidavit. Once USPS has satisfied its obligations under this Order, if the parties are unable to resolve any remaining disputes without the Court's involvement, they may file renewed motions for summary judgment.

**IT IS SO ORDERED.**

Date: March 23, 2023

Royce C. Lamberth
United States District Judge