UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICANS FOR FAIR TREATMENT,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE, *et al.*,

    Defendants.

No. 1:22-cv-1183-RCL

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSED MOTION
FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

David R. Dorey
DC Attorney I.D. No. 1015586
Email: drdorey@fairnesscenter.org
Tessa E. Shurr
D.D.C. Bar No. PA0124
Email: teshurr@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff AFFT*

On March 23, 2023, this Court dismissed Counts III and IV of AFFT's complaint without prejudice. ECF No. 31 at 1. This Court held that AFFT lacked standing to assert these Counts, which challenge the legality of USPS's FOIA regulations, because "the complaint does not allege any [] facts suggesting a likelihood of future harm, such as a pattern of filing frequent FOIA requests with USPS." ECF No. 30 at 11. And the Court explained that it judged AFFT's standing as of the day it filed its original complaint, so its declaration describing a pending second FOIA request was "irrelevant for purposes of assessing standing." *Id.* at 10–11.

The DC Circuit held in *Scahill v. District of Columbia* that a plaintiff may assert in a supplemental complaint[1] new facts that post-date the original complaint and that demonstrate it has standing to obtain the relief sought in the original complaint: "Therefore, we hold that a plaintiff may cure a standing defect under Article III through an amended pleading alleging facts that arose after filing the original complaint." 909 F.3d 1177, 1184 (D.C. Cir. 2018); *see also* Fed. R. Civ. P. 15(d) ("[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). "Rule 15(d) was amended in order to place broad discretion in the district court in order to avoid needlessly remitting plaintiffs to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief." 909 F.3d at 1183 (cleaned up). "The alternative approach forces a plaintiff to go through the unnecessary hassle and expense of filing a new lawsuit when events subsequent to filing the original complaint have fixed the jurisdictional problem." *Id.* at 1184. "The decision whether to grant leave to amend or supplement a complaint is within the discretion of the district court, but leave should be freely given

---

[1] The difference between an amendment and a supplement is that an amendment "typically rest[s] on matters in place prior to the filing of the original pleading," while a supplement "sets forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (cleaned up).

1

unless there is a good reason, such as futility, to the contrary." *BEG Invs., LLC v. Alberti*, 85 F. Supp. 3d 13, 40 (D.D.C. 2015) (Contreras, J.).

This Court should exercise its discretion to permit AFFT to file its proposed supplemental complaint, which is attached hereto as **Exhibit 1** ("Suppl. Compl."). AFFT's Suppl. Compl. cures the standing defect identified by this Court by explaining:

- AFFT submitted a second FOIA request to USPS in September 2022; USPS responded; and AFFT has a right to administratively appeal that response subject to USPS's FOIA regulations by June 8, 2023. Suppl. Compl. ¶¶ 4–6.

- AFFT submitted a third FOIA request to USPS in February 2023; USPS has not responded in substance, but when USPS does respond AFFT's administrative appeal rights will be governed by USPS's FOIA regulations. *Id.* ¶¶ 7–8.

- After USPS responds to AFFT's third FOIA request, AFFT has concrete plans to file a fourth FOIA request with USPS that will be subject to the same administrative appeal regime. *Id.* ¶ 9.

- After USPS responds to AFFT's administrative appeal of its response to AFFT's second FOIA request, AFFT has concrete plans to file a fifth FOIA request with USPS that will also be subject to the same administrative appeal regime. *Id.* ¶ 10.

- AFFT has concrete plans to continue submitting FOIA requests to USPS well into the future unless and until USPS provides records that show what it has done with the personal information of Americans vis-à-vis labor unions and so long as USPS maintains public disclosures that say it may, without consent, give Americans' personal information it obtains to labor unions. *Id.* ¶¶ 11–12.

- AFFT has a pattern of frequently filing FOIA requests with USPS. *Id.* ¶ 13.

- Because of the poor quality of USPS's responses to AFFT's FOIA requests to date, AFFT expects it will be required to file administrative appeals in its pending and future FOIA requests in an effort to obtain the records to which it is entitled under FOIA. *Id.* ¶ 14.

- Because of the frequency with which it exercises its FOIA rights with USPS, AFFT has created a designated email account for handling these matters. *Id.* ¶ 15.

The Suppl. Compl. accordingly pleads a host of new facts that show "a substantial risk of future harm" to AFFT because of USPS's FOIA regulations—which prevent it from obtaining adjudication of its FOIA administrative appeals by the Postmaster General—and a strong "likelihood of future harm" because of its "pattern of filing frequent FOIA requests with USPS." ECF No. 30 at 10–11 ("To be sure, the Circuit has held that the pendency of other FOIA requests before the same agency may entail a sufficiently substantial risk of future harm to supply standing to pursue injunctive relief concerning that agency's FOIA procedures.").

\*   \*   \*

Because the Suppl. Compl. shows that USPS has standing to assert Counts III and IV of the Complaint, AFFT respectfully asks the Court for permission to file it.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: May 19, 2023 | **/s/ David R. Dorey**<br>David R. Dorey<br>DC Attorney I.D. No. 1015586<br>Email: drdorey@fairnesscenter.org<br>Tessa E. Shurr<br>D.D.C. Bar No. PA0124<br>Email: teshurr@fairnesscenter.org<br>THE FAIRNESS CENTER<br>500 North Third Street, Suite 600B<br>Harrisburg, Pennsylvania 17101<br>Telephone: 844.293.1001<br>Facsimile: 717.307.3424<br><br>*Attorneys for Plaintiff AFFT* |