UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICANS FOR FAIR TREATMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1183 (RCL) |
| | ) | |
| UNITED STATES POSTAL SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL COMPLAINT**

MATTHEW M. GRAVES
D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

DHRUMAN Y. SAMPAT
N.J. Bar No. 270892018
Special Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-6655
dhruman.sampat@usdoj.gov

*Counsel for the United States of America*

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

BACKGROUND .......................................................................................................... 2

LEGAL STANDARD................................................................................................... 3

ARGUMENT ............................................................................................................... 4

   I.    The Proposed Supplemental Complaint Does Not Cure Plaintiff's Lack of Standing. ....... 4

   II.   Plaintiff's Proposed Supplemental Complaint Fails to State a Claim............................ 8

      A.   The Postal Service is Exempt from the APA. ............................................................ 9

      B.   Plaintiff's *Ultra Vires* Claim Would Not Survive a Rule 12(b)(6) Challenge. .......... 10

CONCLUSION.......................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

<u>**Cases**</u>

*Adv. Mgmt. Tech., Inc. v. FAA,*
  211 F.3d 633 (D.C. Cir. 2000) ................................................................................... 6

*Aid Ass'n for Lutherans v. U.S. Postal Serv.,*
  321 F.3d 1166 (D.C. Cir. 2003) ................................................................................. 9

*Armstrong v. Bush,*
  807 F. Supp. 816 (D.D.C. 1992) ................................................................................ 4

*BEG Invs., LLC v. Alberti,*
  85 F. Supp. 3d 13 (D.D.C. 2015) ............................................................................... 4

*Better Gov't Ass'n v. Dep't of State,*
  780 F.2d 86 (D.C. Cir. 1986) ................................................................................. 6, 7

*Cause of Action Inst. v. Dep't of Just.,*
  999 F.3d 696 (D.C. Cir. 2021) ............................................................................ 6, 7, 8

*Cause of Action Inst. v. Eggleston,*
  224 F. Supp. 3d 63 (D.D.C. 2016) ........................................................................... 10

*Changji Esquel Textile Co. v. Raimondo,*
  40 F.4th 716 (D.C. Cir. 2022) ................................................................................. 10

*Citizens for Resp. & Ethics in Wash v. Dep't of Educ.,*
  *538* F. Supp. 2d 24 (D.D.C. 2008) ............................................................................ 7

*Citizens for Resp. & Ethics in Wash v. Dep't of Homeland Sec.,*
  *527* F. Supp. 2d 101 (D.D.C. 2007) .......................................................................... 6

*Citizens for Resp. & Ethics in Wash v. FEC,*
  711 F.3d 180 (D.C. Cir. 2013) ................................................................................. 12

*Clapper v. Amnesty Int'l USA,*
  568 U.S. 398 (2013) .................................................................................................. 4

*Eagle Tr. Fund v. U.S. Postal Serv.,*
  365 F. Supp. 3d 57 (D.D.C. 2019), *aff'd, 811* F. App'x 669 (D.C. Cir. 2020) ........... 9

ii

*Ecological Rts. Found. v. EPA*,
  Civ. A. No. 19-2181, 2022 WL 4130818 (D.D.C. Sept. 12, 2022) .................................... 11, 12

*Elec. Priv. Info. Ctr. v. Dep't of Just.*,
  15 F. Supp. 3d 32 (D.D.C. 2014) ........................................................................................... 11

*Fed. Express Corp. v. Dep't of Com.*,
  39 F.4th 756 (D.C. Cir. 2022) ............................................................................................... 11

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ............................................................................................................ 4, 6

*Glatt v. Chi. Park Dist.*,
  87 F.3d 190 (7th Cir. 1996) ..................................................................................................... 4

*Hettinga v. United States*,
  677 F.3d 471 (D.C. Cir. 2012) ................................................................................................. 4

*In re Grand Jury Investigation*,
  315 F. Supp. 3d 602 (D.D.C. 2018) ....................................................................................... 13

*Kay v. FCC*,
  884 F. Supp. 1 (D.D.C. 1995) ................................................................................................ 12

*Lamb v. Millennium Challenge Corp.*,
  573 F. Supp. 3d 346 (D.D.C. 2021) ......................................................................................... 5

