UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>    Defendants. | No. 1:22-cv-1183-RCL |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR<br>LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

David R. Dorey
DC Attorney I.D. No. 1015586
Email: drdorey@fairnesscenter.org
Tessa E. Shurr
D.D.C. Bar No. PA0124
Email: teshurr@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff AFFT*

## TABLE OF AUTHORITIES

**Cases**                                                                              **Page(s)**

*Conley v. Gibson*,
  355 U.S. 41 (1957) ..................................................................................................................4

*Dep't Educ. v. Brown*,
  No. 22-535, 600 U.S. __ (2023) ...............................................................................................5

*Groff v. DeJoy*,
  No. 22-174, 600 U.S. __ (2023) ...............................................................................................5

*Lamb v. Millenium Challenge Corp.*,
  573 F. Supp. 3d 346 (D.D.C. 2021) ..........................................................................................1

*Nat'l Sec. Counselors v. CIA*,
  898 F. Supp. 2d 233 (D.D.C. 2012) ..........................................................................................5

*Organic Trade Ass'n v. USDA*,
  370 F. Supp. 3d 98 (D.D.C. 2019) ............................................................................................2

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ..................................................................................................................3

*Page v. Whole Foods Mkt. Servs.*,
  No. 21-cv-1744, 2021 WL 5109703 (D.D.C. Nov. 3, 2021) ....................................................1

*Powell v. IRS*,
  No. 18-2675, 2021 WL 1061528 (D.D.C. Mar. 18, 2021) .......................................................2

*\*Scahill v. D.C.*,
  909 F.3d 1177 (D.C. Cir. 2018) ................................................................................................1

*Wilbur v. CIA*,
  355 F.3d 675 (D.C. Cir. 2004) ..................................................................................................5

*Williams v. Brennan*,
  285 F. Supp. 3d 1 (D.D.C. 2017) ..............................................................................................6

**Other Authorities**

Ovid, *Metamorphoses* bk. VIII (c. 43 B.C.) ....................................................................................4

Ovid, *Metamorphoses* bk. VIII (Samuel Garth et al. trans., Daniel C. Stevenson, Web Atomics 1994)
  (c. 43 B.C.) ................................................................................................................................4

Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed. 2017) ................................................1

Defendants admit that the D.C. Circuit in *Scahill v. District of Columbia* "indeed concluded" that a supplemental complaint alleging facts that post-date the original complaint can cure a standing defect. ECF No. 39 at 5. That concession should be dispositive of AFFT's motion. Despite that, Defendants later both contradict themselves and *Scahill* by persisting in arguing that AFFT's "subsequently filed FOIA requests" plead in the supplemental complaint aren't sufficient to ground standing for its APA and *ultra vires* claims because those requests hadn't been filed by the time of the original complaint. ECF No. 39 at 6. That is wrong. *See Scahill v. D.C.*, 909 F.3d 1177, 1184 (D.C. Cir. 2018) ("[W]e hold that a plaintiff may cure a standing defect under Article III through an amended pleading alleging facts that arose after filing the original complaint."); *see also* WRIGHT & MILLER, 6A FED. PRAC. & PROC. CIV. § 1504 (3d ed. 2017) (Rule 15(d) "promotes as complete an adjudication of the dispute between the parties as is possible.") (cleaned up).

Defendants also attempt to minimize *Scahill* by citing to three district court opinions for the proposition that its holding is "not without limitations." ECF No. 39 at 5. None of those perceived "limitations" is close to applicable here.

- In *Lamb v. Millenium Challenge Corporation*, 573 F. Supp. 3d 346 (D.D.C. 2021) (Moss, J.), the court held that the Federal Tort Claims Act's "clear and emphatic" pre-suit administrative exhaustion requirement is jurisdictional, "serves the same interest in judicial efficiency" that animated *Scahill*, and "creating an exception for amended or supplemental pleadings runs counter to that purpose." *Id.* at 362–63. This is not an FTCA case nor do Defendants dispute that AFFT satisfied FOIA's administrative exhaustion requirement.

- *Page v. Whole Foods Market Services*, No. 21-cv-1744, 2021 WL 5109703 (D.D.C. Nov. 3, 2021) (Nichols, J.), has to do with "concerns about forum manipulation" that arise in removal cases that "cut against allowing a plaintiff's post-removal amendments to affect

1

a court's subject matter jurisdiction." *Id.* at *3 ("Having initiated the action in state court, a plaintiff may seek to manipulate post-removal pleadings to deprive the federal court of subject-matter jurisdiction and force a remand back to state court."). This is not a removal case nor does AFFT's proposed supplemental complaint seek to deprive this Court of jurisdiction.

