# Exhibit 1

Proposed Supplemental Complaint

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>Defendants. | No. 1:22-cv-1183-RCL<br><br>[PROPOSED] SUPPLEMENTAL COMPLAINT |

## INTRODUCTION

1. This Supplemental Complaint in this Freedom of Information Act ("FOIA") and administrative law matter—which is in part about the legality of Defendant United States Postal Service's ("USPS") FOIA regulations—alleges transactions, occurrences, and events that took place after the date of the Complaint (ECF No. 1 (Apr. 28, 2022)). *See* FED. R. CIV. P. 15(d).

2. On March 23, 2023, the Court dismissed Count Three and Count Four of the Complaint without prejudice, holding that Plaintiff Americans for Fair Treatment ("AFFT") lacked standing to assert them (ECF No. 30 at 11; ECF No. 31 at 1).

3. This Supplemental Complaint is intended to cure AFFT's standing to bring Counts Three and Four of the Complaint. "[A] plaintiff may cure a standing defect under Article III through a[] [supplemental] pleading alleging facts that arose after filing the original complaint. The alternative approach forces a plaintiff to go through the unnecessary hassle and expense of filing a new lawsuit when events subsequent to filing the original complaint have fixed the jurisdictional problem." *Scahill v. District of Columbia*, 909 F.3d 1177, 1184 (D.C. Cir. 2018).

## FACTS

4. On September 2, 2022, AFFT submitted a second FOIA request ("second request") to USPS. The second request seeks records related to the Privacy Act Statement on USPS's

COVID-19 test-kit webform created after the cut-off date USPS used for the search it conducted in response to AFFT's first FOIA request (ECF No. 1-1).

5. USPS provided its final response to AFFT's second request on March 10, 2023, and said it has no responsive records.

6. AFFT administratively appealed that response by the deadline of June 8, 2023. AFFT's administrative appeal was governed by USPS's FOIA regulations that violate the Administrative Procedure Act ("APA") and are *ultra vires*. 39 C.F.R. § 265.8(b) ("offending FOIA regulations").

7. On February 13, 2023, AFFT submitted a third FOIA request ("third request") to USPS. The third request seeks records concerning the fact that USPS added to the Privacy Act Statement on its Change-of-Address webform a statement that says USPS may, without consent, give Americans' personal information obtained therefrom to labor organizations.

8. USPS has not provided its complete final response to the third request. However, on June 28, 2023, USPS provided a partial final response in which it failed to produce any responsive records. The partial final response says that AFFT may file by September 26, 2023, an administrative appeal that is governed by USPS's offending FOIA regulations. AFFT has concrete plans to file an administrative appeal of USPS's partial final response to its third request.

9. When USPS provides its complete final response to the third request, on information and belief, AFFT's administrative appeal rights will also be governed by USPS's offending FOIA regulations.

10. After USPS provides its final response to the third request, AFFT expects to submit a fourth FOIA request ("fourth request"). AFFT expects the fourth request to cover how USPS has added to its webform through which members of the public can purchase stamps a Privacy Act

Statement that says USPS may, without consent, give Americans' personal information obtained therefrom to labor organizations.

11. After USPS provides its final response to AFFT's administrative appeal on its second request, it intends to submit a fifth FOIA request ("fifth request") seeking records related to the Privacy Act Statement on USPS's COVID-19 test-kit webform that post-date the cut-off date USPS used for the search it conducted in response to the second request. USPS's final response to the fifth request, on information and belief, will also be governed by USPS's offending FOIA regulations.

12. AFFT expects to continue submitting FOIA requests about the Privacy Act Statement on USPS's COVID-19 test-kit webform seriatim until USPS provides responsive information that shows what it has done with the personal information of Americans it has collected thereby. USPS's final responses to these subsequent requests will, on information and belief, also be governed by USPS's offending FOIA regulations.

13. AFFT expects to continue submitting FOIA requests to USPS about disclosures it makes that say it may, without consent, give Americans' personal information to labor unions. USPS's final responses to these subsequent requests will, on information and belief, also be governed by USPS's offending FOIA regulations.

14. AFFT has a pattern of frequently filing FOIA requests with USPS.

15. Given the quality of USPS's final responses to AFFT's FOIA requests to date, AFFT expects that its currently existing and near-future planned FOIA requests will require it to file administrative appeals under USPS's offending FOIA regulations.

16. Because of the frequency with which it exercises its rights under FOIA to attempt to obtain records from USPS, AFFT has created a special email box at which it can send and receive correspondence about FOIA matters: foia@afft.org.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: _____ \_\_, 2023 | **/s/ David R. Dorey** |
|  | David R. Dorey |
|  | DC Attorney I.D. No. 1015586 |
|  | Email: drdorey@fairnesscenter.org |
|  | Tessa E. Shurr |
|  | D.D.C. Bar No. PA0124 |
|  | Email: teshurr@fairnesscenter.org |
|  | THE FAIRNESS CENTER |
|  | 500 North Third Street, Suite 600B |
|  | Harrisburg, Pennsylvania 17101 |
|  | Telephone: 844.293.1001 |
|  | Facsimile: 717.307.3424 |
|  | |
|  | *Attorneys for Plaintiff AFFT* |