UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>*Defendants.* | Case No. 1:22-cv-1183-RCL |

## MEMORANDUM ORDER

On March 23, 2023, the Court dismissed for lack of subject-matter jurisdiction Counts III and IV of plaintiff Americans for Fair Treatment's ("AFFT") complaint, which alleged that the defendant United States Postal Service's ("USPS") procedures for administrative appeals of Freedom of Information Act ("FOIA") responses unlawfully delegated the authority to adjudicate FOIA claims to its General Counsel rather than its agency head, the Postmaster General. *See Americans for Fair Treatment v. USPS* ("*AFFT*"), No. 1:22-cv-1183-RCL, — F. Supp. 3d —, 2023 WL 2610861, at *5–6 (D.D.C. Mar. 23, 2023). Specifically, the Court held that AFFT had failed to demonstrate standing to seek prospective relief on those claims, since there was no allegation in the complaint that would "establish a substantial risk of future harm from USPS's FOIA regulations as of the time the action commenced." *Id.* at *6. Subsequently, AFFT filed a Motion for Leave to File a Supplemental Complaint, ECF No. 36, alleging that it now has multiple additional FOIA requests pending with USPS that will or could be subject to the administrative appeals process. The Court assumes familiarity with the factual and procedural history as laid out in its earlier opinion. *See AFFT*, 2023 WL 2610861, at *1–2. For the reasons that follow, the Court will **DENY** AFFT's motion as futile.

1

Pursuant to Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In this Circuit, "a plaintiff may cure a standing defect under Article III through an amended pleading alleging facts that arose after the filing of the original complaint." *Scahill v. District of Columbia*, 909 F.3d 1177, 1184 (D.C. Cir. 2018). However, "[a] district court may deny a motion to amend [or supplement] a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012); *see also BEG Investments, LLC v. Alberti*, 85 F. Supp. 3d 13, 24 (D.D.C. 2015).

Here, the proposed supplemental complaint would cure the jurisdictional defects identified in the Court's earlier opinion. As previously noted, "the Circuit has held that the pendency of other FOIA requests before the same agency may entail a sufficiently substantial risk of future harm to supply standing to pursue injunctive relief concerning that agency's FOIA procedures." *AFFT*, 2023 WL 2610861, at *6 (citing *Cause of Action Inst. v. Dep't of Just.*, 999 F.3d 696, 704 (D.C. Cir. 2021)). Here, the proposed supplemental complaint alleges that after the filing of the initial complaint, AFFT filed two additional FOIA requests, the first of which received an adverse decision, and intends to file another. *See* Prop. Supp. Compl. ¶¶ 4–10, ECF No. 36-2. That is a sufficient allegation of a substantial risk of future harm under Circuit precedent. *See Cause of Action Inst.*, 999 F.3d at 704.

However, the proposed supplemental complaint would not survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), because, as this Court has

2

previously held, agency heads may lawfully delegate their authority to adjudicate FOIA appeals.[1] *See Lukas v. FCC*, No. 1:19-cv-465-RCL, 2020 WL 1065700, at *4 (D.D.C. Mar. 5, 2020). True, FOIA grants requesters aggrieved by adverse determinations "the right . . . to appeal to the head of the agency," 5 U.S.C. § 552(a)(6)(A)(III)(aa), but it would "defy logic to say that the head of an agency may not delegate the authority to handle appeals," *Lukas*, 2020 WL 1065700, at *4. There is no prohibition on such delegation anywhere in the text of the statute; and "[n]o reasonable person would ever expect the Secretary of State," for example, "to spend his or her time pouring over FOIA appeals." *Id.* So too with the Postmaster General. Indeed, given the volume of FOIA requests all agencies must process, AFFT's position, taken to its logical conclusion, would seemingly bring the operation of the entire administrative state to a screeching halt. Surely that is a far more extreme reading than one small subsection of FOIA can bear.

Because AFFT would fail to state a claim on Counts III and IV even with the additional allegations in the proposed supplemental complaint, it is hereby **ORDERED** that AFFT's motion is **DENIED** as futile.

**IT IS SO ORDERED.**

Date: Sept. 1, 2023

Royce C. Lamberth
United States District Judge

---

[1] Accordingly, the Court need not address USPS's additional arguments about the applicability of the APA and the availability of an *ultra vires* claim. *See* Defs.' Opp'n at 9–11, ECF No. 39.