UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT, | No. 1:22-cv-1183-RCL |
| Plaintiff, | |
| v. | |
| UNITED STATES POSTAL SERVICE, *et al.*, | PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO EXTEND TIME |
| Defendants. | |

Plaintiff AFFT opposes Defendant USPS's motion seeking an additional forty-five days in which to file a summary judgment motion because USPS has not met—and cannot meet—the excusable neglect standard of Rule 6(b)(1)(B) to extend time after a deadline has passed. Further, because USPS's summary judgment motion was its "second chance" to adequately justify redactions it made to records it produced to AFFT under FOIA, the Court should hold that USPS's failure to meet its deadline is a concession and order it to produce responsive records to AFFT without redactions.

1. Three days after USPS's deadline to file a summary judgment motion passed, and after business hours on a Friday evening, an assistant United States attorney filed a *Motion for Leave to File Motion to Extend Time* (ECF No. 46) seeking an additional forty-five days to comply with this Court's orders requiring USPS to produce a new *Vaughn* index and new supporting affidavit and to file a summary judgment motion (ECF No. 31 at 2–3; ECF No. 45).[1] The attorney who signed the

---

[1] After business hours that Friday evening and less than an hour before filing USPS's motion, the attorney "called and left messages for Plaintiff's counsel and sent emails to confer about this request." ECF No. 46 ¶ 3.

motion is not counsel of record in this case.[2] And the motion states without elaboration that the signing attorney was "recently" "re-assigned to handle this matter" (ECF No. 46 ¶ 1), although there is other counsel of record for USPS who has not withdrawn from the case (*see* ECF No. 32).

2.      The motion cursorily explains that USPS missed its deadline because the non-appeared attorney who was "re-assigned" here "did not have this matter on her calendar," "was unaware of this case," and the "failure to file" was "inadvertent" (ECF No. 46 ¶ 1). This explanation does not satisfy the excusable neglect standard of Rule 6(b)(1)(B). Whatever the merits here of factors 1, 2, and 4 of the test[3] announced by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 392 (1993)[4], Defendants cannot satisfy factor 3 ("fault in the delay")—"perhaps the single most important factor [] in determining whether neglect is excusable." *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14 (D.D.C. 2003) (Huvelle, J.) (cleaned up). Indeed, "*inadvertence*, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392 (emphasis added); *compare* ECF No. 46 ¶ 1 (the missed deadline was "inadvertent"). This is particularly so here because the motion contains no discussion of the circumstances relevant to USPS's actual counsel of record.

---

[2] Although this attorney previously appeared in this case (ECF No. 15), she withdrew her appearance on April 7, 2023 (ECF No. 34). The Court may also wish to consider the regular shuffling of USPS's counsel in this matter (*see* ECF Nos. 16, 32, 34) and requests for extensions of deadlines (ECF Nos. 21, 28, 37, 46).

[3] AFFT submits that USPS's motion also does not satisfy its burden to meet factor 2 (length of delay) or factor 4 (good faith), either. As to factor 2, the requested forty-five-day extension is disproportionate to an extension that would be needed for a simple missed filing deadline and instead appears to indicate that USPS didn't draft a summary judgment motion at all—despite having known it needed to do so since at least August 18, 60 days before its deadline (*see* ECF No. 43). And as to factor 4, all USPS has is an unadorned conclusion that there is "no evidence of bad faith" (ECF No. 46 ¶ 1), although it has supplied no evidence of good faith and the record certainly could support a conclusion that it is absent (*see, e.g.*, note 2, *supra*).

[4] Although Defendants' motion mentions *Pioneer*'s four-factor test, it minimizes factor 3 as "the reason for the delay" (ECF No. 46 ¶ 1). This omits the rest and most important part of the factor, which is "whether [the delay] was within the reasonable control of the movant." *Pioneer*, 507 U.S. at 395.

3.      "The case law from this court is replete with examples of untimely filings being rejected where the only triggering *Pioneer* factor was, as is the case here, a mistake made by counsel." *Inst. For Pol'y Stud. v. USCIA*, 246 F.R.D. 380, 384 (D.D.C. 2007) (Facciola, M.J.) (collecting cases); *see also, e.g.*, *Halmon v. Jones Lang Wootton USA*, 355 F. Supp. 2d 239, 242 (D.D.C. 2005) (Urbina, J.) ("As justification for its delay, JLW offered what the court cannot help but characterize as the **lame excuse** that counsel 'did not place the due date on her calendar.'") (emphasis added). "The day has long since arrived whereby an attorney can view a docket in an instant at any time from anywhere, thanks to electronic case filing. With that change has come a lessening of sympathy by the court for docket-related errors. Defendant's failure to timely file the Opposition was not the result of excusable neglect." *Inst. For Pol'y Stud.*, 246 F.R.D. at 385.

4.      Given that USPS's counsel's inadvertence cannot meet the excusable neglect standard, the Court should deny the motion. And inasmuch as this was USPS's "second chance" to supply adequate justifications for the redactions it made to the records produced to AFFT under FOIA, the Court should hold that USPS's failure to meet its deadline is a concession, grant summary judgment to AFFT on the issue of redactions, and order USPS to promptly produce the responsive records unredacted.[5] *See* ECF No. 30 at 27 ("[A]s to the withholdings, Court would be within its discretion to simply grant summary judgment for AFFT and order the agency to re-process its disclosures without any Exemption 5 withholdings" but explaining this is "just such a case" where USPS would be given a "second chance" including because of a lack of "signs of dilatory behavior"); *cf.* LCvR 7(b) ("If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.").

---

[5] Except for redactions to personal information such as email addresses under FOIA Exemption 6, which AFFT has never put at issue. *See* ECF No. 1 at 9 n.4.

5.      The Court should further order USPS to promptly produce its updated *Vaughn* index and supporting affidavit so that AFFT may file its summary judgment motion as to issues that remain outstanding, such as the inadequacy of USPS's search for records to which AFFT is entitled under FOIA. And AFFT respectfully requests that its November 17, 2023, deadline to file its summary judgment motion be extended to accommodate USPS's dilatory production of the updated *Vaughn* index and affidavit.

Respectfully submitted,

Dated: October 23, 2023

**/s/ David R. Dorey**
David R. Dorey
DC Attorney I.D. No. 1015586
Email: drdorey@fairnesscenter.org
Tessa E. Shurr
DC Attorney I.D. No. 90015122
Email: teshurr@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff AFFT*