# EXHIBIT 2

| No. | Bates-Stamp | Date | Time | From | To | Subject | Exemption |
|---|---|---|---|---|---|---|---|
| USPS 1 | USPS_1 | 01/10/2022 | 8:57 a.m. | Janine Castorina | Christopher Gillespie; Christopher Lind | Privileged | **Internal discussions:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br>1. The deliberative process involved in this email is USPS's on-going iterative decision-making process related to its draft Privacy Statement that was to be used on the live testing of the COVID-19 test kit webpage.<br>2. The email and subject line at issue reflects USPS's strategy, amongst staff members of the Privacy and Records Management Office, concerning the draft Privacy Statement and the Statement's relationship to a System of Record and the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was on-going at the time of the email. The Privacy Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication.<br>4. Release would have a chilling effect on the agency's decision-making processes, thereby lower the overall quality of those processes, and cause public confusion about the agency's final Privacy Statement which is not reflected in the email and subject line.<br><br>**Exemption 5 – Attorney Client Privilege**<br>1. The email arises from agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | 2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice.<br>3. The email and subject line are related to the application of the Privacy Act, including its Privacy Statement requirements, to the COVID-19 test kit webpage.<br>4. The email and subject line contain the product of confidential legal discussions amongst government counsel and supporting staff in response to agency clients' request for legal advice.<br><br>**Employee email addresses and mobile phone numbers:**<br><u>**Exemption 6**</u><br>1. The email contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | **Exemption 3 and 39 U.S.C. § 410(c)(2)**<br>1. The email contains employee email addresses which constitutes commercial information that would not be disclosed as a matter of good business practice.<br>2. This information is commercial in nature because it is used in the daily operations of USPS's business. Employees use their postal email addresses in the furtherance of this business as would any other employee in the private sector.<br>3. This information is tied to trade, profit, and commerce.<br>4. This information would not be disclosed as a matter of good business practice. Other businesses do not release such information and disclosure poses a risk to the Postal Service's business and the security of its networks as it increases the risk of phishing schemes and cybersecurity attacks. This would impair the security of the Postal Service's networks which are integral to the conduct of its business. |
| USPS 2 | USPS_2 – USPS_3 | 01/10/2022 | 4:43 p.m. | Janine Castorina | Christopher Gillespie; Christopher Lind | Privileged | **Internal discussions:**<br>**Exemption 5 – Deliberative Process Privilege**<br>1. The deliberative process involved in this email is USPS's on-going iterative decision-making process related to its draft Privacy Statement that was to be used on the live testing of the COVID-19 test kit webpage.<br>2. The email and subject line at issue reflects discussions, amongst staff members of the Privacy and Records Management Office within the USPS Law Department, concerning the first draft of the Privacy Statement and the language to be used in therein. |

3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was on-going at the time of the email. The Privacy Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication.
4. Release would have a chilling effect on the agency's decision-making processes, thereby lower the overall quality of those processes, and cause public confusion about the agency's final Privacy Statement which is not reflected in the email and subject line.

**Exemption 5 – Attorney Client Privilege**
1. The email arises from agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage.
2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice.
3. The email and subject line are related to the application of the Privacy Act, including its Privacy Statement requirements, to the COVID-19 test kit webpage.
4. The email and subject line contain the product of confidential legal discussions amongst government

|  |  |  |  |  |  | counsel and supporting staff in response to agency clients' request for legal advice.<br><br>**Employee email addresses and mobile phone numbers:**<br>**Exemption 6**<br>1. The email contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS.<br><br>**Exemption 3 and 39 U.S.C. § 410(c)(2)**<br>1. The email contains employee email addresses which constitutes commercial information that would not be disclosed as a matter of good business practice.<br>2. This information is commercial in nature because it is used in the daily operations of USPS's business. Employees use their postal email addresses in the furtherance of this business as would any other employee in the private sector.<br>3. This information is tied to trade, profit, and commerce.<br>4. This information would not be disclosed as a matter of good business practice. Other businesses do not release such information and disclosure poses a risk |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | to the Postal Service's business and the security of its networks as it increases the risk of phishing schemes and cybersecurity attacks. This would impair the security of the Postal Service's networks which are integral to the conduct of its business. |
| USPS 3 | USPS_4 – USPS_6 | 01/11/2022 | 9:14 a.m. | Janine Castorina | Christopher Gillespie; Christopher Lind | Privileged | **Internal discussions:** <br> **Exemption 5 – Deliberative Process Privilege** <br> 1. The deliberative process involved in this email is USPS's on-going iterative decision-making process related to its draft Privacy Statement that was to be used on the live testing of the COVID-19 test kit webpage. <br> 2. The email and subject line at issue reflects discussions, amongst staff members of USPS's Privacy and Records Management Office, concerning drafts of the Privacy Statement and revisions made thereto. <br> 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was on-going at the time of the email. The Privacy Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication. <br> 4. Release would have a chilling effect on the agency's decision-making processes, thereby lower the overall quality of those processes, and cause public confusion about the agency's final Privacy Statement which is not reflected in the email and subject line. |

