UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants. | No. 1:22-cv-01183-RCL<br><br>OPPOSED MOTION TO STRIKE USPS's RENEWED MOTION FOR SUMMARY JUDGMENT |

Plaintiff Americans for Fair Treatment ("AFFT") hereby moves to strike United States Postal Service's ("USPS") renewed motion for summary judgment (ECF No. 60). The renewed motion does not comply with the Court's opinion and order on the parties' initial cross-motions for summary judgment (ECF Nos. 30, 31); does not comply with the rules for summary judgment motions; and fails to provide AFFT with sufficient information so it could meaningfully respond in substance or cross-move for summary judgment. AFFT respectfully asks the Court to strike USPS's filing, compel USPS to comply with its prior order (or permit AFFT to take discovery), and submit a compliant summary judgment motion to which AFFT has an adequate opportunity respond. In support of this motion AFFT states:

1. On March 23, 2023, in response to the parties' cross motions for summary judgment, the Court ordered USPS to: a) properly explain the prior searches it conducted for records that are responsive to AFFT's FOIA request; b) conduct an additional search for responsive records, including those made to its Privacy Act

1

Statement "after AFFT filed its administrative appeal but before the search prompted by the General Counsel's decision on that appeal" (unless USPS explained why it's "date of search" "cut-off allows it to exclude those records"); c) explain in an affidavit "the search terms used and the type of searches performed" for both the previous search and new search; and d) file a new *Vaughn* index and supporting affidavit properly explaining redactions its made to the records.  ECF No. 31.

2. USPS conducted at least one additional search and provided additional records to AFFT.  They are bates numbered USPS_10 through USPS_50.  Just as with USPS's initial production, many of these records are heavily redacted.

3. USPS filed a renewed motion for summary judgment on March 8, 2024. ECF No. 60.  USPS did not file a declaration that is cited throughout that motion. USPS then filed the declaration as errata on March 14, 2024.  ECF Nos. 61, 61-1. USPS did not file a supplemental *Vaughn* index.  It then filed a *Vaughn* index as errata on March 18, 2024.  ECF Nos. 62, 62-2.

4. USPS's renewed motion says it relies on a "statement of material facts." ECF No. 60 at 1.  USPS did not file a statement of material facts as to which it contends there is no genuine issue.  This violated this Court's rules for summary judgment motions.  LCvR 7(h)(1).  AFFT is accordingly unable controvert any of USPS's claimed undisputed facts by submitting a statement of genuine issues in opposition.  *Id.*

5. USPS's *Vaughn* index is woefully incomplete and inadequate.  It covers only USPS's ***initial*** records production to AFFT (USPS_1 through USPS_9) not its

new production (through USPS_50) even though it's also heavily redacted.  ECF No. 62-1 at 2–14.  It also appears to be an early draft of a *Vaughn* index from long ago because it relies on exemptions USPS early on disclaimed (FOIA Exemption 3 and the Postal Reorganization Act, 39 U.S.C. § 410(c)(2)).  *See* ECF No. 18-1 at 7 (discussing how USPS disclaimed these exemptions).  And it is incomplete even as presented.  ECF No. 62-1 at 14 (containing a numbered list 1–3 where 1 and 2 are blank).

      6.    USPS's renewed motion says that USPS is no longer relying on Exemption 5 to redact certain information from USPS_1 through USPS_5.  ECF No. 60 at 12 n.2.  USPS has not produced an updated (less redacted, or not redacted at all) version of these records to AFFT.  AFFT therefore has no way to determine if the redactions USPS made to these records (if any now) are compliant with FOIA or to respond.

      7.    The Court ordered USPS to search for additional records regarding changes it made to the Privacy Act Statement between February 7, 2022 and March 15, 2022 (or explain why those records could be excluded).  *See* KM Decl., ECF No. 18-2 ¶ 8; ECF No. 30 at 14–15; ECF No. 31 at 2.  USPS's new search turned up records about a ***different*** change it made to the Privacy Act Statement that was published on January 28, 2022.  ECF No. 60 at 9–11; ECF No. 61-1 ¶ 7.  USPS did not discuss any search it made for records about the change to the Statement between February 7, 2022 and March 15, 2022, or explain why those records could be excluded.  USPS has therefore failed to comply with the Court's order.

3

8. The Court ordered USPS to provide search terms for both its old and new searches. It failed to do so at least in part. ECF No. 60 at 8–9 (vaguely and confusingly describing the "search terms from the Privacy Act Statement that Plaintiff's [sic] cited" and then using the records found "as the base to conduct an additional Catalog Program search" without saying what terms it used).

9. Undersigned counsel reached out to counsel for USPS multiple times to discuss the foregoing issues. USPS's counsel was unable to reach internal counsel for USPS over the course of one week and was accordingly unable to provide a substantive response. USPS's counsel thus opposes this motion at this time. LCvR 7(m).

WHEREFORE AFFT requests that the Court:

1. Strike USPS's renewed summary judgment motion and supporting papers;
2. Compel USPS to fully comply with its prior order including conducting appropriate searches and explaining them (ECF No. 31), or in the alternative allow AFFT to conduct discovery;
3. Order USPS to file a new summary judgment motion that complies with its order and the Local Rules.
4. Enter any other relief that justice requires.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **AMERICANS FOR FAIR TREATMENT**<br>**By Counsel** |
| Dated: May 31, 2024 | **/s/ David R. Dorey**<br>David R. Dorey<br>D.C. Bar No. 1015586<br>Email: ddorey@liffwalsh.com<br>LIFF, WALSH & SIMMONS<br>181 Harry S. Truman Parkway<br>Suite 200<br>Annapolis, MD  21401<br>Telephone: (410) 266-9500<br>Facsimile: (410) 266-7699<br><br>*Counsel for Americans for Fair Treatment* |