UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>*Defendants*. | Civil Action No. 22-1183 (RCL) |

**DEFENDANTS' SECOND STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Civil Rule 7(h), Defendants United States Postal Service, and others, respectfully submit this Second Statement of Undisputed Material Facts in support of Defendants' Renewed Motion for Summary Judgment.

**The Postal Service COVID-19 Rapid Test Webform**

1. In January 2022, the U.S. Postal Service began to develop a webpage through which members of the American public could request COVID-19 rapid antigen tests. *See, e.g.*, Supplemental Declaration of Janine Castorina, ECF No. 22-1 ("Castorina Supp. Decl.") ¶ 4.

2. All Postal Service webforms that involve the collection of personal information must undergo a privacy review, which the Privacy and Records Management Office performs under the direction of Chief Privacy and Records Management Officer Janine Castorina. *Id.*

3. When such reviews indicate that the Postal Service must publish a Privacy Act Statement pursuant to 5 U.S.C. § 552a(e)(3), the Privacy and Records Management Office drafts such a Statement. ECF No. 14-2 ("Castorina Decl.") ¶ 16.

4. In the first week of January 2022, Postal Service employees Heather Dyer, Vice President of the Corporate Information Security Office (Chief Information Security Officer);

1

Chrstopher Karpenko, Executive Director of Brand Marketing; and Kimberly Workinger, Digital Brand Marketing Manager, called Ms. Castorina to request legal advice to ensure that the COVID-19 rapid test webform was compliant with the Privacy Act. Castorina Supp. Decl. ¶ 4.

5. After discussing the webform with Ms. Dyer, Mr. Karpenko, and Ms. Workinger, Ms. Castorina spoke with Privacy and Records Compliance Specialist Christopher Gillespie and Privacy and Records Manager Christopher Lind to discuss the need for a Privacy Act Statement to display on the site. Castorina Supp. Decl. ¶ 4.

6. Following these discussions, Ms. Castorina, Mr. Gillespie, and Mr. Lind drafted a Privacy Act Statement for the COVID-19 rapid test webform. Castorina Supp. Decl. ¶¶ 4-6. Drafts of the Privacy Act Statement were circulated exclusively via email by the three staff members. Castorina Decl. ¶ 16.

7. The COVID-19 rapid test webform was first published at https://special.usps.com/testkits on January 18, 2022, featuring a Privacy Act Statement stating:

> Privacy Act Statement
>
> Your information will be used to provide COVID-19 Testing Kits to the address you provided, and to provide company and product fulfillment information about that testing kit to a federal executive agency. Collection is authorized by 39 U.S.C. 401, 403, 404, and 411. Supplying your information is voluntary, but if not provided, we may not be able to fulfill your request for a COVID-19 Testing Kit. We do not disclose your information to third parties without your consent, except to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to agencies and entities to facilitate or resolve financial transactions; to a U.S. Postal Service auditor; for law enforcement purposes, to labor organizations as required by applicable law; incident to legal proceedings involving the Postal Service; to government agencies in connection with decisions as necessary; to agents or contractors when necessary to fulfill a business function or provide products and services to customers; for customer service purposes; and to other federal executive agencies pursuant to 39 U.S.C § 411. For more information regarding our privacy policies visit www.usps.com/privacypolicy.

Castorina 2d Supp. Decl. ¶ 9.

8.      On January 19, 2022, a staff member for the office of U.S. Senator Ron Wyden emailed the Privacy and Records Management Office's email address, privacy@usps.gov, inquiring whether the Privacy Act Statement, which permitted information disclosure "for law enforcement purposes," could result in personal information being shared with U.S. government immigration agencies. Second Supplemental Declaration of Janine Castorina ("Castorina 2d Supp. Decl.") ¶ 9; *see also* USPS_23.

9.      Postal Service Vice President of Corporate Communications Jeffery Adams then emailed with Subhan Cheema of the White House's COVID-19 Response Team regarding the Privacy Act Statement. Castorina 2d Supp. Decl. ¶ 9; *see also* USPS_22.

10.     On January 26 and 27, 2022, several Postal Service employees, including Ms. Castorina and General Counsel Thomas Marshall, met and corresponded regarding revisions to the Privacy Act Statement. Castorina 2d Supp. Decl. ¶¶ 9-10; *see also* USPS_10–USPS_21.

