UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants. | Civil Action No. 22-1183 (RCL) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Civil Rule 7(h), Defendants the United States Postal Service (the "Postal Service"), Postmaster General Louis DeJoy, and General Counsel Thomas Marshall, by and through undersigned counsel, respectfully submit this Statement of Material Facts as to Which There is No Genuine Dispute in support of their Motion for Summary Judgment supported by the Third Supplemental Declaration of Janine Castorina.

1.      By letter dated February 7, 2022, Plaintiff Americans for Fair Treatment submitted a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to the Postal Service for the following:

a.      All records concerning the "Privacy Act Statement" contained on USPS's webform through which members of the public may order rapid antigen COVID-19 tests (https://special.usps.com/testkits). The records requested include, but are not limited to, those that reflect USPS's decision to depart from using its default "Privacy Act notice" that is "for personal information collected online" (which is published at https://about.usps.com/who/legal/privacy-policy/full-privacy-policy.htm) and instead to use a "Privacy Act Statement" that says USPS may, without consent, disclose information it obtains about the public through the COVID-19 test webform to "labor organizations as required by applicable law." (hereinafter, "Item No. 1")

b.      All records concerning USPS's disclosure to any labor organization of information it obtained through the COVID-19 test webform. (hereinafter, "Item No. 2")

3d Supp. Castorina Decl. ¶ 18.

2. On February 25, 2022, the Postal Service issued its determination indicating that there were no records responsive to Plaintiff's request. 3d Supp. Castorina Decl. ¶ 23.

3. By letter dated March 15, 2022, Plaintiff administratively appealed the initial decision to the Office of the General Counsel. 3d Supp. Castorina Decl. ¶ 24.

4. The Postal Service conducted another search, and on April 6, 2022, issued its decision, releasing nine pages in part as responsive to the first part of Plaintiff's request and finding no responsive records as to the second part. 3d Supp. Castorina Decl. ¶¶ 25-28.

5. After the Court issued its opinion and order on March 23, 2023, ECF Nos. 30-31, the Postal Service conducted three supplemental searches in response to Plaintiff's request, releasing an additional 510 pages withheld in part under FOIA Exemptions 3, 5, and 6. 3d Supp. Castorina Decl. ¶¶ 30-51; 3d Supp. Castorina Decl. Ex. 1.

6. Plaintiff's counsel has indicated that it no longer disputes the adequacy of the Postal Service's search, or the invocation of FOIA Exemptions 3 and 6. App'x 2 at 2-3, E-mails. The parties have narrowed the issues to the Postal Service's invocation of Exemption 5. *Id*.

\*  \*  \*

- 3 -

Dated: December 12, 2024

Respectfully submitted

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/ Erika K. Oblea_____   .
    ERIKA K. OBLEA, D.C. Bar #1034393
    Assistant United States Attorney
    601 D Street NW
    Washington, D.C. 20530
    (202) 252-2567
    Erika.oblea@usdoj.gov

*Attorneys for the United States of America*