# Exhibit 1

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| USPS1 | USPS_001 | Date: 1/10/2022<br>Time: 8:57 a.m.<br>From: Janine Castorina<br>To: Christopher Gillespie;<br>Christopher Lind<br>Subject: Re: 810 | **Internal discussions:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its drafting of a Privacy Act Statement that was to be used on the live testing of the COVID-19 test kit webpage. This privilege applies to all passages on page USPS_1 redacted under Exemption 5.<br>2. The email at issue reflects USPS's strategy, amongst staff members of the Privacy and Records Management Office, concerning the draft Privacy Act Statement and the Statement's relationship to a System of Record and the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was ongoing at the time of the email. The Privacy Act Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are met and would undermine internal clients' ability to freely communicate questions and concerns, along with counsel's ability to communicate with one another. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations, including with respect to the Privacy Act Statement, the final version of which is not included in these passages.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain rests on agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage. This privilege applies to all passages on page USPS_1 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice.<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government |

1

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | counsel and supporting staff in response to agency clients' request for legal advice. 5. Release would harm internal clients' ability to seek legal guidance and counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to supply candid guidance concerning compliance, including as to the Privacy Act, and would be unable to candidly discuss internal clients' compliance concerns.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**<u>Exemption 6</u>**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. 3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS2 | USPS_002 – USPS_003 | Date: 1/10/2022 Time: 4:43 p.m. From: Janine Castorina To: Christopher Gillespie; Christopher Lind Subject: Re: 810 | **Internal discussions:**<br><br>**<u>Exemption 5 – Deliberative Process Privilege</u>**<br><br>1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its drafting of a Privacy Act Statement that was to be used on the live testing of the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_2-USPS_3 redacted under Exemption 5. 2. The email at issue reflects USPS's strategy, amongst staff members of the Privacy and Records Management Office, concerning the draft Privacy Act Statement and the Statement's relationship to a System of Record and the COVID-19 test kit webpage. 3. The information withheld does not reflect the final determination of USPS.  It is pre-decisional and deliberative because the decision-making process was ongoing at the time of the email.  The Privacy Act Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication. 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are met and would undermine internal clients' ability to freely communicate questions and concerns, along with counsel's ability to communicate with |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
|  |  |  | one another. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations, including with respect to the Privacy Act Statement, the final version of which is not included in these passages.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain rests on agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_2-USPS_3 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice.<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government counsel and supporting staff in response to agency clients' request for legal advice.<br>5. Release would harm internal clients' ability to seek legal guidance and counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to supply candid guidance concerning compliance, including as to the Privacy Act, and would be unable to candidly discuss internal clients' compliance concerns.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. |

3

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS3 | USPS_004 – USPS_006 | Date: 1/11/2022<br>Time: 9:14 a.m.<br>From: Janine Castorina<br>To: Christopher Gillespie; Christopher Lind<br>Subject: Re: 810 | **Internal discussions:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its drafting of a Privacy Act Statement that was to be used on the live testing of the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_4-USPS_6 redacted under Exemption 5.<br>2. The email at issue reflects USPS's strategy, amongst staff members of the Privacy and Records Management Office, concerning the draft Privacy Act Statement and the Statement's relationship to a System of Record and the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was ongoing at the time of the email. The Privacy Act Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are met and would undermine internal clients' ability to freely communicate questions and concerns, along with counsel's ability to communicate with one another. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations, including with respect to the Privacy Act Statement, the final version of which is not included in these passages.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain rests on agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_4-USPS_6 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice.<br>3. The email is related to the application of the Privacy Act, including its Privacy Act |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government counsel and supporting staff in response to agency clients' request for legal advice.<br>5. Release would harm internal clients' ability to seek legal guidance and counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to supply candid guidance concerning compliance, including as to the Privacy Act, and would be unable to candidly discuss internal clients' compliance concerns.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS4 | USPS_007 – USPS_008 | Date: 1/11/2022<br>Time: 9:29 a.m.<br>From: Kimberly Workinger<br>To: Janine Castorina; Christopher Karpenko<br>Subject: Re: Privacy Statement Updated | **Internal discussions:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its drafting of a Privacy Act Statement that was to be used on the live testing of the COVID-19 test kit webpage.<br>2. The email at issue reflects USPS's strategy, amongst staff members of the Privacy and Records Management Office, concerning the draft Privacy Act Statement and the Statement's relationship to a System of Record and the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS.  It is pre-decisional and deliberative because the decision-making process was ongoing at the time of the email.  The Privacy Act Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are met and would undermine internal clients' ability to freely |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | communicate questions and concerns, along with counsel's ability to communicate with one another. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations, including with respect to the Privacy Act Statement, the final version of which is not included in these passages.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain rests on agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage.<br>2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice.<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government counsel and supporting staff in response to agency clients' request for legal advice.<br>5. Release would harm internal clients' ability to seek legal guidance and counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to supply candid guidance concerning compliance, including as to the Privacy Act, and would be unable to candidly discuss internal clients' compliance concerns.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 3.  There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS5 | USPS_009 | Date: 1/11/2022<br>Time: 7:37 a.m.<br>From: Janine Castorina<br>To: Heather Dyer<br>Subject: Re: Privacy Statement Updated | **Internal discussions:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1.  The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its drafting of a Privacy Act Statement that was to be used on the live testing of the COVID-19 test kit webpage.<br>2.  The email at issue reflects USPS's strategy, amongst staff members of the Privacy and Records Management Office, concerning the draft Privacy Act Statement and the Statement's relationship to a System of Record and the COVID-19 test kit webpage.<br>3.  The information withheld does not reflect the final determination of USPS.  It is pre-decisional and deliberative because the decision-making process was ongoing at the time of the email.  The Privacy Act Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication.<br>4.  Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are met and would undermine internal clients' ability to freely communicate questions and concerns, along with counsel's ability to communicate with one another. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations, including with respect to the Privacy Act Statement, the final version of which is not included in these passages.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1.  This email chain rests on agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage.<br>2.  The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice.<br>3.  The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4.  The email contains the product of confidential legal discussions amongst government |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | counsel and supporting staff in response to agency clients' request for legal advice. <br> 5. Release would harm internal clients' ability to seek legal guidance and counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to supply candid guidance concerning compliance, including as to the Privacy Act, and would be unable to candidly discuss internal clients' compliance concerns. <br><br> **Employee email addresses and mobile phone numbers:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS6 | USPS_010 – USPS_024 | Date: 1/27/2022 <br> Time: 4:45 p.m. <br> From: Elliott Rosner <br> To: Kimberly Workinger; Claire Dykes; Joseph Loong; Mark Ross; Andrew Hung; Solana Lazarte; Brittnee Hodges; Chukka Shilpa; Gabriel Freytes <br> Subject: RE: [EXTERNAL] RE: TEST KIT WEB INFO – PRIVACY ONCERN | **Internal discussions:** <br><br> **Exemption 5 – Deliberative Process Privilege** <br><br> 1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its drafting of a Privacy Act Statement that was to be used on the live testing of the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_10-USPS_24 redacted under Exemption 5. <br> 2. The email at issue reflects USPS's strategy, amongst staff members of the Privacy and Records Management Office, concerning the draft Privacy Act Statement and the Statement's relationship to a System of Record and the COVID-19 test kit webpage. <br> 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was ongoing at the time of the email. The Privacy Act Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication. <br> 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are met and would undermine internal clients' ability to freely communicate questions and concerns, along with counsel's ability to communicate with |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|  |  |  | one another. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations, including with respect to the Privacy Act Statement, the final version of which is not included in these passages. <br><br>**Exemption 5 – Attorney Client Privilege** <br><br> 1. This email chain rests on agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_10-USPS_24 redacted under Exemption 5 . <br> 2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice. <br> 3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage. <br> 4. The email contains the product of confidential legal discussions amongst government counsel and supporting staff in response to agency clients' request for legal advice. <br> 5. Release would harm internal clients' ability to seek legal guidance and counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to supply candid guidance concerning compliance, including as to the Privacy Act, and would be unable to candidly discuss internal clients' compliance concerns. <br><br>**Employee email addresses and mobile phone numbers:** <br>**Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. <br> 3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| USPS7 | USPS_025 – USPS_033 | Date: 1/27/2022<br>Time: 7:46 a.m.<br>From: Janine Castorina<br>To: Peter Pastre; Thomas Marshall; Jeffrey Adams; Gary Barksdale<br>Subject: RE: TEST KIT WEB INFO – PRIVACY ONCERN | **Internal discussions:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its drafting of a Privacy Act Statement that was to be used on the live testing of the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_25-USPS_33 redacted under Exemption 5.<br>2. The email at issue reflects USPS's strategy, amongst staff members of the Privacy and Records Management Office, concerning the draft Privacy Act Statement and the Statement's relationship to a System of Record and the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was ongoing at the time of the email. The Privacy Act Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are met and would undermine internal clients' ability to freely communicate questions and concerns, along with counsel's ability to communicate with one another. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations, including with respect to the Privacy Act Statement, the final version of which is not included in these passages.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain rests on agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_25-USPS_33 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice.<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government |

10

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | counsel and supporting staff in response to agency clients' request for legal advice. |
| | | | 5. Release would harm internal clients' ability to seek legal guidance and counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to supply candid guidance concerning compliance, including as to the Privacy Act, and would be unable to candidly discuss internal clients' compliance concerns. |
| | | | **Employee email addresses and mobile phone numbers:** |
| | | | **Exemption 6** |
| | | | 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. |
| | | | 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. |
| | | | 3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS8 | USPS_034 – USPS_036 | Date: 1/27/2022<br>Time: 4:43 p.m.<br>From: Christopher Karpenko<br>To: Janine Castorina; Maria Votsch; Kimberly Workinger; Margaret Dykes; David Colon; Marc McCrery<br>Subject: RE: TEST KIT WEB INFO – PRIVACY CONCERN | **Internal discussions:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its drafting of a Privacy Act Statement that was to be used on the live testing of the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_34-USPS_36 redacted under Exemption 5.<br>2. The email at issue reflects USPS's strategy, amongst staff members of the Privacy and Records Management Office, concerning the draft Privacy Act Statement and the Statement's relationship to a System of Record and the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS.  It is pre-decisional and deliberative because the decision-making process was ongoing at the time of the email.  The Privacy Act Statement had not yet been finalized for purposes of the final COVID-19 test kit webpage. The webpage was in the testing phase at the time of this communication.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are met and would undermine internal clients' ability to freely communicate questions and concerns, along with counsel's ability to communicate with |

11

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|  |  |  | one another. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations, including with respect to the Privacy Act Statement, the final version of which is not included in these passages.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain rests on agency clients' request for legal advice concerning the application of the Privacy Act, including its requirements for Privacy Statements, to the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_34-USPS_36 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are within the Privacy and Records Management Office of the USPS Law Department. Christopher Gillespie and Christopher Lind acted and communicated at the direction of Janine Castorina, the Chief Privacy and Records Management Officer and attorney within the USPS's Law Department, to answer the agency clients' request for legal advice.<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government counsel and supporting staff in response to agency clients' request for legal advice.<br>5. Release would harm internal clients' ability to seek legal guidance and counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to supply candid guidance concerning compliance, including as to the Privacy Act, and would be unable to candidly discuss internal clients' compliance concerns.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. |

12

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
|  |  |  | 3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS9 | USPS_037 – USPS_038 | Date: 1/13/2022<br>Time: 10:03 a.m.<br>From: Christopher Karpenko<br>To: David Colon; Marc McCrery; Kimberly Workinger<br>Subject: RE: Privacy Statement Updated | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty.  Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS10 | USPS_039 – USPS_041 | Date: 1/13/2022<br>Time: 10:02 a.m.<br>From: Kimberly Workinger<br>To: David Colon; Christopher Karpenko; Marc McCrery<br>Subject: RE: Privacy Statement Updated | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty.  Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS11 | USPS_042 – USPS_044 | Date: 1/11/2022<br>Time: 9:37 a.m.<br>From: Kimberly Workinger<br>To: Christopher Karpenko<br>Subject: RE: Privacy Statement Updated | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty.  Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |

