# APPENDIX 2

## Oblea, Erika (USADC)

| | |
|---|---|
| **From:** | Dave Dorey (LWS) <DDorey@liffwalsh.com> |
| **Sent:** | Friday, December 6, 2024 4:09 PM |
| **To:** | Oblea, Erika (USADC) |
| **Cc:** | Grubman, Jacob F - Washington, DC |
| **Subject:** | [EXTERNAL] RE: AFFT v. USPS - Supplemental Production |

Hi Erika – thank you for following up so quickly.  Given that it is just email addresses redacted, we concede on (b)(6) in whole.  And we will not challenge any (b)(6) designation on foreseeable harm grounds.

As for (b)(5), we understand your position on moving for summary judgment.  We will not challenge that the information is covered by the privileges at the outset, so to the extent that can reduce what you have to brief that is okay with us.  Our challenge will be limited to 1) foreseeable harm and 2) admittedly non-deliberative information that's redacted (which I suppose can be seen as a segregability argument).

Thanks for flagging exemption 3.  We concede that exemption 3 is appropriately used and will not challenge on substance or foreseeable harm grounds.

Dave

**David R. Dorey**
Partner, Liff, Walsh & Simmons
O: 410-266-9500 | D: 443-569-5744



**From:** Oblea, Erika (USADC) <Erika.Oblea@usdoj.gov>
**Sent:** Friday, December 6, 2024 3:49 PM
**To:** Dave Dorey (LWS) <DDorey@liffwalsh.com>
**Cc:** Grubman, Jacob F - Washington, DC <Jacob.F.Grubman@usps.gov>
**Subject:** RE: AFFT v. USPS - Supplemental Production

Dave –

Thank so much for the prompt response.

First, thank you for letting us know that Plaintiff does not challenge USPS's search.

Second, as to Exemption 6, USPS indicates that only the following were redacted – the emails of government employees, the names of private individuals, and the names of contractors whose names were not previously disclosed. As to the two pages referenced, it was only the emails of the government employees that were redacted in those cases.

Given this, does Plaintiff still challenge the invocation of Exemption 6? If Plaintiff does not challenge the invocation of Exemption 6, does that also mean that Plaintiff does not challenge the agency's statement of the foreseeable harm for Exemption 6?

Third, as to Exemption 5, USPS cannot concede the points Plaintiff is requesting, so USPS will move for summary judgment on Exemption 5.

Finally, USPS realized that it had not included a section for the invocation of Exemption 3 in the draft declaration, but it does note and explain the invocation of Exemption 3 in the draft *Vaughn*, e.g., pages 3, 11, 16, 32, 38-40, 104. Could you let us know if Plaintiff is also challenging Exemption 3?

Thank you,

**Erika Oblea**
Assistant United States Attorney
(202) 252-2567
erika.oblea@usdoj.gov

---

**From:** Dave Dorey (LWS) <DDorey@liffwalsh.com>
**Sent:** Friday, December 6, 2024 3:08 PM
**To:** Oblea, Erika (USADC) <EOblea@usa.doj.gov>
**Cc:** Grubman, Jacob F - Washington, DC <Jacob.F.Grubman@usps.gov>
**Subject:** [EXTERNAL] RE: AFFT v. USPS - Supplemental Production

HI Erika and Jacob – thanks again for your email and for the work done putting this together.  We appreciate it.  We have conferred with our client and here is where we're at:

- Our client is not going to insist on any additional searches.  Essentially we are conceding that USPS has met its burden both as to the search terms and what was searched.
- Our client is concerned that there are certain redactions made to what appear to be names of government employees in full under (b)(6).  Some examples are at USPS_83, USPS_207.  If you could clarify the reasons for this or otherwise remove those redactions that would be off the table.  And we concede the appropriateness of other redactions made under (b)(6).
- We are conceding and will not make any substantive arguments opposing the initial invocation of (b)(5), other than to the extent that USPS admits it redacted information that is not actually subject to (b)(5)—see the draft Castorina declaration at para. 66.  The universe of what those redactions are isn't clear to me, but certainly could be worth discussing to see if that can be dealt with.
- We are planning to oppose on foreseeable harm.  Our client does not believe that USPS has met its burden here – particularly when it comes to invoking the relationship with the White House (which is of course turning over in a few weeks).  It could be fruitful to discuss whether USPS is interested in walking back its position on foreseeable harm (even in part).  If you haven't already you might take a look at the Court's order in this case on the issue (ECF no. 30 starting at p. 22); our arguments would largely track what's there.

