UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants. | Civil Action No. 22-1183 (RCL) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS AND REPLY IN SUPPORT OF DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h), Defendants the United States Postal Service, Postmaster General, and General Counsel Thomas Marshall (the "Postal Service" or the "Agency"), by and through undersigned counsel, respectfully submit this Response to Plaintiff's Statement of Material Facts ("Pl.'s Stmt.," ECF Nos. 84-1, 85-2) and Reply in Support of Defendants' Statement of Material Facts.

**RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1.      USPS's production of responsive records in this matter shows that its operation to implement, consider, and revise the Privacy Act Statement on its COVID-19 test kit webform involved the Postmaster General, USPS's General Counsel, political staff at the White House, a United States Senator, and members of the public. *See, e.g.*, *Vaughn* Index, ECF No. 83-4 at 73, 76 (Postmaster General); 20, 39, 49, 51, 59 (General Counsel); 42–44, 69 (United States Senator); 128 (members of the public).

**Defendants' Response**: Undisputed that production of responsive records in this matter shows that its operation to implement, consider, and revise the Privacy Act Statement on its COVID-19 test kit webform involved the Postmaster General, USPS's General Counsel, political

1

staff at the White House, and members of the public. Disputed that the discussions involved a U.S. Senator, as the discussions involved the staff of Senator Wyden. *See, e.g.*, *Vaughn* Index, ECF No. 83-4 at 42-44; 3d Supp. Castorina Decl. ¶ 13, ECF No. 83-3. Defendants dispute that ECF No. 83-4 at 69 involves discussions of a U.S. Senator. That page of the *Vaughn* Index concerns discussions involving a member of the public's inquiry. *Id.* Defendants further dispute that only the Postmaster General, USPS's General Counsel, political staff at the White House, staff from the United States Senator, and members of the public were involved in these discussions. *See* 3d Supp. Castorina Decl. ¶ 54, ECF No. 83-3.

### REPLY IN SUPPORT OF DEFENDANTS' STATEMENT OF MATERIAL FACTS

Defendant files the following reply in support of those Statement of Material Facts that Plaintiff does not admit in full or otherwise contests.

2. On February 25, 2022, the Postal Service issued its determination indicating that there were no records responsive to Plaintiff's request. 3d Supp. Castorina Decl. ¶ 23.

**Plaintiff's Response**: Admitted to the extent that USPS searched for some records. Denied to the extent USPS states or implies that USPS produced all responsive records.

**Defendants' Reply**: Plaintiff does not present a genuine dispute of material fact. Plaintiff no longer disputes Defendants' search for responsive records. *See* Defs.' App'x 2, ECF No. 83-5.

4. The Postal Service conducted another search, and on April 6, 2022, issued its decision, releasing nine pages in part as responsive to the first part of Plaintiff's request and finding no responsive records as to the second part. 3d Supp. Castorina Decl. ¶¶ 25-28.

**Plaintiff's Response**: Admitted to the extent that USPS searched for some records. Denied to the extent USPS states or implies that USPS properly redacted responsive documents.

**Defendants' Reply**: Plaintiff does not present a genuine dispute of material fact. Plaintiff no longer disputes Defendants' search for responsive records. *See* Defs.' App'x 2, ECF No. 83-5.

Plaintiff no longer disputes Defendants' application of Exemptions 3 and 6. *See* Defs.' App'x 2, ECF No. 83-5. Defendants properly withheld information pursuant to Exemption 5. *See* Defs.' Mot. for Summ. J. at 24-42, ECF No. 83-1; Defs.' Reply.

5. After the Court issued its opinion and order on March 23, 2023, ECF Nos. 30-31, the Postal Service conducted three supplemental searches in response to Plaintiff's request, releasing an additional 510 pages withheld in part under FOIA Exemptions 3, 5, and 6. 3d Supp. Castorina Decl. ¶¶ 30-51; 3d Supp. Castorina Decl. Ex. 1.

**Plaintiff's Response**: Admitted to the extent that USPS searched for some records. Denied to the extent USPS states or implies that USPS properly redacted responsive documents.

**Defendants' Reply**: Plaintiff does not present a genuine dispute of material fact. Plaintiff no longer disputes Defendants' search for responsive records. *See* Defs.' App'x 2, ECF No. 83-5. Plaintiff no longer disputes Defendants' application of Exemptions 3 and 6. *See* Defs.' App'x 2, ECF No. 83-5. Defendants properly withheld information pursuant to Exemption 5. *See* Defs.' Mot. for Summ. J., ECF No. 83-1 at 24-42; Defs.' Reply.

Dated: February 12, 2025

Respectfully submitted

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  */s/ Erika K. Oblea*
ERIKA K. OBLEA, D.C. Bar #1034393
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
(202) 252-2567
Erika.oblea@usdoj.gov

*Attorneys for the United States of America*