# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | **No. 1:22-cv-01183-RCL** |

## PLAINTIFF'S REPLY IN SUPPORT OF
## <u>RENEWED CROSS-MOTION FOR SUMMARY JUDGMENT</u>

David R. Dorey
D.C. Bar No. 1015586
LIFF, WALSH & SIMMONS
181 Harry S. Truman Parkway
Suite 200
Annapolis, MD  21401
Email: ddorey@liffwalsh.com
Telephone: (410) 266-9500
Facsimile: (410) 266-7699

*Counsel for Americans for Fair Treatment*

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................ 1

I.   USPS WITHHELD NON-EXEMPT INFORMATION AND DID NOT MEET ITS SEGREGABILITY BURDEN. ............................................................................. 1

II.  USPS FAILED TO DEMONSTRATE FORESEEABLE HARM. ...................... 4

    A.   Deliberative Process Privilege ......................................................... 4

    B.   Attorney-Client Privilege ................................................................. 8

# TABLE OF AUTHORITIES

<u>Cases</u>

**\****Armstrong v. Exec. Off. of the President*, 97 F.3d 575 (D.C. Cir. 1996) ..................... 1

**\****Blade v. DOL*, No. 20-2591, 2024 U.S. Dist. LEXIS 200241

    (D.D.C. Nov. 4, 2024) ........................................................................................ 8

**\****Colo. Wild Pub. Lands v. USFS*, 691 F. Supp. 3d 149 (D.D.C. 2023) ............... 5, 6, 7

*Dorsey v. EOUSA*, No. 15-5104, 2016 U.S. App. LEXIS 2379

    (D.C. Cir. Feb. 10, 2016) ................................................................................... 2

*Energy Pol'y Advocs v. EPA*, No. 22-298, 2023 U.S. Dist. LEXIS 174755

    (D.D.C. Sep. 29, 2023) ....................................................................................... 6

*Evans v. Fed. Bureau of Prisons*, 951 F.3d 578 (D.C. Cir. 2020) ............................... 4

*Johnson v. EOUSA*, 310 F.3d 771 (D.C. Cir. 2002) ..................................................... 1

*Juul Labs, Inc. v. FDA*, 731 F. Supp. 3d 46 (D.D.C. 2024) ........................................ 7

*Khatchadourian v. DIA*, 453 F. Supp. 3d 54 (D.D.C. 2020) ................................... 2, 3

**\****Mead Data Cent., Inc. v. Air Force*, 566 F.2d 242 ................................................... 3

*Nat'l Pub. Radio, Inc. v. DHS*, 2022 U.S. Dist. LEXIS 176411

    (D.D.C. Sep. 28, 2022) (Lamberth, J.) .......................................................... 5

*Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429 (D.C. Cir. 1992).................. 7

*Protect Democracy Project, Inc. v. HHS*, 569 F. Supp. 3d 25 (D.D.C. 2021)................ 3

*Stolt-Nielsen Transp. Grp. LTD. v. United States*, 534 F.3d 728 (D.C. Cir. 2008) ..... 2

*Sussman v. United States Marshals Serv.*, 494 F.3d 1106 (D.C. Cir. 2007)................ 3

Plaintiff Americans for Fair Treatment ("AFFT") respectfully submits this reply in support of its cross-motion for summary judgment (ECF No. 85).  Defendant United States Postal Service ("USPS") has failed to meet its segregability burden to withhold information that is not exempt from FOIA and has failed to demonstrate that foreseeable harm would result from releasing information covered by FOIA Exemption 5.  Accordingly the Court should grant summary judgment to AFFT and order the withheld information be produced.

## ARGUMENT

### I.   USPS WITHHELD NON-EXEMPT INFORMATION AND DID NOT MEET ITS SEGREGABILITY BURDEN.

USPS's combined opposition to AFFT's summary judgment motion and reply in support of its summary judgment motion (ECF Nos. 86–87  ("USPS R. Mem.")) further demonstrates that it has not met its segregability burden with respect to withholding information it admits is not exempt from FOIA.  USPS begins by selectively quoting from *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578 (D.C. Cir. 1996), to argue that the standard for its segregability explanation is just "reasonable specificity."  USPS R. Mem. at 2.  In fact, the standard is that USPS must "show with reasonable specificity **why** the documents cannot be further segregated." *Armstrong*, 97 F.3d at 578 (cleaned up, emphasis added)[1]; *see also* ECF No. 85-1 at 6 (AFFT's combined memorandum of law in support of its summary judgment motion

---

[1] *Johnson v. EOUSA*, 310 F.3d 771, 776 (D.C. Cir. 2002) ("In order to demonstrate that all reasonably segregable material has been released, the agency must provide a 'detailed justification' for its non-segregability.") (citation omitted).

and opposition to USPS's) ("AFFT Mem.") (quoting *Armstrong*).  The "why" is what is conspicuously absent from USPS's discussion.

