UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICANS FOR FAIR TREATMENT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants. | Civil Action No. 22-1183 (RCL) |

**DEFENDANTS' COMBINED FILING OF SUPPLEMENTAL AFFIDAVIT PURSUANT
TO COURT'S ORDER AND UNOPPOSED MOTION FOR RECONSIDERATION
<u>AND MEMORANDUM IN SUPPORT THEREOF</u>**

**TABLE OF CONTENTS**

Table of Contents ....................................................................................................................... i

Table of Authorities .................................................................................................................. ii

BACKGROUND ........................................................................................................................ 1

LEGAL STANDARDS .............................................................................................................. 2

ARGUMENT .............................................................................................................................. 3

      I.      Defendants' Continued Partial Withholding in USPS_192 to USPS_196 is
               Appropriate Under Exemptions 5 and 6. ................................................................ 3

      II.     The Court Should Reconsider its Order Granting Summary Judgment for Plaintiff
               and Denying Summary Judgment for Defendants as to USPS_7 to USPS_9, as
               well as USPS_516 to USPS_519. ........................................................................... 9

CONCLUSION ......................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. Exec. Off. of the President*,
97 F.3d 575 (D.C. Cir. 1996) .................................................................................................. 9

*Canning v. Dep't of Just.*,
567 F. Supp. 2d 104 (D.D.C. 2008) ......................................................................................... 9

*Cobell v. Norton*,
355 F. Supp. 2d 531 (D.D.C. 2005) ...................................................................................... 3, 4

*DL v. District of Columbia*,
274 F.R.D. 320 (D.D.C. 2011) ................................................................................................. 3

*Firestone v. Firestone*,
76 F.3d 1205 (D.C. Cir. 1996) ................................................................................................. 2

*Hammond v. Kempthorne*,
448 F. Supp. 2d 114 (D.D.C. 2006) ......................................................................................... 3

*Singh v. Geo. Wash. Univ.*,
383 F. Supp. 2d 99 (D.D.C. 2005) ........................................................................................... 3

*St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*,
657 F. Supp. 2d 243 (D.D.C. 2009) ......................................................................................... 3

*Sussman v. U.S. Marshals Serv.*,
494 F.3d 1106 (D.C. Cir. 2007) ............................................................................................... 9

*Turkmani v. Republic of Bolivia*,
273 F. Supp. 2d 45 (D.D.C. 2002) ........................................................................................... 2

**Statutes**

5 U.S.C. §§ 552a(e)(3)-(4) .................................................................................................... 7, 8

**Rules**

Fed. R. Civ. P. 54 .................................................................................................................... 3

Fed. R. Civ. P. 59 .................................................................................................................... 2

Defendant, the United States Postal Service ("Defendant" or the "Postal Service") makes this filing in this Freedom of Information Act ("FOIA") matter to (1) provide notice of its supplemental release of information previously withheld in USPS_192 to USPS_196 and its supplemental affidavit to explain how Defendants met their segregability obligations for any remaining withholdings; and (2) respectfully request reconsideration, pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), or, alternatively, Rule 54(b), of this Court's Memorandum Opinion and Order granting Plaintiff's  motion for summary judgment and denying Defendants' motion for summary judgment as to USPS_7 through USPS_9, and USPS_516 through USPS_519. ECF Nos. 89, 90.  Pursuant to Local Civil Rule 7(m), counsel for Defendants conferred with counsel for Plaintiff on this reconsideration motion, and Plaintiff does not oppose.

## BACKGROUND

The Department respectfully refers the Court to its August 11, 2025, Memorandum Opinion (ECF No. 89) for the procedural and background facts of this case.

On August 11, 2025, the Court granted in part and denied in part Defendants' Motion for Summary Judgment and granted in part and denied in part Plaintiff's Cross-Motion for Summary Judgment. Mem. Op., ECF No. 89; Order, ECF No. 90.

With respect to the Postal Service's assertion of Exemption 5's attorney-client privilege, the Court granted summary judgment for Defendants and denied summary judgment for Plaintiff. Mem. Op. at 17-18. The Court held, "Because the attorney-client privilege applies to pages USPS_ 1 through USPS_6 and USPS_l0 through USPS_515, the Court will GRANT summary judgment for USPS as to those documents." *Id.* at 18. The Court, however, held that "USPS failed to demonstrate with reasonable specificity the bases for its conclusions regarding segregability, so the Court will DENY summary judgment for USPS as to documents USPS_192 through USPS_196." *Id.* at 18.

