UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| AMERICANS FOR FAIR TREATMENT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-1183 (RCL) |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## JOINT STATUS REPORT

The parties have conferred and provide the following joint status report. This Freedom of

Information Act ("FOIA") action concerns Plaintiff's request for information "concerning the

'Privacy Act Statement' contained on [Defendant]'s webform through which members of the

public may order rapid antigen COVID-19 tests" and Defendant's "disclosure to any labor

organization of information it obtained through the COVID-19 test webform." Compl. ¶ 19, ECF

No. 1.

On August 11, 2025, the Court granted in part and denied in part Defendants' Motion for

Summary Judgment and granted in part and denied in part Plaintiff's Cross-Motion for Summary

Judgment. Mem. Op., ECF No. 89; Order, ECF No. 90. In particular, the Court ordered that U.S.

Postal Service ("USPS")

> "(1) Provide a concrete explanation as to how its disclosure of documents USPS_7-
> USPS_9 and USPS_516-USPS_519 would prevent its officials from speaking
> candidly or chill employees from communicating with the White House regarding
> the Privacy Act Statement, and (2) Provide a reasonably specific basis for its
> conclusions regarding segregability for documents USPS_192 through USPS_196;

- OR disclose documents USPS_7 through USPS_9, USPS_516 through USPS_519, USPS 192, USPS 193, and USPS 194 through USPS 196 in their entirety to AFFT.

Order at 1, ECF No. 90.

On September 8, 2025, USPS moved unopposed for reconsideration of the Court's order regarding USPS_7 through USPS_9, and USPS_516 through USPS_519. ECF No. 92. That motion remains pending. On the same day, USPS also made a supplemental release for USPS_192 to USPS_196 and provided an affidavit to explain any information that continued to be withheld. ECF No. 93. On October 3, 2025, USPS made a supplemental release of information previously withheld solely pursuant to Exemption 5's deliberative process privilege.

As previously reported, Plaintiff has indicated it is satisfied with USPS's supplemental releases and the only issue remaining for this matter is the demand for attorney's fees and costs. The parties have not been able to reach an agreement on Plaintiff's demand and proposed the following schedule for briefing Plaintiff's anticipated fees petition:

- Plaintiff's fees petition shall be filed no later than May 4, 2026;

- Defendants' opposition shall be filed no later than June 18, 2026; and

- Plaintiff's reply shall be filed no later than July 9, 2026.

Since then, the Court has not yet entered an order setting a briefing schedule for Plaintiff's anticipated fees petition. The parties have conferred, and Plaintiff's counsel has indicated that he needs an extension due to a competing emergency litigation deadline. Defendants consent, and the parties propose the following modified schedule for briefing Plaintiff's anticipated fees petition:

- Plaintiff's fees petition shall be filed no later than June 3, 2026;

- Defendants' opposition shall be filed no later than July 20, 2026; and

- Plaintiff's reply shall be filed no later than August 10, 2026.

Dated: May 4, 2026

/s/ David R. Dorey
David R. Dorey
D.C. Bar No. 1015586
FISHER & PHILLIPS LLP
1401 New York Avenue, NW  Suite 400
Washington, DC 20005
drdorey@fisherphillips.com
(202) 978-9655

*Counsel for Americans for Fair Treatment*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:  /s/ Erika Oblea
ERIKA OBLEA, D.C. Bar # 1034393
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2567
erika.oblea@usdoj.gov

*Attorneys for the United States of America*