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .................................................................................................................. 6

*Lukas v. FCC*,
  Civ. A. No. 19-0465, 2020 WL 1065700 (D.D.C. Mar. 5, 2020), *aff'd, 2020* WL 5904442
  (D.C. Cir. Aug.7, 2020) ...................................................................................................... 2, 13

*Mittleman v. Postal Regul. Comm'n*,
  757 F.3d 300 (D.C. Cir. 2014) ........................................................................................... 9, 10

*Monsanto Co. v. Geertson Seed Farms*,
  561 U.S. 139 (2010) .................................................................................................................. 5

*N. Air Cargo v. U.S. Postal, Serv.*
  674 F.3d 852 (D.C. Cir. 2012) ................................................................................................. 9

*Nat'l Ass'n of Postal Supervisors v. U.S. Postal Serv.*,
  26 F.4th 960 (D.C. Cir. 2022) ............................................................................................. 9, 11

*Nat'l Sec. Counselors v. CIA*,
   931 F. Supp. 2d 77 (D.D.C. 2013) ............................................................. 6

*Nat'l Sec. Counselors v. CIA*,
   898 F. Supp. 2d 233 (D.D.C. 2012), *aff'd* 969 F.3d 406 (D.C. Cir. 2020) .............................. 12

*New York v. Trump*,
   490 F. Supp. 3d 225 (D.D.C. 2020) ............................................................. 10

*Nyunt v. Chairman, Broad. Bd. of Governors*,
   589 F.3d 446 (D.C. Cir. 2009) ............................................................. 10

*Oglesby v. Dep't of Army*,
   920 F.2d 57 (D.C. Cir. 1990) ............................................................. 12

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ............................................................. 8

*Page v. Whole Foods Mark. Serv.*,
   Civ. A. No. 21-1744, 2021 WL 5109703 (D.D.C. Nov. 3, 2021) ............................ 5

*Powell v. IRS*,
   Civ. A. No. 18-2675, 2021 WL 1061528 (D.D.C. Mar. 18, 2021) ......................... 5

*Reese Bros. v. U.S. Postal Serv.*,
   905 F. Supp. 2d 223 (D.D.C. 2012) ............................................................. 9

*Scahill v. District of Columbia*,
   909 F.3d 1177 (D.C. Cir. 2018) ............................................................. 5

*Sears, Roebuck & Co. v. U.S. Postal Serv.*,
   844 F.3d 260 (D.C. Cir. 2016) ............................................................. 10

*Texas v. United States*,
   523 U.S. 296 (1998) ............................................................. 8

*Trudeau v. Fed. Trade Comm'n*,
   456 F.3d 179 (D.C. Cir. 2006) ............................................................. 10

*Union of Concerned Scientists v. Dep't of Energy*,
   998 F.3d 926 (D.C. Cir. 2021) ............................................................. 3

*Webb v. Dep't of Health & Hum. Servs.*,
   696 F.2d 101 (D.C. Cir. 1982) ............................................................. 8

**Statutes**

5 U.S.C. § 552(a)(6)(A)(i)(III)(aa) ........................................................................... 11, 13

39 U.S.C. § 202(a)(1) ..................................................................................................... 13

39 U.S.C. § 203 ............................................................................................................... 13

39 U.S.C. § 402 ............................................................................................................... 13

39 U.S.C. § 410(a) ....................................................................................................... 9, 10

**Rules**

Fed. R. Civ. P. 15(a)(2) ..................................................................................................... 3

Fed. R. Civ. P. 15(d) .......................................................................................................... 4

**Regulations**

38 C.F.R. § 265.8(b) ................................................................................................... 11, 13

39 C.F.R. § 3.5 ............................................................................................................ 13, 14

39 C.F.R. § 222.1(a) ........................................................................................................ 13

39 C.F.R. § 265.8 ............................................................................................................... 5

39 C.F.R. § 265.8(a) .......................................................................................................... 2

39 C.F.R. § 265.8(b) .......................................................................................................... 2