- *Powell v. IRS*, No. 18-2675, 2021 WL 1061528 (D.D.C. Mar. 18, 2021) (Boasberg, J.) is a FOIA matter. The court there explained that the "legal standard" is "rather liberal in permitting a plaintiff to supplement his complaint" but "procedural context matters." *Id.* at *3. That "procedural context" was the plaintiff filed "at least seven FOIA actions," twice amended his complaint, once was granted leave to supplement his complaint to bring in new FOIA requests "not previously adjudicated," once was denied leave to supplement a second time as futile, and then nevertheless tried to supplement a third time. *Id.* The court denied plaintiff's third supplementation request because "he cannot be permitted to drag this litigation on interminably." *Id.* In contrast, this is AFFT's sole request to file either a supplemental or amended complaint and it only seeks to bolster already-brought claims—not to bring in new ones.

The rule *Scahill* announced is instead quite expansive in service of efficiency and judicial economy: "At this point in the litigation, dismissing the case for lack of standing only to have it reappear in exactly the same form would do little to promote the efficient resolution of this case and instead force the needless formality and expense of instituting a new action when events occurring after the original filing indicate a right to relief." *Organic Trade Ass'n v. USDA*, 370 F. Supp. 3d 98, 111 (D.D.C. 2019) (Collyer, J.). And that efficient and economical resolution is the exact relief AFFT seeks here.

Perhaps understanding that, Defendants concoct theories about how AFFT allegedly lacks standing even under the new allegations in its proposed supplemental complaint. Defendants say there is "no guarantee"[1] that any of AFFT's pending or concretely planned future FOIA requests will require it to engage with USPS's FOIA-violating administrative appeal regime. ECF No 39 at 7. That was false even when AFFT first filed its proposed supplemental complaint, which explained that at that very time AFFT had administrative appeal rights as to its second FOIA request and intended to exercise them. ECF No. 36-2 at ¶¶ 5–6. By now the circumstances have evolved even further: AFFT in fact filed an administrative appeal as to its second FOIA request; and USPS partially responded to its third FOIA request, yet again failed to provide responsive records, and granted AFFT administrative appeal rights as to that decision. AFFT intends to administratively appeal USPS's "no records" response to its third FOIA request by the deadline in September. AFFT accordingly has updated its proposed supplemental complaint to reflect the current situation and requests this be what the Court permits it to file. *See* **Exhibit 1**, hereto, and ¶¶ 4–8. This amply demonstrates a likelihood (indeed, a certitude) of concrete ongoing and future harm[2] because of USPS's FOIA-offending regulations that do not permit AFFT to appeal USPS's FOIA non-compliant decisions to the postmaster general. ECF No. 30 at 10–11 ("To be sure, the Circuit has held that the pendency of other FOIA requests before the same agency may entail a sufficiently

---

[1] This has never been the standing standard. *E.g.*, *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct. The injury or threat of injury must be both real and immediate, not conjectural or hypothetical.") (cleaned up).

[2] Defendants claim that AFFT did not say when it would submit additional future requests. ECF No. 39 at 5–6. That is false. *See* Ex. 1 at ¶ 10 (AFFT will file the fourth request after USPS provides a complete response to the third request), ¶ 11 (AFFT will file the fifth request after USPS provides its final response to AFFT's administrative appeal on its second request); *see also* ECF No. 36-2 ¶¶ 9–10 (same).

substantial risk of future harm to supply standing to pursue injunctive relief concerning that agency's FOIA procedures.").[3]

Defendants' brief is threaded with and ultimately lays bare their true position, which is there is **no set of facts**[4] under which a plaintiff ever has standing to challenge FOIA administrative appeal regulations. That's so because, Defendants say, after going through whatever appeal regime an agency has erected—no matter how labyrinthine[5] and FOIA non-compliant it may be—a FOIA requester can always eventually obtain *de novo* review in court. ECF No. 39 at 2, 5, 11. That remarkable position ignores that USPS's FOIA-offending appeal regime is the **gatekeeper** to

---

[3] Defendants also contend that AFFT's proposed supplemental complaint "lacks ripeness." ECF No. 39 at 8. This misconstrues the purpose of AFFT's supplemental complaint. AFFT does not by it seek to have USPS's responses to its pending and future FOIA requests adjudicated by this Court; it simply provides new factual allegations that show it has standing to assert the ripe claims in its original complaint.