| | | | | | | **Exemption 5 – Attorney Client Privilege** 1. The email arises from agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage. 2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice. 3. The email and subject line are related to the application of the Privacy Act, including its Privacy Statement requirements, to the COVID-19 test kit webpage. 4. The email and subject line contain the product of confidential legal discussions amongst government counsel and supporting staff in response to agency clients' request for legal advice. **Employee email addresses and mobile phone numbers: Exemption 6** 1. The email contains employee email addresses and mobile phone numbers which constitute similar files. 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS.<br><br>**Exemption 3 and 39 U.S.C. § 410(c)(2)**<br>1. The email contains employee email addresses which constitutes commercial information that would not be disclosed as a matter of good business practice.<br>2. This information is commercial in nature because it is used in the daily operations of USPS's business. Employees use their postal email addresses in the furtherance of this business as would any other employee in the private sector.<br>3. This information is tied to trade, profit, and commerce. This information would not be disclosed as a matter of good business practice. Other businesses do not release such information and disclosure poses a risk to the Postal Service's business and the security of its networks as it increases the risk of phishing schemes and cybersecurity attacks. This would impair the security of the Postal Service's networks which are integral to the conduct of its business. |
| USPS 4 | USPS_7 – USPS_8 | 01/11/2022 | 9:29 a.m. | Kimberly Workinger | Janine Castorina; Christopher Karpenko | Privileged | **Internal discussions:**<br>**Exemption 5 – Deliberative Process Privilege**<br>1. The deliberative process involved in this email is USPS's on-going iterative decision-making process related to its draft Privacy Statement that was to be used on the live testing of the COVID-19 test kit webpage.<br>2. The email and subject line at issue reflects USPS's discussions, amongst Janine Castorina of the Privacy |

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  | and Records Management Office, Christopher Karpenko, Executive Director of Brand Marketing, Kimberly Workinger, Manager of Digital Brand Marketing, and Heather Dyer, Vice President of Corporate Information Security Office, concerning the draft Privacy Statement and the live testing of the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS.  It is pre-decisional and deliberative because the decision-making process was on-going at the time of the email.  The Privacy Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage.  The webpage was in the testing phase at the time of this communication.<br>4. Release would have a chilling effect on the agency's decision-making processes, thereby lower the overall quality of those processes, and cause public confusion about the agency's final Privacy Statement which is not reflected in the email and subject line.<br><br>**Exemption 5 – Attorney Client Privilege**<br>1. The email arises from agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage.<br>2. Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, was communicating with Christopher Karpenko, Kimberly Workinger, and Heather Dyer, as agency clients, to answer their request for legal advice. |

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | 3. The email and subject line are related to the application of the Privacy Act, including its Privacy Statement requirements, to the COVID-19 test kit webpage.<br>4. The email and subject line contain the product of confidential legal discussions amongst government counsel and agency clients.<br><br>**Employee email addresses and mobile phone numbers:**<br>**Exemption 6**<br>1. The email contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS.<br><br>**Exemption 3 and 39 U.S.C. § 410(c)(2)**<br>1. The email contains employee email addresses which constitutes commercial information that would not be disclosed as a matter of good business practice.<br>2. This information is commercial in nature because it is used in the daily operations of USPS's business. Employees use their postal email addresses in the furtherance of this business as would any other employee in the private sector. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | 3. This information is tied to trade, profit, and commerce. This information would not be disclosed as a matter of good business practice. Other businesses do not release such information and disclosure poses a risk to the Postal Service's business and the security of its networks as it increases the risk of phishing schemes and cybersecurity attacks. This would impair the security of the Postal Service's networks which are integral to the conduct of its business. |
| USPS 5 | USPS_9 | 01/11/2022 | 7:37 a.m. | Janine Castorina | Heather Dyer | Privileged | **Internal discussions:**<br>**Exemption 5 – Deliberative Process Privilege**<br>1. The deliberative process involved in this email is USPS's on-going iterative decision-making process related to its draft Privacy Statement that was to be used on the live testing of the COVID-19 test kit webpage.<br>2. The email and subject line at issue reflects USPS's discussions, between Janine Castorina, an attorney and Chief Privacy and Records Management Officer for the Privacy and Records Management Office, and Heather Dyer, Vice President of the Corporate Information Security Office, concerning the status of the COVID-19 test kit webpage and the draft Privacy Statement.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was on-going at the time of the email. The Privacy Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication. |

4. Release would have a chilling effect on the agency's decision-making processes, thereby lower the overall quality of those processes, and cause public confusion about the agency's final Privacy Statement which is not reflected in the email and subject line.

### Exemption 5 – Attorney Client Privilege

1. The email arises from agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage.
2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department and the Corporate Information Security Office. Heather Dyer sought Janine Castorina's legal advice concerning the Privacy Statement for the live testing of COVID-19 test kit webpage.
3. The email and subject line are related to the application of the Privacy Act, including its Privacy Statement requirements, to the COVID-19 test kit webpage.
4. The email and subject line contain the product of confidential legal discussions amongst government counsel and supporting staff in response to agency clients' request for legal advice.

**Employee email addresses and mobile phone numbers:**
### Exemption 6

1. The email contains employee email addresses and mobile phone numbers which constitute similar files.
2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS.<br><br>**Exemption 3 and 39 U.S.C. § 410(c)(2)**<br>1.<br>2.<br>3. air the security of the Postal Service's networks which are integral to the conduct of its business. |