11.     On January 28, 2022, the COVID-19 rapid test webform was updated to include the following revised Privacy Act Statement:

> Privacy Act Statement
>
> Your information will be used to provide COVID-19 Testing Kits to the address you provided, and to provide *product fulfillment* information about that testing kit to a federal executive agency. Collection is authorized by 39 U.S.C. 401, 403, 404, and 411. Supplying your information is voluntary, but if not provided, we may not be able to fulfill your request for a COVID-19 Testing Kit. We do not disclose your information to third parties without your consent, except to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to agencies and entities to facilitate or resolve financial transactions; to a U.S. Postal Service auditor; *for law enforcement purposes involving crimes or fraud against the Postal Service*; to labor organizations as required by applicable law; incident to legal proceedings involving the Postal Service; to government agencies in

> connection with decisions as necessary; to agents or contractors when necessary to fulfill a business function or provide products and services to customers; for customer service purposes; and to other federal executive agencies pursuant to 39 U.S.C § 411. For more information regarding our privacy policies visit www.usps.com/privacypolicy.

Castorina 2d Supp. Decl. ¶ 10 (emphasis added in Declaration).

12. The Postal Service did not revise the Privacy Act Statement appearing on the COVID-19 rapid test webform at any time after January 28, 2022. *Id.* ¶¶ 8-10.

### The FOIA Request, Initial Searches, and Procedure

13. By letter dated February 7, 2022, Plaintiff submitted a FOIA request for the following:

   a. All records concerning the "Privacy Act Statement" contained on USPS's webform through which members of the public may order rapid antigen COVID-19 tests (https://special.usps.com/testkits). The records requested include, but are not limited to, those that reflect USPS's decision to depart from using its default "Privacy Act notice" that is "for personal information collected online" (which is published at https://about.usps.com/who/legal/privacy-policy/full-privacypolicy.htm) and instead to use a "Privacy Act Statement" that says USPS may, without consent, disclose information it obtains about the public through the COVID- 19 test webform to "labor organizations as required by applicable law."

   b. All records concerning USPS's disclosure to any labor organization of information it obtained through the COVID-19 test webform.

*See* ECF No. 1 ("Compl."), Ex. A.

14. The Postal Service responded to the FOIA request via letter dated February 25, 2022. Compl. ¶ 22.

15. In its response letter, the Postal Service explained that it interpreted the first component of the FOIA request ("Item No. 1") as seeking records specifically concerning the "decision to depart from" the Privacy Act Notice at https://about.usps.com/who/legal/privacy-policy/full-privacy-policy.htm. Castorina Decl., Ex. 1.

16. Because the Privacy Act *Notice* listed on that webpage and the Privacy Act

4

*Statement* listed on the COVID-19 rapid test webform serve different functions, the Postal Service did not make a "decision to depart from" the Privacy Act Notice, such that there are no records of such a decision. *Id.* The Postal Service accordingly notified Plaintiff that it had identified no records responsive to Item No. 1. *Id.*

17. With respect to the second component of the FOIA request ("Item No. 2"), Ray Donahue, Managing Counsel of Labor Law, conducted the Postal Service's search for responsive records. Castorina 2d Supp. Decl. ¶ 5. Mr. Donahue oversees all of the Postal Service's legal matters concerning labor organizations. *Id.* Accordingly, Mr. Donahue reviewed his team's shared drive for materials concerning a disclosure to a labor organization by browsing the team's files related to information disclosures. *Id.* Mr. Donahue does not keep paper files. *Id.* Mr. Donahue's search did not return any responsive records. *Id.*

18. Separately, the Postal Service's Labor Relations department directly communicates with union management and responds to union inquiries. *Id.* ¶ 6. Labor Relations is divided into four sections, with one section for each of the labor unions—the American Postal Workers Union ("APWU"), the National Association of Letter Carriers ("NALC"), the National Postal Mail Handlers Union ("NPMHU"), and the National Rural Letter Carrier's Association ("NRLCA"). *Id.* Each section has a department head who tracks union requests, logging each union request and ensuring that the requests are responded to, as required by law. *Id.* The individuals maintain spreadsheets documenting requests from their respective unions. *Id.* At Mr. Donahue's request, all four department heads reviewed all union requests for the period between January 2022 and the date of the request to determine whether their respective unions requested test-kit information. *Id.* During this process, the relevant individuals reviewed all union information requests without search terms. *Id.* However, the searches revealed no responsive

records. *Id.* In other words, no union requested information gathered on the COVID-19 test kit webpage, and the Postal Service provided no such information to any labor union. *Id.*