13

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| USPS12 | USPS_045 – USPS_046 | Date: 1/11/2022<br>Time: 9:29 a.m.<br>From: Kimberly Workinger<br>To: Janine Castorina; Christopher Karpenko<br>Subject: RE: Privacy Statement Updated | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS13 | USPS_047 – USPS_049 | Date: 1/11/2022<br>Time: 9:46 a.m.<br>From: Claire Dykes<br>To: Kimberly Workinger<br>Subject: Re: [External] FW: Privacy Statement Updated | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS14 | USPS_050 | Date: 1/9/2022<br>Time: 9:35 a.m.<br>From: Kimberly Workinger<br>To: Janine Castorina; Christopher Karpenko<br>Subject: New Privacy Statement | **Employee mobile phone number:**<br><br>**Exemption 6**<br><br>1. This email contains an employee's mobile phone number, which constitutes a "similar file."<br>2. Employees have a privacy interest in their postal mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS15 | USPS_051 - USPS_063 | Date: 1/5/2022<br>Time: 12:12 p.m.<br>From: Kimberly B. Workinger | **Internal discussion and draft language:**<br><br>**Exemption 5 – Deliberative Process Privilege** |

14

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
|  |  | To: Maria W. Votsch; Tracy A. Dobson<br>Subject: RE: Project T Privacy Policy Questions | 1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its legal review of the COVID-19 test kit webpage, with a particular focus on privacy matters. This privilege applies to all passages on pages USPS_051 to USPS_053 redacted under Exemption 5. Furthermore, ten pages of attachments, on pages USPS_054 to USPS_063, have been withheld in full pursuant to this privilege. These pages contain draft versions of four screens to appear in the COVID-19 test kit webpage checkout process.<br>2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Law Department and the Digital Brand Marketing team, concerning privacy issues arising in relation to the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was ongoing at the time of the email. The COVID-19 test kit webpage, and its components, had not yet been finalized.<br>4. Release would harm the Postal Service's ability to ensure that the various requirements of its legal review process are satisfied and would undermine internal clients' ability to freely communicate questions and concerns, along with counsel's ability to communicate with one another. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**<u>Exemption 5 – Attorney Client Privilege</u>**<br><br>1. This email chain rests on agency clients' request for legal advice concerning privacy matters arising in relation to the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_51 to USPS_53 redacted under Exemption 5, as well as to the attachments withheld in full on pages USPS_54 to USPS_63.<br>2. The USPS employees involved in the communication are within the Law Department (Maria Votsch, Tracy Dobson, Karren Vance, and Janine Castorina) and the Brand Marketing group (Kimberly Workinger and Christopher Karpenko). Ms. Workinger sought legal guidance regarding privacy matters arising in relation to the COVID-19 test kit webpage, and internal counsel responded to her inquiry.<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government counsel in response to agency clients' request for legal advice.<br>5. Release would harm internal clients' ability to seek legal guidance and counsel's ability |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to supply candid guidance concerning compliance, including as to the Privacy Act, and would be unable to candidly discuss internal clients' compliance concerns.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS16 | USPS_064 - USPS_068 | Date: 1/5/2022<br>Time: 12:37 p.m.<br>From: Karren D. Vance<br>To: Kimberly B. Workinger; Janine Castorina; Maria W. Votsch<br>Subject: RE: Project T Privacy Policy Questions | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the chain produced at USPS_051 to USPS_063, is USPS's ongoing iterative decision-making process related to its legal review of the COVID-19 test kit webpage, with a particular focus on privacy matters. This privilege applies to all passages on pages USPS_064 to USPS_068 redacted under Exemption 5.<br>2. The email chain at issue reflect USPS's deliberations, amongst members of the Law Department and the Digital Brand Marketing team, concerning privacy issues arising in relation to the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was ongoing at the time of the email. The COVID-19 test kit webpage, and its components, had not yet been finalized.<br>4. Release would harm the Postal Service's ability to ensure that the various requirements of its legal review process are satisfied and would undermine internal clients' ability to freely communicate questions and concerns, along with counsel's ability to communicate with one another. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and |

16

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain rests on agency clients' request for legal advice concerning privacy matters arising in relation to the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_064 to USPS_068 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are within the Law Department (Maria Votsch, Tracy Dobson, Karren Vance, and Janine Castorina) and the Brand Marketing group (Kimberly Workinger and Christopher Karpenko). Ms. Workinger sought legal guidance regarding privacy matters arising in relation to the COVID-19 test kit webpage, and internal counsel responded to her inquiry.<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government counsel in response to agency clients' request for legal advice.<br>5. Release would harm internal clients' ability to seek legal guidance and counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to supply candid guidance concerning compliance, including as to the Privacy Act, and would be unable to candidly discuss internal clients' compliance concerns.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS17 | USPS_069 - USPS_071 | Date: 1/5/2022<br>Time: 12:51 p.m.<br>From: Christopher J. Karpenko | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | To: Kimberly B. Workinger<br>Subject: RE: Project T Privacy Policy Questions | 1. The deliberative process involved in this email chain, which is a continuation of the chain produced at USPS_051 to USPS_063, is USPS's ongoing iterative decision-making process related to its legal review of the COVID-19 test kit webpage, with a particular focus on privacy matters. This privilege applies to all passages on pages USPS_069 to USPS_071 redacted under Exemption 5.<br>2. The email chain at issue reflect USPS's deliberations, amongst members of the Law Department and the Digital Brand Marketing team, concerning privacy issues arising in relation to the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was ongoing at the time of the email. The COVID-19 test kit webpage, and its components, had not yet been finalized.<br>4. Release would harm the Postal Service's ability to ensure that the various requirements of its legal review process are satisfied and would undermine internal clients' ability to freely communicate questions and concerns, along with counsel's ability to communicate with one another. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain rests on agency clients' request for legal advice concerning privacy matters arising in relation to the COVID-19 test kit webpage. This privilege applies to all passages on pages USPS_069 to USPS_071 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are within the Law Department (Maria Votsch, Tracy Dobson, Karren Vance, and Janine Castorina) and the Brand Marketing group (Kimberly Workinger and Christopher Karpenko). Ms. Workinger sought legal guidance regarding privacy matters arising in relation to the COVID-19 test kit webpage, and internal counsel responded to her inquiry. In the final email included in this chain, Ms. Workinger communicates regarding this advice with her colleague, Mr. Karpenko.<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government counsel in response to agency clients' request for legal advice.<br>5. Release would harm internal clients' ability to seek legal guidance and counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal |

18

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to supply candid guidance concerning compliance, including as to the Privacy Act, and would be unable to candidly discuss internal clients' compliance concerns.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS18 | USPS_072 | Date: 1/6/2022<br>Time: 1:59 p.m.<br>From: Kimberly B. Workinger<br>To: Maria W. Votsch; Karren D. Vance; Janine Castorina; Christopher P. Gillespie; Margaret Dykes; Jeffrey Pass; Matthew J. Petrowski; Maya Lilley<br>Subject: FW: Discussion with Privacy | **Internal Videoconference Information:**<br><br>**Exemption 3**<br><br>1. This email chain contains access information for USPS videoconference meetings.<br>2. This information constitutes commercial information exempt from disclosure under Exemption 3 and 39 U.S.C. § 410(c)(2), as it stems from USPS's use of commercial tools in carrying out postal business, which would not be disclosed as a matter of good business practice. |
| USPS19 | USPS_073 – USPS_074 | Date: 1/6/2022<br>Time: 4:33 p.m.<br>From: Janine Castorina<br>To: Thomas J. Marshall<br>Subject: Re: 810 Finals | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its legal review of the Privacy Act system of records ("SOR") concerning information gathered on the COVID-19 test kit webpage, including its compliance with the Privacy Act's statement requirement. This privilege applies to both passages on page USPS_073 redacted under Exemption 5.<br>2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Law Department, concerning compliance with the Privacy Act. |

19

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|     |       |         | 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the decision-making process was ongoing at the time of the email.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain rests on agency clients' request for legal advice concerning privacy matters arising in relation to the COVID-19 test kit webpage. This privilege applies to both passages on page USPS_073 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are lawyers in the Law Department (Janine Castorina and Christopher Gillespie of the Privacy and Records Management Office, along with General Counsel Tom Marshall).<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government counsel concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| USPS20 | USPS_075 – USPS_082 | Date: 1/9/22<br>Time: 11:08 a.m.<br>From: Maria Votsch<br>To: Christopher Karpenko<br>Subject: RE: [EXTERNAL] RE: Dream Team | **Internal discussion and draft language:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to the development of the COVID-19 test kit webpage, particularly as to the USPS Law Department's review of proposed screens. This privilege applies to each passage on pages USPS_075 and USPS_076 redacted under Exemption 5, along with the email attachment on page USPS_082.<br>2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Law Department and the Digital Brand Marketing team, concerning various legal matters arising in relation to the COVID-19 test kit web page.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the COVID-19 test kit web page was not final at the time of the email, as reflected in the draft language appearing in the attachment on page USPS_082.<br>4. Release would harm the Postal Service's ability to ensure that various legal requirements, including arising from the Privacy Act, are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain rests on agency clients' request for legal advice concerning privacy matters arising in relation to the COVID-19 test kit webpage. This privilege applies to the passage on page USPS_075 redacted under Exemption 5.<br>2. The USPS employee who wrote this message (Maria Votsch) is a lawyer in the USPS Law Department fulfilling her responsibilities in reviewing legal issues related to the COVID-19 test kit web page. Attorney Karren Vance and members of the Brand Marketing group (Kimberly Workinger and Christopher Karpenko) received the email, which was written in response to requests for legal review by the Brand Marketing group.<br>3. The email includes advice on several legal matters, including as to the Privacy Act and language for the web page's Terms and Conditions.<br>4. The email contains the product of confidential legal discussions amongst government counsel concerning the Postal Service's obligations under the Privacy Act and other requirements. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 5.  Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1.  This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2.  Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages<br>3.  There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS21 | USPS_083 – USPS_094 | Date: 1/9/2022<br>Time: 12:36 p.m.<br>From: Maria W. Votsch<br>To: Christopher J. Karpenko<br>Subject: Re: [EXTERNAL] RE: Dream Team | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1.  The deliberative process involved in this email chain, which is a continuation of the chain produced at USPS_051 to USPS_063, is USPS's ongoing iterative decision-making process related to its legal review of the Privacy Act system of records ("SOR") concerning information gathered on the COVID-19 test kit webpage, including its compliance with the Privacy Act's statement requirement. This privilege applies to all passages on pages USPS_083 to USPS_085 redacted under Exemption 5.<br>2.  The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Law Department and the Digital Brand Marketing team, concerning various legal matters arising in relation to the COVID-19 test kit web page.<br>3.  The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the COVID-19 test kit web page was not final at the time of the email.<br>4.  Release would harm the Postal Service's ability to ensure that various legal requirements, including arising from the Privacy Act, are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | deliberations. <br><br> **Exemption 5 – Attorney Client Privilege** <br><br> 1. This email chain rests on agency clients' request for legal advice concerning privacy matters arising in relation to the COVID-19 test kit webpage. This privilege applies to the passage on pages USPS_084 and USPS_085 redacted under Exemption 5. <br> 2. The USPS employee who wrote this message (Maria Votsch) is a lawyer in the USPS Law Department fulfilling her responsibilities in reviewing legal issues related to the COVID-19 test kit web page. Attorney Karren Vance and members of the Brand Marketing group (Kimberly Workinger and Christopher Karpenko) received the email, which was written in response to requests for legal review by the Brand Marketing group. <br> 3. The email includes advice on several legal matters, including as to the Privacy Act and language for the web page's Terms and Conditions. <br> 4. The email contains the product of confidential legal discussions amongst government counsel concerning the Postal Service's obligations under the Privacy Act and other requirements. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act. <br><br> **Employee email addresses and mobile phone numbers:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS22 | USPS_095 | Date: 1/10/2022 <br> Time: 1:04 p.m. <br> From: Christopher J. Karpenko <br> To: Jerry L. Wheeler | **Employee email addresses:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses, which constitute similar files. |