Assuming we can work out the (b)(6) issue but don't make any other progress, in our view your brief can be limited to the issues in the last two bullets above.  Hope this helps.  Happy to discuss.

Dave

**David R. Dorey**
Partner, Liff, Walsh & Simmons

O: 410-266-9500 | D: 443-569-5744



---

**From:** Oblea, Erika (USADC) <Erika.Oblea@usdoj.gov>
**Sent:** Thursday, December 5, 2024 3:07 PM
**To:** Dave Dorey (LWS) <DDorey@liffwalsh.com>
**Cc:** Grubman, Jacob F - Washington, DC <Jacob.F.Grubman@usps.gov>
**Subject:** RE: AFFT v. USPS - Supplemental Production

Dave –

Thank you for your email.

USPS has reviewed Plaintiff's list of custodians. USPS has conducted a supplemental search for three of the identified custodians: privacy@usps.gov, Ruth Stevenson, and Karren Vance. In light of the supplemental search, USPS is producing the attached nonexempt portions of the responsive records uncovered from that search. USPS is also producing a few additional records. The documents marked "revised" are new versions of already-produced documents. USPS_100-107 removes a redaction. USPS_201 and USPS_203 are reprocessed versions that are more readable.

USPS, however, does not agree to do a search for the other 55 custodians. USPS is prepared to move for summary judgment based on the draft declaration and draft *Vaughn* Index attached. To note, Defendant provides these draft documents for purposes of discussion and retains the right to amend or supplement both for its upcoming briefing.

Before Defendant moves, though, USPS did want to clarify, is Plaintiff's only issue with Defendant's search? Does Plaintiff still have issues with Defendant's withholdings? Are there any withholdings that Plaintiff does not challenge?

Thank you,

**Erika Oblea**
Assistant United States Attorney
(202) 252-2567
erika.oblea@usdoj.gov

---

**From:** Dave Dorey (LWS) <DDorey@liffwalsh.com>
**Sent:** Tuesday, November 19, 2024 11:35 AM
**To:** Oblea, Erika (USADC) <EOblea@usa.doj.gov>
**Cc:** Grubman, Jacob F - Washington, DC <Jacob.F.Grubman@usps.gov>
**Subject:** [EXTERNAL] RE: AFFT v. USPS - Supplemental Production

Good morning Erika and Jacob – thanks again for compiling this and giving us a chance to review.  I think the most recent production shows significant work and progress toward getting the information our client has been looking for; and for that I am grateful.  The updated search terms are solid from our perspective and likely to capture the relevant records.  That said, comparing the production to the draft declaration, it appears we now have a significant number (58) of additional custodians implicated (see attached spreadsheet) whose records have not been searched.  This includes what we view as likely key custodians such as Karren Vance, the Privacy Office's general email box, and Ruth Stevenson.  I propose that we schedule a preliminary call to discuss this and understand USPS's position as to whether these need to be searched or if they are properly excluded—any other issues are from our perspective downstream from that.  Thank you.

3

Dave

**David R. Dorey**
Partner, Liff, Walsh & Simmons
O: 410-266-9500 | D: 443-569-5744



---

**From:** Dave Dorey (LWS)
**Sent:** Saturday, November 16, 2024 1:21 PM
**To:** Oblea, Erika (USADC) <Erika.Oblea@usdoj.gov>
**Cc:** Grubman, Jacob F - Washington, DC <Jacob.F.Grubman@usps.gov>
**Subject:** RE: AFFT v. USPS - Supplemental Production

Hi Erika and Jacob – thank you very much for pulling this together.  We will review and advise ASAP, and well understand these are drafts and may be revised.  And absolutely agree that we should discuss when our review is finished with an eye toward narrowing issues.

Dave

**David R. Dorey**
Partner, Liff, Walsh & Simmons
O: 410-266-9500 | D: 443-569-5744



---

**From:** Oblea, Erika (USADC) <Erika.Oblea@usdoj.gov>
**Sent:** Friday, November 15, 2024 9:33 PM
**To:** Dave Dorey (LWS) <DDorey@liffwalsh.com>
**Cc:** Grubman, Jacob F - Washington, DC <Jacob.F.Grubman@usps.gov>
**Subject:** RE: AFFT v. USPS - Supplemental Production

Davey –

Hope this email reaches you well. Please see attached a draft *Vaughn* and draft search declaration. To note, Defendant provides these draft documents for purposes of discussion only and retains the right to amend or supplement both for its upcoming briefing.

Can you kindly let us know if we can discuss potentially narrowing the issues for further briefing?

Thank you,

**Erika Oblea**
Assistant United States Attorney
(202) 252-2567
erika.oblea@usdoj.gov