Nowhere in its summary judgment papers does USPS say "why" the non-exempt information it withheld is not segregable.  It even persists in failing to identify a single specific record as to which it withheld non-exempt information from AFFT. USPS R. Mem. at 2–6; *id.* at 3 (conclusorily claiming there is only "little information that was not released").  Instead, USPS continues to rest on boilerplate—that it conducted a "line-by-line review."  USPS R. Mem. at 3.  That is not enough.  *Stolt-Nielsen Transp. Grp. LTD. v. United States*, 534 F.3d 728, 734 (D.C. Cir. 2008)

> [T]he government's only justification for withholding the agreements in the face of the redaction of identifying information is a conclusory affidavit by a Division official declaring that a Division paralegal had 'reviewed each page line-by-line to assure himself that he was withholding from disclosure only information exempt pursuant to the Act.'  The Division's conclusion on a matter of law is ***not sufficient*** support for a court to conclude that the self-serving conclusion is the correct one.

*See also Khatchadourian v. DIA*, 453 F. Supp. 3d 54, 83 (D.D.C. 2020) (Lamberth, J.) (quoting with approval M.J. Robinson's recommendation:  "While DIA provided a paragraph explaining that 'experts' reviewed all records 'line-by-line,' there is no information elsewhere in the Williams Declaration or Vaughn Index that explain with any specificity, much less 'reasonable specificity,' how the agency undertook its segregability analysis.") (cleaned up).[2]

---

[2] *Dorsey v. EOUSA*, No. 15-5104, 2016 U.S. App. LEXIS 2379, at *2–3 (D.C. Cir. Feb. 10, 2016) (cleaned up) ("Although a court may rely on agency affidavits, including *Vaughn* indices, that show with 'reasonable specificity' why documents withheld in

It is true that USPS is entitled to a presumption that it complied with its segregability obligations, but that presumption does not relieve it of its "reasonable specificity why" burden. *Khatchadourian*, 453 F. Supp. 3d at 81 ("While agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material, agencies must ***still*** demonstrate with reasonable specificity the bases for their conclusions regarding segregability.") (cleaned up) (emphasis added).[3]  To the extent that presumption can persist in the absence of "reasonable specificity why," AFFT has provided the "quantum of evidence" required to rebut it.  *Sussman v. United States Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).   The quantum of evidence is that USPS has submitted contradictory statements about segregability.   AFFT Mem. at 5 (explaining that USPS simultaneously says that it (1) withheld "inextricably intertwined" non-exempt information, yet (2) segregated "all non-exempt information" and released "any non-exempt portion").  USPS resists this; but it misunderstands AFFT's argument.  USPS R. Mem. at 3–4.   Information that is "inextricably intertwined" with exempt information is non-exempt from FOIA but can be withheld anyway.[4]  If USPS

---

full pursuant to a valid exemption cannot be segregated, EOUSA's supporting affidavit states only legal conclusions regarding segregability, and its *Vaughn* index does not explain why documents . . . could not be redacted and released in part.").

[3] *Protect Democracy Project, Inc. v. HHS*, 569 F. Supp. 3d 25, 36 (D.D.C. 2021) (Moss, J.) ("But, the Court need not blindly accept an agency's conclusory assurance that it has taken reasonable steps to segregate information if the record suggests otherwise or the Vaughn index and declarations are not sufficiently detailed to permit the Court to meaningfully assess whether further segregability is possible.").

[4] *Mead Data Cent., Inc. v. Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977) ("It has long been a rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions.").

released "any non-exempt portion" of the records, then it did not withhold anything on the basis that it is not segregable from exempt information. But USPS says it did in fact withhold non-exempt information because it is not segregable. Those two things cannot be true at the same time. *See Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 584 (D.C. Cir. 2020) ("In the FOIA context, summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record . . . ."). In light of that contradiction and USPS failure to provide a detailed justification for why the non-exempt information cannot be segregated, any non-exempt information USPS has withheld should be ordered disclosed.