With respect to the Postal Service's assertion of Exemption 5's deliberative process privilege, the Court denied summary judgment for Defendants and granted summary judgment for Plaintiff. The Court stated it "will DENY USPS's cross-motion for summary judgment as to documents USPS_7 through USPS_9 and USPS_516 through USPS_519." *Id.* at 18.

Accordingly, the Court ordered that the Postal Service:

- (1) Provide a concrete explanation as to how its disclosure of documents USPS_7-USPS_9 and USPS_516-USPS_519 would prevent its officials from speaking candidly or chill employees from communicating with the White House regarding the Privacy Act Statement, and (2) Provide a reasonably specific basis for its conclusions regarding segregability for documents USPS_192 through USPS_196;

- OR disclose documents USPS_7 through USPS_9, USPS_516 through USPS_519, USPS 192, USPS 193, and USPS 194 through USPS 196 in their entirety to AFFT.

Order at 1, ECF No. 90.

As noted in the Joint Status Report filed on August 25, 2025, Defendants indicated that they would comply with the Order as to USPS_192 through USPS_196 by September 8, 2025, and file a motion for reconsideration as to USPS_7 through USPS_9 and USPS_516 through USPS_519. Jt. Status Rpt., ECF No. 91.

## LEGAL STANDARDS

A Rule 59(e) motion "need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Although courts need not consider new legal arguments or mere restatements of old facts or arguments, courts can and should correct clear errors to "preserve the integrity of the final judgment." *Turkmani v. Republic of Bolivia*, 273 F. Supp. 2d 45, 50 (D.D.C. 2002). Thus, motions to alter or amend judgment "are intended to permit the court to correct errors of fact appearing on

the face of the record, or errors of law." *Hammond v. Kempthorne*, 448 F. Supp. 2d 114, 118 (D.D.C. 2006).

Alternatively, Rule 54(b) provides that "any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties . . . may be revised any time before the entry of judgment adjudicating all of the claims and all of the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005) ("Rule 54(b) governs reconsideration of orders that do not constitute final judgment in a case."); *see also St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, 657 F. Supp. 2d 243, 247 (D.D.C. 2009), *aff'd sub nom. Capitol Sprinkler Inspection, Inc. v. Guest Servs.*, 630 F.3d 217 (D.C. Cir. 2011). Relief under Rule 54(b) is available "as justice requires." *DL v. District of Columbia*, 274 F.R.D. 320, 324 (D.D.C. 2011). This "somewhat abstract" phrase is a shorthand reference for "more concrete considerations" of whether "'the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or fact [has occurred] since the submission of the issue to the Court.'" *Singh v. Geo. Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting *Cobell*, 355 F. Supp. 2d at 539). "Errors of apprehension may include a Court's failure to consider controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court." *Id.*

## ARGUMENT

### I.    Defendants' Continued Partial Withholding in USPS_192 to USPS_196 is Appropriate Under Exemptions 5 and 6.

Pursuant to the Order, Defendants make a partial release of USPS_192 to USPS_196 and submit the attached Fourth Supplemental Declaration of Janine Castorina dated September 8, 2025 ("Fourth Castorina Declaration"), to justify Defendants' continued withholding of certain

information in USPS_192 to USPS_196 pursuant to FOIA Exemption 5's deliberative process privilege and attorney-client privilege, as well as FOIA Exemption 6.

The Postal Service has continued to withhold certain information on these pages pursuant to Exemption 5's attorney-client privilege, as well as Exemption 6. Fourth Castorina Declaration ¶ 10. The Postal Service continues to withhold USPS_193 and USPS_196 in full. *Id*. On USPS_192, USPS_194, USPS_195, the Postal Service released information in these email communications in the From, To, Subject, Date, and Attachment lines, except for the employees' email addresses; this information was previously disclosed in the most recent *Vaughn* Index. *Id*. ¶ 11. The Postal Service has also released information in the email sender's signature line, except for the email sender's phone numbers, along with additional text in the body of the email messages. *Id*.