**INTRODUCTION**

Plaintiff Americans for Fair Treatment filed a complaint and, among other things, sought to set aside Defendant the United States Postal Service's ("Defendant" or "Postal Service") regulations governing the appellate process to challenge the agency's response to a Freedom of Information Act ("FOIA") requests. *See* Compl (ECF No. 1) ¶¶ 69-80 (discussion in Counts III and IV). The Court dismissed those counts for lack of standing because Plaintiff could not establish "substantial risk of future harm." Mem. Op. (ECF No. 30) at 11. Plaintiff now attempts to remedy this deficiency by way of a proposed supplemental complaint so that it may now rely on FOIA requests that were submitted after this action commenced. Plaintiff's efforts are nothing more than a blatant attempt to circumvent the relevant regulations and stymie the agency's efforts to release requested records in a timely manner and further the goals of FOIA to promote governmental transparency and an informed citizenry.

The Court should deny Plaintiff's request for leave to file the proposed supplemental complaint because it would remain futile for two reasons. First, the proposed supplemental complaint does not alter this Court's standing analysis. Although future FOIA requests may on occasion be sufficient to establish standing, that is not the case when Plaintiff seeks to piggyback every single future FOIA request, even if the request is glaringly different from the previous one. Additionally, Plaintiff cannot rely on vague allegations of future FOIA requests to establishing standing.

Second, even if Plaintiff has satisfied standing, supplementation would remain futile because the proposed complaint would still fail to state a claim upon which relief may be granted. Plaintiff would be unable to prevail on its Administrative Procedure Act ("APA") claim because the Postal Service is exempt from such review. Plaintiff's *ultra vires* claim is similarly flawed because the governing regulation do not exceed the authority provided for by statute. The

regulation permits requesters to appeal adverse decisions to its General Counsel via mail or by email. 39 C.F.R. § 265.8(a). The General Counsel and his or her designee adjudicates appeals, and their decision constitutes the final decision of the Postal Service on the issue appealed. 39 C.F.R. § 265.8(b). But this regulatory scheme does nothing to prevent Plaintiff from seeking *de novo* judicial review before a federal district court, as is evidenced by this specific action. Indeed, as this Court has previously recognized, delegation of authority in the FOIA appellate process is entirely appropriate. *See Lukas v. FCC*, Civ. A. No. 19-0465, 2020 WL 1065700, at *3-4 (D.D.C. Mar. 5, 2020), *aff'd*, 2020 WL 5904442 (D.C. Cir. Aug. 7, 2020).

This Court should not allow Plaintiff to upend a regulatory scheme on a whim simply because the organization is unhappy with the speed with which the appeal process is proceeding. Therefore, the Court should deny Plaintiff's motion with prejudice.

## BACKGROUND

For the factual and procedural background of this case, Defendant respectfully refers the Court to the March 23, 2023, Memorandum Opinion. Most relevant here, Plaintiff's operative complaint pled two counts that challenged the Postal Service's governing FOIA regulations. Under Count III, Plaintiff asserted that Defendants violated the APA because the Postal Service's "FOIA regulations are arbitrary, capricious, and otherwise not in accordance with the law to the extent they place the authority to adjudicate administrative appeals in a person(s) who is not the head of" the Postal Service. Compl. ¶ 72. Plaintiff further asserted under Count IV that the Postal Service's "FOIA regulations are *ultra vires* because they patently misconstrue FOIA to allow a person(s) who is not the head of USPS to adjudicate FOIA appeals." *Id.* ¶ 78. Plaintiff asked that the Court "hold unlawful and set aside [the Postal Service's] FOIA regulations to the extent that they vest the authority to adjudicate FOIA administrative appeals in a person who is not the head of [the Postal Service]." *Id.* at Prayer for Relief ¶ G. Plaintiff requested the Court to "hold unlawful and

2

set aside [the Postal Service] general counsel's [decision on Plaintiff's administrative FOIA appeal." *Id.* ¶ F.