[4] *Semble Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

[5] *See* Ovid, *Metamorphoses* bk. VIII (c. 43 B.C.); Ovid, *Metamorphoses* bk. VIII (Samuel Garth et al. trans., Daniel C. Stevenson, Web Atomics 1994) (c. 43 B.C.).

> Great Daedalus of Athens was the man
> That made the draught, and form'd the wondrous plan;
> Where rooms within themselves encircled lye,
> With various windings, to deceive the eye.
> As soft Maeander's wanton current plays,
> When thro' the Phrygian fields it loosely strays;
> Backward and forward rouls the dimpl'd tide,
> Seeming, at once, two different ways to glide:
> While circling streams their former banks survey,
> And waters past succeeding waters see:
> Now floating to the sea with downward course,
> Now pointing upward to its ancient source,
> Such was the work, so intricate the place,
> That scarce the workman all its turns cou'd trace;
> And Daedalus was puzzled how to find
> The secret ways of what himself design'd.

4

AFFT's ability to seek judicial review[6] and every time USPS makes AFFT engage with that regime it suffers a procedural injury in that its "right" to appeal to the postmaster general is abridged. *See Dep't Educ. v. Brown*, No. 22-535, 600 U.S. \_\_, slip op. at 9 (2023) ("We have found, however, that when a statute affords a litigant a procedural right to protect his concrete interest, the litigant may establish Article III jurisdiction without meeting the usual standards for redressability and immediacy. . . . In this context, the fact that the defendant might well come to the same decision after abiding by the contested procedural requirement does not deprive a plaintiff of standing.") (cleaned up); *cf. Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 281 (D.D.C. 2012) (Howell, C.J.), *aff'd sub nom.* 969 F.3d 406 (D.C. Cir. 2020) ("To the extent the CIA's failure to provide administrative appeals to requesters . . . is an attempt to divert FOIA cases from the agency's docket to the dockets of the federal courts, however, the CIA may try the patience of judges called upon to adjudicate these claims because they consume scarce judicial resources on questions that could easily, and perhaps more appropriately, be addressed at the administrative level.").

Defendants conclude by arguing that AFFT's proposed supplemental complaint is "futile" because, they say, AFFT's claims would not survive a motion to dismiss. ECF No. 39 at 8–14. Defendants thus invite the Court to engage in the very merits review AFFT seeks. So be it. Defendants' substantive arguments are largely the same that they've advanced before[7]; AFFT's

---

[6] *E.g.*, *Wilbur v. CIA.*, 355 F.3d 675, 676 (D.C. Cir. 2004) ("[T]he district court correctly observed that exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA, which means that a requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response.") (cleaned up).

[7] Defendants make a curious new claim in a footnote to the effect that FOIA doesn't define who is the "head of the agency" so USPS might not have one. ECF No. 39 at 13–14 n.1. That might surprise the Supreme Court, which just yesterday unanimously decided that USPS probably violated Title VII by failing to give a reasonable accommodation to a devout Christian that would allow him to abide by his religious convictions and not deliver packages on Sundays. *Groff v. DeJoy*, No. 22-174, 600 U.S. \_\_, slip op. at 3, 21 (2023). And there of course Postmaster General DeJoy is the named

response is too (and AFFT incorporates it here by reference). ECF No. 17 at 26–38; ECF No. 18-1 at 26–38; ECF No. 26 at 15–20. On that basis, AFFT respectfully requests that it be permitted to file its supplemental complaint and that the Court adjudicate the merits of its APA and *ultra vires* claims.

|  |  |
|---|---|
|  | Respectfully submitted, |
| June 30, 2023 | /s/ David R. Dorey<br>David R. Dorey<br>DC Attorney I.D. No. 1015586<br>Email: drdorey@fairnesscenter.org<br>Tessa E. Shurr (*pro hac vice*)<br>Pa. Attorney I.D. No. 330733<br>Email: teshurr@fairnesscenter.org<br>THE FAIRNESS CENTER<br>500 North Third Street, Suite 600B<br>Harrisburg, Pennsylvania 17101<br>Telephone: 844.293.1001<br>Facsimile: 717.307.3424<br>*Attorneys for Plaintiff AFFT* |

---

and proper defendant who is the head of the agency. *And see Williams v. Brennan*, 285 F. Supp. 3d 1, 7 (D.D.C. 2017) (Moss, J.) (the postmaster general is "the head of the Postal Service").