19. By letter dated March 15, 2022, Plaintiff administratively appealed the Postal Service's decision. Compl. ¶ 27.

20. On April 6, 2022, the Postal Service, via the Office of the General Counsel, issued a decision concerning the administrative appeal. Castorina Decl., Ex. 1. In its decision, the Postal Service affirmed the finding of no responsive records as to Item No. 2. *Id.* The Postal Service also reiterated that the Privacy Act *Notice* and the Privacy Act *Statement* identified by Plaintiff are not related to one another, and there are therefore no records related to a decision to "depart" from the Notice when preparing the Privacy Act Statement for the COVID-19 rapid test webform. *Id.*

21. However, the Postal Service observed that the language of Item No. 1 sought a broader scope of records than only those records related to a "decision to depart from" the Privacy Act Notice. *Id.* Accordingly, the Postal Service performed a new search for records responsive to Item No. 1. *Id.*

22. In response to Item No. 1, the Postal Service initiated a search for responsive records via its Information Catalog Program ("ICP"), the component with access to the Postal Service's email repository for the purposes of conducting email searches. Castorina 2d Supp. Decl. ¶ 3.

23. Specifically, Ms. Castorina requested that ICP search the email accounts of the six Postal Service employees who corresponded regarding the drafting of that Privacy Act Statement—Ms. Dyer, Mr. Karpenko, Ms. Workinger, Ms. Castorina, Mr. Gillespie, and Mr. Lind. *Id.* For this search, Ms. Castorina asked ICP to use (1) the search term "Privacy Statement"

and (2) the full text of the Privacy Act Statement ultimately used on the COVID-19 rapid test webform, in quotation marks. *Id.* This search returned no responsive records. *Id.*

24. To identify responsive records, the three Privacy and Records Management Office employees who drafted the Privacy Act Statement at issue—Ms. Castorina, Mr. Gillespie, and Mr. Lind—browsed their email archives and determined that the terms "Privacy Act Statement" and "810" (the identifier corresponding to the Privacy Act System of Records for USPS.com registration information) might return responsive records. *Id.* ¶ 4. Accordingly, these three individuals searched their emails using these search terms, resulting in the identification of nine pages of responsive records. *Id.*; *see* USPS_1–USPS_9.

25. The Postal Service conducted a line-by-line review of the responsive records, made redactions pursuant to Exemptions 5 and 6 of the FOIA, and enclosed the records along with the administrative appeal decision materials. Castorina Decl., Ex. 1.

### Court Order and Subsequent Searches

26. Plaintiff filed its Complaint in this matter on April 28, 2022. Compl. at 1.

27. On March 23, 2023, after briefing by the parties, the Court in part ordered the Postal Service to perform additional searches for records responsive to Plaintiff's FOIA request. *See* ECF No. 31.

28. Specifically, the Court ordered the Postal Service to search the records of Mr. Karpenko, Ms. Workinger, and Ms. Dyer and to "include records concerning changes made to the Privacy Act Statement after [Plaintiff] filed its administrative appeal but before the search prompted by the General Counsel's decision on that appeal . . . ." *Id.* at 2.

29. Pursuant to the Court's Order, the Privacy and Records Management Office requested that ICP search the email accounts of Ms. Dyer, Mr. Karpenko, and Ms. Workinger for

the same search terms as resulted in the identification of the first nine pages of responsive records—"Privacy Act Statement" and "810." Castorina 2d Supp. Decl. ¶ 7. This search resulted in the identification of 14 additional pages of responsive records. *Id.* The Postal Service redacted the documents pursuant to FOIA Exemptions 5 and 6 and provided them to the Department of Justice for production. *Id.*

30.     As described above, the Postal Service did not revise the Privacy Act Statement appearing on the COVID-19 rapid test webform between the date of the FOIA request (February 7, 2022) and the date of the General Counsel's decision on Plaintiff's administrative appeal (April 6, 2022). *Id.* ¶¶ 8-10. Accordingly, the Postal Service does not have records responsive to any such revision. *Id.*

31.     Following the Court's Order, the Postal Service conducted a supplemental search for records related to the revision of the Privacy Act Statement that occurred on January 28, 2022. *Id.* ¶ 12. Initially, Mr. Gillespie, Mr. Lind, and Ms. Castorina browsed their email archives for relevant email traffic during this period. *Id.* Based on this review, we identified the terms "Privacy Concern" and "Test Kit Web Info," which would be both broad enough and specific enough to capture any records that related to a revision of the Privacy Act Statement. *Id.* ICP used these search terms in the email archives of myself, Mr. Lind, Mr. Gillespie, Ms. Dyer, Mr. Karpenko, and Ms. Workinger, along with Mr. Adams, Vice President of Government Relations Peter Pastre, and General Counsel Thomas Marshall (who appeared on the emails we identified through our initial search). *Id.* The email addresses used were targeted to capture individuals at the Postal Service involved with any revision to the Privacy Act Statement. *Id.* Specifically, Mr. Gillespie, Mr. Lind, and Ms. Castorina all work for the Privacy and Records Management Office and were involved in the revision because our office governs Privacy Act Statements. *Id.* Ms.