23

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | Subject: RE: Plan B web content? | 2. Employees have a privacy interest in their postal email addresses because disclosure would subject them to unwarranted harassment such as unwanted emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses do not shed light on the operations and activities of the USPS. |
| USPS23 | USPS_096 USPS_099 | Date: 1/10/2022<br>Time: 3:08 p.m.<br>From: Christopher J. Karpenko<br>To: Kimberly B. Workinger; Karren D. Vance; Law Department Ad Review<br>Subject: RE: Attorney Client Privileged Ad Review: EXPEDITE: LD22-157 Project T Flow A & B Screen Review | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to the development of the COVID-19 test kit webpage, particularly as to the USPS Law Department's review of proposed screens. This privilege applies to each passage on pages USPS_097 to USPS_099 redacted under Exemption 5.<br>2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Law Department and the Digital Brand Marketing team, concerning the Law Department's legal review of the COVID-19 test kit webpage.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the COVID-19 test kit web page was not final at the time of the email.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain rests on agency clients' request for advice concerning diverse legal matters arising in relation to the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_097 to USPS_099 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are lawyers in the Law Department and members of the Brand Marketing group.<br>3. The email chain contains a request for legal advice from an internal client (Kimberly Workinger) as part of the Law Department's review process, in addition to a response from an attorney in the Law Department (Karren Vance).<br>4. The email contains the product of confidential legal discussions between government counsel and internal clients regarding the Law Department's review process. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**<u>Exemption 6</u>**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS.<br><br>**Internal File Names and Details:**<br><br>**<u>Exemption 3</u>**<br><br>1. This email chain contains file names and specifications related to the Law Department's review of the COVID-19 test kit webpage.<br>2. This information constitutes commercial information exempt from disclosure under Exemption 3 and 39 U.S.C. § 410(c)(2), as it relates to the manner of<br>3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS24 | USPS_100 - USPS_103 | Date: 1/10/2022<br>Time: 3:08 p.m.<br>From: Christopher P. Gillespie<br>To: Kimberly B. Workinger; Karren D. Vance; Law Department Ad Review; Christopher J. Karpenko<br>Subject: RE: Attorney Client Privileged Ad Review: EXPEDITE: LD22-157 Project T Flow A & B Screen Review | **Internal discussion:**<br><br>**<u>Exemption 5 – Deliberative Process Privilege</u>**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the chain produced at USPS_097 to USPS_099, is USPS's ongoing iterative decision-making process related to the development of the COVID-19 test kit webpage, particularly as to the USPS Law Department's review of proposed screens. This privilege applies to each passage on pages USPS_101 to USPS_103 redacted under Exemption 5.<br>2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Law Department and the Digital Brand Marketing team, concerning the Law |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | Department's legal review of the COVID-19 test kit webpage. |
| | | | 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the COVID-19 test kit web page was not final at the time of the email. |
| | | | 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. |
| | | | **Exemption 5 – Attorney Client Privilege** |
| | | | 1. This email chain rests on agency clients' request for advice concerning diverse legal matters arising in relation to the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_101 to USPS_103 redacted under Exemption 5. |
| | | | 2. The USPS employees involved in the communication are lawyers in the Law Department and members of the Brand Marketing group. |
| | | | 3. The email chain contains a request for legal advice from an internal client (Kimberly Workinger) as part of the Law Department's review process, in addition to a response from an attorney in the Law Department (Karren Vance). |
| | | | 4. The email contains the product of confidential legal discussions between government counsel and internal clients regarding the Law Department's review process. |
| | | | 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance. |
| | | | **Employee email addresses and mobile phone numbers:** |
| | | | **Exemption 6** |
| | | | 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. |
| | | | 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 3.  There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS25 | USPS_104 USPS_107 | Date: 1/10/2022 Time: 4:28 p.m. From: Christopher P. Gillespie To: Christopher P. Gillespie; Karren D. Vance; Law Department Ad Review; Kimberly B. Workinger; Christopher J. Karpenko Subject: RE: Attorney Client Privileged Ad Review: EXPEDITE: LD22-157 Project T Flow A & B Screen Review | **Internal discussion:** <br><br> **Exemption 5 – Deliberative Process Privilege** <br><br> 1.  The deliberative process involved in this email chain, which is a continuation of the chain produced at USPS_097 to USPS_099, is USPS's ongoing iterative decision-making process related to the development of the COVID-19 test kit webpage, particularly as to the USPS Law Department's review of proposed screens. This privilege applies to each passage on pages USPS_104 to USPS_107 redacted under Exemption 5. <br> 2.  The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Law Department and the Digital Brand Marketing team, concerning the Law Department's legal review of the COVID-19 test kit webpage. <br> 3.  The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the COVID-19 test kit web page was not final at the time of the email. <br> 4.  Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. <br><br> **Exemption 5 – Attorney Client Privilege** <br><br> 1.  This email chain rests on agency clients' request for advice concerning diverse legal matters arising in relation to the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_101 to USPS_103 redacted under Exemption 5. <br> 2.  The USPS employees involved in the communication are lawyers in the Law Department and members of the Brand Marketing group. <br> 3.  The email chain contains a request for legal advice from an internal client (Kimberly Workinger) as part of the Law Department's review process, in addition to responses from attorneys in the Law Department (Karren Vance and Christopher Gillespie). <br> 4.  The email contains the product of confidential legal discussions between government counsel and internal clients regarding the Law Department's review process. <br> 5.  Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | with one another concerning statutory compliance. <br><br> **Employee email addresses and mobile phone numbers:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS26 | USPS_108 | Date: 1/10/2022 <br> Time: 11:03 p.m. <br> From: Farah A. Bandukwala <br> To: Heather L. Dyer <br> Subject: N/A | **Internal discussion:** <br><br> **Exemption 5 – Deliberative Process Privilege** <br><br> 1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to the development of the COVID-19 test kit webpage, particularly as to the Privacy Act statement to appear on that page. This privilege applies to the passage on page USPS_108 redacted under Exemption 5. <br> 2. The email at issue reflects USPS's deliberations, amongst members of the Digital Brand Marketing team, concerning the Law Department's legal review of the COVID-19 test kit webpage. <br> 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the COVID-19 test kit web page was not final at the time of the email. <br> 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. <br><br> **Exemption 5 – Attorney Client Privilege** |

28

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 1. This email chain rests on agency clients' request for advice concerning diverse legal matters arising in relation to the COVID-19 test kit webpage. This privilege applies to the passage on page USPS_108 redacted under Exemption 5. <br> 2. The USPS employees involved in the communication are members of the Brand Marketing group. <br> 3. The email chain contains guidance supplied by members of the Privacy and Records Management Office, a component of the Law Department. <br> 4. The email contains the product of confidential legal discussions between government counsel and internal clients regarding the preparation of the requisite Privacy Act statement. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance. <br><br> **Employee email addresses and mobile phone numbers:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS27 | USPS_109 - USPS_110 | Date: 1/11/2022 <br> Time: 7:20 a.m. <br> From: Heather L. Dyer <br> To: Kimberly B. Workinger; Farah A. Bandukwala; Christopher J. Karpenko; Jerry L. Wheeler; Elliott Rosner <br> Subject: RE: Privacy Act Statement - RE: Flow B Code Handoff | **Employee email addresses and mobile phone numbers:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | **Internal Website Staging Links:**<br><br>**Exemption 3**<br><br>1. This email chain contains staging links for pages to appear on USPS's website.<br>2. This information constitutes commercial information exempt from disclosure under Exemption 3 and 39 U.S.C. § 410(c)(2), as it stems from the development of USPS's website, using commercial staging tools that would not be disclosed under good business practice. |
| USPS28 | USPS_111 | Date: 1/11/2022<br>Time: 10:35 a.m.<br>From: Gabriel Freytes<br>To: Shilpa Chukka<br>Subject: Flow B Privacy Act Statement and FAQs Updates | **Internal Website Staging Links:**<br><br>**Exemption 3**<br><br>1. This email chain contains staging links for pages to appear on USPS's website.<br>2. This information constitutes commercial information exempt from disclosure under Exemption 3 and 39 U.S.C. § 410(c)(2), as it stems from the development of USPS's website, using commercial staging tools that would not be disclosed under good business practice. |
| USPS29 | USPS_112<br>USPS_114 | Date: 1/12/2022<br>Time: 2:09 p.m.<br>From: Joseph Loong<br>To: Kimberly B. Workinger; Brittnee Hodges<br>Subject: RE: [EXTERNAL] Questions about the test kit program | **Internal discussion and draft language:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to the development of guidance appearing on the COVID-19 test kit webpage. This privilege applies to both passages on page USPS_112 redacted under Exemption 5, along with the attachment at USPS_114.<br>2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Brand Marketing group, concerning the development of responses to Frequently Asked Questions (FAQs), including those identified by other Executive Branch offices. The attachment is a copy of the draft FAQ guidance.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the FAQ guidance had not yet been finalized at the time of the email.<br>4. Release would harm the Postal Service's ability to develop public-facing guidance and would undermine postal employees' ability to deliberate over such communications. Disclosure could result in the public misunderstanding of such guidance or misstatements of internal deliberations. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS30 | USPS_115<br>USPS_118 | Date: 1/12/2022<br>Time: 2:48 p.m.<br>From: Kimberly B. Workinger<br>To: Joseph Loong; Brittnee Hodges<br>Subject: RE: [EXTERNAL] Questions about the test kit program | **Internal discussion and draft language:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the chain produced at USPS_112 to USPS_114, is USPS's ongoing iterative decision-making process related to the development of guidance appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_115 and USPS_116 redacted under Exemption 5, along with the attachment at USPS_118.<br>2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Brand Marketing group, concerning the development of responses to Frequently Asked Questions (FAQs), including those identified by other Executive Branch offices. The attachment is a copy of another draft of the FAQ guidance.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the FAQ guidance had not yet been finalized at the time of the email.<br>4. Release would harm the Postal Service's ability to develop public-facing guidance and would undermine postal employees' ability to deliberate over such communications. Disclosure could result in the public misunderstanding of such guidance or misstatements of internal deliberations.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. |