## II.    USPS FAILED TO DEMONSTRATE FORESEEABLE HARM.

### A.  Deliberative Process Privilege

AFFT's memorandum discussed how USPS used equivocal language to describe the foreseeable harm it alleges would result from the release of deliberative information. AFFT Mem. at 10–12 (discussing the implications of USPS's use of words such as "risk" and "might"). USPS has now attempted to walk those admissions back, claiming that was an "error" and what is "dispositive" is the Castorina Declaration and its *Vaughn* Index. USPS R. Mem. at 7. USPS then supplies a "*Cf.*" string cite to three cases, none of which appear to support its argument. *Id.* The Court should not countenance that about-face.

But whether or not a USPS official says disclosure "would" cause foreseeable harm, its argument continues to fail on the substance. *See* AFFT Mem. at 8–13.

4

Pushed to explain how the Privacy Act Statement at issue here is any different from any other privacy act statement on USPS's website (AFFT Mem. at 11 (noting that USPS deliberates over and publishes privacy act statements routinely)), USPS now says it's because of the "context of the COVID-pandemic," which was a "public health emergency" that required USPS to "gather the necessary information" to give the public COVID-19 test kits. USPS R. Mem. at 8. That's just "a game of 'Mad Libs,'" filling in the blanks with the thing USPS did that happens to be at issue here. *Nat'l Pub. Radio, Inc. v. DHS*, 2022 U.S. Dist. LEXIS 176411, at *23 (D.D.C. Sep. 28, 2022) (Lamberth, J.). USPS provides nothing meaningful to explain ***why*** the fact that this Privacy Act Statement had to do with COVID-19 test kits distinguishes it from the vast amounts of information USPS otherwise collects from the public via its website under privacy act statements (that also mystifyingly say that USPS may give Americans' personal information to labor unions)—for example to change a mailing address or buy stamps.[5] *See Colo. Wild Pub. Lands v. USFS*, 691 F. Supp. 3d 149, 166 (D.D.C. 2023) (Cooper, J.) ("[T]hese background conditions have little if anything to do with the challenged withholdings here and are otherwise unpersuasive.").

USPS also resists AFFT's argument that it seeks a categorical exemption for communications that implicate (former) White House officials and that its concern is speculative. AFFT Mem. at 10. USPS offers nothing new on the point—just its unadorned belief that "the White House" would be "unlikely to engage in full and

---

[5] USPS, *Official USPS® Change-of-Address*, https://moversguide.usps.com (privacy act statement at the bottom of the form); USPS, *Checkout*, https://store.usps.com/store/checkout/shipping.jsp (same).

frank communications with" USPS if the information was disclosed.  USPS R. Mem. at 9.  USPS does not dispute that "the White House" is comprised of political staff who engage with agencies on various issues or that there is now a new Administration with new staff since the communications at issue here were sent.  *Id.*  But it argues that "new developments continually introduce challenges for the Federal Government" so USPS must be able to "communicate frankly." *Id.*  This is categorical even though there is no categorical FOIA exemption for communications involving White House officials; it is a restatement of the reasons for the deliberative process privilege at large; and it is speculative because USPS has supplied no information indicating that current White House officials share its concerns about the release of this information or that releasing it would (not could) impair relationships with those current officials.  And the single case USPS cites supports AFFT's view, explaining that part of the foreseeable harm analysis there was informed by the fact that "[t]he slides' release particularly jeopardizes this collaborative environment because many employees who contributed to the slides ***still work*** for the EPA." *Energy Pol'y Advocs v. EPA*, No. 22-298, 2023 U.S. Dist. LEXIS 174755, at \*16 (D.D.C. Sep. 29, 2023) (Kelly, J.) (emphasis added) (citing in USPS R. Mem. at 9).