On USPS_192, USPS_194, and USPS_195, the Postal Service continues to withhold only text from the bodies of the email communications between Ms. Castorina and then-Chief Counsel of Ethics and Legal Compliance Ruth Stevenson pursuant to Exemption 5's attorney-client privilege. *Id.* ¶ 12. In these withheld email communications, Ms. Stevenson and Ms. Castorina were discussing edits and changes that should be made to a draft response to the Congressional staff member's inquiry regarding the Privacy Act Statement appearing on the COVID-19 test kit webpage. *Id*. The draft response was drafted by Government counsel and was circulated between Ms. Castorina and Ms. Stevenson for their review and input. *Id*. In this brief exchange, Ms. Castorina and Ms. Stevenson discussed edits to the draft response to ensure that the Postal Service was accurately conveying its position regarding its compliance with the Privacy Act with respect to the Postal Service's efforts in sending out COVID-19 test kits to the American public via the COVID-19 test kit webpage. *Id*.

Any factual information Ms. Stevenson and Ms. Castorina included in the withheld information was inextricably intertwined with their recommendations or advice being proffered about how the response to the Congressional staffer should be written. *Id.* ¶ 13. In particular, any factual information in the withheld information was inextricably intertwined with their recommendation or advice on what changes should be made to the draft response such that the draft response accurately conveyed the Postal Service's compliance with the Privacy Act with respect to the Postal Service's Privacy Act Statement on the COVID-19 test kit web page. *Id.*

The communications withheld between Ms. Stevenson and Ms. Castorina do not reflect the final determination of the Postal Service. *Id.* ¶ 14. These materials pre-decisional and deliberative because Ms. Stevenson and Ms. Castorina were still in the process of developing the Postal Service's official response to the Congressional staff member's inquiry regarding the Privacy Act Statement on the COVID-19 test kit webpage. *Id.*

On USPS_192, USPS_194, and USPS_195, the Postal Service continues to withhold the email addresses and phone numbers of Ms. Castorina and Ms. Stevenson pursuant to Exemption 6. *Id.* ¶ 15. Employee email addresses and phone numbers constitute similar files. Employees like Ms. Castorina and Ms. Stevenson have a privacy interest in their postal email addresses and mobile phone numbers because disclosure would subject them to unwarranted harassment such as unwanted phone calls and emails from the public while employees are on and off duty. *Id.* Employees would also be subjected to phishing schemes and spam messages. *Id.* There is no significant public interest in disclosure. *Id.* Employee email addresses and mobile phone numbers do not shed light on the operations and activities of the Postal Service. *Id.*

The Postal Service continues to withhold USPS_193 and USPS_195 in full. *Id.* ¶ 16. USPS_193 and USPS_195 are the attachments to the emails in USPS_192, USPS_194, and

- 5 -

USPS_195. *Id*. These attachments are the draft responses to the Congressional staff member's inquiry regarding the Privacy Act Statement that Ms. Stevenson and Ms. Castorina were discussing. *Id*. As noted above, these responses were drafted by Government counsel, and Ms. Castorina circulated them to Ms. Stevenson for further input concerning the Postal Service's obligations under the Privacy Act. *Id*. The draft responses were not the final versions that were ultimately sent to the Congressional staff in response to her inquiry. *Id*. The draft responses moreover contain proposed edits and changes in track mode from both Ms. Castorina and Ms. Stevenson. *Id.*

There would be foreseeable harm in the release of the information withheld on USPS_192 to USPS_196. *Id.* ¶ 17.

As to the deliberative process privilege invoked, certain of the records disclosed to Plaintiff make clear that community members and leaders are concerned about unnecessary or improper disclosures of consumer information. *Id.* ¶ 18. In part, the Privacy Act serves to protect against these types of disclosures; however, because other laws require the Postal Service to disclose information in certain contexts, Privacy Act compliance—including as to the preparation of an appropriate Privacy Act Statement—often requires substantial deliberation. *Id*. Correctly evaluating the Privacy Act is critical in ensuring that the Postal Service can gather the necessary information to provide its services—here, providing free COVID-19 test kits to the American public to help curb the spread of the infectious disease—and perform its functions while apprising the relevant parties of the ways their information might be used and ensuring that information is disclosed only to the extent allowed under the law. *Id*. The Postal Service is especially exacting as to Privacy Act compliance in part because of the organization's role in serving the whole American public. *Id*. Revealing recommendations, strategies, and legal opinions would

- 6 -

discourage candid discussion of Privacy Act compliance issues, which would result in less rigorous legal analysis and conclusions. *Id*. Incorrect evaluation of the Privacy Act would cause not only incorrect Privacy Act Statements but also improper disclosure of information. *Id*.