The Court dismissed both counts without prejudice for lack of subject-matter jurisdiction. *See* ECF No. 31. Specifically, the Court concluded that Plaintiff lacked standing to pursue these claims because it could not "establish a substantial risk of future harm from [the Postal Service's] FOIA regulations as of the time the action commenced." Mem. Op. at 11. The Court did not consider Plaintiff's reliance on FOIA requests submitted after the filing of the operative complaint and recognized that Plaintiff had failed to allege additional facts, which suggested a likelihood of future harm. *See id.* The Court held that Plaintiff had not "demonstrated that 'a threatened injury [is] certainly impending or there [is] substantial risk that the harm will occur.'" *Id.* (quoting *Union of Concerned Scientists v. Dep't of Energy*, 998 F.3d 926, 929 (D.C. Cir. 2021)).

Plaintiff now attempts to cure these deficiencies by seeking leave to file a supplemental complaint. *See* ECF No. 36-2 ("Prop. Suppl. Compl."). Plaintiff uses this procedural mechanism to bring in the previously unconsidered second FOIA request to argue the illegality of the FOIA regulations. *See id.* at 2-3, ¶¶ 4-6. Plaintiff also seeks to bring in a pending third request, along with the speculation of filing fourth and fifth FOIA requests and contend that sufficiently confers standing. *See id.* at 3-4, ¶¶ 7-14. Plaintiff does not allege when those subsequent FOIA requests will be filed, but instead, rely on its "pattern of frequently filing FOIA requests" to establish its future harm. *See id.* at 4, ¶¶ 13-14.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a), a party may amend its pleadings after a responsive pleading has been served only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Pursuant to Rule 15(d), on motion and reasonable notice, a court may, on just terms, permit a party to supplement its pleadings to set out

any transaction, occurrence or event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard. *See Armstrong v. Bush,* 807 F. Supp. 816, 818–19 (D.D.C. 1992) (collapsing inquiry under Rules 15(a) and 15(d)); *see also Glatt v. Chi. Park Dist.,* 87 F.3d 190, 194 (7th Cir. 1996) (standard under Rule 15(d) is the same as under Rule 15(a)). While a motion to supplement is generally "freely granted," it should be denied "as futile if the proposed claim would not survive a motion to dismiss," *BEG Invs., LLC v. Alberti*, 85 F. Supp. 3d 13, 23–24 (D.D.C. 2015) (relying on *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012)). In analyzing whether a proposed supplement would be futile, the Court assesses the proposed change under the same standard applied to a Rule 12(b)(6) motion to dismiss. *Id.*

## ARGUMENT

### I.    The Proposed Supplemental Complaint Does Not Cure Plaintiff's Lack of Standing.

The Court should deny Plaintiff's motion because its proposed supplemental complaint would not cure the standing deficiencies previously identified. Although the Circuit has recognized that standing may be cured by an amended and supplemental complaint, Plaintiff should not be allowed to abuse those principles in a manner that would confer standing simply by filing any FOIA request whatsoever.

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.' . . . 'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (citations omitted). To establish standing, a plaintiff must show that the injury is "'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Id*. at 409 (citations omitted). A "plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC),*

*Inc.*, 528 U.S. 167, 185 (2000) (citations omitted); *see also Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153 (2010) (same).

The D.C. Circuit has indeed concluded that a party "may cure a standing defect under Article III through an amended pleading alleging facts that arose after filing the original complaint." *Scahill v. District of Columbia*, 909 F.3d 1177, 1184 (D.C. Cir. 2018). That principle, however, is not without limitations. *See, e.g.*, *Lamb v. Millennium Challenge Corp.*, 573 F. Supp. 3d 346, 364-65 (D.D.C. 2021) (holding that a plaintiff could not rely on supplemental complaint to cure a premature filing under the Federal Tort Claims Act); *Page v. Whole Foods Mark. Serv.*, Civ. A. No. 21-1744, 2021 WL 5109703, at *4 (D.D.C. Nov. 3, 2021) (acknowledging that Rule 15(a)(1) amendments have limiting principles when it pertains to a plaintiff adding a non-diverse defendant); *Powell v. IRS*, Civ. A. No. 18-2675, 2021 WL 1061528, at *3 (D.D.C. Mar. 18, 2021) (denying motion to supplement when there is an independent cause of action because [plaintiff] is free to file yet another suit if he so chooses" and "procedural context matters"). The instant case similarly presents an exception to the general rule.