Workinger, Mr. Karpenko, and Ms. Dyer all jointly had control over the test-kit website and might have been involved in the revision to the extent that they would be provided text to post on the website. *Id.* Mr. Adams is the Vice President of Corporate Communications and was involved in the revision to the extent that it resulted from outside comments and concerns. *Id.* Mr. Pastre is the Vice President of Government Relations and was involved in the revision for the same reasons as Mr. Adams. Mr. Marshall is the General Counsel. *Id.* The Privacy and Records Management Office falls within the Law Department and, therefore, the General Counsel would be copied on revisions, given the visibility of the test-kit initiative. *Id.* The search criteria used for this search differed from the prior searches because the discussion concerning the revision occurred separately from the creation of the Privacy Act Statement and occurred during a different timeframe. *Id.* Following this search, we located 27 pages of responsive records. *Id.* Those records were properly redacted and provided to the Department of Justice for production to the Plaintiff. *Id.*

**Documents Disclosed to Plaintiff**

32. The emails produced by the Postal Service to Plaintiff in response to Item No. 1 reflect internal staff communications among the Postal Service's Chief Privacy and Records Management Officer with her subordinates and colleagues concerning drafts of the Privacy Act Statement and placement on the test kit webpage. Castorina Decl. ¶ 18 & Exhibit 2.

33. The communications withheld by the Postal Service pursuant to Exemption 5 and the deliberative process privilege reflect discussions about what language should be used in the Privacy Act Statement, which subsequently appeared on the live testing of the webpage before the webpage was finalized. Castorina Decl. ¶¶ 13-18.

34. The redacted communications took place prior to any final decision by the Postal

Service to include a Privacy Act Statement on the COVID-19 test kit webpage. Castorina Decl. ¶ 18 & Exhibit B; Castorina 2d Supp. Decl. ¶¶ 13-18.

35. All the withheld communications involve the Postal Service's Chief Privacy and Records Management Officer (an attorney) and her staff providing legal advice on the Privacy Act of 1974, including requirements for the content of Privacy Act Statements and their location on the webpage. Castorina Decl. ¶ 20 & Exhibit 2; Castorina 2d Supp. Decl. ¶¶ 13-18.

36. These internal discussions involve the application of the Privacy Act's requirements to the COVID-19 test kit webpage. Castorina Decl. ¶ 20 & Exhibit 2; Castorina 2d Supp. Decl. ¶¶ 13-18.

37. The Postal Service treats these communications as confidential communications among its Law Department employees and their internal clients. Castorina Decl. ¶ 20 & Exhibit 2; Castorina 2d Supp. Decl. ¶¶ 13-18.

38. Public disclosure of the withheld portions of these emails would have a chilling effect on the agency's decision-making processes, thereby lower the overall quality of those processes, and cause public confusion about the agency's final Privacy Act Statement which is not reflected in the email. Castorina Decl. ¶ 19 & Exhibit 2; Castorina 2d Supp. Decl. ¶¶ 21-29.

39. The Postal Service also withheld mobile phone numbers and work email addresses of Postal Service employees pursuant to FOIA Exemption 6. Castorina Decl. ¶ 21 & Exhibit 2; Castorina 2d Supp. Decl. ¶¶ 19-20.

40. Public disclosure of the Postal Service employees' contact information would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty and subject them to phishing schemes and spam messages. Castorina Decl. ¶ 24 & Exhibit 2; Castorina 2d Supp. Decl. ¶¶ 19-20.

41. Defendant conducted a line-by-line review of the responsive records to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied. Castorina Decl. ¶ 25; Castorina 2d Supp. Decl. ¶ 30.

42. Based on the line-by-line review, all non-exempt information was segregated and non-exempt portions were released. Castorina Decl. ¶ 25; Castorina 2d Supp. Decl. ¶ 30.

43. The Postal Service did not withhold any non-exempt information on the ground that it was not segregable. Castorina Decl. ¶ 25; Castorina 2d Supp. Decl. ¶ 30.

Dated: July 31, 2024                               Respectfully submitted

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/ Patricia King McBride
PATRICIA KING McBRIDE
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
(202) 252-7123

*Counsel for Defendants*