31

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS31 | USPS_119<br>USPS_124 | Date: 1/12/2022<br>Time: 3:49 p.m.<br>From: Brittnee Hodges<br>To: Christopher J. Karpenko; Kimberly B. Workinger; Margaret C. Dykes; Joseph Loong<br>Subject: RE: [EXTERNAL] Questions about the test kit program | **Internal discussion and draft language:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the chain produced at USPS_112 to USPS_114, is USPS's ongoing iterative decision-making process related to the development of guidance appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_119 to USPS_122 redacted under Exemption 5, along with the attachment at USPS_124.<br>2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Brand Marketing group, concerning the development of responses to Frequently Asked Questions (FAQs), including those identified by other Executive Branch offices. The attachment is a copy of another draft of the FAQ guidance.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the FAQ guidance had not yet been finalized at the time of the email.<br>4. Release would harm the Postal Service's ability to develop public-facing guidance and would undermine postal employees' ability to deliberate over such communications. Disclosure could result in the public misunderstanding of such guidance or misstatements of internal deliberations.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| USPS32 | USPS_125 - USPS_129 | Date: 1/12/2022<br>Time: 3:51 p.m.<br>From: Kimberly B. Workinger<br>To: Brittnee Hodges; Christopher J. Karpenko; Margaret C. Dykes; Joseph Loong<br>Subject: RE: [EXTERNAL] Questions about the test kit program | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the chain produced at USPS_112 to USPS_114, is USPS's ongoing iterative decision-making process related to the development of guidance appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_125 to USPS_129 redacted under Exemption 5.<br>2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Brand Marketing group, concerning the development of responses to Frequently Asked Questions (FAQs), including those identified by other Executive Branch offices.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the FAQ guidance had not yet been finalized at the time of the email.<br>4. Release would harm the Postal Service's ability to develop public-facing guidance and would undermine postal employees' ability to deliberate over such communications. Disclosure could result in the public misunderstanding of such guidance or misstatements of internal deliberations.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS33 | USPS_130 - USPS_137 | Date: 1/12/2022<br>Time: 4:16 p.m.<br>From: Brittnee Hodges<br>To: Kimberly B. Workinger; Christopher J. Karpenko; Margaret C. Dykes; Joseph Loong | **Internal discussion and draft language:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the chain produced at USPS_112 to USPS_114, is USPS's ongoing iterative decision-making process related to the development of guidance appearing on the COVID-19 test |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | Subject: RE: [EXTERNAL] Questions about the test kit program | kit webpage. This privilege applies to each passage on pages USPS_130 to USPS_136 redacted under Exemption 5, along with the attachment at USPS_137. <br> 2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Brand Marketing group, concerning the development of responses to Frequently Asked Questions (FAQs), including those identified by other Executive Branch offices. The attachment is a copy of another draft of the FAQ guidance. <br> 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the FAQ guidance had not yet been finalized at the time of the email. <br> 4. Release would harm the Postal Service's ability to develop public-facing guidance and would undermine postal employees' ability to deliberate over such communications. Disclosure could result in the public misunderstanding of such guidance or misstatements of internal deliberations. <br><br> **Employee email addresses and mobile phone numbers:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. <br> 3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS34 | USPS_138 - USPS_141 | Date: 1/13/2022 <br> Time: 9:34 a.m. <br> From: David Colon <br> To: Melissa D. Rosen; Gartrell D. White <br> Subject: RE: [EXTERNAL] FAQs | **Internal discussion:** <br><br> **Exemption 5 – Deliberative Process Privilege** <br><br> 1. The deliberative process involved in this email chain, which relates to the same subject matter appearing in the email chain at USPS_112 to USPS_114, is USPS's ongoing iterative decision-making process related to the development of the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_138 and USPS_139 redacted under Exemption 5. <br> 2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Brand Marketing group, concerning the development of responses to Frequently Asked Questions (FAQs), including those identified by other Executive Branch offices. <br> 3. The information withheld does not reflect the final determination of USPS. It is pre- |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | decisional and deliberative because the FAQ guidance had not yet been finalized at the time of the email. |
| | | | 4. Release would harm the Postal Service's ability to develop public-facing guidance and would undermine postal employees' ability to deliberate over such communications. Disclosure could result in the public misunderstanding of such guidance or misstatements of internal deliberations. |
| | | | **Employee email addresses and mobile phone numbers:** |
| | | | **Exemption 6** |
| | | | 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. |
| | | | 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. |
| | | | 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS35 | USPS_142 - USPS_146 | Date: 1/13/2022 Time: 9:35 a.m. From: David Colon To: Christopher J. Karpenko; Kimberly B. Workinger Subject: RE: [EXTERNAL] FAQs | **Internal discussion:** <br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which relates to the same subject matter appearing in the email chain at USPS_112 to USPS_114 and is a continuation of the email chain at USPS_138 to USPS_141, is USPS's ongoing iterative decision-making process related to the development of the COVID-19 test kit webpage. This privilege applies to the passage on page USPS_143 redacted under Exemption 5.<br>2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Brand Marketing group, concerning the development of responses to Frequently Asked Questions (FAQs), including those identified by other Executive Branch offices.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the FAQ guidance had not yet been finalized at the time of the email.<br>4. Release would harm the Postal Service's ability to develop public-facing guidance and would undermine postal employees' ability to deliberate over such communications. Disclosure could result in the public misunderstanding of such guidance or misstatements of internal deliberations. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS36 | USPS_147 - USPS_148 | Date: 1/13/2022<br>Time: 10:01 a.m.<br>From: David Colon<br>To: Christopher J. Karpenko<br>Subject: RE: Privacy Statement Updated | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS37 | USPS_149 - USPS_151 | Date: 1/13/2022<br>Time: 10:17 a.m.<br>From: David Colon<br>To: Shannon W. Decastro; Melissa D. Rosen; Gartrell D. White<br>Subject: RE: Privacy Statement Updated | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS38 | USPS_152 – USPS_161 | Date: 1/13/2022<br>Time: 1:57 p.m.<br>From: David Colon | **Internal discussion and draft language:**<br><br>**Exemption 5 – Deliberative Process Privilege** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | To: Christopher J. Karpenko<br>Subject: RE: Flow Diagrams_w_CX Flow(006).pptx | 1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to guidance and scripts for call center representatives answering common questions regarding the COVID-19 test kit webpage. This privilege applies to the attachment at USPS_153 to USPS_161.<br>2. The attachment at issue reflects USPS's deliberations, amongst members of the Brand Marketing group, concerning the development of responses to common issues about which call center representatives might receive questions as to the COVID-19 test kit website.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the guidance had not yet been finalized and the attachment contains comments and proposed revisions to the guidance.<br>4. Release would harm the Postal Service's ability to develop internal guidance and would undermine postal employees' ability to deliberate over such communications. Disclosure could result in the public misunderstanding of such guidance or misstatements of internal deliberations.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS39 | USPS_162 - USPS_171 | Date: 1/13/2022<br>Time: 3:00 p.m.<br>From: Christopher J. Karpenko<br>To: Louis DeJoy; Pritha N. Mehra; Scott R. Bombaugh; Steven W. Monteith<br>Subject: Flow and questions and answers on call center and website | **Internal discussion and draft language:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which relates to the same subject matter as the email and attachment at USPS_152 to USPS_161, is USPS's ongoing iterative decision-making process related to guidance and scripts for call center representatives answering common questions regarding the COVID-19 test kit webpage. This privilege applies to the attachment at USPS_163 to USPS_171.<br>2. The attachment at issue reflects USPS's deliberations, amongst members of the Brand |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | Marketing group and members of the USPS Executive Leadership Team, concerning the development of responses to common issues about which call center representatives might receive questions as to the COVID-19 test kit website. 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because the guidance had not yet been finalized and the attachment contains comments and proposed revisions to the guidance. 4. Release would harm the Postal Service's ability to develop internal guidance and would undermine postal employees' ability to deliberate over such communications. Disclosure could result in the public misunderstanding of such guidance or misstatements of internal deliberations. **Employee email addresses and mobile phone numbers:** **Exemption 6** 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS40 | USPS_172 | Date: 1/19/2022 Time: 7:31 a.m. From: Kimberly B. Workinger To: Christopher J. Karpenko Subject: 1/19 | **Employee email addresses and mobile phone numbers:** **Exemption 6** 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS41 | USPS_173 - USPS_174 | Date: 1/19/2022 Time: 12:54 p.m. From: Thomas J. Marshall To: Janine Castorina | **Internal discussion:** **Exemption 5 – Deliberative Process Privilege** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | Subject: RE: [EXTERNAL] Privacy concerns | 1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on page USPS_173 redacted under Exemption 5.<br>2. The email chain at issue reflect USPS's deliberations, amongst members of the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on page USPS_173 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are lawyers in the Law Department (Janine Castorina of the Privacy and Records Management Office and General Counsel Tom Marshall).<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government counsel concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS42 | USPS_175 - USPS_176 | Date: 1/19/2022<br>Time: 12:59 p.m.<br>From: Janine Castorina<br>To: Jeffery A. Adams<br>Subject: FW: [EXTERNAL] Privacy concerns | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which relates to the same matter as the email chain at USPS_173 to USPS_174, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to both passages on page USPS_175 redacted under Exemption 5.<br>2. The email chain at issue reflect USPS's deliberations, between a member of the Law Department and the Vice President of Corporate Communications, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | COVID-19 test kit webpage. This privilege applies to both passages on page USPS_175 redacted under Exemption 5.<br>2. The USPS employees involved in the communication a lawyer in the Law Department (Janine Castorina of the Privacy and Records Management Office) and Vice President of Corporate Communications Jeffery Adams.<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government counsel concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS43 | USPS_177 - USPS_179 | Date: 1/19/2022<br>Time: 3:52 p.m.<br>From: Catherine V. Pagano<br>To: Mary Ann Simpson; Cory D. Brown<br>Subject: RE: [EXTERNAL] Connecting ASAP on covid tests | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its response to a Congressional staff member's inquiry concerning the Privacy Act Statement appearing on the COVID-19 test kit |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
|  |  |  | webpage and delivery of test kits to Post Office boxes. This privilege applies to both passages on page USPS_177 redacted under Exemption 5.<br>2. The email chain and attachments at issue reflect USPS's deliberations, amongst members of the Government Relations group, concerning the proper responses to the staffer's questions, including concerning the Privacy Act Statement and P.O. box delivery.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS had not finalized its response to the Congressional staff member's inquiries.<br>4. Release would harm the Postal Service's ability to deliberate over communications with other Government entities and officials. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS44 | USPS_180 - USPS_181 | Date: 1/19/2022<br>Time: 4:01 p.m.<br>From: Mary Ann Simpson<br>To: Peter R. Pastre<br>Subject: Wyden question re: data sharing | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| USPS45 | USPS_182 - USPS_184 | Date: 1/20/2022<br>Time: 9:48 a.m.<br>From: Janine Castorina<br>To: Natalie A. Bonanno; Ruth B. Stevenson<br>Subject: RE: Wyden question re: COVID data sharing w/ law enforcement | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the chain produced at USPS_180 to USPS_181, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_182 to USPS_183 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_182 and USPS_183 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are lawyers in the Law Department (Janine Castorina of the Privacy and Records Management Office and Natalie Bonanno and Ruth Stevenson of the Ethics and Compliance group), along with a member of the Government Relations team (Mary Ann Simpson).<br>3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage.<br>4. The email contains the product of confidential legal discussions amongst government counsel concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS46 | USPS_185 - USPS_187 | Date: 1/20/2022<br>Time: 10:03 a.m.<br>From: Janine Castorina<br>To: Ruth B. Stevenson<br>Subject: RE: Wyden question re: COVID data sharing w/ law enforcement | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the chain produced at USPS_180 to USPS_181, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_185 and USPS_186 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_185 and USPS_186 redacted under Exemption 5. <br> 2. The USPS employees involved in the communication are lawyers in the Law Department (Janine Castorina of the Privacy and Records Management Office and Natalie Bonanno and Ruth Stevenson of the Ethics and Compliance group), along with a member of the Government Relations team (Mary Ann Simpson). <br> 3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage. <br> 4. The email contains the product of confidential legal discussions amongst government counsel concerning the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act. <br><br> **Employee email addresses and mobile phone numbers:** <br><br> <u>**Exemption 6**</u> <br><br> 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS47 | USPS_188 - USPS_191 | Date: 1/20/2022 <br> Time: 10:06 a.m. <br> From: Janine Castorina <br> To: Jeffery A. Adams; Mary Ann Simpson; Ruth B. Stevenson <br> Subject: Concerns about sharing with law enforcement | **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** <br><br> <u>**Exemption 6**</u> <br><br> 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public.<br><br>**Internal Videoconference Information:**<br><br>**Exemption 3**<br><br>1. This email chain contains access information for USPS videoconference meetings.<br>2. This information constitutes commercial information exempt from disclosure under Exemption 3 and 39 U.S.C. § 410(c)(2), as it stems from USPS's use of commercial tools in carrying out postal business, which would not be disclosed as a matter of good business practice. |
| USPS48 | USPS_192 – USPS_193 | Date: 1/20/2022<br>Time: 2:10 p.m.<br>From: Janine Castorina<br>To: Ruth B. Stevenson<br>Subject: RE: here you go | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which relates to the same subject matter as the chain produced at USPS_180 to USPS_181, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. Exemption 5 applies to both the one-page email and one-page attachment at pages USPS_192 and USPS_193, and these pages do not feature meaningful segregable information.<br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege** |