USPS also doubles down on its speculation that if released the information "might be misconstrued" by the public and cause it to "mistrust the Public Service and the Federal Government . . . ." USPS R. Mem. at 10.  "Once more, such conjecture about the possibility of confusion is insufficient to show harm." *USFS*, 691 F. Supp. 3d at 167.  "That is especially true in this case because it would be a simple task" for

USPS to "clear up any confusion by doing exactly what" Castorina "did in her declaration": explain that the records at issue do not necessarily reflect the final Privacy Act Statement. *Id.* "Easy enough." *Id.* "When such a straightforward explanation will do the trick, the harm requirement—and the overall logic of FOIA— forbids an agency from opting to keep the public in the dark." *Id.*; *cf. Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1437 (D.C. Cir. 1992) ("The Bureau, moreover, does not convincingly explain why its concerns with public confusion and harming its own reputation could not be allayed by conspicuously warning FOIA requesters that the LLD file is as yet unofficial and that the Bureau disclaims responsibility for any errors or gaps."). USPS's "concerns over public confusion are speculative at best" and the deliberative information should be ordered disclosed. *USFS*, 691 F. Supp. 3d at 167.[6]

---

[6] USPS's reliance on *Juul Labs, Inc. v. FDA*, 731 F. Supp. 3d 46, 73 (D.D.C. 2024) (Moss, J.) (USPS R. Mem at 10–12) further illustrates the difference—when public confusion is indeed a sufficient rationale to withhold information. There, the court first explained that "[w]hen an agency asserts a concern about public confusion, courts should **proceed with caution**. They must consider whether the agency is merely attempting to avoid the public vetting of 'information marred by errors,' or information that could cause 'embarrassment.'"). *Id.* at 72 (cleaned up, emphasis added). Through the "lens of caution" the court then explained that FDA is an "expert, public health agency" and its "pronouncement that a product is safe or unsafe has serious consequences." *Id.* There the release of deliberative records "would likely give the public the wrong impression that FDA has reached a final decision on the issued contained in them." *Id.* "Members of the public would likely conclude that the FDA had rendered a series of decisions that, in fact, the agency has not rendered— and that it is still considering." *Id.* at 73. Here, in marked contrast, USPS has admittedly rendered two final (and inconsistent) decisions; there is no risk that the public would think it had not. And a privacy act statement is not a safety issue.

### B. Attorney-Client Privilege

USPS likewise leans into its argument for a categorical exemption to the foreseeable harm requirement for attorney-client privileged information, citing 2021 and 2022 district court cases that say disclosure "is a harm in and of itself." USPS R. Mem. at 12; *see also id.* (arguing that "the harm of disclosure is virtually self-evident"). AFFT's memorandum cited a more recent district court case from November 2024 that explained in significant detail why that view is not compatible with FOIA's foreseeable harm requirement. AFFT Mem. at 13–14 (citing *Blade v. DOL*, No. 20-2591, 2024 U.S. Dist. LEXIS 200241 (D.D.C. Nov. 4, 2024) (Moss, J.)). USPS ignored this case. USPS R. Mem. at 12–14.

In *Blade*, the court explained there is a "lack of precedent applying the [foreseeable harm] requirement to attorney-client withholdings," and discussed over thirteen pages "what burden the foreseeable-harm requirement imposes on agencies in the attorney-client-privilege context." *Id.* at *101–14. Through that lengthy analysis the court reasoned that "merely establishing that the agency has properly asserted the attorney-client privilege will not, standing alone, satisfy the foreseeable-harm requirement. If that were so, the requirement would not impose an independent and meaningful burden on agencies." *Id.* at *108 (citation omitted). And it rejected DOL's "sweeping and conclusory declaration" otherwise, explaining that its assertion—that "releasing these communications would undermine OFCCP's ability to utilize its legal counsel for assistance in resolving complex problems"—was "boilerplate: it could be offered in support of any assertion of the attorney-client privilege." *Id.* at *111–12. The Court should follow *Blade* here and reject USPS's

8

desire to carve a categorical exemption to FOIA for attorney-client privileged information based on generalities such as its release would "imped[e] the sharing of candid advice" and "undermine the ability of clients and attorneys to discuss legal questions and to reach conclusions capable of withstanding the appropriate scrutiny." USPS R. Mem. at 13. FOIA's transparency obligations require much more.

*    *    *

For the foregoing reasons and those stated in its opening memorandum AFFT's motion for summary judgment should be granted and USPS's denied. USPS should be ordered to disclose all non-exempt information and that which it redacted pursuant to FOIA Exemption 5.

Respectfully submitted,

Dated: February 21, 2025

**/s/ David R. Dorey**
David R. Dorey
D.C. Bar No. 1015586
LIFF, WALSH & SIMMONS
181 Harry S. Truman Parkway
Suite 200
Annapolis, MD  21401
Email: ddorey@liffwalsh.com
Telephone: (410) 266-9500
Facsimile: (410) 266-7699

*Counsel for Americans for Fair Treatment*

9