Moreover, in the context of the withheld email communications, disclosure would reveal internal counsel's deliberations concerning statutory compliance with the Privacy Act. *Id*. ¶ 19. Revealing these communications would impair the Postal Service's ability to make sound agency decisions because legal counsel would be reticent to share their thoughts amongst one another. *Id*. Disclosure would particularly chill communications among Postal Service attorneys, because their discussions about draft materials as well as legal, business, and media strategies would be revealed. *Id*. Revealing internal policymaking and legal discussions would generally hinder postal officials from contacting postal attorneys for their advice and recommendations and, accordingly, prevent postal officials from making appropriate judgments on behalf of the Postal Service. *Id*.

Disclosure would also allow confidential discussions to be misconstrued by the public. Without the benefit of context, certain opinions, recommendations, and strategies would be misappropriated and misstated. *Id.* ¶ 20. In particular, disclosing portions of the emails that are not specifically deliberative in nature, but which are inextricably intertwined with the deliberative portions, would also cause harm. *Id*. The Postal Service is one of many governmental entities that collect personal information and, accordingly, must comply with the Privacy Act. *Id*. In part, the statute explicitly requires agencies to craft explanations of how personal information can be used, *see* 5 U.S.C. §§ 552a(e)(3)-(4), a process that inherently requires coordination among internal clients and attorneys. *Id*. If disclosed, portions of these conversations might be misconstrued, whether mistakenly or purposely, in a manner that suggests the Postal Service is misusing customer information, and the American public will erroneously mistrust the Postal Service and

- 7 -

the Federal Government and, as a result, decline in the future to request the publicly available resources from the Federal Government that are designed to address any future public health emergency. *Id*. This would also place postal employees, officials, and attorneys in the position of having to defend against public confusion and distortions related to the Postal Service's information management, including as to the COVID-19 test kit webform. *Id*.

As to the attorney-client privilege invoked, revealing nascent attorney impressions about external concerns from the public would negatively impact the Postal Service's ability to appropriately respond to legal issues and public concerns. *Id.* ¶ 21. Exposing such communications to public scrutiny would interfere with the attorney-client relationship between postal attorneys and internal clients by impeding the sharing of candid advice that is critical to an attorney's ability to render legal advice. *Id*.

Disclosing such information would also reveal confidential information transmitted by internal clients and reveal the Postal Service's assessment of various legal issues implicating the Privacy Act Statement, along with its broader consideration of information disclosure obligations in relation to the Privacy Act. *Id.* ¶ 22.

Disclosure in this context would also raise concerns for the candid discussion of legal matters across the spectrum, as the Law Department provided advice in this context in the same manner as it does in relation to the voluminous requests for legal advice that it receives from across an organization of more than 600,000 employees. *Id.* ¶ 23. The Law Department's Ad Review and preparation of the Privacy Act Statement stemmed from typical requests for legal advice, and any disclosure here would suggest that numerous other legal conversations would also be subject to disclosure. *Id*. This would broadly undermine the ability of internal clients and

attorneys to discuss legal questions and to reach conclusions capable of withstanding the appropriate scrutiny. *Id*.

A line-by-line review of the email communications on USPS_192 to USPS_196 was performed, and it has been determined that no other information can be released without otherwise revealing information protected under Exemption 5's deliberative process privilege or attorney-client privilege. *Id.* ¶ 24. The Postal Service determined that all non-exempt information was segregated and any non-exempt portions were released. *Id*.

Because an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated, *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578–79 (D.C. Cir. 1996); *Canning v. Dep't of Just.*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008), and "[a]gencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007), the Department has sufficiently explained its continued withholding of information in USPS_192 to USPS_196 pursuant to the Order.

In this light, Defendants intend to confer with Plaintiff as to whether any other issues remain with respect to USPS_192 to USPS_196, and if so, propose a schedule for further proceedings.