Plaintiff renews its theory that 39 C.F.R. § 265.8 is unlawful, violating the APA and being *ultra vires*. *See* Prop. Suppl. Compl. ¶ 6. The additional proposed allegations do not show that Plaintiff is indeed harmed by the regulation, and therefore, the standing issue is not resolved. The regulation provides Plaintiff the opportunity to address its FOIA grievances before the Postal Service, and if Plaintiff is unsatisfied with the agency's response to that grievance, it is free to seek *de novo* review in federal district court. There is no deprivation of opportunity to seek redress under FOIA.

The Court may easily dispose of Plaintiff's proposed allegations of its future intention to submit additional FOIA requests. Plaintiff does not allege when it would submit additional

requests. *See* Prop. Suppl. Compl. at 3, ¶¶ 9-14. Therefore, these proposed allegations would be futile because the filing of multiple FOIAs by themselves is not sufficient to substantiate an injury. *See Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Homeland Sec.*, 527 F. Supp. 2d 101, 106 (D.D.C. 2007) ("While there is, admittedly, a reasonable possibility that [plaintiff] will seek these records in the future, this presumption is not enough to establish an imminent, non-speculative injury-in-fact."). "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the [requisite] 'actual or imminent' injury." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992); *see also Nat'l Sec. Counselors v. CIA*, 931 F. Supp. 2d 77, 94 (D.D.C. 2013) (holding that "general statements about a 'regular' course of conduct and an expressed intention to 'continue to do so in the future' do not establish the same concrete likelihood of injury that emanates from allegations of specific, pending FOIA requests").

Plaintiff also relies on subsequently filed FOIA requests, which remain pending, to argue that it suffers a cognizable injury. *See* Prop. Suppl. Compl. at 2-3, ¶¶ 4-8. However, as the Court stated, "[s]tanding is assessed 'at the time the action commences,'" and the second FOIA request, submitted "over three months after commencing this action" is "irrelevant for the purposes of assessing standing." Memo. Op. at 10 (citing *Adv. Mgmt. Tech., Inc. v. FAA,* 211 F.3d 633, 636 (D.C. Cir. 2000) (quoting *Friends of the Earth, Inc.,* 528 U.S. at 191)). The third and speculative fourth and fifth requests should not be treated any differently.

Presumably, Plaintiff is focused on the Court's ruling recognizing that allegations of a pending FOIA request or that the organization "frequently files FOIA requests with the agency" "may show" a threatened injury. Mem. Op. at 9 (citing *Cause of Action Inst. v. Dep't of Just.*, 999 F.3d 696, 704 (D.C. Cir. 2021), and *Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 88, 91, 96

n.53 (D.C. Cir. 1986)). Plaintiff's reading of those decisions is too expansive. In both cases, the D.C. Circuit concluded standing existed for the plaintiffs to challenge existing policies and practices that would affect the production of future documents. *See Cause of Action*, 999 F.3d at 703-04 (referring to allegation that the agency's policy required "segmenting one record into multiple records in order to avoid FOIA disclosure); *Better Gov't*, 780 F.2d at 93-95 (discussing the agencies' continued reliance on guidelines to evaluate fee waivers practices continued to "inflict a continuing hardship" because the appellants alleged that they would "discourage FOIA requests and [] impede access to information for precisely those groups Congress intended to aid by the fee waiver provision[.]"). Although both cases concern non-binding agency policy on processing FOIA requests, the policies informed each decision the respective agencies made. Therefore, any pending or future FOIA request would be subjected to the challenged policies. In the present matter, however, this is not the case. Here, the contested agency regulation only affects final intra-agency FOIA appeals.

Unlike in *Cause of Action* and *Better Government*, there is no guarantee that Plaintiff's pending or speculative FOIA requests will be denied upon initial review, necessitating the need for appeal. Therefore, pending, future, or frequent requests would only be sufficient to establish standing where such requests would necessarily be subject to the challenged policy or regulation. *See CREW v. Dep't of Educ.*, 538 F. Supp. 2d 24, 30-31 (D.D.C. 2008) (recognizing that the plaintiff had failed to establish standing because "[t]he tree of possibilities branches out in many directions" and therefore could not "affirm the existence of standing based on an injury that hasn't happened and that the defendant's challenged conduct hasn't caused"). Unlike *Cause of Action* and *Better Government*, this is not the case here.