46

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 1. This email chain reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. Exemption 5 applies to both the one-page email and one-page attachment at pages USPS_192 and USPS_193, and these pages do not feature meaningful segregable information. <br> 2. The USPS employees involved in the communication are lawyers in the Law Department (Janine Castorina of the Privacy and Records Management Office and Ruth Stevenson of the Ethics and Compliance group). <br> 3. The email contains only a brief conversation between Ms. Castorina and Ms. Stevenson. The attachment contains a draft response to the Congressional staff member's inquiry regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. <br> 4. The attachment was drafted by Government counsel and was circulated for further input by Government Counsel concerning the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act. <br><br> **Employee email addresses and mobile phone numbers:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS49 | USPS_194 – USPS_196 | Date: 1/20/2022 <br> Time: 2:54 p.m. <br> From: Ruth B. Stevenson <br> To: Janine Castorina <br> Subject: RE: here you go | **Internal discussion:** <br><br> **Exemption 5 – Deliberative Process Privilege** <br><br> 1. The deliberative process involved in this email chain, which is a continuation of the email chain produced at USPS_192 to USPS_193, is USPS's ongoing iterative decision- |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|  |  |  | making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. Exemption 5 applies to both the two-page email and one-page attachment at pages USPS_194 through USPS_196, and these pages do not feature meaningful segregable information.<br><br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Law Department, concerning compliance with the Privacy Act.<br><br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br><br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. Exemption 5 applies to both the two-page email and one-page attachment at pages USPS_194 through USPS_196, and these pages do not feature meaningful segregable information.<br><br>2. The USPS employees involved in the communication are lawyers in the Law Department (Janine Castorina of the Privacy and Records Management Office and Ruth Stevenson of the Ethics and Compliance group).<br><br>3. The email contains only a brief conversation between Ms. Castorina and Ms. Stevenson. The attachment contains a draft response to the Congressional staff member's inquiry regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage.<br><br>4. The attachment was drafted by Government counsel and was circulated for further input by Government Counsel concerning the Postal Service's obligations under the Privacy Act.<br><br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act.<br><br>**Employee email addresses and mobile phone numbers:** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | **Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS50 | USPS_197 – USPS_198 | Date: 1/20/2022<br>Time: 3:08 p.m.<br>From: Janine Castorina<br>To: Thomas J. Marshall<br>Subject: Media Response to the law enforcement disclosure concern | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email, which relates to the same subject matter as the emails produced at USPS_180 to USPS_181, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the attachment at page USPS_198.<br>2. The attachment at issue reflects USPS's deliberations, amongst members of the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the attachment at page USPS_198.<br>2. The USPS employees involved in the communication are lawyers in the Law Department (Janine Castorina of the Privacy and Records Management Office and General Counsel Tom Marshall). |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 3. The attachment is another draft of the response to the Congressional staff member's inquiry regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage.<br>4. The attachment was drafted by Government counsel and was circulated for further input by Government Counsel concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS51 | USPS_199 – USPS_200 | Date: 1/20/2022<br>Time: 3:56 p.m.<br>From: Janine Castorina<br>To: Ruth B. Stevenson; Natalie A. Bonanno<br>Subject: RE: Media Response to the law enforcement disclosure concern | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_197 to USPS_198, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the attachment at page USPS_200.<br>2. The attachment at issue reflects USPS's deliberations, amongst members of the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. <br><br> **Exemption 5 – Attorney Client Privilege** <br><br> 1. This email chain reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the attachment at page USPS_200. <br> 2. The USPS employees involved in the communication are lawyers in the Law Department (Janine Castorina of the Privacy and Records Management Office and General Counsel Tom Marshall). <br> 3. The attachment is another draft of the response to the Congressional staff member's inquiry regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. <br> 4. The attachment was drafted by Government counsel and was circulated for further input by Government Counsel concerning the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act. <br><br> **Employee email addresses and mobile phone numbers:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS52 | USPS_201 – USPS_202 | Date: 1/20/2022 <br> Time: 4:09 p.m. <br> From: Janine Castorina | **Internal discussion:** <br><br> **Exemption 5 – Deliberative Process Privilege** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|  |  | To: Jeffery A. Adams; Mary Ann Simpson; Ruth B. Stevenson<br>Subject: RE: Concerns about sharing with law enforcement | 1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_197 to USPS_198, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the attachment at page USPS_202.<br>2. The attachment at issue reflects USPS's deliberations, amongst members of the Law Department and internal clients, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the attachment at page USPS_202.<br>2. The USPS employees involved in the communication are lawyers in the Law Department and members of the Corporate Communications and Government Relations groups.<br>3. The attachment is another draft of the response to the Congressional staff member's inquiry regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage.<br>4. The attachment was drafted by Government counsel and was circulated for further input by Government Counsel concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act.<br><br>**Internal Videoconference Information:**<br><br>**Exemption 3** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 1. This email chain contains access information for USPS videoconference meetings.<br>2. This information constitutes commercial information exempt from disclosure under Exemption 3 and 39 U.S.C. § 410(c)(2), as it stems from USPS's use of commercial tools in carrying out postal business, which would not be disclosed as a matter of good business practice.<br><br>**Employee mobile phone number:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS.<br><br>*Note: Because page USPS_201 was initially produced in an illegible format, the Postal Service has produced the same document in a larger format, now occupying two pages. These pages are marked USPS_201a and USPS_201b.* |
| USPS53 | USPS_203 - USPS_204 | Date: 1/20/2022<br>Time: 4:12 p.m.<br>From: Mary Ann Simpson<br>To: Cory D. Brown<br>Subject: FW: Concerns about sharing with law enforcement | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_197 to USPS_198, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the attachment at page USPS_204.<br>2. The attachment at issue reflects USPS's deliberations, amongst members of the Law Department and internal clients, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|     |       |         | communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the attachment at page USPS_204.<br>2. The USPS employees involved in the communication are lawyers in the Law Department and members of the Corporate Communications and Government Relations groups.<br>3. The attachment is another draft of the response to the Congressional staff member's inquiry regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage.<br>4. The attachment was drafted by Government counsel and was circulated for further input by Government Counsel concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act.<br><br>**Internal Videoconference Information:**<br><br>**Exemption 3**<br><br>1. This email chain contains access information for USPS videoconference meetings.<br>2. This information constitutes commercial information exempt from disclosure under Exemption 3 and 39 U.S.C. § 410(c)(2), as it stems from USPS's use of commercial tools in carrying out postal business, which would not be disclosed as a matter of good business practice.<br><br>**Employee mobile phone number:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. |

54

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. <br><br> *Note: Because page USPS_203 was initially produced in an illegible format, the Postal Service has produced the same document in a larger format, now occupying two pages. These pages are marked USPS_203a and USPS_203b.* |
| USPS54 | USPS_205 - USPS_206 | Date: 1/20/2022 <br> Time: 4:38 p.m. <br> From: Mary Ann Simpson <br> To: Peter R. Pastre <br> Subject: FW: Concerns about sharing with law enforcement | **Internal discussion:** <br><br> **Exemption 5 – Deliberative Process Privilege** <br><br> 1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_201 to USPS_202, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the attachment at page USPS_206. <br> 2. The attachment at issue, which is the same as the attachment produced at USPS_202, reflects USPS's deliberations, amongst members of the Law Department, concerning compliance with the Privacy Act and communicated to internal clients in Government Relations. <br> 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement. <br> 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. <br><br> **Exemption 5 – Attorney Client Privilege** <br><br> 1. This email chain reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the attachment at page USPS_206. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 2. The draft was prepared by members of the Law Department, and this email reflects its circulation to internal clients in Government Relations.<br>3. The attachment, which is the same as the attachment produced at USPS_202, is another draft of the response to the Congressional staff member's inquiry regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage.<br>4. The attachment was drafted by Government counsel and was circulated for further review by internal clients.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS55 | USPS_207 - USPS_209 | Date: 1/20/2022<br>Time: 6:50 p.m.<br>From: Peter R. Pastre<br>To: Mary Ann Simpson<br>Subject: RE: Concerns about sharing with law enforcement | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_201 to USPS_202, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the passage redacted on page USPS_207 and the attachment at page USPS_209.<br>2. The attachment at issue, which is the same as the attachment produced at USPS_202, reflects USPS's deliberations, amongst members of the Law Department, concerning compliance with the Privacy Act and communicated to internal clients in Government Relations.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | to inquiries regarding the Privacy Act Statement. |
| | | | 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. |
| | | | **Exemption 5 – Attorney Client Privilege** |
| | | | 1. This email chain reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the attachment at page USPS_209. |
| | | | 2. The draft was prepared by members of the Law Department, and this email reflects its circulation to internal clients in Government Relations. |
| | | | 3. The attachment, which is the same as the attachment produced at USPS_202, is another draft of the response to the Congressional staff member's inquiry regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. |
| | | | 4. The attachment was drafted by Government counsel and was circulated for further review by internal clients. |
| | | | 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act. |
| | | | **Employee email addresses and mobile phone numbers:** |
| | | | **Exemption 6** |
| | | | 1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. |
| | | | 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. |
| | | | 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS56 | USPS_210 - USPS_211 | Date: 1/21/2022 Time: 9:27 a.m. | **Internal discussion:** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | From: Mary Ann Simpson<br>To: Peter R. Pastre<br>Subject: RE: Concerns about sharing with law enforcement | **Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_201 to USPS_202, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the redacted passages on page USPS_210.<br>2. The attachment at issue, which is the same as the attachment produced at USPS_202, reflects USPS's deliberations, amongst members of the Law Department, concerning compliance with the Privacy Act and communicated to internal clients in Government Relations.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS57 | USPS_212 - USPS_214 | Date: 1/21/2022<br>Time: 4:05 p.m.<br>From: Privacy Office<br>To: Janine Castorina<br>Subject: RE: [EXTERNAL] Privacy concerns | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email chain produced at USPS_173 and USPS_174, is USPS's ongoing iterative |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the passage on page USPS_214 redacted under Exemption 5. <br> 2. The email chain at issue reflects USPS's deliberations, amongst members of the Law Department, concerning compliance with the Privacy Act. <br> 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement. <br> 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. <br><br> **Exemption 5 – Attorney Client Privilege** <br><br> 1. This email chain reflects discussions among attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the passage on page USPS_214 redacted under Exemption 5. <br> 2. The USPS employees involved in the communication are lawyers in the Law Department (Janine Castorina of the Privacy and Records Management Office and General Counsel Tom Marshall, along with a staff member emailing from the general Privacy Office email address). <br> 3. The email is related to the application of the Privacy Act, including its Privacy Act Statement requirements, to the COVID-19 test kit webpage. <br> 4. The email contains the product of confidential legal discussions amongst government counsel concerning the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Postal attorneys would be unable to confer with one another concerning statutory compliance, including as to the Privacy Act. <br><br> **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** <br><br> **Exemption 6** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
|  |  |  | 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS58 | USPS_215 | Date: 1/24/2022<br>Time: 9:09 a.m.<br>From: Mary Ann Simpson<br>To: Cory D. Brown<br>Subject: RE: Online | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS59 | USPS_216 | Date: 1/24/2022<br>Time: 9:45 a.m.<br>From: Mary Ann Simpson<br>To: Peter R. Pastre<br>Subject: two things | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which relates to the same subject matter as the email chain produced at USPS_180 to USPS_181, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage.<br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Government Relations group, concerning the preparation of responses for a Congressional staff member's inquiry.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to the Congressional staff member's inquiries. |

60

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 4. Release would harm the Postal Service's ability to develop public-facing communications via deliberations among officials, particularly with respect to correspondence with the offices of members of Congress. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal and other guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. |
| USPS60 | USPS_217 - USPS_218 | Date: 1/24/2022<br>Time: 1:14 p.m.<br>From: Peter R. Pastre<br>To: Jeffery A. Adams<br>Subject: Privacy statement ok"d? | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email, which relates to the same subject matter as the chain produced at USPS_180 to USPS_181, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the one-page attachment at page USPS_218.<br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Government Relations and Corporate Communications groups and reflecting input from attorneys in the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the one-page attachment at page USPS_218.<br>2. The USPS employees involved in the communication are officials in the Government Relations and Corporate Communications group, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. The attachment contains a draft response to the Congressional staff member's inquiry regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. |

61

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 4. The attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. |
| USPS61 | USPS_219 - USPS_220 | Date: 1/24/2022<br>Time: 2:13 p.m.<br>From: Peter R. Pastre<br>To: Jeffery A. Adams<br>Subject: RE: Privacy statement ok"d? | **Internal discussion:**<br><br>**<u>Exemption 5 – Deliberative Process Privilege</u>**<br><br>1. The deliberative process involved in this email, which is a continuation of the email produced at page USPS_217, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the redacted passage on page USPS_219.<br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Government Relations and Corporate Communications groups and reflecting input from attorneys in the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**<u>Exemption 6</u>**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS62 | USPS_221 - USPS_224 | Date: 1/24/2022<br>Time: 2:50 p.m.<br>From: Jeffery A. Adams<br>To: Thomas J. Marshall; Peter R. Pastre; Janine Castorina; Gary R. Barksdale<br>Subject: REVIEW NEEDED – Concerns about sharing with law enforcement | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email, which concerns the same subject matter as the email chains produced at USPS_173 to USPS_174 and USPS_177 to USPS_179, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the passage on page USPS_221 and the one-page attachment at page_224 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Government Relations and Corporate Communications groups and attorneys in the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the passage on page USPS_221 and the one-page attachment at page_224 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are officials in the Government Relations and Corporate Communications group, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. This email chain shows an internal client seeking review of draft correspondence by attorneys in the Law Department, including as to material drafted by attorneys in the Law Department.<br>4. The attachment was drafted by Government counsel and was circulated for further input |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS63 | USPS_225 - USPS_228 | Date: 1/24/2022<br>Time: 3:24 p.m.<br>From: Jeffery A. Adams<br>To: [Withheld]<br>Subject: FW: REVIEW NEEDED - Concerns about sharing with law enforcement | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email, which concerns the same subject matter as the email chains produced at USPS_173 to USPS_174 and USPS_177 to USPS_179, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the passage on page USPS_225 and the one-page attachment at page_228 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Government Relations and Corporate Communications groups and attorneys in the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | to inquiries regarding the Privacy Act Statement. |
| | | | 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the passage on page USPS_225 and the one-page attachment at page_228 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are officials in the Government Relations and Corporate Communications group, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. This email chain shows an internal client seeking review of draft correspondence by attorneys in the Law Department, including as to material drafted by attorneys in the Law Department.<br>4. The attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS64 | USPS_229 - USPS_234 | Date: 1/24/2022<br>Time: 4:27 p.m.<br>From: Thomas J. Marshall<br>To: Janine Castorina; Peter R. Pastre<br>Subject: Re: REVIEW NEEDED - Concerns about sharing with law enforcement | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email, which is a continuation of the email produced at USPS_221 to USPS_224, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_229 to USPS_231 redacted under Exemption 5, along with the one-page attachment at USPS_234.<br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Government Relations and Corporate Communications groups and attorneys in the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and attorneys in the Law Department concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_229 to USPS_231 redacted under Exemption 5, along with the one-page attachment at USPS_234. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 2. The USPS employees involved in the communication are officials in the Government Relations and Corporate Communications group and attorneys in the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department. <br> 3. This email chain shows an internal client seeking review of draft correspondence by attorneys in the Law Department and such attorneys providing advice on the matter, including as to material drafted by attorneys in the Law Department. <br> 4. The attachment was drafted by Government counsel and concerns the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. <br><br> **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties. <br> 3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS65 | USPS_235 - USPS_241 | Date: 1/24/2022 <br> Time: 4:35 p.m. <br> From: Peter R. Pastre <br> To: Thomas J. Marshall <br> Subject: Re: REVIEW NEEDED - Concerns about sharing with law enforcement | **Internal discussion:** <br><br> **Exemption 5 – Deliberative Process Privilege** <br><br> 1. The deliberative process involved in this email, which is a continuation of the email produced at USPS_221 to USPS_224, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | pages USPS_235 to USPS_237 redacted under Exemption 5, along with the one-page attachment at USPS_244. <br> 2. The email chain at issue reflects USPS's deliberations, amongst members of the Government Relations and Corporate Communications groups and attorneys in the Law Department, concerning compliance with the Privacy Act. <br> 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement. <br> 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. <br><br> **Exemption 5 – Attorney Client Privilege** <br><br> 1. This email chain reflects discussions among internal clients and attorneys in the Law Department concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_235 to USPS_237 redacted under Exemption 5, along with the one-page attachment at USPS_244. <br> 2. The USPS employees involved in the communication are officials in the Government Relations and Corporate Communications group and attorneys in the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department. <br> 3. This email chain shows an internal client seeking review of draft correspondence by attorneys in the Law Department and such attorneys providing advice on the matter, including as to material drafted by attorneys in the Law Department. <br> 4. The attachment was drafted by Government counsel and concerns the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. <br><br> **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | **Exemption 6**<br><br>1.  This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2.  Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3.  There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS66 | USPS_242 | Date: 1/25/2022<br>Time: 9:41 a.m.<br>From: Cory D. Brown<br>To: Mary Ann Simpson<br>Subject: RE: privacy statement-Wyden | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1.  This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2.  Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3.  There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS67 | USPS_243 - USPS_250 | Date: 1/25/2022<br>Time: 10:31 a.m.<br>From: Jeffery A. Adams<br>To: Thomas J. Marshall; Janine Castorina; Peter R. Pastre<br>Subject: Re: REVIEW NEEDED - Concerns about sharing with law enforcement | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1.  The deliberative process involved in this email, which is a continuation of the email produced at USPS_221 to USPS_224, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_243 to USPS_248 redacted under Exemption 5, along with the one-page attachment at USPS_250.<br>2.  The email chain at issue reflects USPS's deliberations, amongst members of the Government Relations and Corporate Communications groups and attorneys in the Law |