## II.    The Court Should Reconsider its Order Granting Summary Judgment for Plaintiff and Denying Summary Judgment for Defendants as to USPS_7 to USPS_9, as well as <u>USPS_516 to USPS_519.</u>

As to USPS_7 to USPS_9, as well as USPS_516 to USPS_519, Defendants request the Court reconsider its Order requiring full disclosure or further explanation because it found Defendants had not sufficiently explained the foreseeable harm in releasing the information withheld in these pages under Exemption 5's deliberative process privilege. Defendants request reconsideration to correct an error of fact and prevent manifest injustice.

For USPS_7 through USPS_9, the Court incorrectly noted in its Opinion that the Postal Service did not assert the attorney client privilege for USPS_7 through USPS_9. *See* Mem. Op. at 12. However, as noted in the Postal Service's *Vaughn*, the Postal Service applied Exemption 5's attorney client privilege to withhold the same information that it also withheld under the deliberative process privilege. *See* Dec. 12, 2024, *Vaughn* Index at 6-9, ECF No. 83-4; Fourth Castorina Decl. ¶ 6. Indeed, the Court previously acknowledged the Postal Service had invoked the attorney-client privilege as to these pages in its March 23, 2023, Memorandum Opinion and Order. *See* Mar. 23, 2025, Mem. Op. at 20, ECF No. 30 ("USPS has adequately established that the attorney-client privilege applies to at least two of the five redacted email chains, specifically those listed in the *Vaughn* index as USPS-4 and USPS-5"); July 29, 2022, *Vaughn* Index at 33-37, ECF No. 14-2 (showing USPS-4 and USPS-5 are Bates-stamped USPS_7 through USPS_9); Dec. 12, 2024, *Vaughn* Index at 6-9, ECF No. 83-4 (showing USPS_7 through USPS_9 to be same documents from July 29, 2022 *Vaughn* Index Bates-stamped USPS_7 through USPS_9).

The Postal Service's justification for applying the attorney-client privilege on USPS_7 through USPS_9 is the same as for the rest of the pages where the privilege was also asserted, and for which this Court already granted summary judgment for Defendants. Mem. Op. at 12-14, ECF No. 89; *see* 3d Supp. Decl. of Janine Castorina ¶¶ 60-63, 71-74, ECF No. 83-3. As to any remaining redactions on those two pages, the Postal Service applied Exemption 6 to withhold employee email addresses and phone numbers. *See* Fourth Castorina Decl. ¶ 6; Dec. 12, 2024, *Vaughn* Index at 6-9, ECF No. 83-4. Plaintiff did not dispute the Postal Service's application of Exemption 6 on those pages. *See* Def. App'x 2 at 2, Mot. for Summ. J., ECF No. 83-5. Accordingly, summary judgment should also have been granted for the Postal Service for USPS_7 through USPS_9.

For USPS_516 through USPS_519, the Postal Service never withheld any information on these pages pursuant to Exemption 5's deliberative process privilege. *See* Fourth Castorina Decl. ¶ 7; *Vaughn* Index at 129, ECF No. 83-4. The Postal Service only invoked Exemption 6 on these pages. *See* Fourth Castorina Decl. ¶ 7; *Vaughn* Index at 129, ECF No. 83-4. Since Plaintiff did not dispute the Postal Service's application of Exemption 6 on those pages, Def. App'x 2 at 2, Mot. for Summ. J., ECF No. 83-5, summary judgment should also have been granted for the Postal Service for USPS_516 through USPS_519.

\* \* \*

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Alter or Amend Judgment, pursuant to Rule 59(e), or, alternatively, Rule 54(b), and grant summary judgment for Defendants and deny summary judgment for Plaintiff with respect to USPS_7 through USPS_9 and USPS_516 through USPS_519.  As for USPS_192 to USPS_196, the Postal Service will confer with Plaintiff on remaining issues, if any, that require litigation and will submit a proposed schedule for further proceedings.

Dated:  September 8, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

BRIAN P. HUDAK, D.C. Bar #90034769
Chief, Civil Division

By:    /s/ *Erika Oblea*
ERIKA OBLEA, D.C. Bar #1034393
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C.  20530
(202) 252-2567
erika.oblea@usdoj.gov

*Attorneys for the United States of America*

- 12 -