Not only does the court's holding *Cause of Action* suggest a lack of standing, but it also suggests that Plaintiff's proposed supplemental complaint lacks ripeness. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotations omitted). In *Cause of Action*, although the D.C. Circuit determined the complaint had proper standing because of the certainty of being subjected to the challenged policies, the Court decided the claim was not ripe for judicial review. 999 F.3d at 704. Specifically, it found that "possible future applications of the . . . guidance" were too contingent and uncertain to satisfy ripeness. *Id.* Here, as previously discussed, Plaintiff's pending and future requests are in no way guaranteed to require or face intra-agency appeal. Just as in *Cause of Action,* Plaintiff's future requests are completely speculative.

Plaintiff's theory of injury is entirely abstract, which is insufficient to establish Article III standing. *See O'Shea v. Littleton*, 414 U.S. 488, 493–94 (1974) ("Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct.") (citation omitted). Even if statutes create legal rights, they "do not purport to bestow the right to sue in the absence of any indication that invasion of the statutory right has occurred or is likely to occur." *Id*. at 495 n.2. All Plaintiff can truly point to is the burden to having to file another lawsuit when dissatisfied with Postal Service's FOIA response, which is "hardly the type of hardship which warrants immediate consideration of an issue presented in abstract form." *Webb v. Dep't of Health & Hum. Servs.*, 696 F.2d 101, 107 (D.C. Cir. 1982).

## II.   **Plaintiff's Proposed Supplemental Complaint Fails to State a Claim.**

Even if Plaintiff proposed allegations would cure the previously identified standing deficiencies, they would still fail to state both an APA claim and an *ultra vires* claim.

A.      **The Postal Service is Exempt from the APA.**

Congress expressly exempted the Postal Service's actions from APA with very limited exceptions that are inapplicable here. *See* 39 U.S.C. § 410(a) (stating, with certain exceptions, "no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds, including the provisions of chapters 5 and 7 of title 5, shall apply to the exercise of the powers of the Postal Service"); *see also Mittleman v. Postal Regul. Comm'n*, 757 F.3d 300, 305 (D.C. Cir. 2014) ("[T]he Postal Service is exempt from review under the [APA]." (internal quotation marks and citations omitted)). Accordingly, Plaintiff's proposed supplemental complaint would be futile because the APA claim would not pass a Rule 12(b)(6) review.

As the Circuit has recognized time and time again, "the actions of the Postal Service are expressly 'exempt from review under the [APA].'" *Nat'l Ass'n of Postal Supervisors v. U.S. Postal Serv.*, 26 F.4th 960, 970 (D.C. Cir. 2022); *see also Eagle Tr. Fund v. U.S. Postal Serv.*, 365 F. Supp. 3d 57, 65–66 (D.D.C. 2019), *aff'd*, 811 F. App'x 669 (D.C. Cir. 2020) ("[T]he D.C. Circuit has long considered that statutory provision to be a broad exemption that shields USPS determinations from the auspices of APA review[.]"); *Mittleman*, 757 F.3d at 305 ("[T]he Postal Service is exempt from review under the [APA] . . . Other circuits have reached similar conclusions regarding the effect of § 410(a)."); *N. Air Cargo v. U.S. Postal Serv.*, 674 F.3d 852, 858 (D.C. Cir. 2012) (stating that the Postal Service is exempt from review under the APA); *Aid Ass'n for Lutherans v. U.S. Postal Serv.,* 321 F.3d 1166, 1172 (D.C. Cir. 2003) ("There is no doubt that § 410(a) exempts the Postal Service from the strictures of the APA in cases involving the APA's procedural requirements."). This limitation extends to challenges as to whether the Postal Service's regulations are arbitrary and capricious. *See Reese Bros. v. U.S. Postal Serv.*, 905 F. Supp. 2d 223, 253 (D.D.C. 2012) (collecting cases).

Accordingly, allowing Plaintiff to proceed with its proposed supplemental complaint would be futile as it pertains to the APA claim.