69

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and attorneys in the Law Department concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_243 to USPS_248 redacted under Exemption 5, along with the one-page attachment at USPS_250.<br>2. The USPS employees involved in the communication are officials in the Government Relations and Corporate Communications group and attorneys in the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. This email chain shows an internal client seeking review of draft correspondence by attorneys in the Law Department and such attorneys providing advice on the matter, including as to material drafted by attorneys in the Law Department.<br>4. The attachment was drafted by Government counsel and concerns the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS68 | USPS_251 - USPS_258 | Date: 1/25/2022<br>Time: 10:33 a.m.<br>From: Janine Castorina<br>To: Jeffery A. Adams; Thomas J. Marshall; Peter R. Pastre<br>Subject: Re: REVIEW NEEDED - Concerns about sharing with law enforcement | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email, which is a continuation of the email produced at USPS_221 to USPS_224, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_251 to USPS_256 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Government Relations and Corporate Communications groups and attorneys in the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and attorneys in the Law Department concerning materials drafted by attorneys in the Law Department regarding a |

71

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_251 to USPS_256 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are officials in the Government Relations and Corporate Communications group and attorneys in the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. This email chain shows an internal client seeking review of draft correspondence by attorneys in the Law Department and such attorneys providing advice on the matter, including as to material drafted by attorneys in the Law Department.<br>4. The attachment was drafted by Government counsel and concerns the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS69 | USPS_259 - USPS_262 | Date: 1/25/2022<br>Time: 1:15 p.m.<br>From: Jeffery A. Adams<br>To: Louis DeJoy | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email, which concerns the same subject matter |

72

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|  |  | Subject: TEST KIT WEB INFO - PRIVACY CONCERN | as the email chains produced at USPS_173 to USPS_174 and USPS_177 to USPS_179, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to both passages on page USPS_259 redacted under Exemption 5, along with the one-page attachment at page USPS_262. <br> 2. The email chain at issue reflects USPS's deliberations, amongst members of the Government Relations and Corporate Communications groups, attorneys in the Law Department, and the Postmaster General, concerning compliance with the Privacy Act. <br> 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement. <br> 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. <br><br> **Exemption 5 – Attorney Client Privilege** <br><br> 1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to both passages on page USPS_259 redacted under Exemption 5, along with the one-page attachment at page USPS_262. <br> 2. The USPS employees involved in the communication are officials in the Government Relations and Corporate Communications group and the Law Department, along with the Postmaster General, and the attachment is a draft document prepared by attorneys in the Law Department. <br> 3. This email chain shows internal officials discussing legal guidance provided by lawyers in the Law Department, including as to the attachment drafted by attorneys in the Law Department. <br> 4. The attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. |

73

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS70 | USPS_263 - USPS_266 | Date: 1/25/2022<br>Time: 2:12 p.m.<br>From: Jeffery A. Adams<br>To: Subhan N. Cheema<br>Subject: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email, which concerns the same subject matter as the email chains produced at USPS_173 to USPS_174 and USPS_177 to USPS_179, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the passage on page USPS_263 redacted under Exemption 5, along with the one-page attachment at page USPS_266.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the one-page attachment at page USPS_266.<br>2. The parties to this email are the Vice President of Corporate Communications and a White House staff member, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. This email shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to the attachment drafted by attorneys in the Law Department.<br>4. The attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| USPS71 | USPS_267 - USPS_269 | Date: 1/25/2022<br>Time: 2:16 p.m.<br>From: Peter R. Pastre<br>To: Jeffery A. Adams<br>Subject: Fwd: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email, which is a continuation of the email chain produced at USPS_259 to USPS_262, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to both passages on page USPS_259 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Government Relations and Corporate Communications groups, attorneys in the Law Department, and the Postmaster General, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to both passages on page USPS_259 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are officials in the Government Relations and Corporate Communications group and the Law Department, along with the Postmaster General.<br>3. This email chain shows internal officials discussing legal guidance provided by lawyers in the Law Department, including as to a document drafted by attorneys in the Law Department.<br>4. The attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS72 | USPS_270 - USPS_277 | Date: 1/25/2022<br>Time: 2:31 p.m.<br>From: Jeffery A. Adams<br>To: Gary R. Barksdale; Thomas J. Marshall; Janine Castorina; Peter R. Pastre<br>Subject: Re: REVIEW NEEDED - Concerns about sharing with law enforcement | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email, which is a continuation of the email produced at USPS_221 to USPS_224, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_270 to USPS_275 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, amongst members of the Government Relations and Corporate Communications groups and attorneys in the Law Department, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. <br><br> **Exemption 5 – Attorney Client Privilege** <br><br> 1. This email chain reflects discussions among internal clients and attorneys in the Law Department concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_270 to USPS_275 redacted under Exemption 5. <br> 2. The USPS employees involved in the communication are officials in the Government Relations and Corporate Communications group and attorneys in the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department. <br> 3. This email chain shows internal clients seeking review of draft correspondence by attorneys in the Law Department and such attorneys providing advice on the matter, including as to material drafted by attorneys in the Law Department. <br> 4. The correspondence refers to a draft document prepared by Government counsel and concerns the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. <br><br> **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS73 | USPS_278 - USPS_281 | Date: 1/25/2022<br>Time: 3:30 p.m.<br>From: Subhan N. Cheema<br>To: Jeffery A. Adams<br>Subject: RE: [EXTERNAL] RE: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email, which is a continuation of the email produced at USPS_263 to USPS_266, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_278 and USPS_279 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br><br>3.  There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS74 | USPS_282 - USPS_287 | Date: 1/26/2022<br>Time: 3:37 p.m.<br>From: Jeffery A. Adams<br>To: Thomas J. Marshall<br>Subject: WHITE HOUSE SUGGESTED EDITS: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1.  The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_263 to USPS_266, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_282 to USPS_283 redacted under Exemption 5, along with the two-page attachment at pages USPS_286 and USPS_287.<br>2.  The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3.  The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4.  Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1.  This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the passage at the top of page USPS_282 redacted under Exemption 5, along with the two-page attachment at pages USPS_286 and USPS_287. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to the attachment drafted by attorneys in the Law Department.<br>4. The email chain includes a request for legal advice from attorneys in the Law Department, and the attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS75 | USPS_288 - USPS_292 | Date: 1/26/2022<br>Time: 4:15 p.m.<br>From: Janine Castorina<br>To: Thomas J. Marshall; Jeffery A. Adams<br>Subject: RE: WHITE HOUSE | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_263 to USPS_266, is USPS's ongoing iterative decision- |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | SUGGESTED EDITS: TEST KIT WEB INFO - PRIVACY CONCERN | making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_288 to USPS_290 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_288 to USPS_289 redacted under Exemption 5.<br>2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department.<br>4. The email chain includes a request for legal advice from attorneys in the Law Department, and the attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS76 | USPS_293 - USPS_299 | Date: 1/26/22<br>Time: 4:33 p.m.<br>From: Thomas J. Marshall<br>To: Janine Castorina; Jeffery A. Adams<br>Subject: RE: WHITE HOUSE SUGGESTED EDITS: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_263 to USPS_266, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_293 to USPS_295 redacted under Exemption 5, along with the two-page attachment at pages USPS_298 to USPS_299.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. |

**Exemption 5 – Attorney Client Privilege**

1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_293 to USPS_294 redacted under Exemption 5 (excluding the passage at the bottom of page USPS_294, following the text "OK, back to you here with two things"), along with the two-page attachment at pages USPS_298 to USPS_299.
2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department.
3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department.
4. The email chain includes a request for legal advice from attorneys in the Law Department, and the attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.
5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.

**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**

**Exemption 6**

1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.
2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS77 | USPS_300 - USPS_306 | Date: 1/26/22<br>Time: 5:49 p.m.<br>From: Janine Castorina<br>To: Thomas J. Marshall; Jeffery A. Adams<br>Subject: RE: WHITE HOUSE SUGGESTED EDITS: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_263 to USPS_266, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_300 to USPS_302 redacted under Exemption 5, along with the two-page attachment at pages USPS_305 to USPS_306.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_300 to USPS_301 redacted under Exemption 5, along with the two-page attachment at pages USPS_305 to USPS_306. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 2.  The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department. <br> 3.  This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department. <br> 4.  The email chain includes a request for legal advice from attorneys in the Law Department, and the attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act. <br> 5.  Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. <br><br> **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** <br><br> **Exemption 6** <br><br> 1.  This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. <br> 2.  Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties. <br> 3.  There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS78 | USPS_307 - USPS_314 | Date: 1/26/22 <br> Time: 6:17 p.m. <br> From: Jeffery A. Adams <br> To: Janine Castorina; Thomas J. Marshall <br> Subject: RE: WHITE HOUSE | **Internal discussion:** <br><br> **Exemption 5 – Deliberative Process Privilege** <br><br> 1.  The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_263 to USPS_266, is USPS's ongoing iterative decision- |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
|  |  | SUGGESTED EDITS: TEST KIT WEB INFO - PRIVACY CONCERN | making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_307 to USPS_310 redacted under Exemption 5, along with the two-page attachment at pages USPS_313 to USPS_314. <br> 2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act. <br> 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement. <br> 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. <br><br> **Exemption 5 – Attorney Client Privilege** <br><br> 1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_307 to USPS_309 redacted under Exemption 5 (excluding the passage at the bottom of page USPS_309, following the text "OK, back to you here with two things"), along with the two-page attachment at pages USPS_313 to USPS_314. <br> 2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department. <br> 3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department. <br> 4. The email chain includes a request for legal advice from attorneys in the Law Department, and the attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately |

87

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. <br><br> **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS79 | USPS_315 - USPS_322 | Date: 1/26/22 <br> Time: 6:23 p.m. <br> From: Thomas J. Marshall <br> To: Janine Castorina; Jeffery A. Adams <br> Subject: RE: WHITE HOUSE SUGGESTED EDITS: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:** <br><br> **Exemption 5 – Deliberative Process Privilege** <br><br> 1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_263 to USPS_266, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_315 to USPS_318 redacted under Exemption 5, along with the two-page attachment at pages USPS_321 to USPS_322. <br> 2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act. <br> 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement. <br> 4. Release would harm the Postal Service's ability to ensure that the requirements of the |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_315 to USPS_317 redacted under Exemption 5 (excluding the passage at the bottom of page USPS_317, following the text "OK, back to you here with two things"), along with the two-page attachment at pages USPS_321 to USPS_322.<br>2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department.<br>4. The email chain includes a request for legal advice from attorneys in the Law Department, and the attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. |