### B.  Plaintiff's *Ultra Vires* Claim Would Not Survive a Rule 12(b)(6) Challenge.

Even though Plaintiff may pursue an *ultra vires* claim against the Postal Service, the Court should deny leave because any supplementation would fail as a matter of law.

"[N]on-statutory" review may be available "for certain Postal Service decisions, notwithstanding the preclusion of APA review under 39 U.S.C. § 410(a)." *Mittleman*, 757 F.3d at 307; But that review is limited: "It is available only to determine whether the agency has acted ultra vires—that is, whether it has exceeded its statutory authority." *Id.* (internal quotation marks and citations omitted); *see also New York v. Trump*, 490 F. Supp. 3d 225, 240 (D.D.C. 2020) ("'The scope of Non-APA review is narrow . . . [and] is available only to determine whether the agency has acted ultra vires—that is whether it has exceeded its statutory authority.'") (quoting *Sears, Roebuck & Co. v. U.S. Postal Serv.*, 844 F.3d 260, 265 (D.C. Cir. 2016)).

To prevail on an *ultra vires* claim, Plaintiff would have to establish the following: "(i) the statutory preclusion of review is implied rather than express; (ii) there is no alternative procedure for review of the statutory claim; and (iii) the agency plainly acts in excess of its delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory." *Changji Esquel Textile Co. v. Raimondo*, 40 F.4th 716, 722 (D.C. Cir. 2022). It is important to note that "'[t]here is certainly no question that nonstatutory review is intended to be of extremely limited scope.'" *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 76 (D.D.C. 2016) (quoting *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 179, 190 (D.C. Cir. 2006)). That is because an *ultra vires* claim is "essentially a Hail Mary pass[.]" *Nyunt v. Chairman, Broad. Bd. of Governors*, 589 F.3d 446, 449 (D.C. Cir. 2009).

Meaning, Plaintiff "must show more than the type of routine error in statutory interpretation or challenged findings of fact that would apply if Congress had allowed APA review." *Fed. Express Corp. v. Dep't of Com.*, 39 F.4th 756, 765 (D.C. Cir. 2022) (internal quotation omitted). Indeed, even if the agency contravened a "clear and specific statutory mandate," the agency's construction must be "utterly unreasonable." *Postal Supervisors*, 26 F.4th at 970. "[M]ere legal or factual error" will not suffice. *Fed. Express*, 39 F.4th at 764.

There is nothing unlawful about Defendant's regulation providing that "the decision of the General Counsel . . . constitutes the final decision of the Postal Service on the issue being appealed." 38 C.F.R. § 265.8(b). Plaintiff contends that this regulation conflicts with FOIA because it directs someone who is not the head of the Postal Service to decide an administrative appeal. *See* Compl. ¶¶ 47-53 (relying on 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa)). Defendant does not dispute that the statutory provision provides a right to appeal an adverse determination to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). But the purpose of that statutory provision is to give the requester an opportunity to obtain a final agency decision, which is a prerequisite for judicial review. *See Ecological Rts. Found. v. EPA*, Civ. A. No. 19-2181, 2022 WL 4130818, at *11-12 (D.D.C. Sept. 12, 2022) (reading § 552(a)(6)(A)(i) as "'relat[ing] only to the requester's ability to get into court'") (quoting *Elec. Priv. Info. Ctr. v. Dep't of Just.*, 15 F. Supp. 3d 32, 41 (D.D.C. 2014)). In a situation where the relevant authority has already been decided, that is necessarily the final decision of the agency and no further administrative proceedings are required before challenging the decision in court. That is, Plaintiff's remedy remains the same whether or not the administrative process is available—it can still obtain *de novo* review by a court. Plaintiff can suffer no harm in these circumstances.

The D.C. Circuit recently upheld an agency policy that did not allow requesters to administrative appeal the agency's FOIA decisions. *See Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 247 (D.D.C. 2012), *aff'd*, 969 F.3d 406 (D.C. Cir. 2020). Although the issue there was that the agency had effectively eliminated administrative appeals, the court recognized that "the unavailability of an administrative appeal would not preclude a requester from seeking judicial review of an agency's decision that a request is improper." *Nat'l Sec. Counselors*, 898 F. Supp. 2d at 280. Similarly, in *CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2013), the D.C. Circuit clarified that Section 552(a)(6)(A) is directly tied to the issue of administrative exhaustion and seeking review in federal court. *See id.* ("If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court."). Indeed, "[r]eading the relevant precedents together," a decision to "eliminate" the administrative appeal right would be inappropriate. *Ecological Rts.*, 2022 WL 4130818, at *12.