89

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS80 | USPS_323 - USPS_332 | Date: 1/26/22<br>Time: 8:38 p.m.<br>From: Jeffery A. Adams<br>To: Louis DeJoy<br>Subject: RE: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_263 to USPS_266, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_323 to USPS_327 redacted under Exemption 5, along with the two attachments at pages USPS_330 to USPS_332.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | webpage. This privilege applies to each passage on pages USPS_323 to USPS_326 redacted under Exemption 5 (excluding the passage at the bottom of page USPS_326, following the text "OK, back to you here with two things"), along with the two attachments at pages USPS_330 to USPS_332. |
| | | | 2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department. |
| | | | 3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department. |
| | | | 4. The email chain includes a request for legal advice from attorneys in the Law Department, and the attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act. |
| | | | 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. |
| | | | **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** |
| | | | <u>**Exemption 6**</u> |
| | | | 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. |
| | | | 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties. |
| | | | 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS81 | USPS_333 - USPS_342 | Date: 1/26/22<br>Time: 8:45 p.m. | **Internal discussion:** |

91

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | From: Thomas J. Marshall<br>To: Jeffery A. Adams<br>Subject: RE: TEST KIT WEB INFO - PRIVACY CONCERN | **Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_263 to USPS_266, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_333 to USPS_337 redacted under Exemption 5, along with the two attachments at pages USPS_340 to USPS_342.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_333 to USPS_336 redacted under Exemption 5 (excluding the passage at the bottom of page USPS_336, following the text "OK, back to you here with two things"), along with the two attachments at pages USPS_340 to USPS_342.<br>2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department.<br>4. The email chain includes a request for legal advice from attorneys in the Law Department, and the attachment was drafted by Government counsel and was circulated |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | for further input and approval concerning the Postal Service's obligations under the Privacy Act. 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** **Exemption 6** 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties. 3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS82 | USPS_343 - USPS_346 | Date: 1/26/22 Time: 9:01 p.m. From: Jeffery A. Adams To: Subhan N. Cheema Subject: RE: [EXTERNAL] RE: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:** **Exemption 5 – Deliberative Process Privilege** 1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_263 to USPS_266, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_343 to USPS_344 redacted under Exemption 5. 2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and a White House staff member, concerning compliance with the Privacy Act. 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | to inquiries regarding the Privacy Act Statement. |
| | | | 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. |
| | | | **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** |
| | | | **Exemption 6** |
| | | | 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. |
| | | | 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties. |
| | | | 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS83 | USPS_347 - USPS_357 | Date: 1/26/22<br>Time: 10:30 p.m.<br>From: Peter R. Pastre<br>To: Thomas J. Marshall<br>Subject: RE: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_333 to USPS_342, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_347 to USPS_352 redacted under Exemption 5, along with the two attachments at pages USPS_355 to USPS_357.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|  |  |  | Privacy Act. |
|  |  |  | 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement. |
|  |  |  | 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. |
|  |  |  | **Exemption 5 – Attorney Client Privilege** |
|  |  |  | 1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_347 to USPS_351 redacted under Exemption 5 (excluding the passage at the bottom of page USPS_351, following the text "OK, back to you here with two things"), along with the two attachments at pages USPS_355 to USPS_357. |
|  |  |  | 2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department. |
|  |  |  | 3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department. |
|  |  |  | 4. The email chain includes a request for legal advice from attorneys in the Law Department, and the attachment was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act. |
|  |  |  | 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. |
|  |  |  | **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** |
|  |  |  | **Exemption 6** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS84 | USPS_358 - USPS_367 | Date: 1/27/22<br>Time: 7:47 a.m.<br>From: Peter R. Pastre<br>To: Janine Castorina<br>Subject: RE: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_333 to USPS_342, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_358 to USPS_365 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | 1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_358 to USPS_363 redacted under Exemption 5 (excluding the passage at the bottom of page USPS_363, following the text "OK, back to you here with two things"). <br> 2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department. <br> 3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department. <br> 4. The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. <br><br> **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| USPS85 | USPS_368 - USPS_377 | Date: 1/27/22<br>Time: 7:58 a.m.<br>From: Jeffery A. Adams<br>To: Janine Castorina<br>Subject: RE: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_333 to USPS_342, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_368 to USPS_374 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_368 to USPS_373 redacted under Exemption 5 (excluding the passage at the bottom of page USPS_373, following the text "OK, back to you here with two things").<br>2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department.<br>4. The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue was drafted by Government counsel and was |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS86 | USPS_378 - USPS_384 | Date: 1/27/22<br>Time: 9:10 a.m.<br>From: Gary R. Barksdale<br>To: Christopher J. Karpenko<br>Subject: Fwd: WHITE HOUSE SUGGESTED EDITS: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_315 to USPS_322, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_378 to USPS_382 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre- |

99

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|     |       |         | decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_378 to USPS_380 redacted under Exemption 5.<br>2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department.<br>4. The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS87 | USPS_385 - USPS_390 | Date: 1/27/22<br>Time: 9:16 a.m.<br>From: Jeffery A. Adams<br>To: Peter R. Pastre<br>Subject: RE: WHITE HOUSE SUGGESTED EDITS: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_315 to USPS_322, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_385 to USPS_388 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | webpage. This privilege applies to each passage on pages USPS_385 to USPS_387 redacted under Exemption 5. <br> 2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department. <br> 3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department. <br> 4. The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. <br><br> **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS88 | USPS_391 - USPS_393 | Date: 1/27/22 <br> Time: 12:37 p.m. <br> From: Jeffery A. Adams | **Internal discussion:** <br><br> **Exemption 5 – Deliberative Process Privilege** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
|  |  | To: Peter R. Pastre<br>Subject: A few items… | 1. The deliberative process involved in this email, which concerns the same subject matter as the email chains produced at USPS_173 to USPS_174 and USPS_177 to USPS_179, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_391 to USPS_392 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between members of the Government Relations and Corporate Communications groups, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the second passage on page USPS_391 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are officials in the Government Relations and Corporate Communications groups.<br>3. This email chain shows internal clients discussing public-facing language drafted by attorneys in the Law Department.<br>4. The language was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers:** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | **Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS89 | USPS_394 - USPS_395 | Date: 1/27/22<br>Time: 2:47 p.m.<br>From: Jeffery A. Adams<br>To: Subhan N. Cheema<br>Subject: RE: [EXTERNAL] RE: A few items… | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email, which concerns the same subject matter as the email chains produced at USPS_173 to USPS_174 and USPS_177 to USPS_179, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_394 to USPS_395 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between members of the Government Relations and Corporate Communications groups, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | webpage. This privilege applies to the second passage on page USPS_394 redacted under Exemption 5.<br>2. The USPS employees involved in the communication are officials in the Government Relations and Corporate Communications groups, along with a White House staff member.<br>3. This email chain shows internal clients and White House personnel discussing public-facing language drafted by attorneys in the Law Department.<br>4. The language was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS.<br><br>*Note: The Postal Service inadvertently did not disclose the attachment to the email at the bottom of this email chain. The attachment is the same document as was produced at USPS_393.* |
| USPS90 | USPS_396 - USPS_404 | Date: 1/27/22<br>Time: 2:57 p.m.<br>From: Jeffery A. Adams<br>To: Louis DeJoy; Thomas J. Marshall; Peter R. Pastre; Janine Castorina; Gary R. Barksdale; Heather A. Clarke; Christopher J. Christopher J. Karpenko | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_315 to USPS_322, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_396 to USPS_401 redacted under Exemption 5. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | Subject: RE: TEST KIT WEB INFO - PRIVACY CONCERN | 2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_396 to USPS_400 redacted under Exemption 5 (excluding the passage at the bottom of page USPS_400, following the text "OK, back to you here with two things").<br>2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department.<br>3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department.<br>4. The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | **Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS91 | USPS_405 - USPS_412 | Date: 1/27/22<br>Time: 3:18 p.m.<br>From: Peter R. Pastre<br>To: Jeffery A. Adams<br>Subject: RE: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_396 to USPS_404, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_405 to USPS_410 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege** |

107

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 1.  This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_405 to USPS_409 redacted under Exemption 5 (excluding the passage at the bottom of page USPS_409, following the text "OK, back to you here with two things"). 2.  The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department. 3.  This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department. 4.  The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act. 5.  Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** **Exemption 6** 1.  This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. 2.  Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties. |

108

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 3.  There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS92 | USPS_413 - USPS_416 | Date: 1/27/22<br>Time: 3:38 p.m.<br>From: Madison Moskowitz<br>To: Cory D. Brown<br>Subject: RE: [EXTERNAL] Connecting ASAP on covid tests | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1.  This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2.  Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3.  There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS93 | USPS_417 - USPS_419 | Date: 1/27/22<br>Time: 4:01 p.m.<br>From: Kimberly B. Workinger<br>To: Margaret C. Dykes; Elliott Rosner; Mark A. Ross; Andrew Hung<br>Subject: FW: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1.  The deliberative process involved in this email chain, which is a continuation of the email chain produced at USPS_396 to USPS_404, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_417 to USPS_418 redacted under Exemption 5.<br>2.  The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3.  The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4.  Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the second passage on page USPS_418 redacted under Exemption 5.<br>2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, members of the Law Department, and members of the Brand Marketing group.<br>3. This email chain internal clients discussing public-facing language drafted by attorneys in the Law Department.<br>4. The language was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**<u>Exemption 6</u>**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS94 | USPS_420 - USPS_422 | Date: 1/27/22<br>Time: 4:06 p.m.<br>From: Margaret C. Dykes<br>To: Kimberly B. Workinger; Elliott Rosner; Mark A. Ross; Andrew Hung<br>Subject: Re: [External] FW: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**<u>Exemption 5 – Deliberative Process Privilege</u>**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email chain produced at USPS_417 to USPS_419, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_420 to USPS_422 redacted under Exemption 5. |

110

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|  |  |  | 2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the second passage on page USPS_421 to USPS_422 redacted under Exemption 5.<br>2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, members of the Law Department, and members of the Brand Marketing group.<br>3. This email chain internal clients discussing public-facing language drafted by attorneys in the Law Department.<br>4. The language was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files. |

111

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS95 | USPS_423 - USPS_430 | Date: 1/27/22<br>Time: 4:20 p.m.<br>From: Christopher J. Karpenko<br>To: Maria W. Votsch; Janine Castorina; Kimberly B. Workinger<br>Subject: FW: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_396 to USPS_404, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_423 to USPS_428 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_423 to USPS_427 redacted under Exemption 5.<br>2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department.<br>3. This email chain shows Government officials discussing legal guidance provided by |

112

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department.<br>4. The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS96 | USPS_431 | Date: 1/27/22<br>Time: 4:22 p.m.<br>From: Christopher J. Karpenko<br>To: David Colon; Kimberly B. Workinger; Margaret C. Dykes<br>Subject: RE: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_417 to USPS_419, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to both passages on page USPS_431 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of |

113

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act. |

Continuing the Notes cell:

3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.
4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.

**Exemption 5 – Attorney Client Privilege**

1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the second passage on page USPS_418 redacted under Exemption 5.
2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, members of the Law Department, and members of the Brand Marketing group.
3. This email chain internal clients discussing public-facing language drafted by attorneys in the Law Department.
4. The language was drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.
5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.

**Employee email addresses and mobile phone numbers:**

**Exemption 6**

1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.