Other courts in this District have reviewed and rejected arguments similar to Plaintiff's here. For example, in *Kay v. FCC*, 884 F. Supp. 1, 2 (D.D.C. 1995), the Court addressed whether a notice of appeal directing the plaintiff to the agency's general counsel satisfied the statutory requirement that a requester must be notified to appeal the FOIA response to the head of the agency. *Id.* The Court confirmed that the notice met the statutory requirement after concluding that Congress could not have "intended that if an agency fails to use the magic words 'head of the agency' in its notice of the right to appeal an adverse decision, it would no longer be allowed 'to complete its disclosure process before courts step in.'" *Id*. at 2-3 (quoting *Oglesby v. Dep't of Army*, 920 F.2d 57, 65 (D.C. Cir. 1990)).

Similarly, this Court reviewed a challenge that an agency violated a plaintiff's rights by failing to act on an administrative appeal. *See Lukas*, 2020 WL 1065700, at *3. The plaintiff had argued that the agency's general counsel did not have the authority to dismiss an appeal and sought an injunction to prevent the same occurrence again. *See id*. at *3. Although the Court ultimately dismissed the allegations as moot, it alternatively recognized that the plaintiff's arguments would fail on the merits because "[d]elegation is inherently reasonable." *Id*. at *4. The present case is no different because it is a clear case of the Postmaster General properly delegating authority to the General Counsel. *See* 39 C.F.R. § 222.1(a) (authorizing the Postmaster General to delegate authority to "any employee or agency of the Service to exercise any function vested in the Postal Service, in the postmaster general, or in any other Postal Service employee"). The relevant regulation shows that the Postmaster General did just that by vesting power with the General Counsel to make the final agency decision on FOIA appeals. *See* 38 C.F.R. § 265.8(b). This also comports with the express terms of FOIA which states that appeals can be made to the "head of the agency" while the adjudication of an appeal is made by the agency. *See* 5 U.S.C. § 552(a)(6)(A)(ii). And, like the case in *Lukas*, Plaintiff here "can cite no case law" that holds to the contrary. *Lukas*, 2020 WL 1065700, at *4.

"No reasonable person would ever expect the [Postmaster General] to spend his or her time pouring over FOIA appeals—it is expected that he or she will delegate that authority to another person or group within the [Postal Service.]" *Id*; *see also In re Grand Jury Investigation*, 315 F. Supp. 3d 602, 667 n.51 (D.D.C. 2018).[1] This Court should not grant leave to move forward with

---

[1]    Notably, the FOIA does not define the phrase "head of the agency." The Postal Service's powers are directed by its Board of Governors, 39 U.S.C. § 202(a)(1), with the Postmaster General serving at the pleasure of the Board as the Postal Service's Chief Executive Officer, 39 U.S.C. § 203. The Board can delegate certain authorities to the Postmaster General. *See* 39 U.S.C. § 402; *see also* 39 C.F.R. § 3.5. The Postmaster General can then delegate certain responsibilities as well

Plaintiff's proposed supplemental complaint when the organization's reading of the regulation and restriction on delegation would "defy logic." *Lukas*, 2020 WL 1065700, at *4.

## CONCLUSION

Based on the foregoing reasons, the Court should deny Plaintiff's motion for leave to file a supplemental complaint.

Dated: June 23, 2023                          Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK,
Chief, Civil Division

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Special Assistant United States Attorney
U.S. Attorney's Office
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-6655
dhruman.sampat@usdoj.gov

*Counsel for the United States of America*

---

as noted above. The structure of the powers of the Postal Service underscores the futility of Plaintiff's argument. There is nothing in the FOIA that requires the Postmaster General, no less an 11-member Board of Governors, to adjudicate FOIA administrative appeals.