114

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS97 | USPS_432 - USPS_442 | Date: 1/27/22<br>Time: 4:28 p.m.<br>From: Mark A. Ross<br>To: Gabriel Freytes<br>Subject: FW: [EXTERNAL] RE: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email chain produced at USPS_423 to USPS_430, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage, along with the technical process of updating that webpage. This privilege applies to each passage on pages USPS_432 to USPS_440 redacted under Exemption 5.<br>2. The earlier portion of the email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act. The later portion of the email chain, starting at the top of page USPS_435, reflects USPS's deliberations regarding the deployment of revisions to the COVID-19 test kit webpage in accordance with the prior conversations.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement and, furthermore, was in the process of making changes to its public-facing COVID-19 test kit webpage.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. Release would further harm internal clients' ability to discuss substantive guidance and plan corresponding actions.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit |

115

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
|  |  |  | webpage. This privilege applies to the last passage on page USPS_432 redacted under Exemption 5 and each passage on pages USPS_435 to USPS_439 redacted under Exemption 5. <br> 2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department. <br> 3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department. <br> 4. The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. <br><br> **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** <br><br> **Exemption 6** <br><br> 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS98 | USPS_443 - USPS_454 | Date: 1/27/22 <br> Time: 4:30 p.m. <br> From: Kimberly B. Workinger <br> To: Elliott Rosner; Margaret C. | **Internal discussion:** <br><br> **Exemption 5 – Deliberative Process Privilege** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | Dykes; Mark A. Ross; Andrew Hung<br>Subject: RE: [EXTERNAL] RE: TEST KIT WEB INFO - PRIVACY CONCERN | 1. The deliberative process involved in this email chain, which is a continuation of the email chain produced at USPS_432 to USPS_442, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage, along with the technical process of updating that webpage. This privilege applies to each passage on pages USPS_444 to USPS_452 redacted under Exemption 5.<br>2. The earlier portion of the email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act. The later portion of the email chain, starting at the bottom of page USPS_446, reflects USPS's deliberations regarding the deployment of revisions to the COVID-19 test kit webpage in accordance with the prior conversations.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement and, furthermore, was in the process of making changes to its public-facing COVID-19 test kit webpage.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. Release would further harm internal clients' ability to discuss substantive guidance and plan corresponding actions.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the last passage on page USPS_444 redacted under Exemption 5 and each passage on pages USPS_447 to USPS_451 redacted under Exemption 5.<br>2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department.<br>3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department.<br>4. The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue drafted by Government counsel and was |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5.  Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1.  This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2.  Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3.  There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS99 | USPS_455 - USPS_458 | Date: 1/27/22<br>Time: 4:55 p.m.<br>From: Kimberly B. Workinger<br>To: Christopher J. Karpenko; Alexander C. Hoover<br>Subject: RE: [EXTERNAL] Question about USPS Privacy Statement -updated | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1.  The deliberative process involved in this email chain is USPS's ongoing iterative decision-making process related to its revision of the Privacy Act Statement appearing on the COVID-19 test kit webpage, along with the technical process of updating that webpage. This privilege applies to each passage on pages USPS_455 to USPS_458 redacted under Exemption 5.<br>2.  The email chain at issue reflects USPS's deliberations, between members of the Brand Marketing group and a White House staff member, concerning revisions to the Privacy Act Statement appearing on the COVID-19 test kit webpage.<br>3.  The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of updating the Privacy |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | Act Statement appearing on the COVID-19 test kit webpage.<br>4.  Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal officials' ability to freely communicate questions and concerns regarding changes to public-facing materials and services.<br><br>**Employee email addresses and mobile phone numbers:**<br><br>**<u>Exemption 6</u>**<br><br>1.  This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2.  Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3.  There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS100 | USPS_459 - USPS_467 | Date: 1/27/22<br>Time: 5:05 p.m.<br>From: Joseph Wojowski<br>To: Andrew Hung; Kimberly B. Workinger Jason Matthias<br>Subject: Re: [EXTERNAL] Re: Translations Flow B Review Request | **Employee email addresses and mobile phone numbers:**<br><br>**<u>Exemption 6</u>**<br><br>1.  This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2.  Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3.  There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS.<br><br>**Internal Website Staging Links:**<br><br>**<u>Exemption 3</u>**<br><br>1.  This email chain contains staging links for pages to appear on USPS's website.<br>2.  This information constitutes commercial information exempt from disclosure under Exemption 3 and 39 U.S.C. § 410(c)(2), as it stems from the development of USPS's |

119

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | website, using commercial staging tools that would not be disclosed under good business practice. |
| USPS101 | USPS_468 – USPS_476 | Date: 1/27/22<br>Time: 7:11 p.m.<br>From: Kimberly B. Workinger<br>To: Maya Lilley; Gabriel Freytes; Elliott Rosner Margaret C. Dykes; Joseph Loong; Mark A. Ross<br>Subject: RE: [EXTERNAL] RE: TEST KIT WEB INFO – PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email chain produced at USPS_432 to USPS_442, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage, along with the technical process of updating that webpage. This privilege applies to each passage on pages USPS_471 to USPS_475 redacted under Exemption 5.<br>2. The earlier portion of the email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act. The later portion of the email chain, starting near the bottom of page USPS_472, reflects USPS's deliberations regarding the deployment of revisions to the COVID-19 test kit webpage in accordance with the prior conversations.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement and, furthermore, was in the process of making changes to its public-facing COVID-19 test kit webpage.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. Release would further harm internal clients' ability to discuss substantive guidance and plan corresponding actions.<br><br>**Exemption 5 – Attorney Client Privilege**<br><br>1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the last passage on page USPS_472 redacted under Exemption 5 and each passage on pages USPS_473 to USPS_474 redacted under Exemption 5. |

120

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
| | | | 2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department.<br>3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department.<br>4. The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**<u>Exemption 6</u>**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public.<br><br>**Internal Website Staging Links:**<br><br>**<u>Exemption 3</u>**<br><br>1. This email chain contains staging links for pages to appear on USPS's website. |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 2. This information constitutes commercial information exempt from disclosure under Exemption 3 and 39 U.S.C. § 410(c)(2), as it stems from the development of USPS's website, using commercial staging tools that would not be disclosed under good business practice. |
| USPS102 | USPS_477 - USPS_493 | Date: 1/27/22 Time: 8:47 p.m. From: Elliott Rosner To: Garrett M. Hoyt; Angela R. Dyer Subject: FW: [EXTERNAL] RE: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:** <br><br> **Exemption 5 – Deliberative Process Privilege** <br><br> 1. The deliberative process involved in this email chain, which is a continuation of the email chain produced at USPS_432 to USPS_442, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage, along with the technical process of updating that webpage. This privilege applies to each passage on pages USPS_483 to USPS_491 redacted under Exemption 5. <br> 2. The earlier portion of the email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act. The later portion of the email chain, starting in the middle of page USPS_485, reflects USPS's deliberations regarding the deployment of revisions to the COVID-19 test kit webpage in accordance with the prior conversations. <br> 3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement and, furthermore, was in the process of making changes to its public-facing COVID-19 test kit webpage. <br> 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. Release would further harm internal clients' ability to discuss substantive guidance and plan corresponding actions. <br><br> **Exemption 5 – Attorney Client Privilege** <br><br> 1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to the last passage on page USPS_485 redacted under Exemption 5 and each passage on pages USPS_486 to USPS_490 redacted under |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|  |  |  | Exemption 5 (excluding the passage at the bottom of page USPS_490, following the text "OK, back to you here with two things"). <br> 2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department. <br> 3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department. <br> 4. The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. <br><br> **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** <br><br> <u>Exemption 6</u> <br><br> 1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files. <br> 2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties. <br> 3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. <br><br> **Internal Website Staging Links:** <br><br> <u>Exemption 3</u> |

123

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | 1. This email chain contains staging links for pages to appear on USPS's website.<br>2. This information constitutes commercial information exempt from disclosure under Exemption 3 and 39 U.S.C. § 410(c)(2), as it stems from the development of USPS's website, using commercial staging tools that would not be disclosed under good business practice. |
| USPS103 | USPS_494 - USPS_495 | Date: 1/27/22<br>Time: 9:19 p.m.<br>From: Kimberly B. Workinger<br>To: Elliott Rosner; Garrett M. Hoyt; Angela R. Dyer; Jerry L. Wheeler; Farah A. Bandukwala; Christopher J. Karpenko<br>Subject: Re: [EXTERNAL] OTK - Release 1.5 - CAT Test Results & PROD Promotion Approval Request | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS104 | USPS_496 - USPS_498 | Date: 1/28/22<br>Time: 8:07 a.m.<br>From: Elliott Rosner<br>To: Christopher J. Karpenko; Garrett M. Hoyt; Angela R. Dyer; Jerry L. Wheeler; Farah A. Bandukwala; Kimberly B. Workinger<br>Subject: Re: [EXTERNAL] OTK - Release 1.5 - CAT Test Results & PROD Promotion Approval Request | **Employee email addresses and mobile phone numbers:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS. |
| USPS105 | USPS_499 - USPS_507 | Date: 1/28/22<br>Time: 1:29 p.m.<br>From: Christopher J. Karpenko<br>To: Steven W. Monteith<br>Subject: FW: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_396 to USPS_404, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_499 to USPS_504 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of |

124

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|  |  |  | Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act. <br><br> 3. The information withheld does not reflect the final determination of USPS. It is predecisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement. <br> 4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations. <br><br> **Exemption 5 – Attorney Client Privilege** <br><br> 1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_499 to USPS_503 redacted under Exemption 5 (excluding the passage at the bottom of page USPS_503, following the text "OK, back to you here with two things"). <br> 2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department. <br> 3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department. <br> 4. The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act. <br> 5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance. <br><br> **Employee email addresses and mobile phone numbers and a private citizen's name and contact information:** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| | | | **Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure.  Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS106 | USPS_508 - USPS_515 | Date: 1/28/22<br>Time: 5:02 p.m.<br>From: Christopher J. Karpenko<br>To: Steven W. Monteith<br>Subject: RE: TEST KIT WEB INFO - PRIVACY CONCERN | **Internal discussion:**<br><br>**Exemption 5 – Deliberative Process Privilege**<br><br>1. The deliberative process involved in this email chain, which is a continuation of the email produced at USPS_499 to USPS_507, is USPS's ongoing iterative decision-making process related to its response to questions concerning the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_508 to USPS_513 redacted under Exemption 5.<br>2. The email chain at issue reflects USPS's deliberations, between the Vice President of Corporate Communications and attorneys in the Law Department, in addition to prior correspondence with a White House staff member, concerning compliance with the Privacy Act.<br>3. The information withheld does not reflect the final determination of USPS. It is pre-decisional and deliberative because USPS was in the process of developing its response to inquiries regarding the Privacy Act Statement.<br>4. Release would harm the Postal Service's ability to ensure that the requirements of the Privacy Act are satisfied and would undermine internal counsel's ability to freely communicate questions and concerns. Furthermore, revealing internal policy-making and legal discussions would hinder internal clients' ability to seek legal guidance, and without the benefit of context, disclosure could result in the public's misunderstanding or misstatement of internal deliberations.<br><br>**Exemption 5 – Attorney Client Privilege** |

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|-----|-------|---------|-------|
|  |  |  | 1. This email chain reflects discussions among internal clients and consultants concerning materials drafted by attorneys in the Law Department regarding a response to a member of the public regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. This privilege applies to each passage on pages USPS_508 to USPS_512 redacted under Exemption 5.<br>2. The parties to this email chain are the Vice President of Corporate Communications, a White House staff member, and members of the Law Department, and the attachment is a draft document prepared by attorneys in the Law Department.<br>3. This email chain shows Government officials discussing legal guidance provided by lawyers in the Law Department, specifically as to a document drafted by attorneys in the Law Department.<br>4. The email chain includes a request for legal advice from attorneys in the Law Department, and the document at issue drafted by Government counsel and was circulated for further input and approval concerning the Postal Service's obligations under the Privacy Act.<br>5. Release would harm internal counsel's ability to deliberate over and provide legal advice, and it would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. Furthermore, internal clients would be unable to confer with one another concerning legal guidance.<br><br>**Employee email addresses and mobile phone numbers and a private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains employee email addresses and mobile phone numbers, along with the name and contact information of a member of the public, which constitute similar files.<br>2. Employees have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. Employees would also be subjected to phishing schemes and spam messages. Members of the public similarly have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |

127

*Americans for Fair Treatment v. USPS, et al.*, Civil Action No. 22-1183 (RCL)

| No. | Range | Details | Notes |
|---|---|---|---|
| USPS107 | USPS_516 - USPS_517 | Date: 1/21/2022<br>Time: 9:42 a.m.<br>From: Privacy Office (privacy@usps.gov)<br>To: [Withheld]<br>Subject: RE: [EXTERNAL] EMAIL | **A private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains the name and contact information of a member of the public, which constitute similar files.<br>2. Members of the public have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS108 | USPS_518 | Date: 3/7/2022<br>Time: 1:19 p.m.<br>From: [Withheld]<br>To: Privacy Office (privacy@usps.gov)<br>Subject: [EXTERNAL] Question re: USPS Privacy Policy | **A private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains the name and contact information of a member of the public, which constitute similar files.<br>2. Members of the public have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |
| USPS109 | USPS_519 | Date: 1/26/2022<br>Time: 11:08 a.m.<br>From: [Withheld]<br>To: Privacy Office (privacy@usps.gov)<br>Subject: [EXTERNAL] Privacy Policy questions | **A private citizen's name and contact information:**<br><br>**Exemption 6**<br><br>1. This email chain contains the name and contact information of a member of the public, which constitute similar files.<br>2. Members of the public have a privacy interest in protecting their names and contact information because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from other parties.<br>3. There is no significant public interest in disclosure. Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the USPS, nor does contact information for members of the public. |

128